**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ROBERT DAVID STEELE** *et al.*,

     **Plaintiffs,**

**v.**                                        **Civil Action No. 3:17cv601**

**JASON GOODMAN** *et al.*,

     **Defendants.**

**DEFENDANT PATRICIA A. NEGRON'S MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendant Patricia A. Negron ("Ms. Negron" or "Defendant"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), for her Memorandum of Law in Support of her Motion to Dismiss the Complaint filed by the Plaintiffs, Robert David Steele ("Mr. Steele") and the Earth Intelligence Network ("EIN," together the "Plaintiffs"), states as follows:

**INTRODUCTION**

This is a defamation case, with claims for conspiracy and tortious interference tacked on as ancillary to the alleged defamation, which forms the core tort that Plaintiffs claim damaged them. The claims against Ms. Negron specifically, however, should be dismissed because they either fail to identify any defamatory statements by her, fail to allege facts sufficient to show actual malice (since Plaintiffs are public figures), or otherwise fail to state proper claims.

First, in thirty-seven (37) pages of detailed quotations of statements that allegedly defamed the Plaintiffs, there are only five (5) short statements from Ms. Negron: three on page 24, one on page 27, and one on page 28. Even assuming any of these few statements were defamatory (and several of them clearly are not), there are simply no facts alleged to suggest that Ms. Negron made the statements with anything other than the honest conviction that the statements were true. In the

absence of any such factual allegations that would support such a conclusion, the defamation count against Ms. Negron should be dismissed because the Plaintiffs are indisputably public figures.  The Plaintiffs have totally failed to meet their prima facie burden, at least when it comes to Ms. Negron.

Second, the Plaintiffs' pleading improperly attempts to lump together Ms. Negron with her co-defendants, Mr. Goodman and "Queen Tut."  Ms. Negron did not publish the statements of anyone other than those she actually uttered.  The YouTube channel where these videos were posted is, by Plaintiffs' own allegation, a channel belonging to Mr. Goodman.  There is no allegation in the Complaint that can support any claim that Ms. Negron could be held liable for any other person's statements.  For this additional reason, all of Count I against Ms. Negron (defamation) should be dismissed since it does not specifically identify the claims against Ms. Negron as distinct from those against her co-defendants and improperly seeks, apparently, to impose liability against her for all of the statements by any persons referenced in the Complaint.

Third, if there is no actionable defamation pled against Ms. Negron, the conspiracy and tortious interference claims must be dismissed because they rely on the alleged defamation as the predicate act supporting those other counts.

And finally, tortious interference claims must specifically identify the actual expectancies with which a defendant is alleged to have interfered.  Merely general claims about interference with customers or clients generally cannot stand.  Here, the Plaintiffs have failed to identify any specific expectancies, and for this additional reason the Court should grant this Motion to Dismiss.

## <u>RELEVANT ALLEGATIONS OF THE COMPLAINT</u>

There are very few allegations in the Complaint specific to Ms. Negron's actions.   The material allegations specific to her are summarized here:

- In paragraph 4 of the Complaint, Plaintiffs allege that Defendant Goodman is the person who "owns, maintains, and operates" the YouTube channel where the videos containing the allegedly defamatory statements were published.

- In paragraph 6, Ms. Negron is alleged to have her own YouTube channel, titled "Patricia Negron."

- In paragraph 6, Plaintiffs make the conclusory and unsupported allegation that Ms. Negron has acted "as an agent, alter ego or instrumentality of [Defendant] Goodman."

- In paragraph 17, Plaintiffs make the conclusory and unsupported allegation that Ms. Negron "published the following actionable statements of and concerning [Defendant Steele]," even though with only a tiny handful of exceptions all of the "following actionable statements" were actually made by either Goodman or "Queen Tut."

- Paragraph 17 is on page 10 of the Complaint.  For nearly fourteen pages, the Plaintiffs then quote statements by persons other than Ms. Negron.  Finally, on page 24, the Plaintiffs for the first time allege statements by Ms. Negron that they claim are actionable defamation.

- The three statements on page 24, however, are simply not defamatory.  Ms. Negron is alleged to have said that Mr. Steele's body language was "deeply disturbing," to her and suggested "a lot of maybe ulterior motives."  These statements are not false statements of

fact that harm Mr. Steele's reputation.  She is alleged to have said that Mr. Steele is "predatory in nature."  This is an opinion and not defamatory.  She is alleged to have stated that the CIA "probably told Robert he could keep whatever money he raised."  This is not defamatory.

- On page 27, Plaintiffs allege that Ms. Negron referred to Plaintiff Steele as "a serious con man," and referenced his actions described in the Complaint as being a "serious fraud.  I mean that it is a fraud.  No question."

- On page 28, Plaintiffs allege that Ms. Negron stated that Cynthia McKinney was "susceptible to this fraud by Robert David Steele."

- Count I alleges defamation per se against all the Defendants, including allegedly accusing Mr. Steele of the commission of crimes of "moral turpitude" for which Steele allegedly could have been imprisoned.  Count I also includes conclusory statements regarding knowledge of falsity that are not supported by any facts that would establish the plausibility of these conclusory allegations.

- Count II alleges a claim under Virginia's "insulting words" statute.

- Counts III and IV allege claims for statutory and common law conspiracy, respectively.

- Count V alleges a claim for tortious interference.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A motion to

dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [and] a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." *Starks v. Abbasi*, No. 3:08cv110, 2009 U.S. Dist. LEXIS 83929, at *1 (E.D.  Va. Sept. 15, 2009) (quoting *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). This principle only applies to "factual allegations . . . and a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, 2009 U.S. Dist. LEXIS 83929, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009) (internal quotations omitted)).

A complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Further, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  Pleading in the form of legal conclusions, therefore, is insufficient and courts are not bound to accept conclusory allegations without more. *Townsend v. Fannie Mae*, 923 F. Supp. 2d 828, 832 (W.D. Va. 2013); *Marks v. Crawford*, 882 F. Supp. 530, 532 (E.D. Va. 1993).

## ARGUMENT

## I.     The Court Should Dismiss Count I (Defamation)

The Court should dismiss Count I because Ms. Negron is not liable for any publication of any statements by any other persons, the statements that she is personally alleged to have made are in large part not defamatory on their face, and there are no facts pled to establish anything other than that Ms. Negron believed the truth of her statements.

To state a claim for defamation, the Plaintiffs must show (1) publication, (2) an actionable statement, and (3) the requisite intent.  *Echtenkamp v. Loudoun County Pub. Schs.*, 263 F. Supp. 2d 1043,  (E.D. Va. 2003).  Words that are "merely offensive or unpleasant statements" are not defamatory.  *Id.*  To be defamatory, the words must make the plaintiff appear "odious, infamous, or ridiculous."  *Id.*  Moreover, statements of opinion are not actionable – the statements must be false statements of fact, which is to say that they must "contain a provably false connotation."  *Id.* Mere statements regarding a plaintiff's job performance or manner, "even if clearly damaging to the plaintiff's interests," are not considered defamatory.  *Id.*

 First, The Complaint itself alleges that Defendant Goodman "owns, maintains, and operates" the YouTube channel on which the allegedly defamatory statements appeared.  (Compl., par. 4). There are no facts, only conclusory statements, regarding Ms. Negron's responsibility for statements published on Mr. Goodman's YouTube channel.   In the absence of any such factual allegations or evidence (indeed, because there is none), Ms. Negron cannot be liable for the publication of any statements that were not actually spoken by her, and therefore any such claims against Ms. Negron for alleged publications of the statements of others must be dismissed.

Second, as described above, the specific statements made by Ms. Negron are not defamatory, either because they are opinion or are simply not statements that impugn Mr. Steele's reputation.  Each of the statements on page 24 are mere opinion or are not defamatory.  Ms. Negron is alleged to have said that Mr. Steele's body language was "deeply disturbing," to her and suggested "a lot of maybe ulterior motives."  These statements are not false statements of fact that harm Mr. Steele's reputation and are merely statements about Mr. Steele's "manner," which are not defamatory.  She is alleged to have said that Mr. Steele is "predatory in nature."  This is an

opinion and not defamatory.  She is alleged to have stated that the CIA "probably told Robert he could keep whatever money he raised."  This is not defamatory, either.

Finally, to the extent Ms. Negron is alleged to have accused Mr. Steele of fraud, putting aside whether the statements are true or defamatory, and assuming for purposes of this Motion only that they would otherwise be actionable, Mr. Steele has established by his own allegations that he is a public figure.  As a public figure, he must show that the statements by Ms. Negron were made with *New York Times* malice, i.e., that the statements were made with actual knowledge of their falsity or reckless disregard as to whether they were true. *Key v. Robertson*, 626 F. Supp. 2d 566, 582-83 (E.D. Va. 2009).

As recognized by the Supreme Court of Virginia, to establish reckless disregard the Plaintiffs must show more than simply "a departure from reasonably prudent conduct."  *Jordan v. Kollman*, 612 S.E.2d 203, 208-10 (Va. 2005).  Instead, a public figure plaintiff must show by clear and convincing evidence that there were "obvious reasons to doubt the veracity" of the information, the information was the "product of the [defendant's] imagination," or the information was "fabricated" by the defendant.  *Id.*

Here, there are no factual allegations to support that Ms. Negron had "obvious reasons to doubt the veracity" of the statements she made, that her statements regarding the fraud were the "product of her imagination," or that she fabricated them.  Indeed, the statements involving fraud on pages 27 and 28 of the Complaint are referring specifically to Mr. Steele's involvement with something called the Election Reform Act and on their face reflect merely Ms. Negron's opinion regarding Mr. Steele's efforts in connection with that Act.

For these reasons, the Court should dismiss Count I as against Ms. Negron.

## II.  The Court Should Dismiss Count II (Insulting Words).

To state a claim for insulting words, the Plaintiffs must be able to show that the words used literally tended to "violence and breach of the peace." *Allen & Rocks, Inc. v. Dowell*, 477 S.E.2d 741 (Va. 1996).  The only words alleged to have been spoken by Ms. Negron are not those that would tend toward violence or breach of the peace and indeed do not in any way suggest violence or breach of the peace.  For these reasons, the Court should dismiss Count II.

## III.  The Court Should Dismiss Counts III and IV (Statutory/Common Law Conspiracy)

Without an underlying tort, the conspiracy claims must be dismissed.  Virginia law mandates that "there can be no conspiracy to do an act the law allows." Hechler Chevrolet v. Gen. Motors Corp., 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985); Almy v. Grisham, 273 Va. 68, 80-81, 639 S.E.2d 182, 188-89 (2007) (conspiracy claims require "proof that the underlying tort was committed").   Without a defamation or insulting words claim, the Plaintiffs have no claims for conspiracy.

## IV.  The Court Should Dismiss Count V (Tortious Interference)

Plaintiffs cannot claim tortious interference damages based on a general, unspecified loss of customers or viewers.  In Count Five, Plaintiffs attempt to construct a tortious interference claim by asserting that Defendants intentionally interfered with business expectancies based on Earth Intelligence Network's "valid and reasonable contracts and business expectancy in its relationships with donors."  (Compl. ¶ 42.)  These claims of harm to nondescript donors or subscribers are far from the *specific*, existing business expectancies necessary to support a claim for tortious interference.

"The purpose of laws against tortious interference is not to protect consumers or the operation of the marketplace generally," but "[r]ather, these causes of action provide a legal remedy where a particular party's specific, existing contract or business expectancy or opportunity has been interfered with in a tortious manner." *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003).

> To successfully claim tortious interference with prospective economic advantage, a party must (1) demonstrate the existence of a business relationship or expectancy, with a probability of future economic benefit; (2) prove knowledge of the relationship or expectancy; (3) show that it was reasonably certain that absent intentional misconduct, the claimant would have continued in the relationship or realized the expectancy; and (4) show that it suffered damages from the interference.

*Commerce Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 213 (4th Cir. 2001); *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 216, 754 S.E.2d 313, 318 (2014). The "first element that a party claiming under . . . these torts must prove is the existence of some specific contract or relationship. Failure to allege any specific, existing economic interest is fatal to the claim." *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003).

"Under Virginia law, 'the expectancy of remaining in business is too general to support a tortious interference claim.'" *Id.* at 710 (quoting *Levine v. McLeskey*, 881 F. Supp. 1030, 1057 (E.D. Va. 1995), *aff'd in part, vacated in part*, 164 F.3d 210 (4th Cir. 1998)). "Failure to allege any specific, existing economic interest is fatal to the claim." *Id.* at 709. For example, in *Masco*, this Court found that no "business expectancy" was alleged where a plaintiff claimed that the defendant "coerced suppliers and consumers generally." *Id.* ("The only 'business expectancy' reasonably inferred from its allegations is the general expectancy to remain in business. As stated above, proof of interference with this general expectancy would not be sufficient to succeed on a

claim of tortious interference."). Similarly, in *Advanfort Co. v. International Registries, Inc.* this Court found that a plaintiff's allegations failed to state a claim when it asserted that the defendant interfered with "contractual relationships with various customers" and "contractual relationships with their employees and contractors who worked in service of those contracts*." Advanfort Co. v. Int'l Registries, Inc.*, No. 1:15-cv-220, 2015 U.S. Dist. LEXIS 62125, at *11 (E.D. Va. May 12, 2015) ("They have therefore failed to allege facts sufficient to satisfy the first element . . .—the existence of a valid contractual relationship or business expectancy."); *see also Gov't Emples. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 705 (E.D. Va. 2004) ("Virginia law requires that a plaintiff plead a specific prospective economic advantage or business expectancy, and that a general expectancy that consumers will purchase insurance from the GEICO Website, which is all that plaintiff has alleged, does not suffice."); *Eurotech, Inc. v. Cosmos European Travelers Aktiengesellschaft*, 189 F. Supp. 2d 385, 390 (E.D. Va. 2002) (granting motion to dismiss and observing that "plaintiffs assert only generally that defendant's [actions] prevented plaintiffs from establishing business relationships with third parties regarding the cosmos.com website. This is inadequate."); *Concordia Pharm., Inc. v. Method Pharm., LLC*, No. 3:14CV00016, 2016 U.S. Dist. LEXIS 41904, at *50 (W.D. Va. Mar. 29, 2016) ("Instead, relying on an affidavit from . . . the company's vice president of business development, Concordia argues that it has business and contractual relationships with unidentified 'wholesalers and repackagers,' and that it 'expects to maintain continuing profits from these wholesalers and repackagers.' The court agrees with Method that such evidence is insufficient to establish the type of specific, existing contractual relationship or business expectancy required to sustain a claim for tortious inference.").

The Complaint's tortious interference claim fails for the same reason as those in *Masco* and *Advanfort*. Plaintiffs claim that Defendants intentionally interfered with business expectancies

based on Earth Intelligence Network's "valid and reasonable contracts and business expectancy in its relationships with donors." (Compl. ¶ 42.) Plaintiffs then assert conclusory damages based on purported "injury to [Earth Intelligence Network's] property and business, loss of donations, financial loss, damage to reputation, court costs, and other damages." (*Id.* ¶ 45.)

Just as in *Masco* and *Advanfort*, Plaintiffs make no effort to specify what specific expectancy was interfered with, outside of the ambiguous "contracts and business expectancy in its relationships with donors," and "loss of donations." As set forth above, these are exactly the sort of vague, generalized claims that this Court has dismissed time and again. *See Gov't Emples. Ins. Co.*, 330 F. Supp. 2d at 705; *Masco*, 279 F. Supp. 2d at 709; *Eurotech, Inc.* 189 F. Supp. 2d at 390; *Concordia*, 2016 U.S. Dist. LEXIS 41904, at *50; *Advanfort*, 2015 U.S. Dist. LEXIS 62125, at *11. The Plaintiffs' failure to provide a specific expectancy that Defendants supposedly interfered with is "is fatal to the claim," and therefore the Court should dismiss Count Five.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant, Patricia A. Negron, respectfully requests that the Court enter an order: (1) granting her Motion to Dismiss; (2) dismissing the Complaint with prejudice; (3) awarding Defendant her costs and expenses incurred herein, and (4) awarding such further and other relief as this Court deems appropriate.

Dated:  November 8, 2017

Respectfully submitted,

**PATRICIA A. NEGRON**


By:   _____/s/R. Johan Conrod, Jr._____
R. Johan Conrod, Jr. (VSB No. 46765)
E-mail:  rjconrod@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone:  (757) 624-3000
Fax:      (888) 360-9092

Terry C. Frank, Esq. (VSB No. 74890)
E-mail:  tcfrank@kaufcan.com
Benjamin A. Wills, Esq. (VSB No. 88109)
E-mail:  bawills@kaufcan.com
KAUFMAN & CANOLES, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia  23219
Phone:  (804) 771-5700
Fax:      (888) 360-9092

*Counsel for Defendant Patricia A. Negron*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2017, a true copy of the foregoing is being electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Steven S. Biss (VSB No. 32972)
> E-mail:  stevenbiss@earthlink.net
> 300 West Main Street, Suite 102
> Charlottesville, Virginia 22903
> Phone: (804) 501-8272
> Fax:     (202) 318-4098
> *Counsel for Plaintiffs*

And sent via first-class mail, postage prepaid, to:

> Jason Goodman, Pro Se
> 252 7th Avenue, Apt. 6S
> New York, NY  10001
>
> "Queen Tut"
> a/k/a Susan A. Lutzke
> 1221 University Ave., Unit D202
> Fort Collins, CO  80521

> R. Johan Conrod, Jr. (VSB No. 46765)
> E-mail:  rjconrod@kaufcan.com
> KAUFMAN & CANOLES, P.C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> Phone:  (757) 624-3000
> Fax:      (888) 360-9092
>
> Terry C. Frank, Esq. (VSB No. 74890)
> E-mail:  tcfrank@kaufcan.com
> Kaufman & Canoles, P.C.
> 1021 E. Cary Street, 14th Floor
> Richmond, Virginia 23219
> Phone: (804) 771-5700
> Fax:     (888) 360-9092
> *Counsel for Defendant Patricia A. Negron*

16050341v1