# VIRGINIA REPORTED DECISIONS
## Insulting Words Claim Under § 8.01-45

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Chaffin v. Lynch, 83 Va. 106, 1 S.E. 803 (1887) | Plaintiff's "declaration contains a single count, and alleges that the words used by the defendant in charging the plaintiff, in his published card, with acts of misrepresentation, and as having a known character as a liar, and that he could not be recognized by the defendant as a gentleman, and also that the words used in the certificate of Rowe and Brown, to the effect that they would not believe the plaintiff on oath, etc., were false and libelous, and are such words as are usually construed as insults, and tend to violence and breach of the peace" | Demurrer to insulting words claim properly overruled |
| Boyd v. Boyd, 116 Va. 326, 82 S.E. 110, 111-112 (1914) | "'Go back and tell him to make that damn bitch that sits dressed up by him all the time go'" | Jury verdict on insulting words claim upheld on Appeal |
| Lightner v. Osborn, 142 Va. 19, 22, 127 S.E. 314 (1925) | "The letter accused Osborn of shortage in his accounts, of robbing the customers of Lightner Publishing Corporation, and stated that he had the knack of robbing a man and make him like it, and that he would 'sting' those who advertised in the 'Peanut Journal'" | Jury verdict on insulting words claim upheld on Appeal |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Hines v. Gravins, 136 Va. 313, 112 S.E. 869, 870-871 (1926) | "I am not thoroughly convinced that you did not send the man to the car to get [meaning steal] the eggs, and … bring them to your store and you filed claim for them" … "meaning that … the plaintiff, was a crooked and dishonest person" who filed a false insurance claim for theft of some eggs | Demurrer to insulting words claim properly overruled |
| Wright v. Colfield, 146 Va. 637, 131 S.E. 787, 788 (1926) | "I would like to slap such cattle as you in the face" and "my address is the Southland Hotel and you and your whole damn family can come down there and find me" | Jury verdict on insulting words claim upheld on Appeal |
| Jordan v. Melville Shoe Corporation, 150 Va. 101, 103, 142 S.E. 387 (1928) | "You sold the shoes and took money for your own use." "Notice you have been flying mighty high recently." You sold shoes and put the money in your pocket." "Your salary will be held." "You have been seen to take money" | Defendant "is liable … for compensatory damages for the utterance of insulting words" |
| Snyder v. Fatherly, 158 Va. 335, 341, 163 S.E. 358 (1932) | "Mrs. Fatherly was fixing to steal something". "See what it is and where she puts it" | Jury verdict on insulting words claim upheld on Appeal |
| Weatherford v. Birchett, 158 Va. 741, 743, 164 S.E. 535 (1932) | The defendant on three or more occasions falsely stated that the plaintiff had "stolen his aeroplane" | Jury verdict on insulting words claim upheld on Appeal |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Kroger Grocery v. Rosenbaum, 171 Va. 158, 160, 198 S.E. 461 (1938) | "Rosenbaum [the plaintiff], you are checked out [discharged] … "you got us for $100 last week" | Jury verdict on insulting words claim upheld on Appeal |
| M. Rosenberg & Sons v. Craft, 182 Va. 512, 527-529, 29 S.E.2d 375 (1944) | Letter from creditor stated, "[t]he reason we are trying to locate this man is that he owes us a balance of 16.00 on account, which amount is long past due … The circumstances under which the letter now under consideration was written, the language used and the conduct of defendant before and after the true facts were called to its attention, clearly indicate that no insult was intended" | Jury verdict on insulting words claim set aside on Appeal |
| Cohen v. Power, 183 Va. 258, 260, 32 S.E.2d 64 (1944) | "'You (meaning plaintiff) have got that jewelry in your bags, or around your bed somewhere, and I am going to search your baggage' (meaning plaintiff had stolen her jewelry)" | Jury verdict on insulting words claim upheld on Appeal – "We find no reversible error in the rulings of the court" |
| Cook v. Patterson Drug Co., 185 Va. 516, 520-521, 39 S.E.2d 304 (1946) | Jury instruction that permitted jury to find for the defendant "if they believe the manner of their utterance and the circumstances under which they were said would satisfy any reasonable person that no insult was intended" was error – | |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Cook v. Patterson Drug Co., 185 Va. 516, 520-521, 39 S.E.2d 304 (1946) | "The gravamen of the action is the insult to the feelings of the offended party, not the intention of the party using the words. Whether or not the words used are insulting is a jury question, depending on whether from 'their usual construction and common acceptation' they may be 'construed as insults, and tend to violence and breach of the peace.' The motive which actuated the person using the words is not material, except upon the questions of malice and the measure of damages" | Jury verdict for the defendant reversed on Appeal and case Remanded for Trial |
| Alexandria Gazette Corp. v. West, 198 Va. 154, 159, 93 S.E.2d 274 (1956) | News article stated, "An Alexandria attorney today filed a notice in Corporation Court asking that Juvenile and Domestic Relations Court Judge Marion B. West be disqualified from acting as an attorney in a divorce suit in his own courtroom"<br><br>News article imputed to plaintiff improper conduct as an attorney and judge of juvenile and domestic relations court | Demurrer to insulting words claim properly overruled – "Standing alone the motion was sufficient in law" |
| Zayre of Va., Inc. v. Gowdy, 207 Va. 47, 49-50, 147 S.E.2d 710 (1966) | Store security officer said, "Hey, young ladies, let me see what you have in that suitcase" and "Well, where is the sales ticket?"<br><br>This evidence was "sufficient to support the jury's finding that the girls had been falsely accused of larceny and that the words used by the security officer, from their usual construction and common acceptation, were insulting and tended to violence and breach of the peace" | Evidence sufficient to permit recovery under insulting words statute |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| In re Brian Ray Mattox, 22 Va. Cir. 107 (Richmond Cir. 1990) | Employer accused employee of "stealing from his customers by the double collection of gratuities" | Demurrer to insulting words claim overruled |
| Williams v. Garraghty, 249 Va. 224, 455 S.E.2d 209 (1994) | Statements contained in employee's memorandum that employer was guilty of sexual harassment and other wrongdoing | Jury verdict on insulting words claim upheld on appeal |
| Food Lion v. Melton, 250 Va. 144, fn 1, 458 S.E.2d 580 (1995) | "Don't you have some meat that belongs to us? … I'm talking about that meat that you have in your purse" | Insulting words claim properly submitted to Jury |
| Allen & Rocks, Inc. v. Dowell, 252 Va. 439, 443, 477 S.E.2d 741 (1996) | "Dowell's accomplishments and interpersonal skills with management were unsatisfactory … Dowell did not communicate well … Dowell had been discharged because of his performance … Rocks, were he in the shoes of a potential employer, would not hire Dowell" | These words were not such as tended to violence or breach of the peace |
| McQueen v. CA1 Services, Inc., 42 Va. Cir. 277 (Richmond Cir. 1997) | Defendant repeatedly accused plaintiff of "stealing" | Plea in bar to insulting words claim properly overruled |
| Hutchins v. Cecil, 44 Va. Cir. 380 (Fairfax Cir. 1998) | Defendant called plaintiff a "bitch" and "motherfucker" in public | Demurrer to insulting words claim sustained, with Leave to Amend |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Assaid v. Beaver, 53 Va. Cir. 445 (City of Roanoke 2000) | Defendant told certain of plaintiff's customers or potential customers that plaintiff was "a thief, a crook, and a thieving son of a bitch" | Demurrer to insulting words claim properly overruled |
| Falck v. Sentara Norfolk Gen. Hosp., 2004 WL 23999 (Norfolk Cir. 2004) | Statement, to wit: "'The baby's mother used alcohol, tobacco and drugs during this pregnancy,'" are not, on their face, indicative of any criminal conduct" | Motion to Dismiss granted |
| Jennings v. Jones, 70 Va. Cir. 56 (Petersburg Cir. 2005) | Statements, made by the defendant after the plaintiff had been cleared of any wrongdoing by three investigative bodies, which insinuated either the incompetent or illegal performance of plaintiff's duties, were such as may have provoked reasonable persons to breaches of the peace | Demurrer to insulting words claim properly overruled |
| Donner v. Rubin, 2008 WL 8201377 (Chesapeake Cir. 2008) | Letter, attached to an email as a Microsoft Word document, falsely accused the Plaintiff, a lawyer, of "unethical and unprofessional conduct", various "frivolous actions", and suggest[ed] that plaintiff could be subjected to disciplinary proceedings by the State Bar" | Demurrer to Defamation Counts Overruled, Demurrer to Insulting Words Claim Sustained |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Mak Shun Ming Hotung v. Hotung, 2012 WL 9334884 (Fairfax Cir. 2012) | Plaintiff became embroiled in divorce litigation involving custody and support issues of his minor children. Defendant disapproved of the manner in which plaintiff was handling the litigation and expressed his disapproval in an interview with a magazine reporter. In the article, the defendant stated that "his biological son would not act in such a fashion, that any man could be Plaintiff's father, and that Defendant had never taken a DNA test to confirm his paternity of Plaintiff" | Jury verdict on insulting words claim set aside – Jury verdict of $300,000 in compensatory damages and $300,000 in punitive damages on Defamation *per se* claim upheld |
| Magallon v. Wireless Unlimited, Inc., 2012 WL 9385999 (Fairfax Cir. 2012) | "Words that falsely speak towards a woman's chastity and character are actionable as defamation in Virginia. *See* Va.Code Ann. § 18.2–417. The words "slut," "whore," "prostitute," and "bitch" fit this meaning under the Virginia Code. Additionally, according to Ms. Magallon's Complaint, the phrases "bitch, I fucking fired you," and "bitch, get away from the store or I am going to call the police" may infer that Ms. Magallon had been fired for some criminal offense. Such inference may very well harm her reputation and may be prejudicial to Ms. Magallon's professional standing. Therefore, Ms. Magallon's Complaint properly pleads a claim for defamation for Mr. Chaudhary's actions, to which Wireless Unlimited may be held liable" | Demurrer to Defamation claim overruled |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Pacquette v. Nestle USA, Inc., 2007 WL 1343794 (W.D. Va. 2007) | "At this stage of the pleadings, I must assume all facts alleged in the Complaint are true, and I find that the Plaintiff has alleged sufficient facts to make out a *prima facie* case for insulting words … The Plaintiff alleged that the Defendant accused him of criminal dishonesty during his termination interview. The Plaintiff further alleged that the Nestlé's Disciplinary Action Form, which summarized the reasons for Pacquette's firing, included a second false accusation that he had attempted to remove materials without a pass on October 11, 2000" | Motion to dismiss insulting words claim denied |
| Trail v. General Dynamics, 697 F.Supp.2d 654 (W.D. Va. 2010) | Defendant publicized the plaintiff's indictment via mass distribution of a news article; suspended plaintiff without pay; and ultimately, terminated plaintiff in a letter that accused her of unethical and criminal activity despite reassurances from the prosecutor that plaintiff would not face criminal charges. "Based upon these facts, there are 'plausible grounds to infer' that the company's utterances to Trail [plaintiff] could lead to a breach of the peace" | Motion to dismiss insulting words claim denied |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Trail v. General Dynamics, 697 F.Supp.2d 654, 658-659 (W.D. Va. 2010) | "General Dynamics argues that I should dismiss the insulting words claim because the alleged acts do not involve a "face-to-face" confrontation … This interpretation of the statute is too strict. The Virginia Supreme Court has declined to read additional requirements into the law. The court has held that it will only apply the 'plain language' of the statute … Further, the Virginia Supreme Court has upheld verdicts in which a jury decided statements were insulting when the words were in writing and did not involve a face-to-face confrontation … Thus, requiring that a claim for insulting words include a face-to-face confrontation would constitute an erroneous interpretation of the statute's plain language and Virginia Supreme Court precedent" | Motion to dismiss insulting words claim denied |
| Beasley v. Consolidation Col. Co., 2012 WL 2798805 (W.D. Va. 2012) | "Meade's statements [that plaintiff had violated the law and company policy by taking smoking materials underground] suggested that Beasley had committed a felony and endangered the lives of his co-workers. The Supreme Court of Virginia has repeatedly noted that false accusations of a crime are 'insulting and [tend] to violence and breach of the peace'" | Motion for summary judgment on insulting words claim denied |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Goulmamine v. CVS Pharmacy, Inc., 2015 WL 5920009 (E.D. Va. 2015) | "CVS's proposed face-to-face requirement appears only in dicta. On the other hand, at least one decision of the Supreme Court of Virginia (*Darnell*) explicitly acknowledged that written statements may be actionable as insulting words, though that court did not decide the case on that basis. Another Supreme Court of Virginia decision (*Williams*) did not assign error to allowing a written communication to form the basis of an insulting words claim. Finally, one Western District of Virginia decision (*Trail*) explicitly and necessarily held that writing suffices for an insulting words claim. The weight of authority is on Goulmamine's side: the Court finds that written communications may serve as the basis of an insulting words claim, at least where the words are otherwise insulting and tend to violence." … "Statements that are defamatory *per se* are insulting *per se*; thus, defamatory *per se* statements necessarily meet the "insulting" requirement of the two-part insulting words test." | Motion to dismiss insulting words claim granted because letter did not incite violence or breach of the peace |

| *Name of Case & Citation* | *Defendants' Insulting Words – As Alleged by Plaintiff* | *Ruling by Court* |
|---|---|---|
| Jackson v. Middle Peninsula Northern Neck Community Services Board, 2017 WL 216701 (E.D. Va. 2017) | Termination Letter stated: "I am taking this action based on the interview you had with Mr. Wallace today wherein you admitted to having had a consensual sexual and otherwise inappropriate relationship with a CSB client. These actions are in direct violation of the [CSB] Policy Manual, paragraph 5.4D5 that prohibits relationships with clients of the nature you had admitted to have had. Your relationship with this client and the manner in which it was conducted is sufficiently egregious that I am left with no alternative but to remove you from CSB employment." | Motion to dismiss defamation claim denied – Motion to dismiss insulting words claim granted. "While the Termination Letter may have upset Jackson, nothing indicates that the words used would prompt a violent reaction, from Jackson or any other reasonable person. Consequently, Jackson has failed to state a claim for insulting words." |