IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE,** *et al.*,

    Plaintiffs,

v.                                         Civil Action No. 3:17cv601

**JASON GOODMAN,** *et al.*,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs Robert David Steele, *et al.*'s ("Plaintiffs") Motion for Entry of Default Against "Queen Tut" a/k/a Susan A. Lutzke (the "Motion for Entry of Default"). (ECF No. 30.) In the Motion for Entry of Default, Plaintiffs contend that because Lutzke has not answered or responded to Plaintiffs' Complaint in the time provided in the Federal Rules of Civil Procedure,[1] she is in default pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs request that "the Clerk of the District Court [] enter 'Queen Tut' a/k/a Susan A. Lutzke's default." (Mot. Entry J. 6, ECF No. 30.)

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiffs seek default against Lutzke, contending that "Lutzke was duly served with the Summons and Complaint on October 25, 2017, as stated in the Affidavit of Service filed with the Court." (Mot. Entry J. 2 (citing ECF No. 19).) Plaintiffs' Complaint, however, does not identify

---

[1] Rule 12(a)(1)(A) provide, in relevant part, "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A).

Lutzke as a defendant. Rather, the Complaint lists the following three defendants: "Queen Tut, a woman believed to be known as Carla A. Howell," "Jason Goodman," and "Patricia A. Negron." (Compl. 1, ECF No. 1.) Therefore, Lutzke is not "a party against whom a judgment for affirmative relief is sought," and entry of default is not appropriate. Fed. R. Civ. P. 55(a). Accordingly, the Court DENIES WITHOUT PREJUDICE the Motion for Entry of Default. (ECF No. 30.)

The Court has received two documents submitted anonymously. The Court will not accept documents sent anonymously and in violation of the Federal and Local Rules of Civil Procedure, which govern parties—and nonparties—in an action.[2] The Court DIRECTS the Clerk to restrict the filings associated with docket numbers 31 and 33, (ECF Nos. 31, 33), as "Court Only" so that they remain on the record, but are not accessible to the public.[3]

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 3/9/18
Richmond, Virginia

---

[2] Moreover, the Court notes its concern that these documents—docket numbers 31 and 33—contain internal inconsistencies suggesting that they were not filed in good faith.

[3] The Court also DIRECTS the Clerk to restrict the filings associated with docket numbers 32 and 34, (ECF Nos. 32, 34), as "Court Only." These two documents, filed by Plaintiffs' attorney Steven S. Biss, are responses to docket numbers 31 and 33. While counsel was within his rights to file these responses, the public record should not be cluttered with information generated by anonymous claims, even if that information is put on the record in response to such anonymous claims.