IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE </br></br>-and-</br>EARTH INTELLIGENCE NETWORK </br></br>Plaintiffs,</br></br>v.</br></br>JASON GOODMAN</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)    Case No.    3:17-cv-00601-MHL |

## DEFENDANTS' SPECIAL MOTION TO DISMISS THE COMPLAINT UNDER THE VA ANTI-SLAPP STATUTE MOTION TO DISMISS

Defendant Jason Goodman ("Goodman") respectfully moves this Court for an Order granting the special motion to dismiss under VA code § 8.01-223.2 ("Anti-SLAPP statute"), or any other State's applicable Anti-SLAPP statute, and all other remedies authorized by the relevant anti-SLAPP statute, including a stay of discovery while this motion is pending.

## I. PRELIMINARY STATEMENT

This entire action has been brought by Plaintiff as an effort to prevent Defendant Goodman's journalistic endeavors and internet broadcasts of information ("the Broadcasts"). Goodman, acting alone and with others, has published YouTube and other Broadcasts which reveal prima facie evidence of felony charity fraud by Robert David Steele and the 501(c)3 tax exempt corporation Earth Intelligence Network founded and controlled by him ("Plaintiff"). Plaintiff's original action and moreover the amended complaint are both clear examples of Strategic Lawsuits Against Public Participation and as such the Court should dismiss with prejudice. Effective July 1, 2017 Under Section 8.01-223.2 of the Virginia Code A person shall be immune from civil liability for a violation of § 18.2-499 or, a claim of tortious interference with an existing contract or a business or contractual expectancy, or a claim of defamation based solely on statements (i) regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party or (ii) made at a public hearing before the governing body of any locality or other political subdivision, or the boards, commissions, agencies and authorities thereof, and other governing bodies of any local governmental entity concerning matters properly before such body. The immunity provided by this section shall not apply to any statements made with actual or constructive knowledge that they are false, or with reckless disregard for whether they are false.

The Federal adjudication of this matter, coupled with the fact that Plaintiff's violations occurred over the internet and across state lines and included the use of telephones and mail, reaching from New York to California should implore the court to consider California Anti SLAPP statue and other relevant Anti SLAPP statures in this remedy. According to California Anti SLAPP statute, The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

[1] "SLAPP" stands for "Strategic Lawsuits Against Public Participation."

>*First*, anti-SLAPP statutes are substantive protections that apply in this diversity action
>*Second*, the Broadcasts are protected expression on an issue of public interest – alleged fraud in tax exempt corporation operating as a public charity.
>*Third*, Plaintiff cannot meet the burden of showing likelihood of success on the merits required to survive a special motion to dismiss under the anti-SLAPP statute.

>Beyond that, Plaintiff cannot make the requisite prima facie showing of clear and convincing evidence of actual malice, the daunting standard of fault Plaintiff must demonstrate as a limited-purpose public figure
>Thus, the Court should dismiss the Complaint with prejudice as authorized by the anti-SLAPP statute.

## II. STATEMENT OF FACTS

**A. Plaintiff's claims are subject to dismissal on the merits because according to Virginia code a person shall be immune from civil liability for a claim of tortious interference with an existing contract or a business or contractual expectancy, or a claim of defamation based solely on statements**

Plaintiff's claims are all based on statements made during journalistic Broadcasts alerting the public to evidence of fraud in a public charity.

**B. Plaintiff Appeared as a Guest on Defendant's Broadcast and Engaged in Felony Charity fraud in the State of New York**

Plaintiff's claims are written in such a manner as to suggest defendant proactively and aggressively defamed Plaintiff. Defendant's statements came only after Plaintiff defrauded Defendant and members of the viewing audience of the Broadcasts. Defendant's statements were made in defense of, support of and as matters of public concern or expressions of opinion related to evidence revealing fraud on the part of Plaintiff.

**C. Defendant Discovered Plaintiff's 501(c)3 Tax Exempt Public Charity Was Never Registered in New York**

Plaintiff made numerous email and telephonic threats, to chill the efforts of Defendant from discovering and reporting the true facts, that Plaintiff's 501(c)3 tax exempt corporation was not legally allowed to solicit charitable contributions in the amount of $250,000 (two hundred fifty thousand dollars) as Plaintiff did indeed do, in New York State. Despite this fact, Plaintiff persisted in punitive, frivolous legal action against Defendant for alleged defamation per se and other civil torts, rather than denying or reversing Plaintiffs alleged fraudulent activity.

## III. ARGUMENT

Plaintiff's claims are subject to dismissal on the merits because according to Virginia code a person shall be immune from civil liability for a claim of tortious interference with an existing contract or a business or contractual expectancy, or a claim of defamation based solely on statements regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party. Plaintiff's action is a punitive measure and an attempt to silence Goodman and stop Broadcasts implicating Plaintiff with prima facie evidence of charity fraud within Plaintiff's 501(c)3 tax exempt public charity. Plaintiff has offered no response, no contrary evidence and no denial of these accusations.

**A. The Virginia Anti-SLAPP Statute, and other Relevant Anti- SLAPP Statutes, Provide Substantive Protections Against Claims Targeting the**

**Exercise of Free Speech about Issues of Public Concern**

Like many other jurisdictions that address Anti SLAPP, the Virginia code (the "Code"), VA code § 8.01-223.2 was enacted to combat "Strategic Lawsuits Against Public Participation" – frivolous actions, like this one, filed not to win the lawsuit on the merits of its claims, but to punish the opponent and intimidate them into silence. Federal Courts routinely apply another state's anti-SLAPP statute as substantive law when, as here telephone, internet, the mails and other interstate methods are used, or the forum has not enacted an appropriate anti-SLAPP law. *See, e.g., Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (applying Nevada anti-SLAPP statute); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 143-44 (2d Cir. 2013) (applying California anti-SLAPP statute); *Global Relief v. New York Times Co.*, 2002 WL 31045394, at *11 (N.D. Ill. Sept. 11, 2002) (applying California anti-SLAPP statute, finding that "California has a great interest in determining how much protection to give California speakers," and therefore "the law of California will apply to defenses to defamation.

Recognizing that state anti-SLAPP statutes add an "additional, unique weapon to the pretrial arsenal" (*Newsham*, 190 F.3d at 973), federal courts regularly grant anti-SLAPP motions alongside Rule 12(b)(6) motions where, as here, the plaintiff cannot show likelihood of success, because the libel claim is barred, as here, by the fair report privilege, opinion, and plaintiff cannot plausibly plead or make a prima facie showing of clear and convincing evidence of actual malice.[8] For example, in *Adelson v. Harris*, a New York federal court applied Nevada's anti-SLAPP law and Rule 12(b)(6) to dismiss libel claims brought by a casino magnate and well-known political contributor, finding that the statements were non-actionable opinion and protected by the fair report privilege. *Adelson*, 973 F. Supp. 2d at 471, 501-02.

Federal courts also routinely grant anti-SLAPP motions in cases involving the media where, as here, the reporter's newsgathering plainly demonstrates a lack of actual malice. For example, a

D.C. federal court dismissed a libel claim under D.C. anti-SLAPP law arising out of two articles referring to plaintiff as a "warlord," where defendants submitted evidence such as government reports and press releases corroborating plaintiff's status as a former warlord, thus demonstrating lack of actual malice. *Boley*, 950 F. Supp. 2d at 263. Similarly, a California federal court granted a special motion to strike soccer star David Beckham's defamation and intentional infliction of emotional distress lawsuit over an article reporting on his alleged tryst with a call girl. *Beckham v. Bauer Publ'g Co.*, 2011 WL 977570 (C.D. Cal. Mar. 17, 2011). As part of its motion, the publisher provided not only affidavits, but transcripts of an interview with the article's source. The court found that the plaintiff would not be able to show that the publisher acted with actual malice when it published, since at that time it had the "interview [of] the woman who claims to have had the encounter with" Beckham, had given Beckham an opportunity to respond, and had other evidence showing that plaintiff could not show as a matter of law that the media published with actual malice. *Id.* at *1.[9] In *Adelson*, applying cases dismissing under Rule 12(b)(6) for failure to plausibly plead actual malice, the court also held that plaintiff failed to show defendants knew that calling on presidential candidate Mitt Romney to reject casino billionaire Sheldon Adelson's "tainted," "dirty" money was false, given allegations in a lawsuit and an ongoing investigation. *Id.* at 501-02.

---

[8] *See also, e.g.*, *Farah*, 863 F. Supp. 2d at 39-40 (granting Rule 12(b)(6) and D.C. anti-SLAPP motion against defamation claim over non-actionable satirical blog posts and other non-actionable statements of opinion); *Thomas v. L.A. Times Commc'ns LLC*, 189 F. Supp. 2d 1005, 1009-10 (C.D. Cal.) (granting anti-SLAPP motion, "akin to a Rule 12(b)(6) motion to dismiss," arising out of *L.A. Times* article that questioned plaintiff's claims in published biography that he was a war hero, holding that no reasonable juror could find that defendants intended to convey the impression that plaintiff lied about his past), *aff'd*, 45 F. App'x 801 (9th Cir. 2002); *Card v. Pipes*, 398 F. Supp. 2d 1126, 1136-37 (D. Or. 2004) (granting author's Rule 12(b)(6) and Oregon anti-SLAPP motion against libel claim where statements were non-actionable opinion or not substantially false based on plaintiff's admissions).

[9] *See also, e.g.*, *CanaRx Servs. v. LIN Television Corp.*, 2008 WL 2266348 (S.D. Ind. May 29, 2008) (granting local broadcaster's anti-SLAPP motion to dismiss claims brought by Canadian pharmaceutical distributor over news report on safety of pharmaceuticals, finding that statements

were substantially true and plaintiff could not establish actual malice given reporter's newsgathering efforts).

### B. Defendant's Claims Fall Within the Scope of the VA Anti-SLAPP Statute, and Any Other Applicable Anti-SLAPP Statute

Defendants easily meet their threshold burden to show that the claims fall within the scope of the Act. Defendants' speech is plainly protected under VA code § 8.01-223.2, which broadly extends the statute's protection from civil liability for a violation of § 18.2-499 or, a claim of tortious interference with an existing contract or a business or contractual expectancy, or a claim of defamation based solely on statements regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party. One can hardly imagine an issue of greater public interest than alleged fraud by a tax exempt public charity claiming to endeavor to "#Unrig" the election process. The statements are also "related to Robert David Steele a public figure,"

#### 1. Plaintiff is a Limited-Purpose Public Figure

Plaintiff has appearing in numerous internet, television and radio broadcasts garnering millions of views worldwide. Plaintiff is most notably renowned for his appearances on Alex Jones' InfoWars and his claims of human slave children living on the planet Mars. Defendant's speech falls within the scope of the anti-SLAPP statute.

#### 2. Plaintiff Cannot Demonstrate Actual Malice

As a public figure, Plaintiff is required to show that he is likely to be able to prove by clear and convincing evidence that Defendants acted with actual malice.[10] *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 331-32 (1974); *Anderson v. Liberty Lobby*, 477 U.S. 242, 254 (1986) (holding that a public figure libel plaintiff must meet the clear and convincing evidence standard at summary judgment and "there is no genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence."); *Clyburn*, 903 F.2d at 33. "The standard of actual malice is a daunting one." *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1308 (D.C. Cir. 1996). Plaintiff must plead that the speaker knew the statements were false or "in fact entertained serious doubts as to the truth" when he made defamatory statements. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964); *see*

*also Gertz,* 418 U.S. at 334 n.6; *Foretich v. CBS, Inc.*, 619 A.2d 48, 59 (D.C. 1993). For example, a plaintiff could support a defamation claim with allegations of facts evidencing that a defendant was subjectively aware when the defendant published that the story was "'(1) fabricated; (2) so inherently improbable that only a reckless person would have put [it] in circulation; or (3) based wholly on an unverified anonymous telephone call or some other source that [defendant] had obvious reasons to doubt.'" *Lohrenz v. Donnelly*, 350 F.3d 1272, 1283 (D.C. Cir. 2003) (citation omitted). "For [the actual malice] standard to be met, the publisher must come close to willfully blinding itself to the falsity of its utterance." *Tavoulareas*, 817 F.2d at 776. Plaintiff cannot clear this high hurdle.

[10] Even if Plaintiff were not a public figure (which he is), the Complaint must be dismissed because it cannot succeed on a negligence claim, the lower standard applicable to private-figure plaintiffs. *Phillips v. Evening Star Newspaper Co.*, 424 A.2d 78, 87 (D.C. 1980) ("[T]he basic standard of care in the District of Columbia for media defamation of private individuals . . . [is] that of negligence."); *see also Gertz*, 418 U.S. at 347 (holding that states may not impose "liability without fault" in libel cases brought by private plaintiffs). Plaintiff cannot show negligence, as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their special motion to dismiss under the VA code , or other applicable anti-SLAPP statute.

Dated: April 26, 2018

    Respectfully submitted,

JASON GOODMAN
Jason Goodman Pro Se
252 7th Avenue #6s
New York, NY 10001
Tel.: (323) 744-7594