IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF VIRGINIA RICHMOND DIVISION

| | | |
|---|---|---|
| ROBERT DAVID STEELE | ) | |
| | ) | |
| -and- | ) | |
| EARTH INTELLIGENCE NETWORK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00601-MHL |
| | ) | |
| JASON GOODMAN | ) | |
| PATRICIA A. NEGRON | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SUSAN LUTZKE a/k/a "QUEEN TUT" | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GOODMAN'S MOTION TO SEVER

TO THE HONORABLE M. HANNAH LAUCK, U.S. DISTRICT JUDGE FOR THE EASTERN DISTRICT OF VIRGINIA RICHMOND DIVISION

### I. Introduction.

Defendant Jason Goodman ("Goodman") now moves to sever his trial from that of his Codefendants (Patricia A. Negron and Susan Lutzke a/k/a "Queen Tut" Believed to be Susan Holmes). Goodman bases this motion on the applicable law in combination with other important facts: first, evidence has

come to light which shows that one or both of the co-defendants may have been cooperating or conspiring with Plaintiff to deliberately provide Goodman with false information and fraudulent evidence and to persuade Goodman into doing broadcasts in support of this false evidence. During these broadcasts, Codefendants deliberately made the statements Plaintiff now claims are defamatory, thus enabling the grounds upon which Plaintiff's action is based. Codefendant QUEEN TUT aka Susan Lutzke (believed by Goodman to be Susan Holmes) specifically has demonstrated on multiple occasions her willingness and ability to produce false evidence, including fraudulent documents and communications submitted to the court pursuant to this matter in support of this conspiratorial effort. Codefendants do not presently nor never in the past have had any official business relationship or other affiliation. Codefendants acted as independent entities solely responsible for their own actions and statements. Codefendants Queen Tut/Lutzke/Holmes and Negron have collaborated to gain Goodman's trust so as to infiltrate his legal defense in this matter, Goodman believes this was done to sabotage the defense and / or to supply strategic information to Plaintiff, further exacerbating the challenge of answering the complaint and otherwise defending against the baseless allegations. Codefendants Queen Tut/Lutzke/Holmes and Negron have conspired to defame Goodman since the filing of Plaintiff's original action. Codefendants Queen Tut/Lutzke/Holmes and Negron have conspired to incite Plaintiff, provoking the motion to amend the complaint.

Since the initiation of this matter and the filing of Goodman's answer to the initial complaint, Codefendants have conspired to publicly malign Goodman, accusing him among other things, of forcing Negron to suffer the financial burden of hiring her own attorney. Goodman and Negron had no business, marital or other legal relationship. Codefendants Queen Tut/Lutzke/Holmes and Negron participated in Goodman's YouTube broadcasts in a voluntary manner, of their own accord and at their own risk with full responsibility for and independent authority over their own statements.

Since the initial filing, Codefendants Queen Tut/Lutzke/Holmes and Negron have conspired to further incite Plaintiff, resulting in the amended complaint. Their specific provocative activities are fully detailed in the amended complaint. The described conspiratorial activity of Codefendants Queen Tut/Lutzke/Holmes and Negron has led directly to Plaintiff's call for increased financial damages, bringing the total to the absurd, completely unjustified, unfounded and ridiculous sum of $18,350,000. Irrespective of the outcome of this action, the conspiratorial efforts of Codefendants have resulted in added damages to Goodman, specifically but not limited to the opportunity cost of answering the complaint Pro Se. It is Goodman's belief that these actions have been taken deliberately, initially to enable the Defamation Per Se complaint that is the basis of Plaintiff's frivolous action. It is additionally Goodman's belief that ongoing behavior described in the amended complaint

was carried out by Codefendant's in order to create a pre-text for, or otherwise justify the motion for amended complaint. These collective actions represent a conspiracy effort to put substantial financial and legal pressure on Goodman and specifically stop him from journalistic reporting on actual IRS supplied evidence of felony charity fraud on the part of the Plaintiff. Charity fraud is a crime against the public and as such is a matter of public interest. Any 501(c)3 tax exempt corporation is considered to be publicly funded inasmuch as all tax payers carry a portion of the financial burden not paid by the exempt organization and the tax-exempt deductions of its contributors.

Plaintiff's complaint has no merit or evidentiary value and Plaintiff is attempting to suppress First Amendment protected freedom of speech and journalistic efforts by Goodman who has revealed evidence of financial crimes related to the 501(c)3 tax exempt charity The Earth Intelligence Network, founded and operated by Plaintiff as described in his own words in the amended complaint. Also described in the complaint and lauded by Plaintiff's aggressive public promotion, Plaintiff is a former CIA Clandestine Service Officer. Utilizing "double agents" and provocateurs are methods and actions the Plaintiff has extensive training and experience in as he has explained in his own widely published video interviews. It is not beyond reason to presume Plaintiff may still be employed by or operating on behalf of the CIA or otherwise conducting a privately organized operation utilizing the clandestine services tactics he is so well-versed in. Either example would represent significantly

inappropriate action on the part of the Plaintiff, particularly given the evidence of felony financial crimes by him. A preponderance of evidence will easily demonstrate that the Plaintiff's complaints are text book definition of a Strategic Lawsuit Against Public Participation and Codefendants played a significant role in the conspiracy to support this action. Plaintiff's action violates Goodman's constitutional rights and the charter of the CIA, and certainly goes well beyond the scope of reasonable activity for a retired U.S. Government employee with regard to interactions with U.S. citizens.

The Relevant Facts.

---

[1] Goodman reserves the right to assert additional grounds for severance in the future, if necessary. He does not intend to waive any additional arguments for severance based on other factors.

On June 26, 2017 Susan Lutzke (aka Holmes) emailed Jason Goodman stating she had information that indicated Robert David Steele had committed fraud. Goodman had no prior knowledge of this individual before this point of initial contact. The email was addressed to Goodman from phz@tutanoa.com a sophisticated and secretive encrypted email service that allows the sender to control access to email messages even after they are sent. The salutation was from "Susan" and it was accompanied by the now inaccessible Skype VoIP phone number 970-372-6522, no additional identifying information was provided. The email included a sophisticated graphic presentation in an attached Microsoft Word Document detailing accumulated "evidence" of plaintiff's alleged fraud. Later that day,

Codefendant Queen Tut/Lutzke/Holmes volunteered to participate in a recorded telephone interview with Goodman to broadcast the information to Goodman's viewing audience. This was done on the condition of anonymity. Based on the first three letters of the email address domain, and the caller's female gender, the "code name" Queen Tut was selected and assigned to codefendant Queen Tut/Lutzke/Holmes. During this phone interview Queen Tut/Lutzke/Holmes revealed details including reading quoted passages from an email exchange with Plaintiff that Queen Tut/Lutzke/Holmes stated would undoubtedly reveal her true identity to Plaintiff. She reiterated that she had no doubt Plaintiff would recognize and recall the email exchange due to the specific nature of the matter being discussed. Clearly Plaintiff was substantially agitated by the broadcast as he includes it in his complaint, but curiously, Plaintiff named Carla Howell as the identity of the codefendant. Goodman located and contacted Carla Howell, she is the Political Director of the National Libertarian Party and a well-regarded political activist. In a recorded phone call she stated that she knew nothing of the lawsuit, but it was learned that Plaintiff had attempted to gain the nomination in the Libertarian party for Presidential election. In a letter published by Plaintiff in 2015 he details this aspiration http://independentpoliticalreport.com/2015/06/robert-david-steele-seeking-libertarian-presidential-nomination-wants-to-create-coalition-to-end-two-party-tyranny/. It is now Goodman's belief that Carla Howell was named in the suit both to allow the pre-planned amendment

intended to specifically penalize Goodman, forcing him to answer yet another frivolous amended complaint, and to simultaneous smear a former adversary of the Plaintiff in a petty revenge play for his failed attempt at Presidential nomination. The sheer ridiculousness of Plaintiff's Presidential aspirations reveals his tyrannical, serial self-aggrandizing and absurdly exaggerated sense of self-importance. In the recorded interview Queen Tut/Lutzke/Holmes says "He (Plaintiff) will know who I am because it's going to be obvious from everything I'm stating", therefore, there is no logical way Plaintiff could have actually presumed Howell was the true identity of the codefendant. A total of nine thousand one hundred seventy-eight viewed the interview before an anonymous "privacy complaint" to YouTube, very likely from the Plaintiff or an affiliate acting on behalf of Plaintiff, caused the video to be removed from YouTube in a failed attempt to eliminate this evidence of conspiracy between Plaintiff and Queen Tut/Lutzke/Holmes. In a series of subsequent broadcasts as detailed in the initial complaint, Queen Tut/Lutzke/Holmes made many of the statements that have given rise to Plaintiff's action.

Prior to filing the initial action, at no time did Plaintiff nor any representative on Plaintiff's behalf make any formal contact with Defendant Goodman to supply factual dispute to any of the statements, nor to demand a retraction. Plaintiff immediately took aggressive, punitive and baseless civil action, in an obvious move to put undue legal and financial pressure on Goodman. Plaintiff knew full well Goodman has limited financial resources

to defend such baseless legal action. It is Goodman's belief that Plaintiff intended to force a settlement, force Goodman out of business or otherwise halt Goodman's efforts to continue journalistic reporting on alleged criminal activity on Plaintiff's part.

Another example codefendants alleged deceptive actions involves the creation of what Goodman believes to be a falsely named Twitter account, used to convince Goodman of Queen Tut's alleged identity. Case in point is a twitter account named @SliverStanNM and attributed to a Stanley Pena of Silver City New Mexico. This twitter account was brought to Goodman's attention when a message was directed at Goodman's @CSTHETRUTH official twitter account. The message tweeted from @SilverStanNM displayed an image of a woman along with the message "Queen Tut is Susan A Lutzke. She is a fraud and a scammer. 703 N A St Silver City NM 88061"

Upon discovery of this twitter message, Queen Tut/Lutzke/Holmes told Goodman in a private phone conversation that she knew Stanley Pena, that he worked for the municipality of Silver City New Mexico and was one of the bureaucrats she had been in conflict with in the past. Queen Tut/Lutzke/Holmes further stated that the woman in the image was indeed her and that her name was Lutzke. Goodman now believes this was a false positive confirmation of her (alleged) identity. In preparation for answering the amended complaint, Goodman located Stanley Pena and telephoned him. In a recorded phone conversation which can be provided at the court's request, Mr.

Pena confirmed his former employment but denied ever having any twitter account and further denied any knowledge of Susan A Lutzke or Susan Holmes. Mr. Pena's first hand testimony led Goodman to the conclusion that the tweet was a false message, likely created by Codefendant, Plaintiff or another individual acting in concert, and sent to deliberately mislead Goodman to the conclusion that the woman in question was Susan Lutzke. This modus operandi of creating false but convincing "evidence" matches the pattern used to deceive the court with a letter from Mercia Francis filed February 21, 2018 stating that Queen Tut was an elderly woman more than eighty years of age with dementia. The video and audio evidence presented by Goodman demonstrates a clear match of the person in question to an individual identifying herself by voice and image as Susan Holmes

The codefendants never had any written agreements, never transacted any business with one another and had no official professional, employment or other business or financial agreements. No contracts had been written or spoken and the parties otherwise had no responsibility for, nor obligations to one another. Each acted as individuals, voluntarily, of their own accord and at their own risk. Plaintiff's strategy of bringing this action against the parties jointly is clearly intended to enable such amendments as the one filed April 13, 2018. Plaintiff knows his action has no hope of succeeding on the merits of the claims. Plaintiff knows Defendant has answered Pro Se and Plaintiff

Case 3:17-cv-00601-MHL   Defendant's Motion to Sever   Page 10 of 13

is intent on trapping Defendant in some procedural or other error, hoping to win a default judgement.

Codefendant Patricia Negron has collaborated with Queen Tut/Lutzke/Holmes in multiple on-line defamation attacks of Goodman's character and credibility at the same time maligning Plaintiff with no obvious purpose other than deliberately damaging Goodman and aiding Plaintiff by providing a pre-text for amending the initial complaint in which Goodman is codefendant. These actions have further aggravated Plaintiff as stated in his amended complaint, however Goodman had no involvement whatsoever and in fact was victim of the same allegedly defamatory statements. Codefendant Negron has participated in perpetuating the false notion that Goodman somehow coerced Negron into seeking independent representation in this matter and that Goodman had planned to take advantage of that or otherwise put undue financial burden on Negron. This false and defamatory information was used to deliberately malign Goodman in public forums and attack Goodman's source of finance, encouraging viewers to discontinue financial support for Goodman in an overall effort to terminate Goodman's on-line news broadcasts. These have each been persistent goals exhibited and enumerated repeated by Plaintiff.

## II. ARGUMENT

Codefendants went to elaborate lengths to deceive Goodman, taking

measures that clearly enable Plaintiff's original complaint and now the amended complaint. Codefendants and Plaintiff have taken extraordinary measures and protected jealously the true identity and location of Codefendant Queen Tut/Lutzke/Holmes. The initial deception involved alleging the true identity of codefendant Queen Tut to be a woman named Carla Howell.

On page 16 of 97 of Plaintiff's amended complaint, reference is made to a video from NBC News affiliate 9news.com http://www.9news.com/article/news/local/fort-collins-csu-police-release-body-camera-footage-of-2-shootings/73-493723062 and falsely represented by Plaintiff saying it "positively identifies Lutzke " however, nowhere in this video or the accompanying text is any mention of the name Lutzke made. Later on this same page, Plaintiff claims that Goodman "doxed" Lutzke in a broadcast allegedly addressing her as Susie. This is a false and baseless claim made to artificially strengthen Plaintiff's fraudulent assertions. In addition to audible voices of guests on the video broadcasts, YouTube live stream videos are accompanied by a text stream of live chat comments from viewers, sometimes numbering in the thousands or more. Goodman is quite clearly addressing a live chat commenter named Suzi. Goodman can provide evidence that a YouTube user named Suzi is a long-time viewer and her typed live chat comments correspond to Goodman's answer. It was Suzi that Goodman was addressing not the guest appearing as Queen Tut. Furthermore, the first name of Susan is not in question, but the actual full legal name and location of

codefendant Queen Tut. Plaintiffs comments on this specific matter further demonstrate the pattern and practice of filling the complaint and the amendment with frivolous and inaccurate information of no meritorious value, simply for the purpose of forcing a response to their onerous action. At no time did Goodman ever or would Goodman ever address Queen Tut/Susan Lutzke/ Susan Holmes as Susie. In fact, Goodman has multiple business and personal acquaintances named Susan and Goodman has never addressed any of them as Susie.

Plaintiff's amended complaint make additional references to a video made by Defendant Goodman titled "Lies, Libel and Lawsuits" in which Goodman presents publicly available archival video clips of codefendant Queen Tut/Lutzke/Holmes in which she identifies herself to CBS News Denver affiliate as Susan Holmes. In the same video, Goodman includes a clip that depicts Queen Tut/Lutzke/Holmes presenting herself in front of the Fort Collins Colorado City Council as Susan Holmes. Despite this, Plaintiff fails to even associate the alias with Codefendant Queen Tut/Lutzke/Holmes. Irrespective of her actual identity, these videos are prima facie evidence of a concerted effort by Queen Tut/Lutzke/Holmes and Plaintiff to deliberately obfuscate codefendant's true identity both to the public and in this civil action. Goodman believes this deliberate avoidance of the name Holmes is specifically and carefully done. It is potentially another measure intended to preserve the ability to further amend this complain in the future, upon the discovery of Susan

Holmes, adding additional legal and financial burden to Goodman and would be consistent with the pattern and practice Plaintiff has already demonstrated.

### A. Severance Is Warranted By Codefendant Submission of Fraudulent Document to the Court

The Court's determination as to whether it should **sever** the claims of the plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations ....(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004)

Codefendant "Queen Tut" Susan Lutzke (aka Susan Holmes) has proven throughout the course of this action that she is determined to resist service and is willing to resort to filing false documents to do so. The letters filed and entered with the court on February 23, 2018 and March 1, 2018 contain a series of false representations and statements either written by the codefendant or yet another coconspirator writing on the codefendant's behalf. We know from video evidence presented by Goodman on YouTube and detailed by Plaintiff in the amended complaint that the person in question is not an eighty-year-old woman.

### III. CONCLUSION

Wherefore, premises considered, Goodman implores the Court to sever his case from that of the Codefendants and set his matter for trial at the earliest possible opportunity.

Respectfully submitted,

_____
JASON GOODMAN
Jason Goodman Pro Se