IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| ROBERT DAVID STEELE )<br>-and- )<br>EARTH INTELLIGENCE NETWORK )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>JASON GOODMAN )<br>PATRICIA A. NEGRON )<br>)<br>-and- )<br>)<br>SUSAN A. LUTZKE a/k/a )<br>    "QUEEN TUT" )<br>)<br>    Defendants. )<br>_____ ) | Case 3:17-cv-601-MHL |

## DEFENDANT'S REPLY TO MEMORANDUM IN OPPOSITION TO "SPECIAL MOTION TO DISMISS"

Pro Se Defendant, Jason Goodman ("Defendant"), respectfully submits this reply to Plaintiff's Memorandum in Opposition to the "special motion to dismiss".

### I. Failure to demonstrate actual libel or slander

Plaintiff's entire case is based on the false representation that Defendant has engaged in defamation, libel and slander. Each of these torts however require that the statements made are known to be false or made with the intention to do damage. However, the statements are true. They are based on fact, supported by evidence and further bolstered by Plaintiff's own statements, including most recently and most persuasively by statements in the very Memorandum in Opposition being replied to here.

In a further ridiculous statement, Plaintiff denies his status as a public figure despite appearing in televised video interviews that are literally too numerous to list, including interviews referenced in Plaintiff's own complaints, amended complaint and this very memorandum. YouTube video broadcasting is the basis for Plaintiff's belief that Goodman is a public figure, but somehow the same or even greater public exposure does not prove the same status for Plaintiff. This line of reasoning is purely illogical and puts no burden of proof on Defendant as claimed by Plaintiff.

It is Plaintiff who has repeatedly engaged in defamatory behavior while simultaneously misusing the legal system to bully, oppress, punish and chill the legitimate journalistic efforts of Defendant. In what amounts to an apparently inadvertent confession, Plaintiff's own motions in this very matter provide evidence of the truthfulness of Defendant's statements made with regard to matters of fact.

Plaintiff has made additional false claims about Defendant's statements that are first amendment protected matters of opinion and / or criticisms of a public figure in the political and social media arena. Most notably the reference to Plaintiff as a "real idiot". This of course is a matter of opinion and protected free speech. As a public figure making public claims of human slave children living on the planet Mars, Plaintiff opens himself to such appropriate critical evaluations by members of the public.
https://www.washingtonpost.com/news/speaking-of-science/wp/2017/07/01/no-alex-jones-nasa-is-not-hiding-kidnapped-children-on-mars-nasa-says/?noredirect=on&utm_term=.c91c4a55e09f

In the most recent Memorandum, Plaintiff claims Defendant's accusations of felony charity fraud are false, defamatory and constitute slander and liable. This is totally incorrect. Admittance of guilt to these charges and evidence are provided in the Memorandum itself. In the Memorandum in Opposition, the following is stated "In fact, in 2017 total donations from persons known to reside

in New York were only $2,751". Plaintiff and his attorney fail to recognize that solicitation of funds without proper registration with the New York State Bureau of Charities (and other states) constitute the offense, not the receipt of funds irrespective of their amount or location of the solicitor. Plaintiff engaged in a national fund-raising campaign over the internet via YouTube, Generosity.com, Indiegogo.com and Paypal.com among other methods. Plaintiff's solicitation of $250,000 is demonstrated in Defendant's video of June 13, 2017, referenced in the original complaint, the amended complaint and the most recent Memorandum in Opposition https://www.youtube.com/watch?v=hMJoAO5OZY8. In the memorandum in opposition, Plaintiff makes the ludicrous claim that Defendant "voluntarily" engaged in fundraising on Plaintiff's behalf. Plaintiff seeks to "cherry pick" or otherwise edit the content and meaning of statements in this video by referencing specific isolated segments while deliberately omitting others. As is apparent from viewing the video in its entirety, Defendant knew nothing of the 501c3 or the fundraising campaign prior to Plaintiff's appearance and instructions as to how and where contributions could be made. Defendant supported Plaintiff's effort in good faith and without any knowledge of wrongdoing.

Plaintiff's latest motion seeks to demonstrate that Plaintiff was unaware he would be interviewed by Goodman, however the video itself makes it obvious that Plaintiff was in fact fully aware of the circumstances. The video begins with Plaintiff discussing the schedule of a proposed second interview which is also referenced in the original Complaint and the Amended Complaint. This further demonstrates Plaintiff's consent to be interviewed as well as the disingenuous nature of the claims now being made. In the video interview, Plaintiff provides all information about the charity and Defendant supports Plaintiff's statements and efforts on the basis of what Defendant believed at the time to be the good name and reputation of the Plaintiff. In the days following the initial interview, Plaintiff's true intentions became clear and the commission of fraud evident. In direct contrast to the claims of the incessant and irresponsible Plaintiff's motions, Defendant moved to immediately correct his error and inform the public of Plaintiff's fraudulent representations and actions. This was done as a matter of public interest and does not constitute defamation as

Defendant's statements are based in fact and supported by strong evidence. Those statements are now further strengthened by the confession in the Memorandum in Opposition. At 9m58s in the above-mentioned video, Plaintiff states in his own words "in the next hundred and twenty days the US public can buy back the US government for no more than two hundred and fifty thousand dollars which is what Cynthia and I are trying to raise to fund a bus to go around the country for four months". This statement and the provision of payment instructions constitutes the solicitation of funds. Plaintiff has not denied the fact that the 501c3 tax exempt corporation, Earth Intelligence Network, was not, and to this day is not, registered with the New York State Bureau of Charites. This fact in combination with the Plaintiff's solicitation of $250,000 (two hundred fifty thousand dollars) in charitable contributions via the internet constitute the evidence of charity fraud that has been referenced by the Defendant in numerous news broadcasts intended to educate the public of an ongoing deception.

In an ongoing and persistent effort to undermine, insult, defame and discredit Defendant, and Defendant's news reporting, Plaintiff claims Defendant is "not a journalist". This statement is repeated in the Memorandum in Opposition, and the statement is categorically false. Unlike professions such as lawyer, medical doctor or judge, one need not attain any official accreditation, appointment or license to be a journalist. Just as a person engaging in the activity of photographing something is by default a photographer, an individual engaging in journalistic activities is in fact a journalist. While there is no legal definition of the term "journalist" it is generally understood that gathering, disseminating and publishing factual information is considered journalism. Defendant gathered information from the IRS and New York State Bureau of Charities with regard to the failure of Plaintiff to property register as a charity and solicit charitable contributions. Defendant disseminated this information to the general public as a matter of public interest in consideration of the fact that this evidence indicates the commission of charity fraud. Defendant's video coupled with Plaintiff's acknowledgment of the acceptance of funds from residents of the State of New York represent prima facie evidence of charity fraud. Plaintiff has offered no evidence to deny these

accusations, on the contrary, Plaintiff merely attempts to miscategorize Defendant's factual statements as defamation.

**This case involves a systematic and <u>unceasing</u> practice of defamation.**

This is a statement taken directly from Plaintiff's memorandum in opposition, however in contrast to Plaintiff's claims, it is the Plaintiff engaging in defamation, not the Defendant. Evidence of this defamation again comes from Plaintiff's own filings in this matter. In a video appearance on the YouTube channel Victurus Libertas which has since been deleted (but has been archived by Defendant and is available upon request) Plaintiff claims to have learned through discovery in this very action that Defendant is paid by the foreign intelligence service Israeli Mossad. This statement is completely untrue and intended to damage the good reputation of Defendant as an honest and patriotic American citizen. This is also a discriminatory statement based solely on the fact that Defendant is Jewish. This type of hate speech and narrow-minded fear mongering is of course overshadowed by the fact that discovery in this matter has not yet occurred. Plaintiff acknowledges this fact in the amended complaint, indicating that Plaintiff knowingly made a false statement with the express intent of damaging Defendant's reputation. It is ironic that Plaintiff on the one hand seems ignorant of the definition of defamation, but on the other hand is quite adept in its practice. Plaintiff has made great efforts to promulgate this specific false statement related to Defendant's Jewish heritage in furtherance of his repeated and admitted inherent dislike for Jewish people through multiple surrogates and multiple mediums who parrot these exact sentiments. This is evidence of the unmitigated, shameless abuse of the legal system Plaintiff regularly engages in and encourages others to join him in. It is also evidence that this entire action is a punitive measure taken against Defendant with no regard for claims lacking any merit or evidentiary value. Plaintiff has made tremendous public efforts to promote the filing

of this legal action, as if it were a record album release or feature film premiere, employing multiple confederates on various social media platforms. Above and beyond Plaintiff's blatant efforts to abuse the legal system by filing a baseless federal suit and promoting the effort via social media, Plaintiff continues fraudulent fundraising efforts and has taken no steps whatsoever to remedy or even acknowledge the improper organization of Earth Intelligence Network as a tax exempt charitable corporation. Plaintiff's determined effort to disseminate lies relative to this fundraising effort have driven the reciprocal response of the Defendant to alert the public, which Plaintiff now falsely calls defamation. This deliberate cause and effect pattern defines Plaintiff's modus operandi.

Plaintiff's ongoing efforts to waste the court's time and abuse the legal system are clearly demonstrated in the repeated efforts to file baseless, false complaints, amend those complaints and file memorandums in opposition of ridiculous and increasing length in order to undermine legitimate motions on the part of the Defendant. Plaintiff has made repeated public calls for defendant to "lawyer up" which are tantamount to threats. These threats have been repeated by surrogates of the Plaintiff who have yet to be directly named in this matter, but certainly would be presented in evidence should this matter be allowed to proceed. Plaintiff's intention is to financially drain the Defendant with legal expenses, while simultaneously harassing and to otherwise cause the Defendant to make a procedural error resulting in a default judgement. This is the very essence of a Strategic Lawsuit Against Public Participation. This is the very thing anti-SLAPP was created to combat. The court must not allow Plaintiff and his attorney to abuse the legal system, the taxpayers of VA, the public at large or the Defendant in this matter.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests the Court dismiss this matter as requested in the Special Motion to Dismiss.

DATED: May 20, 2018

Jason Goodman

By: */s/Jason Goodman*
Jason Goodman
252 7th Ave #6s
New York, NY 10001
Telephone: (323) 744-7594
Facsimile: (917) 591-6370
Email: **truth@crowdsourcethetruth.org**

*Pro Se Defendant*