IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE** *et al.*,

    **Plaintiffs,**

v.                                                            Civil Action No. 3:17cv601

**JASON GOODMAN** *et al.*,

    **Defendants.**

## DEFENDANT PATRICIA A. NEGRON'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant, Patricia A. Negron ("Ms. Negron" or "Defendant"), by counsel, for her Reply in Support of her Motion to Dismiss the Amended Complaint, states as follows:

### INTRODUCTION

The Plaintiffs' Opposition does not seriously challenge the core issue in this case – Plaintiff Steele (and his entity, EIN) is a public figure who has repeatedly and enthusiastically injected himself into the public debate regarding matters of public concern that he finds to be important. Given this reality, Steele (and EIN) cannot recover unless he can show *New York Times* malice – i.e., he cannot recover unless he establishes by clear and convincing evidence that Ms. Negron made actual defamatory statements *and* that she actually knew the statements were false or acted with reckless disregard as to whether they were true.

Strikingly, notwithstanding this fundamental factual and legal reality, in their discussion of the malice requirement Plaintiffs *fail to cite a single case* on the *New York Times* malice standard. On pages 22-23 of their Opposition, where the Plaintiffs claim that they have properly alleged "actual malice," Plaintiffs cite to at least six different decisions by the Supreme Court of Virginia and this Court – <u>not a single one of the cites</u> involves *New York Times* malice.

In fact, all but two of the cases cited by the Plaintiffs were decided prior to the 1964 *New York Times* decision by the United States Supreme Court. And neither of the two cited cases that were decided after 1964 involves *New York Times* malice.

The first of the two cited post-1964 decisions is a discussion by this Court about proving malice in support of a claim for malicious prosecution (i.e., not defamation) (*Daniczek v. Spencer*, 156 F. Supp. 3d 739, 756 (E.D. Va. 2016)). The second is a Supreme Court of Virginia decision involving conversion and a claim for punitive damages (*PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334 (2003)). In sum, Plaintiffs have not provided *any* legal support to address the fundamental flaw in their Amended Complaint.

Indeed, the Plaintiffs' arguments on malice are simply wrong, legally. They attempt to cast Ms. Negron as one and the same with her co-defendants (Opposition, p. 22: "actual malice may be inferred" from "the insulting words of [Ms. Negron's] co-conspirators …."). But the Plaintiffs must show that Ms. Negron individually – not as part of an ill-defined "conspiracy" – acted with legal malice. *Hackman v. Wilson*, 534 B.R. 867, 881 (Bankr. E.D. Va. 2015) (observing that, "the Plaintiff's position is not consistent with the requirement that the actor must have had legal malice in order to be liable as a co-conspirator").

The Plaintiffs argue that Ms. Negron's "strong and violent words" are evidence of "actual malice." (Opp., p. 22). But, as courts actually addressing *New York Times* malice have observed, this kind of malice "has nothing in common with 'ill will.'" *Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994). Indeed, "[a] person who concludes that a public figure is a knave may shout that conclusion from the mountain tops." *Id.*

The Plaintiffs argue that Ms. Negron's "repetition of false statements," including after this case was filed, are evidence of malice. But again, repeating allegedly defamatory statements

*cannot be, as a matter of law*, evidence of *New York Times* malice. This is because "the law certainly does not insist that [persons holding unfavorable views of public figures] shut up as soon as they are challenged," and the Plaintiffs "cannot, simply by filing suit and crying 'character assassination!', silence those who hold divergent view, no matter how adverse those views may be to plaintiffs' interests." *Underwager*, 22 F. 3d at 736. *See also Storms v. Action Wis., Inc.*, 750 N.W.2d 739, 732 (Wis. 2008) (observing that "the repeated publication of a statement after being informed the statement was false did not constitute actual malice so long as the speaker believed it to be true").

Indeed, the First Amendment specifically protects Ms. Negron's statements (the few that are actually attributed to her in the Amended Complaint) that are "rhetorical hyperbole, a vigorous epithet," or "loose, figurative or hyperbolic language." *CACI Premier Tech., Inc. v. Rhodes*, 536 F.3d 280, 293-94 (4th Cir. 2008).

In sum, for the reasons addressed in this Reply and in Ms. Negron's opening memorandum in support, the Court should grant the Motion to Dismiss.

## ARGUMENT

**A.     Plaintiffs' Opposition to Count One (Defamation) Falls Short.**

In the eleven pages of their Opposition brief dedicated to Count One (pp. 14 – 25), the Plaintiffs essentially provide the Court with a litany of cites to cases on basic propositions of defamation law (pp. 14 – 20), restate the words spoken as alleged in the Amended Complaint (21-22), claim that they have adequately alleged "actual malice," and continue to assert (erroneously) that Ms. Negron is liable for the statements of the co-defendants.

Nothing in these eleven pages seriously challenges the arguments made in Ms. Negron's opening memorandum. As addressed above, Ms. Negron cannot be held liable for the acts of her

co-defendants. *Hackman v. Wilson*, 534 B.R. 867, 881 (Bankr. E.D. Va. 2015) (observing that, "the Plaintiff's position is not consistent with the requirement that the actor must have had legal malice in order to be liable as a co-conspirator").

Moreover, as noted above, the Plaintiffs' arguments about "actual malice" do not even cite to any cases involving *New York Times* malice. A review of cases involving this specific standard applicable to defamation cases confirms that Plaintiffs' claims should be dismissed. Specifically, given the Plaintiffs' status as public figures, even if Ms. Negron's statements were deemed to be defamatory (which they are not), such "strong and violent words"[1] (opp., p. 22) are in no way evidence of "actual malice." As courts actually addressing *New York Times* malice have observed, this kind of malice "has nothing in common with 'ill will.'" *Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994). Indeed, "[a] person who concludes that a public figure is a knave may shout that conclusion from the mountain tops." *Id.*

A review of Ms. Negron's statements about the Plaintiffs (or Steele individually) confirm that she was simply addressing a public figure in a manner protected by the First Amendment. Indeed, the principal statements that Plaintiffs attack are Ms. Negron's comments to the effect that Steele is a fraud or a con-man. But these statements were made in connection with a broader discussion about matters of public concern, such as Ms. Negron's doubts regarding Steele's actual work in support of election reform legislation, his actual connection with former congresswoman Cynthia McKinney, and whether he actually was responsible for drafting government handbooks, as his online bio claimed. (*See* video "Unrig Cynthia McKinney, minutes 10:00 – 24:00, referenced in paragraph 19(y) of the Amended Complaint (pp. 44-45)).[2]

---

[1] Ms. Negron disputes that the words can be accurately described as "violent."
[2] Counsel has also searched, unsuccessfully, for any legal authority supporting the Plaintiffs' contention that Person A can be liable for the defamatory statements of Person B simply because

In sum, Count One should be dismissed.

**B.     Plaintiffs' Opposition to Count Two Fails.**

Plaintiffs' Opposition to Count Two should be summarily rejected. The key case cited by the Plaintiffs is *Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652 (E.D. Va. 2015), which the Plaintiffs cite for the proposition that "statements that are defamatory *per se* are insulting *per se*." (Opp., p. 27).

But the Plaintiffs' perfunctory description mischaracterizes the true holding of *Goulmamine*. What Plaintiffs have failed to mention is that Judge Payne in *Goulmamine* recognized that an insulting words count consists of two required elements: (1) that the words be insulting; and (2) that the words tend toward violence and breach of the peace. *Id.* at 668.

Thus, while it is true that Judge Payne concluded that the first prong could be met with an adequate pleading of words that were defamatory *per se* and therefore insulting (138 F. Supp. 3d at 669), ***Judge Payne also concluded that the statements alleged did not tend toward violence and breach of the peace and therefore granted the motion to dismiss***. *Id.* at 671 (holding that the plaintiff "has not pled words adequate that a reasonable juror could find that the March 2015 letter tends to violence or breach of the peace").

In other words, Plaintiffs' star case supports dismissal of Count Two.

---

Person A fails to expressly disavow the statement. Indeed, Plaintiffs' position likely would violate the First Amendment and the right of peaceful assembly – imagine holding participants in public demonstrations liable for statements made by other participants in those demonstrations simply because one participant did not disavow (or even nodded approvingly about) statements made by other participants. The chilling effects of such a rule would be wide ranging and strike at the heart of these constitutional protections.

5

**C.    Plaintiffs fail to state conspiracy claims in Counts Three and Four because there is no underlying tort.**

As discussed in the opening memorandum, Plaintiffs fail to state a conspiracy claim because there is no underlying tort. *Hechler Chevrolet v. Gen. Motors Corp.*, 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985) (observing that "there can be no conspiracy to do an act the law allows."); *Almy v. Grisham*, 273 Va. 68, 80-81, 639 S.E.2d 182, 188-89 (2007) (conspiracy claims require "proof that the underlying tort was committed"). Moreover, as discussed above, a conspiracy claim is not proper in a case like this one involving a required showing of *New York Times* malice. Thus, for the reasons argued above and in the opening memorandum, Counts Three and Four should be dismissed.

**D.    Plaintiffs' Count Five (tortious interference) and Count Six (intentional infliction of emotional distress) Should Be Dismissed.**

With respect to Counts Five and Six, Ms. Negron relies on the arguments made in her opening memorandum.

**E.    Ms. Negron should receive fees and costs for being forced to defend this action under Virginia Code Ann. § 8.01-223.2.**

Plaintiffs have withdrawn Counts VII, VIII and IX against Ms. Negron. Nonetheless, for the reasons set forth in her opening memorandum, the Court should award Ms. Negron her fees and costs to defend this action under Virginia Code Ann. § 8.01-223.2.

**CONCLUSION**

For the reasons set forth above and in the opening memorandum, the Court should grant the Motion to Dismiss the Amended Complaint.

Dated: May 31, 2018                                  Respectfully submitted,

                                                     **PATRICIA A. NEGRON**


                                                     By:     /s/ R. Johan Conrod, Jr.
                                                     R. Johan Conrod, Jr. (VSB No. 46765)
                                                     E-mail: rjconrod@kaufcan.com
                                                     KAUFMAN & CANOLES, P.C.
                                                     150 West Main Street, Suite 2100
                                                     Norfolk, VA 23510
                                                     Phone: (757) 624-3000
                                                     Fax:    (888) 360-9092

                                                     Terry C. Frank, Esq. (VSB No. 74890)
                                                     E-mail: tcfrank@kaufcan.com
                                                     Benjamin A. Wills, Esq. (VSB No. 88109)
                                                     E-mail: bawills@kaufcan.com
                                                     KAUFMAN & CANOLES, P.C.
                                                     1021 E. Cary Street, Suite 1400
                                                     Richmond, Virginia 23219
                                                     Phone: (804) 771-5700
                                                     Fax:    (888) 360-9092

                                                     *Counsel for Defendant Patricia A. Negron*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2018, a true copy of the foregoing is being electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Steven S. Biss (VSB No. 32972)
>E-mail:  stevenbiss@earthlink.net
>300 West Main Street, Suite 102
>Charlottesville, Virginia 22903
>Phone: (804) 501-8272
>Fax:    (202) 318-4098
>*Counsel for Plaintiffs*

And sent via first-class mail, postage prepaid, to:

>Jason Goodman, *Pro Se*
>252 7th Avenue, Apt. 6S
>New York, NY  10001
>
>"Queen Tut"
>a/k/a Susan A. Lutzke
>1221 University Ave., Unit D202
>Fort Collins, CO  80521

>         /s/ R. Johan Conrod, Jr.
>R. Johan Conrod, Jr. (VSB No. 46765)
>E-mail:  rjconrod@kaufcan.com
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, VA 23510
>Phone:  (757) 624-3000
>Fax:    (888) 360-9092
>   *Counsel for Defendant Patricia A. Negron*