IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE |
| JASON GOODMAN, et al., | |
| Defendant | |

## DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE

Defendant Jason Goodman, Pro Se, opposes intervention by Intervenor Applicant D. George Sweigert (Sweigert), both as of right and permissively. Plaintiff Steele and Intervenor Applicant Sweigert have been conspiring together and with intermediaries for more than one year and in an ongoing fashion to create and monetize a harassment campaign (The Campaign) intended to disrupt the Defendant's business, personal life and worldwide reputation, and chill Defendant's journalistic endeavors which have revealed evidence of felony crimes by Plaintiff, Intervenor Applicant and third-party co-conspirators. The Campaign has consisted of persistent manufacturing and dissemination of false claims, deliberate libel and slander, predicate acts initiated by others and falsely attributed to Defendant, stalking and harassment both online and at the Defendant's residence in New York City as well as numerous counts of tortious interference. In addition to disrupting Defendant's business and personal relationships, The Campaign is also intended to impact the outcome of this legal action. Sweigert is proceeding in bad faith, abusing the litigation process and violating Rule 11 of the Federal Rules of Civil Procedure. Sweigert's motion should be denied due to false and frivolous claims that have no basis in fact or law.

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 1

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described. Video and telephone recording transcripts may contain typos due to voice to text transcription software. True and accurate copies of original video and audio recordings can be provided should it please the court.

Signed this _6_ day of March 2019

Defendant, Pro Se Jason Goodman

## I.    FACTUAL BACKGROUND

This legal action is a product of a conspiracy between Plaintiff, Intervenor Applicant and numerous third-party co-conspirators.  Among these parties are Intervenor Applicant's brother George Webb Sweigert (Webb), Manuel Chavez III aka Defango (Chavez), Frank Bacon, believed to be Tyroan Simpson (Simpson), Nathan Stolpman (Stolpman), co-Defendant Susan Lutzke aka Susan Holmes aka Queen Tutt (Lutzke), Steve Outtrim (Outtrim), Dean Fougere aka Titus Frost (Fougere), Kevin Allen Marsden (Marsden), Mari Rapp aka Sugar Shine (Rapp), Jacquelyn Weaver (Weaver) and other unknown parties operating under various online aliases.

On or around December 2017, in a multiparty video chat (**EXHIBIT A**) that included Simpson, Intervenor Applicant Sweigert, Chavez, Stolpman and two unknown parties, Simpson and Sweigert agreed to engage in a harassment for pay Campaign against Defendant Goodman. (https://www.bitchute.com/video/Ez5xgxUk8daU/).  They agreed that the monetary component of The Campaign was to be transacted via the cryptocurrency backed social media network Steemit.com (Steemit).  Defendant's journalistic investigations have revealed evidence indicating Steemit.com is a ponzi scheme intended to absorb money from members of the general public in the form of Bitcoin or other payments when they join the network and purchase "Steem Power" tokens to gain leverage in voting on the network.  Steemit enables a covert method of compensating co-conspirator participants in this pay for harassment scheme and is also a money laundering mechanism intended to hide the source of funds and transform an essentially worthless digital currency into real U.S. Dollars.  Simpson is an aggressive proponent of Steemit and actively promotes it online and elsewhere, including his Austin Texas based radio broadcast (https://steemit.com/steemit/@frankbacon/block-frank-bacon-on-austin-texas-radio-tonight-89-1-fm) and direct marketing phone calls.

Simpson's promotional activities of the Steemit network included a phone call to Defendant Goodman on or about June 27, 2017 (https://youtu.be/-JqDBOusiF8 ) (**EXHIBIT B**) during which he attempts to convince Goodman to join Steemit.com and participate with Simpson as an ally.  After Defendant Goodman refused Simpson's suggested plan, Simpson called Defendant Goodman again, this time leaving a threatening voicemail (https://youtu.be/_NoCXRvFwVI ) in which he specifically names Chavez and states "guys like Defango and myself and about 50 other people that really know how to do this shit are gonna make it a lot more difficult for you to do really about anything" directly referencing the harassment campaign (**EXHIBIT C**).  Sometime after the warning issued in this voicemail message, the pay for harassment scheme against Defendant Goodman was initiated.

The original video broadcast has been deleted but was preserved as evidence by Defendant (https://www.bitchute.com/video/Ez5xgxUk8daU/).  In the video, Sweigert insists on a "unified effort" (see attached transcript **EXHIBIT A** time stamp 00:01:52,860) in response to Simpson's suggestion for "the best way to get JG" (see attached transcript **EXHIBIT A** time stamp 00:01:48,479) referring to Defendant Jason Goodman as "JG".  The two agree to a plan to initiate a letter writing campaign intended to disrupt Defendant Goodman and his business relationships.  Simpson offers to get Sweigert "paid for it in a way that's not connected to the government at all" suggestive of a tax avoidance scheme and referring to Sweigert carrying out the letter writing harassment campaign and being paid in the cryptocurrency transacted via Steemit.  Sweigert agrees to do it. (see attached transcript **EXHIBIT A** time stamp 00:03:29,430).  At another point in the video, Sweigert boasts "**I VOLUNTEER TO BE THE LIAISON TO FUCK WITH THESE GUYS THROUGH GOVERNMENT PROCESSES, THROUGH MILITARY PROCESSES, THROUGH LAW ENFORCEMENT PROCESSES**" [emphasis added] (see attached transcript **EXHIBIT A** time stamp

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 4

00:02:26,909).  Simpson insists on monetizing the effort with Steemit, and in the months since that call, both them and their self-appointed "cyber militia" of co-conspirators have been carrying out this calculated, money making plan.

The Campaign remains in effect to this day and includes this lawsuit itself as well as separate suits brought by Sweigert on June 14, 2018 in the USDC District of South Carolina (2:18-cv-01633-RMG) which was transferred to SDNY sua sponte on September 17, 2018 at the order of U.S. District Court Judge Richard Marc Gergel due to Sweigert's improper choice of venue.  Now relocated to USDC SDNY (Case 1:18-cv-08653-VEC) U.S. District Court Judge Valeri Caproni has specifically ordered Sweigert not to "file any further motions or pleadings except in response to this Order to Show Cause."  This was due to Sweigert's characteristically abusive, excessive filings which have no basis in fact or law, waste court resources and abuse the legal process. While Defendant recognizes Judge Caproni's jurisdiction to be SDNY, Sweigert's present actions are not congruent with the intention of Judge Caproni's order, but rather are representative of his persistent efforts to utilize the legal system as his own personal strategic weapon.

Sweigert has interfered with officers of the court in unrelated matters by contacting the criminal defense attorney of Michael J. Barden.  Barden appeared on Defendant Goodman's broadcast to speak about a wrongful arrest and his distress at the notion of a plea deal being forced on him despite his requests for Police body camera footage being denied and the prosecutor and his lawyer's failure to demand this exculpatory evidence.  Sweigert took it upon himself to contact Barden's Attorney Marc Victor (**EXHIBIT D**) and instruct him that "Mr. Barden has told this worldwide audience that he does not trust you as an attorney."  Mr. Barden's distrust was appropriate given his lawyer's failure to follow his instructions and failure to insist prosecutors produce Brady materials relevant to the arrest.  Sweigert's deliberately vexing letter

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 5

reached Barden's attorney the day Barden was to appear before the judge regarding the plea and put Barden at odds with his Attorney Marc Victor.  Barden has stated he was under significant mental distress during the hearing.  Additionally, Sweigert contacted the Arizona State Bar Association and filed a complaint alleging Defendant Goodman was engaging in the unauthorized practice of law by suggesting Barden should not plead guilty to a crime he did not commit.  The complaint was of course without merit and was dismissed immediately by the Bar Association with no penalty. (**EXHIBIT E**)

Sweigert has sent more than a dozen letters to law enforcement and military officials around the United States and Canada as well as business associates of Defendant.  Each of these also contain false, misleading and factually inaccurate statements intended to provoke criminal investigations or other civil action targeted at Defendant, and to disrupt ongoing business relationships.  Sweigert seems to have no regard for 18 U.S. Code § 1001 and makes false statements to law enforcement, military and government personnel as a regular practice.

On Febrary 22, another such letter was addressed to the U.S. Coast Guard Sector New York Captain Jason Tama (**EXHIBIT F**).  In this letter. Sweigert makes fundamentally false claims alleging intention on the part of Defendant to do crime.  Sweigert's reckless incompetence is underscored by his inability to properly name a corporation owned by Defendant, instead attributing the fictitious and false name Multimedia Systems Designs, Inc. to Defendant along with equally fictitious plans of a "dirty bomb hoax" targeting the port of New York.  Prior to the mailing, Defendant was totally unaware of any such hoax plan.  This hoax was clearly invented by Sweigert and/or his co-conspirators, just as Defendant alleges the Port of Charleston hoax was.

Perhaps the most brazen act on the part of Sweigert with regard to his legal filings is his use of a false address as his official mailing address with the court in his action in the Southern

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 6

District of New York.  On October 2, 2018, Sweigert filed a change of address with the court.

This is the third address Sweigert has utilized in this singular legal action spanning less than one

year.  When five of Defendant Goodman's pleadings were returned by the Mesa AZ U.S. Post

Office as "ATTEMPTED NOT KNOWN UNABLE TO FORWARD" Defendant called the

USPS in Mesa AZ and was told by an employee there that PO Box 152 was not owned by D.

George Sweigert and therefore the US Postal Service did not consider it a legal address for him.

On October 26, 2018 Defendant filed a Motion For Ruling To Show Cause For Providing False

Address in an effort to get Plaintiff to explain what seemed to be the use of a fraudulent address

and an attempt to commit fraud on the court.  On November 7, 2018 Defendant filed a

Supplement to the Motion For Ruling to Show Cause that included photo evidence of the

returned mail (**EXHIBIT G**).  Sweigert pled that Defendant's actions in adding Swiegert's full

name and alias (David George "Acton" Sweigert) prevented delivery, but Defendant verified that

this was false.  Defendant conducted a thorough investigation into this matter and is presently in

communication with the U.S. Postal Inspector's Office in New York.  Defendant traveled to the

U.S. Post Office in Mesa AZ on January 7, 2019 and personally spoke with employees of the

USPS.  These employees told Defendant Sweigert had appeared in the post office on December

1, 2018 with the owner of the PO Box and signed a form to be added officially.  Further

investigation by Defendant has revealed the original owner of PO Box 152 to be one Mari Rapp

aka Sugar Shine, a frequent contributor to Sweigert's social media activities including false and

defamatory statements intended to harm Defendant.  Sweigert did not alert the Court in USDC

SDNY that he had traveled to Mesa AZ on December 1, 2018 to make this official change, but

rather Sweigert relied on false written testimony to cover up this action. Sweigert also did not

alert Defendant of this remedy to his prior false statements.  This is further evidence of

Swiegert's intent to commit fraud on the court in USDC SDNY and elsewhere.  Sweigert sent

Defendant a U.S. Postal Money Order for one dollar on December 1, 2018 and made a video of himself doing so (**EXHIBIT H**). Sweigert then deleted the video from his YouTube channel as he is in the regular practice of doing, in an effort to spoliate evidence of his presence at the Post Office and his taunting of Goodman with various cyber harassment techniques. Goodman has preserved the video evidence and it can be viewed on Bitchute

(https://www.bitchute.com/video/npL8hu7RT6fE/)

In addition to his harassment for pay letter writing campaign, Sweigert is in the daily practice of engaging in various cyber stalking and cyber harassment efforts. Sweigert has knowingly and repeatedly published false and defamatory statements intended to damage Defendant Goodman in a variety of social media outlets including YouTube. On November 25, 2017 one such instance of false statement publication occurred on YouTube and was propagated through other social media networks including Steemit.com. In coordination with Chavez, Sweigert called in to a live YouTube broadcast titled "11.25.17.Solving.rar" hosted on a YouTube channel controlled by Chavez (https://youtu.be/jK73oCxCGOE). This video is monetized on Steemit.com. (https://steemit.com/news/@defango/red-triangle-zodiac-sevens-exposed-cicada-3301-qanon-twitter-progress-update-11-25-17). Transcript of the conversation between Chavez and Sweigert is attached (**EXHIBIT I**). During that conversation Sweigert tells Chavez "I saw Robert David Steele (Plaintiff) about three days ago four days ago he was being interviewed but some lady on a show Deborah still I think or something like that and he did talk about that he thought Jason was a Mossad operative and a handler and he was hoping all this was going to come out of discovery and everything so it's really interesting". This conversation between Chavez and Sweigert appears to be a pre-planned, staged event specifically intended to propagate the false claim put forward by Plaintiff. This particular false claim associating Goodman with Mossad was persistently repeated by Chavez, Sweigert, Plaintiff, Fougere and

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 8

others including Webb in an effort to turn public opinion against Defendant and defund Defendant's subscription-based business.  Fougere republished the report from Chavez and when contacted by Defendant to take the report down and issue a retraction, Fougere maliciously posted childish insults along with Goodman's private phone number on a monetized post on Steemit, furthering the harassment for pay scheme, inviting additional cyber harassment and rendering the phone number nearly useless.

(https://steemit.com/jasongoodman/@titusfrost/threatened-by-jason-goodman-with-criminal-harassment-what-do-you-think).  Fougere persists in his role in this campaign, profiting from false statements and misleading suggestions about Defendant.

Approximately one year ago, Chavez posted an article on Steemit titled https://steemit.com/news/@defango/crowdsource-the-truth-live-reseach-on-mossadywood.  In the article, Chavez claims falsely and definitively "Jason Goodman is on the payroll of a man named Arnan Milchan. Arnan has Jason doing work partly out of blackmail. Jason was at parties with a producer named Brian Singer and there were underaged boys and girls. Jason was being paid $2.788 a week and its (sic) now up to $3500 a week."  This mirrors statements made by Plaintiff in video interviews that have since been deleted from YouTube.  No evidence is offered to support these claims, and the insinuation is made that Defendant is fraternizing with or otherwise cooperating with an accused child rapist.  This is yet another persistent theme propagated by the conspirators involved in the Campaign.  This article remains on Steemit.com allegedly having earned Chavez $12.29 and has been shared by numerous other users in the indelible blockchain on Steemit earning additional untold sums (**EXHIBIT J**).  Chavez and other co-conspirators have demonstrated a penchant for using numerous alternate accounts under false and misleading names such as "Brain Trust" or "OFA_ASU" so the true scope of the conspiracy is not yet known (**EXHIBIT K**).

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 9

Defendant Goodman is not and has never been associated in any way with Mossad, Arnan Milchan or the film director and accused rapist Singer. Neither Plaintiff, Intervenor Applicant, nor any of their co-conspirators have any evidence whatsoever to support these outlandish claims, yet they continue to promote these false statements publicly and aggressively with the express intent of damaging Defendant's worldwide reputation and depriving Defendant of business and financial opportunities. The rumor was started by the co-conspirators in order that their network could spread this information to earn money on Steemit and through other methods, and to play upon rampant, hateful, anti-Jewish sentiment among their fans and viewers. The Campaign has allowed them to persecute Defendant based solely on his Jewish heritage, denying him of his constitutional right to presumption of innocence, retarding his financial and psychological well-being and inciting hate speech and foul threats in live comments from viewers. The Campaign leverages this totally false claim to defame Goodman and engender hatred for Defendant throughout the world via the internet.

Sweigert, Steele and their co-conspirators engage in a form of acting they call Live Action Role Playing (LARP). Defendant was initially introduced to this term and its practice by the co-conspirators in the Campaign. They are in a regular practice of accusing their adversaries of doing this in a weak effort to deflect attention from their own actions. Through these staged LARP conversations, false information is planted within seemingly normal live streamed talk show conversation about current events or other topics, mixing truth with fiction in a manner that makes their false claims seem factual to the uninitiated. These video broadcasts are monetized on the Steemit network and through other methods including online donations and merchandise sales, earning money for Sweigert's co-conspirators and making them appear unaffiliated to the outside observer or investigators by concealing payments and obfuscating direct connections.

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 10

Goodman has revealed evidence indicating suspicious activity with regard to Steemit, including a visit to the main corporate office in New York City which consists of only a PO Box and no actual office or employees despite a market capitalization of over $400,000,000.00 (four hundred million U.S. Dollars) at the time of the visit. (https://www.youtube.com/watch?v=EDMvR2qTtFY&feature=youtu.be&t=70). Accountingweb.com includes this practice in their list of Top 10 Red Flag Warnings of Fraud. (https://www.accountingweb.com/aa/auditing/top-10-red-flag-warnings-of-fraud).

Defendant Goodman also conducted an interview with professional derivatives trader and cryptocurrency commentator Tone Vays in which Vays indicated his evaluation of Steemit's software white paper revealed problems with the core functionality which amounted in Vays' estimation to misrepresentation on the part of the founders Daniel Larimer and Ned Scott, and Vays considered additional evidence of fraud.  Vays describes deficiencies in the design which he claims could easily be used by the designers or others who might be made aware of these deficiencies, to exploit the system, deceive users and siphon money from the network. (https://youtu.be/7Cax1CDEcd4).

On August 4, 2018, Defendant revealed evidence including a public internet post by Chavez which included a typo laden set of instructions for automating Steemit posts and driving upvotes to increase ponzi scheme style revenue growth on the Steemit network as well as instructions for moving the cryptocurrency Steem dollars out of the network through a variety of machinations to convert it to "fiat" currency such as U.S. Dollars or Euros (**EXHIBIT L**).  This overall process provides content in the form of false and defamatory statements contained in videos about Defendant as well as tactics and methods to enable anyone interested in joining the Campaign to earn cryptocurrency on Steemit.com by spreading the false information, and then laundering that digital currency into actual U.S. Dollars.  (https://youtu.be/B1ag_9sqmmk?t=6)

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 11

Goodman's disruption of this pay for harassment and money laundering scheme being carried out via Steemit may be the primary reason for the organized harassment campaign.

Intervenor Applicant continues to grossly abuse the Federal civil legal system, court shopping with various suits in multiple states in an attempt to utilize the Justice System as a strategic weapon to intimidate, harass, defame and financially deprive the Defendant. More recently, Sweigert has sent a letter of intent to sue in a third district for substantially the same claims. It is Defendant's belief that this Maryland based intended action is utilizing the same tactic as Plaintiff's original action by including co-Defendants who are in fact, conspiring with the Plaintiff to enable the action and/or sabotage the defense. Sweigert names his brother Webb as Defendant, conveniently as Webb resides in Maryland. Defendant Goodman is named in this action as co-Defendant. It is clear Sweigert has no actual intention to enforce any potential civil judgement against Webb, but is merely using him as a tool to continue to harass Defendant Goodman with baseless suits in additional Districts of the U.S. District Court system.

**(EXHIBIT M)**

Plaintiff Steele has knowingly and repeatedly published false and defamatory statements intended to damage Defendant. IRS filings and social media publications show that Plaintiff Steele has paid third parties, many of which run popular YouTube channels, which have coincidentally also published false and defamatory statements, absent sufficient evidence, and intended to damage Defendant and impact the outcome of this legal action (**EXHIBIT N**).

Recorded phone calls and voicemail messages show Simpson admitting in his own words direct contact with both Intervenor Applicant's Sweigert's brother George Webb Sweigert (Webb) Plaintiff Steele, Chavez and Stolpman. Simpson states to Defendant Goodman in a phone call "he (Plaintiff Steele) sent me a text one night he's like hey you know cuz he knows I been buggin' George (Webb)" (see attached transcript **EXHIBIT B** time stamp 00:05:51,945).

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 12

1   Incidentally this statement contradicts assertions made earlier in the call by Simpson that he is no

2   longer in communication with Plaintiff Steele.  Email, SMS and other communications including

3   in person meeting took place between Plaintiff Steele and Webb (**EXHIBIT O**).

4
        Despite false claims of no contact and some form of adversarial relationship, email, text

5

6   and other communications including video chat and personal meeting took place between Webb

7   and his brother, Intervenor Applicant Sweigert (https://youtu.be/DqGlFBkx09Q).

8
        Plaintiff and his accomplices have engaged in a persistent campaign of harassment and

9

10  defamation against Defendant that has consisted of knowingly and deliberately spreading false

11  information throughout various social media platforms on the internet, intended to damage

12  Defendant's reputation, business, financial health and psychological well-being and to chill

13  Defendant's investigative journalism activities which have revealed evidence of crimes.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 13

## CONCLUSION

For the foregoing reasons, Defendant Goodman prays that the Court summarily overrule and deny D. George Sweigert's Motion to Intervene in this matter. Defendant further requests the court recommend the Plaintiff, Intervenor Applicant and alleged co-conspirators to the appropriate law enforcement agencies for criminal investigation and prosecution if found guilty of the alleged criminal activities.

Respectfully submitted,

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 14

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
**RICHMOND DIVISION**



ROBERT DAVID STEELE, et al.,
_____
                    Plaintiff(s),


         v.

                                        Civil Action Number: 3:17-cv-00601-MHL
                                                              _____

JASON GOODMAN, et al.,
_____
                    Defendant(s).


## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE.
                                                              **(Title of Document)**

JASON GOODMAN
_____
Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: March 6, 2019 _____ (Date)

                        **OR**


**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                              **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____ (Date)

**Circuit Court for** <u>Eastern Divistion Virginia</u>                    Case No. <u>3:17-cv-601-MHL</u>

City or County

| Robert David Steele and Earth Intelligence Networ | | | | | | Jason Goodman | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Name** | | | | | | **Name** | | | | |
| 11005 LANGTON ARMS CT | | | | | **VS.** | 252 7th avenue | | | | 6s |
| **Street Address** | | | | **Apt.#** | | **Street Address** | | | | **Apt.#** |
| OAKTON, | VA | 22124 | ( 571) | 320-8573 | | New York | NY | 10001 | (323 | ) 744-7594 |
| **City** | **State** | **Zip Code** | **Area Code** | **Telephone** | | **City** | **State** | **Zip Code** | **Area Code** | **Telephone** |
| | ***Plaintiff*** | | | | | | ***Defendant*** | | | |

# CERTIFICATE OF SERVICE
## (DOMREL58)

I HEREBY CERTIFY that on this <u>6</u> day of <u>March</u>, <u>2019</u>, a copy of the document(s) entitled ~~Answer Steele Goodman 04~~ *Defendant Opposition to*

**Title of Document(s)** *Motten to fudged*

was/were mailed, postage prepaid to:

~~D. George Sweigert~~
**Opposing Party or His/Her Attorney**

~~PO Box 152~~
**Address**

Mesa,                    AZ                    85211
~~**City**~~                    ~~**State**~~                    ~~**Zip**~~

<u>March 6, 2019</u>                    _____
**Date**                                    **Signature**

DR58- Revised 13 February 2001

**Circuit Court for** <u>Eastern Division Virginia</u>                     **Case No.** <u>3:17-cv-601-MHL</u>
City or County

| Robert David Steele and Earth Intelligence Networ | | | | | VS. | Jason Goodman | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Name** | | | | | | **Name** | | | | |
| 11005 LANGTON ARMS CT | | | **Apt.#** | | | 252 7th avenue | | | | 6s |
| **Street Address** | | | | | | **Street Address** | | | **Apt. #** | |
| OAKTON, | VA | 22124 | ( 571) 320-8573 | | | New York | NY | 10001 | (323  ) 744-7594 | |
| **City** | **State** | **Zip Code** | **Area Code** | **Telephone** | | **City** | **State** | **Zip Code** | **Area Code** | **Telephone** |
| | | *Plaintiff* | | | | | | *Defendant* | | |

# CERTIFICATE OF SERVICE
## (DOMREL58)

I HEREBY CERTIFY that on this <u>6</u> day of <u>March</u>, <u>2019</u>, a copy
of the document(s) entitled ~~Answer Steele - Goodman04~~ *De Fendent's opposition*
                                                          Title of Document(s) *To Motion To referring*
was/were mailed, postage prepaid to:

~~Steven Biss~~
**Opposing Party or His/Her Attorney**

~~300 West Main Street, Ste 102~~
**Address**

Charlottesville,                    VA                    22903
~~City~~                           ~~State~~               ~~Zip~~

<u>March 6, 2019</u>
**Date**                          **Signature**

DR58- Revised 13 February 2001