D. G. SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211
Spoliation-notice@mailbox.org

MARCH 13, 2019

JASON GOODMAN, CEO
MULTIMEDIA SYSTEMS DESIGNS, INC.
252 7TH AVENUE, APT #6S
NEW YORK, NY 10001

CLERK OF THE COURT
US DISTRICT COURT
701 E. BROAD STREET
RICHMOND, VA 23219



FILED
MAR 18 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

SUBJ: NOTICE OF ITNENT TO FILE AMENDED MOTION PURSUANT TO FRCP RULE 15(A) [SEE REVISIONS 2009 REVISIONS – AMENDEMENTS ALLOWED WITHIN 21 DAYS AFTER SERVICE OF A RESPONSIVE PLEADING]

17-CV-00601-MHL ←

**Ladies and Gentlemen:**

1.  The purpose of this letter is to give Defendant Goodman notice that an AMENDED MOTION TO INTERVENE will be filed shortly, which will give Defendant Goodman an opportunity to correct and or amend his recent pleading (document number 78). There are several legal deficiencies associated with this pleading (docket no. 78) and Goodman is now afforded an opportunity to take corrective action.

*Local Civil Rule 7*

2.  It is advised that Goodman become familiar with paragraph (K) of local rule 7. A pro se party such as Goodman has 21 days to file a responsive pleading to a motion.

3. Goodman will observe in paragraph (K) – (3) a responder to a motion is required to identify all facts the responder has a disagreement with. Therefore, the new responsive pleading should include sworn written statements that such information provided in the responsive pleading is given under oath or certified by a notary public and sworn under perjury.

4. Presently, all the attached exhibits attached to document number 78 are lacking authentication by written oath given under perjury that such exhibits and affidavits are accurate. This renders the exhibits a legal nullity.

*Electronically Stored Information*

5. The admissibility of electronic evidence was decided in the Fourth Circuit in *Lorraine v. Markel American Ins. Co*, 241 F.R.D. 534. In that decision, judge Grimm set forth the model for addressing the admissibility of electronic evidence.

6. Such evidence must demonstrate logical relevance. Please see Federal rules of Evidence (F.R.E.) Rule 401 concerning relevant evidence and its general admissibility (please also see F.R.E. Rule 402).

7. The reader's attention is also directed to F.R.E. Rule 901(A) concerning authentication of evidence. You have provided no chain of custody or electronic authentication with regards to the submission of at least a dozen artifacts that had purportedly been stored electronically and processed by Goodman.

8. These rules address Goodman's handling of electronic files that have been so-called downloaded from public websites and placed into your possession on your computer systems (see doc. no. 78). Apparently, Goodman stored and manipulated such files so that they could be uploaded to different social media platforms for some purpose. This process of downloading, storage, and uploading must be sufficiently described to provide this court with an understanding of the method that you relied upon to protect the authenticity of the subject evidence. Please see

Federal rules of evidence rule 901(B)(1) concerning the testimony of what an item is claimed to be.

9. The reader's attention is called to document number 78 - 15 which is labeled as **EXHIBIT O.** Regarding Goodman's submission of email messages and or text messages which purportedly have been intercepted conversations of Robert David Steele and George Webb Sweigert. Email messages and text messages of this nature must be processed for evidence preservation that needs to be described in sufficient detail. This would include the date, time, and process used, to capture the email or text messages between the conversations of third parties to which Goodman was not a participant.

10. Regarding Goodman's submission of purported artifacts of YouTube videos, Goodman may be interested in reviewing Federal rules of evidence rule 902 (11) and 902 (12) concerning appropriate certifications from a custodian of records regarding how a video was captured, stored and maintained. See United States v. Hassan, 742 F.3d 104.

*Failure to serve all parties*

11. Goodman's responsive pleading (document number 78, was not distributed to all parties of this current litigation. Goodman must certify that correct and true copies have been delivered to all parties, including Trish Negron. A certificate of service in the court records concerning the service of your responsive pleading to co-defendant Trish Negron cannot be located.

*Duty to preserve*

12. Regarding EXHIBIT E (doc. no. 78) this appears to be a letter from the Arizona State Bar. In that letter there is a discussion about Goodman's participation with another gentleman from the state of Indiana known as Mr. Brian Vukadinovich. The State Bar Association letter, written November 27th, 2018, discusses their review of the YouTube video podcast known as the Jason Goodman "Counterlawfare Report".



**The Counterlawfare Report with Brian Vukadinovich - Corrupt Prosecution Requires Ey...**
Jason Goodman
Streamed 3 months ago • 4,810 views
Falsified police reports, manipulation of witnesses and withholding exculpatory evidence are standard practice in corrupt ...



**The Counterlawfare Report with Brian Vukadinovich - Prior Restraint**
Jason Goodman
Streamed 3 months ago • 3,264 views
Newspapers Should Be In Business of Reporting Information About Judicial Corruption, Not Concealing It. Become a Sponsor of ...



**The Counterlawfare Report with Brian Vukadinovich – Premiere Episode**
Jason Goodman
Streamed 4 months ago • 3,595 views
Pro Se advocate Brian Vukadinovich joins me for a new weekly series in which we explore corruption and abuse within the U.S. ..

13. The Jason Goodman Counterlawfare Report dealt in great detail with proper procedures for pro se litigants in the federal court system. The reader may recall that a retired jurist from the U.S .Appeals Court for the Seventh Circuit (judge Richard Posner) was a frequent guest to the Counterlawfare program. Goodman may wish to contact these individuals to seek extra assistance in correcting the issues associated with his responsive pleading (doc. no. 78).

14. Goodman may recall that he was served several electronic spoliation notice and evidence preservation notices, beginning approximately 14 months ago. These evidence preservation demands have placed upon Goodman under the duty to protect and preserve all evidence that may be needed in this present litigation. This letter reminds Goodman of his duties under those previous evidence preservation demand notices.

Warm regards,

*D. S̶t̶* 3/19/19

D. G. Sweigert

Under penalties of perjury I certify that the following parties have received a copy of this communication.

| | | |
|---|---|---|
| **JASON GOODMAN, CEO**<br>**MULTIMEDIA SYSTEMS**<br>**DESIGNS, INC.**<br>**252 7TH AVENUE, APT #6S**<br>**NEW YORK, NY 10001** | Richard Johan Conrod , Jr.<br>Kaufman & Canoles PC<br>150 W Main St<br>PO Box 3037<br>Norfolk, VA 23510 | Steven Scott Biss<br>300 West Main St<br>Ste 102<br>Charlottesville, VA 22903 |
| **CLERK OF THE COURT**<br>**US DISTRICT COURT**<br>**701 E. BROAD STREET**<br>**RICHMOND, VA 23219** | Terry Catherine Frank<br>Kaufman & Canoles PC<br>1021 E Cary St, Suite 1400<br>Two James Center<br>PO Box 27828<br>Richmond, VA 23219 | |