## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

**ROBERT DAVID STEELE** *et al.,*

     **Plaintiffs,**

**v.**                                                             **Civil Action No. 3:17cv601**

**JASON GOODMAN** *et al.,*

     **Defendants.**

### DEFENDANT PATRICIA A. NEGRON'S ANSWER AND
### AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

NOW COMES Defendant, Patricia A. Negron ("Ms. Negron" or "Defendant"), by counsel

and pursuant to this Court's Order dated March 31, 2019, and for Answer and Affirmative

Defenses to the Amended Complaint filed by the Plaintiffs, Robert David Steele ("Steele") and

the Earth Intelligence Network ("EIN," together the "Plaintiffs"), states as follows:

The first two paragraphs of the Amended Complaint, on pages 1 and 2, contain

unnumbered allegations and legal conclusions regarding the Plaintiffs' overview of their suit, the

alleged conduct at issue, and the millions of dollars in damages they are demanding. Accordingly,

no response is required. Ms. Negron denies any wrongdoing and denies that Plaintiffs are entitled

to any damages from her. To the extent any further response to these allegations is required, Ms.

Negron denies the same.

### I.   INTRODUCTION[1]

The allegations set forth in the Plaintiffs' Introduction section, spanning from page 2

through page 6 of the Amended Complaint. These allegations consist of legal conclusions and

---

[1] The Amended Complaint's subject headings do not require a response. To the extent the subject headings can be construed to contain factual allegations directed to Ms. Negron, Ms. Negron denies all such allegations.

accusations, and screenshots of purported public social media postings which speak for themselves, all of which require no response. Further, footnote 1 on page 4, contains a synopsis of the life and beliefs of the Egyptian Queen Nefertiti, which require no response. Ms. Negron denies any allegations of wrongdoing against her and objects to the alleged conduct of others for which Plaintiffs attempt to hold her responsible. To the extent any further response is required to these initial paragraphs, Ms. Negron denies the same.

## II.    PARTIES

1.    The allegations of paragraph 1 contain Plaintiffs' representations regarding Steele's purported background and accomplishments. Ms. Negron is without sufficient knowledge or information to form a belief as to these allegations and accordingly denies the same. Ms. Negron denies any "knowingly false" statements as alleged in footnote 2. To the extent any further response is required, Ms. Negron denies the same.

2.    Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations in paragraph 2 regarding Steele's publication and accordingly denies the same. The referenced publication speaks for itself and requires no response. To the extent any further response is required, Ms. Negron denies the same.

3.    The allegations of paragraph 3 contain additional representations regarding Steele's purported background and accomplishments. Ms. Negron is without sufficient knowledge or information to form a belief as to these allegations and accordingly denies the same. The internet links referenced in paragraph 3 speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

4.    The allegations of paragraph 4 contain Plaintiffs' representations regarding the background of Steele's organization EIN. Ms. Negron is without sufficient knowledge or

2

information to form a belief as to these allegations and accordingly denies the same. The internet link referenced in paragraph 4 speaks for itself and requires no response. To the extent any further response is required, Ms. Negron denies the same.

5.      The allegations of paragraph 5 contain representations regarding the background of a third-party member of EIN. Ms. Negron is without sufficient knowledge or information to form a belief as to these allegations and accordingly denies the same. The internet links referenced in paragraph 5 speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

6.      Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of paragraph 6 and accordingly denies the same. The internet links referenced in paragraph 6 speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

7.      Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of paragraph 7 and accordingly denies the same. The internet links referenced in paragraph 7 speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

8.      Ms. Negron admits that she is a citizen of Massachusetts. Ms. Negron denies the Plaintiffs' characterization that she "co-produced" numerous videos uploaded to YouTube. The remaining allegations of paragraph 8 regarding defamation are legal conclusions and require no response. Ms. Negron denies "[s]he appeared and actively participated in virtually every video at issue in this action." Ms. Negron admits that she has not appeared in any YouTube video with co-Defendant Goodman since the filing of this action. Ms. Negron denies that she "continues to be in close contact with Lutzke." The allegations of paragraph 8 regarding defamation are legal

3

conclusions are require no response.  The allegations and screenshot regarding twitter reference an internal social media account that speaks for itself and to which no response is required.  The remaining allegations of paragraph 8 state legal conclusions and require no response.  To the extent any further response is required, Ms. Negron denies the same.

9.      Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of paragraph 9 and footnote 3 and accordingly denies the same.  The screenshot and internet links referenced in paragraph 9 speak for themselves and require no response.  To the extent any further response is required, Ms. Negron denies the same.

### III.    JURISDICTION AND VENUE

10.      The allegations of paragraph 10 are legal conclusions to which no response is required.  To the extent any response is required, Ms. Negron denies the same.

11.      The allegations of paragraph 11 are legal conclusions to which no response is required.  To the extent any response is required, Ms. Negron denies the same.

12.      The allegations of paragraph 12 are legal conclusions to which no response is required.  To the extent any response is required, Ms. Negron denies the same.

### IV.    STATEMENT OF FACTS

13.      Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of the first sentence of paragraph 13 and accordingly denies the same.  The allegations of the second sentence as to paragraph 13 are denied. To the extent any further response is required, Ms. Negron denies the same.

14.      The allegations of paragraph 14 and footnote 4 reference YouTube videos that speak for themselves and require no response.  Ms. Negron denies any wrongdoing.  To the extent any further response is required, Ms. Negron denies the same.

4

15.     Ms. Negron denies the allegations of paragraph 15 as stated.  She denies any knowing misrepresentation.  To the extent any further response is required, the same is denied.

16.     The allegations of paragraph 16 reference an article that speaks for itself and requires no response.  Ms. Negron denies any wrongdoing.  To the extent any further response is required, Ms. Negron denies the same.

17.     Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of paragraph 17 and accordingly denies the same.  To the extent any further response is required, Ms. Negron denies the same.

18.     Ms. Negron denies the allegations of paragraph 18.

**A.**     ***Alleged False and Defamatory Statements Prior to September 1, 2017***

19.     The introductory allegations of paragraph 19 are legal conclusions and require no response.  To the extent any further response is required, Ms. Negron denies the same.

a.     The allegations in paragraph 19(a) regarding production and publishing are legal conclusions that require no response.  The remaining allegations of paragraph 19(a) reference a YouTube video that speaks for itself and requires no response.  Plaintiffs' allegations in footnote 5 require no response.  To the extent any further response is required, Ms. Negron denies the same.

b.     The allegations in paragraph 19(b) regarding production and publishing are legal conclusions that require no response.  The remaining allegations in paragraph 19(b) reference a YouTube video that speaks for itself and requires no response.  To the extent any further response is required, Ms. Negron denies the same.

c.     The allegations in paragraph 19(c) regarding production and publishing are legal conclusions that require no response.  The allegations in paragraph 19(b) reference a YouTube video and contain a screenshot that speak for themselves and require no response.  The

allegations of paragraph 19(c) regarding scripting, prior discussion, and agreement are denied. Ms. Negron is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 19(c) and accordingly denies the same. To the extent any further response is required, Ms. Negron denies the same.

d. The allegations in paragraph 19(d) regarding production and publishing are legal conclusions that require no response. The remaining allegations in paragraph 19(d) reference a YouTube video and contain a screenshot that speak for themselves and require no response. The allegations regarding tacit agreement to false statements are legal conclusions and require no response. To the extent any further response is required, Ms. Negron denies the same.

e. The allegations of paragraph 19(e) reference the conduct of other individuals and accordingly no response is required. The allegations of footnote 6 reference YouTube videos which speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

f. The allegations of paragraph 19(f) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

g. Ms. Negron is without sufficient knowledge or information to form a belief as to the allegations of paragraph 19(g) and accordingly denies the same. The internet links referenced in paragraph 19(g) speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

h. The allegations of paragraph 19(h) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

6

i.      The allegations in paragraph 19(i) regarding production and publishing are legal conclusions that require no response. The allegations in paragraph 19(i) reference a YouTube video and contain a screenshot that speak for themselves and require no response. The allegations of paragraph 19(i) regarding false and defamatory statements are legal conclusions and require to response. To the extent any further response is required, Ms. Negron denies the same.

j.      The allegations of paragraph 19(j) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

k.      The allegations in paragraph 19(k) reference a YouTube video and contain a screenshot that speak for themselves and require no response. The allegations of paragraph 19(i) regarding false and defamatory statements are legal conclusions and require to response. To the extent any further response is required, Ms. Negron denies the same.

l.      The allegations of paragraph 19(l) reference the conduct of other individuals and accordingly no response is required. Plaintiffs' description of "Patreon.com" in footnote 5 does not require a response. To the extent any further response is required, Ms. Negron denies the same.

m.      The allegations of paragraph 19(m) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

n.      Ms. Negron denies the first two sentences of paragraph 19(n). The third sentence of paragraph 19(n) and later allegations regarding agency state legal conclusions and require no response. The remaining allegations of paragraph 19(n) reference YouTube videos and

comments and contain screenshots that speak for themselves and require no response.  To the extent any further response is required, Ms. Negron denies the same.

        o.      The allegations of paragraph 19(o) regarding subscribers reference YouTube pages that speak for themselves and require no response.  The remaining allegations of paragraph 19(o) state legal conclusions that require no response. To the extent any further response is required, Ms. Negron denies the same.

        p.      The majority of the allegations of paragraph 19(p) reference the conduct of other individuals and accordingly no response is required.  The allegation in paragraph 19(p) regarding malicious videos attributable to Ms. Negron is denied.  To the extent any further response is required, Ms. Negron denies the same.

        q.      The allegations in paragraph 19(q) regarding production and publishing are legal conclusions that require no response.  The allegations in paragraph 19(q) reference a YouTube video and contain a screenshot that speak for themselves and require no response.  To the extent any further response is required, Ms. Negron denies the same.

        r.      The allegations in paragraph 19(r) regarding production and publishing are legal conclusions that require no response. The allegations in paragraph 19(r) reference a YouTube video and contain a screenshot that speak for themselves and require no response.  The allegations in footnote 8 are legal conclusions and require no response.  Ms. Negron has no knowledge of any emails received by Steele and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

        s.      The allegations of paragraph 19(s) reference the conduct of other individuals and accordingly no response is required.  Ms. Negron is without knowledge or

information to form a belief regarding the allegations in footnote 9 and accordingly denies the same. To the extent any further response is required, Ms. Negron denies the same.

t.     The allegations of paragraph 19(t) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

u.     The allegations of paragraph 19(u) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

v.     The allegations in paragraph 19(v) regarding production and publishing are legal conclusions that require no response.  The allegations in paragraph 19(v) reference a YouTube video and contain a screenshot that speak for themselves and require no response.  The allegations regarding conspiracy, defamation, and corresponding elements for such claims are legal conclusions and require no response.  Ms. Negron has no knowledge of any emails received by Steele and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

w.     The allegations of paragraph 19(w) reference the conduct of other individuals and accordingly no response is required.  Ms. Negron has no knowledge of any emails received by Steele and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

x.     The allegations in paragraph 19(x) regarding production and publishing are legal conclusions that require no response.  The allegations in paragraph 19(x) reference YouTube videos and contain screenshots that speak for themselves and require no response.  The allegations in paragraph 19(x) regarding acting together and in concert and defamation are legal conclusions

and require no response. The allegations regarding false and libelous allegations are legal conclusions and require no response. The remaining allegations of paragraph 19(x) reference the conduct of other individuals and accordingly require no response. To the extent any further response is required, Ms. Negron denies the same.

y.     The allegations in paragraph 19(y) regarding production and publishing are legal conclusions that require no response. The allegations in paragraph 19(y) reference a YouTube video and contain a screenshot that speak for themselves and require no response. The allegations in paragraph 19(y) and footnote 10 referencing common goals, defamation, and malice are legal conclusions and require no response. To the extent any further response is required, Ms. Negron denies the same.

z.     The allegations of paragraph 19(z) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

aa.     The allegations of paragraph 19(aa) reference the conduct of other individuals and accordingly no response is required. To the extent the final sentence of paragraph 19(aa) could be attributed to Ms. Negron, such allegations are legal conclusions and require no response. To the extent any further response is required, Ms. Negron denies the same.

By way of further response, if any allegation in paragraph 19, its subparagraphs, or footnotes is not explicitly admitted, Ms. Negron denies the same.

20.     The allegations of paragraph 20 are legal conclusions that require no response. To the extent any further response is required, Ms. Negron denies the same.

**B.**     ***Alleged False and Defamatory Statements Since September 1, 2017***

21.     The allegations of paragraph 21 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

22.     The allegations of the opening paragraph of paragraph 22 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

   a.     The allegations in paragraph 22(a) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

   b.     The allegations in paragraph 22(b) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

   c.     The allegations in paragraph 22(c) reference the conduct of other individuals and accordingly no response is required.  Plaintiffs' description of "Steemit" in footnote 11 requires no response.  To the extent any further response is required, Ms. Negron denies the same.

   d.     The allegations in paragraph 22(d) and footnote 12 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

   e.     The allegations in paragraph 22(e) and footnote 13 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

f.      The allegations in paragraph 22(f) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

g.      The allegations in paragraph 22(g) and footnote 13 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

h.      The allegations in paragraph 22(h) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

i.      The allegations in paragraph 22(i) and footnote 14 reference the conduct of other individuals and accordingly no response is required.  Plaintiffs' description of "Red Bubble" in footnote 15 requires no response.  To the extent any further response is required, Ms. Negron denies the same.

23.     The allegations in paragraph 23 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

24.     The allegations in paragraph 24 and footnote 16 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

25.     The allegations in paragraph 25 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

26.    The allegations in paragraph 26 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

27.    The allegations in paragraph 27 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

C.    _**False and Defamatory Statements Since December 25, 2017**_

28.    The allegations of the opening paragraph of paragraph 28 reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

a.    The allegations in paragraph 28(a) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

b.    The majority of the allegations in paragraph 28(b) reference the conduct of other individuals and accordingly no response is required.  The allegations of paragraph 28(b) referencing a YouTube video do not require a response as such video speaks for itself.  Ms. Negron denies the allegations regarding her contact with Defendant Susan A. Lutzke a/k/a "Queen Tut" ("Lutzke").[2]  The remaining allegations are a mixture of legal conclusions and references to tweets which speak for themselves and require no response.  To the extent any further response to paragraph 28(b) is required, Ms. Negron denies the same.

---

[2] By referencing Co-Defendant Lutzke as such, Negron does so only for consistency purposes with the Amended Complaint and takes no position regarding whether "Queen Tut" and Ms. Lutzke are the same individual.

c.     The allegations in paragraph 28(c) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

d.     The allegations in paragraph 28(d) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

e.     The allegations in paragraph 28(e) reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

f.     The allegations in paragraph 28(f) reference the conduct of other individuals and accordingly no response is required.  To the extent any further response is required, Ms. Negron denies the same.

29.     The allegations in paragraph 29 reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

30.     The allegations in paragraph 30 reference the conduct of other individuals and accordingly no response is required. To the extent any further response is required, Ms. Negron denies the same.

31.     The allegations in paragraph 31 regarding defamation, its elements, and damages are legal conclusions and require no response. The allegations in paragraph 31 regarding agency are legal conclusions and require no response. Allegations in paragraph 31 referencing direct comments or statements by Ms. Negron speak for themselves and require no response. Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of

14

her conduct.   Ms. Negron is without sufficient information to form a belief regarding the allegations of paragraph 31 referencing the monthly donations received by Plaintiffs and accordingly denies the same and request strict proof thereof.   To the extent any further response to paragraph 31 is required, Ms. Negron denies the same.

## COUNT I – DEFAMATION *PER SE*

32.    Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

33.    The allegations of paragraph 33 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.   To the extent any further response is required, Ms. Negron denies the same.

34.    The allegations of paragraph 34 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.   To the extent any further response is required, Ms. Negron denies the same.

35.    The allegations of paragraph 35 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.   To the extent any further response is required, Ms. Negron denies the same.

36.    The allegations of paragraph 36 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.   Ms. Negron denies that Plaintiffs have suffered any damage as a direct or indirect result of her conduct.   To the extent any further response is required, Ms. Negron denies the same.

37.    The allegations of paragraph 37 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.   To the extent any further response is required, Ms. Negron denies the same.

a.    Ms. Negron denies the allegations of paragraph 37(a).

b.      Ms. Negron denies the allegations of paragraph 37(b) regarding knowingly making alleged false statements. The remaining allegations reference videos and websites and contain screenshots that speak for themselves and require no response. Ms. Negron denies knowledge of any alleged misstatement. The remaining allegations of paragraph 37(b) are legal conclusions that require no response. To the extent any further response is required, Ms. Negron denies the same.

c.      Ms. Negron denies the allegations of paragraph 37(c) regarding knowingly making alleged false statements. The remaining allegations reference videos that speak for themselves and require no response. The remaining allegations of paragraph 37(c) are legal conclusions that require no response. To the extent any further response is required, Ms. Negron denies the same.

d.      Ms. Negron denies the allegations of paragraph 37(d). The allegations referencing the conduct of other individuals requires no response. To the extent any further response is required, Ms. Negron denies the same.

e.      Ms. Negron denies the allegations of paragraph 37(e). The allegations referencing the conduct of other individuals requires no response. To the extent any further response is required, Ms. Negron denies the same.

38.      Ms. Negron denies the allegations in paragraph 38 regarding reasonably grounds and the remaining allegations are legal conclusions that require no response. The allegations referencing the conduct of other individuals requires no response. To the extent any further response is required, Ms. Negron denies the same.

39.      Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is otherwise liable to Plaintiffs for any amount.

Ms. Negron denies that the Plaintiffs are entitled to any of the relief requested in paragraph 39 that could be attributable to her. To the extent any further response is required, Ms. Negron denies the same.

## COUNT II – INSULTING WORDS

40.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

41-43.  Through its Order entered on March 31, 2019 (ECF No. 86), the Court dismissed Count II as to Ms. Negron. Accordingly, no response to the allegations set forth in paragraphs 41 through 43 is required. To the extent any such response is required, Ms. Negron denies the same.

## COUNT III – BUSINESS CONSPIRACY

44.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

45.     The allegations of paragraph 45 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response. Any references in paragraph 45 to emails, text messages, the Internet, and social media postings speak for themselves and require no response. To the extent any further response is required, Ms. Negron denies the same.

46.     The allegations of paragraph 46 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response. To the extent any further response is required, Ms. Negron denies the same.

47.     The allegations of paragraph 47 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response. To the extent any further response is required, Ms. Negron denies the same.

48.     Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is otherwise liable to Plaintiffs for any amount. Ms. Negron denies that the Plaintiffs are entitled to any of the relief requested in paragraph 48 that could be attributable to her.  To the extent any further response is required,  Ms. Negron denies the same.

49.     The allegations of paragraph 49 state legal conclusions and require no response. To the extent any further response is required, Ms. Negron denies the same.

## COUNT IV – COMMON LAW CONSPIRACY

50.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

51.     The allegations of paragraph 51 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  To the extent any further response is required, Ms. Negron denies the same.

52.     Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is otherwise liable to Plaintiffs for any amount. Ms. Negron denies that the Plaintiffs are entitled to any of the relief requested in paragraph 52 that could be attributable to her.  To the extent any further response is required,  Ms. Negron denies the same.

## COUNT V – TORTIOUS INTERFERENCE

53.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

54.     The allegations of paragraph 54 state legal conclusions and require no response. To the extent any further response is required, Ms. Negron denies the same.

55.     The allegations of paragraph 55 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  To the extent any further response is required, Ms. Negron denies the same.

56.     The allegations of paragraph 56 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  To the extent any further response is required, Ms. Negron denies the same.

57.     Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is otherwise liable to Plaintiffs for any amount. Ms. Negron denies that the Plaintiffs are entitled to any of the relief requested in paragraph 57 that could be attributable to her.  To the extent any further response is required,  Ms. Negron denies the same.

## COUNT VI – INTENTIONAL INFLICT OF EMOTIONAL DISTRESS

58.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

59.     The allegations of paragraph 59 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  To the extent any further response is required, Ms. Negron denies the same.

60.     The allegations of paragraph 60 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  The website terms referenced in paragraph 60 speak for themselves and require no response.  To the extent any further response is required, Ms. Negron denies the same.

61.     The allegations of paragraph 61 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response.  To the extent any further response is required, Ms. Negron denies the same.

62.     The allegations of paragraph 62 state legal conclusions and require no response. Allegations regarding the conduct of other individuals do not require a response. To the extent any further response is required, Ms. Negron denies the same.

63.     Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is otherwise liable to Plaintiffs for any amount. Ms. Negron denies that the Plaintiffs are entitled to any of the relief requested in paragraph 63 that could be attributable to her. To the extent any further response is required, Ms. Negron denies the same.

## COUNT VII – PERSONAL TRESPASS AND COMPUTER HARASSMENT

64.     Ms. Negron hereby incorporates her prior responses as if fully set forth herein.

65.     Through its Order entered on March 31, 2019 (ECF No. 86), the Court dismissed Counts VII (personal trespass and computer harassment), VIII (unauthorized use of name and picture), and IX (permanent injunction) as to Ms. Negron. Accordingly, no response to the allegations set forth in paragraphs 64 through 77 is required. To the extent any such response is required, Ms. Negron denies the same.

The two unnumbered paragraphs following paragraph 77 reference the Plaintiffs' beliefs regarding discovery and a reservation for amendment, which require no response. To the extent any response is required, Ms. Negron denies the same.

## CONCLUSION AND REQUEST FOR RELIEF

Ms. Negron denies that she is liable for any of the relief requested in the "WHEREFORE" paragraph on page 95 of the Amended Complaint. Ms. Negron denies any wrongdoing or that Plaintiffs have suffered any damage as a direct or indirect result of her conduct, or that she is

otherwise liable to Plaintiffs for any amount.  To the extent any further response is required,  Ms. Negron denies the same.

Ms. Negron denies any allegations contain in the Amended Complaint that she has not expressly admitted herein.

### AFFIRMATIVE DEFENSES

### First Defense

Any alleged damages to the Plaintiffs are the result of the acts or omissions of the Plaintiffs or others, over whom Ms. Negron has no control and for whom Ms. Negron has no responsibility.

### Second Defense

The Plaintiffs are barred in asserting their claims under the doctrines of estoppel and unclean hands.

### Third Defense

The Amended Complaint fails to state a claim against Ms. Negron upon which relief can ultimately be granted.  Ms. Negron hereby affirmatively incorporates her arguments for dismissal set forth in her Memorandum in Support of her Motion to Dismiss the Amended Complaint (ECF No. 48), and later Reply in Support of her Motion to Dismiss (ECF No. 57), with respect to the remaining active counts against her.

### Fourth Defense

Ms. Negron should receive her fees and costs for being forced to defend this action under Virginia Code §8.01- 223.2 based on the prior and any future dismissal of claims against her.

### Fifth Defense

Ms. Negron hereby incorporates any and all other defenses asserted by any of the other defendants to this action to the extent that those defenses apply to Ms. Negron.

## Sixth Defense

Ms. Negron hereby gives notice that she intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves her right to amend the Answer and assert such defenses.

**WHEREFORE**, Defendant, Patricia A. Negron, respectfully requests that the Court:

A.     Enter judgment in her favor on all remaining counts of the Amended Complaint against her;

B.     Dismiss the remaining counts of the Amended Complaint against her with prejudice;

C.     Grant her costs and expenses, including attorneys' fees, incurred in this action; and

D.     Grant such other and further relief as the Court deems just and proper.

Dated: April 11, 2019                                    Respectfully submitted,

**PATRICIA A. NEGRON**

By: _____/s/ Terry C. Frank_____
R. Johan Conrod, Jr. (VSB No. 46765)
E-mail: rjconrod@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax:     (888) 360-9092

Terry C. Frank, Esq. (VSB No. 74890)
E-mail: tcfrank@kaufcan.com
Benjamin A. Wills, Esq. (VSB No. 88109)
E-mail: bawills@kaufcan.com
KAUFMAN & CANOLES, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia  23219
Phone: (804) 771-5700
Fax:     (888) 360-9092
*Counsel for Defendant Patricia A. Negron*

22

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019, a true copy of the foregoing is being electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Steven S. Biss (VSB No. 32972)
> E-mail:  stevenbiss@earthlink.net
> 300 West Main Street, Suite 102
> Charlottesville, Virginia 22903
> Phone: (804) 501-8272
> Fax:     (202) 318-4098
> *Counsel for Plaintiffs*

And sent via first-class mail, postage prepaid, to:

> Jason Goodman, *Pro Se*
> 252 7th Avenue, Apt. 6S
> New York, NY  10001
>
> "Queen Tut"
> a/k/a Susan A. Lutzke
> 1221 University Ave., Unit D202
> Fort Collins, CO  80521
>
> D. George Sweigert
> P.O. Box 152
> Mesa, AZ 85211

> _____/s/ Terry C. Frank_____
> Terry C. Frank, Esq. (VSB No. 74890)
> E-mail:  tcfrank@kaufcan.com
> Kaufman & Canoles, P.C.
> 1021 E. Cary Street, 14th Floor
> Richmond, Virginia 23219
> Phone: (804) 771-5700
> Fax:     (888) 360-9092
> *Counsel for Defendant Patricia A. Negron*

17365877v1