IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE** *et al.*,

    **Plaintiffs,**

v.                                                           Civil Action No. 3:17cv601

**JASON GOODMAN** *et al.*,

    **Defendants.**

**DEFENDANT PATRICIA A. NEGRON'S RESPONSE IN OPPOSITION
TO D. GEORGE SWEIGERT'S SECOND AMENDED MOTION TO INTERVENE**

NOW COMES Defendant, Patricia A. Negron ("Ms. Negron" or "Defendant"), by counsel and pursuant to this Court's Orders dated March 31, 2019 (ECF No. 86), April 2, 2019 (ECF No. 90), and April 18, 2019 (ECF No. 97), and for her Response in Opposition to the Second Amended Motion to Intervene (ECF No. 93) filed by Non-Party D. George Sweigert ("Mr. Sweigert"), states as follows:

## I.    INTRODUCTION

Ms. Negron opposes Mr. Sweigert's Second Amended Motion to Intervene simply because his personal grievances with Defendant Jason Goodman ("Mr. Goodman") have nothing to do with the allegations in this action. While Mr. Sweigert asserts claims based on alleged similar conduct to that at bar, the specific allegations complained of by Mr. Sweigert—primarily that Mr. Goodman made numerous false statements about him—are entirely distinct from the alleged statements and conduct at issue in this proceeding, which allegedly are directed only at the Plaintiffs, Robert David Steele ("Mr. Steele") and the Earth Intelligence Network ("EIN," together the "Plaintiffs"). To the extent Mr. Sweigert believes he has valid claims against Mr. Goodman, his remedy is to file

his own lawsuit. Indeed, he has already done so in another court.[1] Even if Mr. Sweigert did not currently have a pending lawsuit involving similar claims to those he presents to this Court, the arguments and allegations set forth in Mr. Sweigert's motion fall well short of the requirements necessary to satisfy Rule 24 to intervene here, either as of right as requested by Mr. Sweigert, or permissively. In fact, nowhere does Mr. Sweigert attempt to explain how he satisfies the requirements of Rule 24 in any detail. Simply put, the allegations set forth by Mr. Sweigert have nothing to do with those asserted by Plaintiffs. Accordingly, the Court should deny the Amended Motion to Intervene.

## II. FACTUAL BACKGROUND/PROCEDURAL HISTORY

1. The Plaintiffs filed the operative Amended Complaint on April 13, 2019 (ECF No. 39). The Amended Complaint set forth almost 100 pages of allegations primarily regarding online video and social media postings made/allegedly made by Defendants referencing Plaintiffs.

---

[1] As he freely admits, Mr. Sweigert already has a pending lawsuit against Mr. Goodman. See (2d. Am. Mot. to Inter. 7, Apr. 11, 2019, ECF No. 93.) A true and correct copy of that complaint is attached hereto as **Exhibit A**. Despite Mr. Sweigert's arguments to the contrary, see (id. at 7 ¶¶ 7-9), his complaint against Mr. Goodman clearly outlines allegations regarding the use of "social media retaliation teams to humiliate, shame and deny economic opportunities;" the alleged Port of Charleston "dirty bomb hoax;" claims that Mr. Sweigert "became targeted by the [Crowdsource the Truth] enterprise [that] have the plaintiff's opinion, comments and/or critiques of [Crowdsource the Truth] completely nullified by a reputation destruction campaign;" and a claim for computer fraud and abuse, among other similar claims. See (Ex. A 1-4, 14-17, passim.) To the extent Mr. Sweigert seeks to assert more recent claims in the same vein against Mr. Goodman here, his remedy is to amend his existing action, not further complicate this matter with new claims.

Mr. Sweigert originally filed his pending lawsuit in the United States District Court for the District of South Carolina, No. 2:18-1633-RMG-BM. That court transferred Mr. Sweigert's action *sua sponte* to the Southern District of New York, Case No. 1:18-cv-08653-VEC, finding no connection between South Carolina and Mr. Sweigert's claims, despite his Port of Charleston allegations. See Sweigert v. Goodman, No. 2:18-1633-RMG-BM, 2018 U.S. Dist. LEXIS 159237, at *7 (D.S.C. Aug. 29, 2018); Sweigert v. Goodman, No. 2:18-1633-RMG, 2018 U.S. Dist. LEXIS 157720, at *5 (D.S.C. Sep. 17, 2018). As noted below, see infra note 4, Mr. Sweigert's claims have even less of a connection to the Commonwealth of Virginia. As of this filing, Mr. Sweigert's action remains pending in the Southern District of New York.

2

2. In total, the Amended Complaint (ECF No. 39) lodges nine counts against Defendants as follows: defamation *per se* (Count One); insulting words (Count Two); business conspiracy (Count Three); common law conspiracy (Count Four); tortious interference (Count Five); intentional infliction of emotional distress (Count Six); trespass/computer harassment (Count Seven); unauthorized use of name and picture (Count Eight); and permanent injunction (Count Nine).

3. Though not entirely clear given the similarities between Mr. Sweigert and "George Webb," the only apparent mentions of Mr. Sweigert in the entire Amended Complaint are a reference in a YouTube video by Mr. Goodman, and in a footnote referring to a picture allegedly published by Defendants Mr. Goodman and Defendant Susan A. Lutzke a/k/a "Queen Tut" ("Ms. Lutzke").[2] See (Am Compl. ¶ 19(i), n.14.)

4. Defendants Mr. Goodman and Ms. Negron separately moved for dismissal. This Court found Ms. Lutzke in default for failing to respond.

5. After the Plaintiffs filed their Amended Complaint, Mr. Sweigert filed his first document with the Court on May 22, 2018 entitled Declaration of D. George Sweigert (ECF No. 51), denying purported claims made about him in videos allegedly produced by Mr. Goodman. Mr. Sweigert would go on to file seven total declarations (ECF Nos. 54-56, 58-60), in addition to various other filings. On February 19, 2019, Mr. Sweigert filed a Motion to Intervene (ECF No. 73), which Mr. Goodman opposed (ECF No. 78).

6. The Court entered an Order on Defendants' Motions to Dismiss the Amended Complaint on March 31, 2019 (ECF No. 86), dismissing Counts Two and Seven through Nine of

---

[2] By referencing Co-Defendant Lutzke as such, Negron does so only for consistency purposes with the Amended Complaint and takes no position regarding whether "Queen Tut" and Ms. Lutzke are the same individual.

3

the Amended Complaint as to Ms. Negron only. The other counts remain active. In addition, this Court ordered that Mr. Sweigert filed an Amended Motion to Intervene by April 12, 2019, to which all other parties must respond. Prior to this Court's March 31 Order, on March 29, 2019, Mr. Sweigert submitted to the Court a Notice of Amended Motion to Intervene (ECF No. 87); an Amended Motion to Intervene (ECF No. 88); and a Memorandum of Law to Support the Amended Motion to Intervene (ECF No. 89).

7. The Court then entered an Order on April 2, 2019, denying Mr. Sweigert's original Motion to Intervene, and deeming Mr. Sweigert's March 29, 2019 filings in compliance with the Court's March 31, 2019 Order. The Order confirmed that the other parties to this action were required to respond to the Amended Motion to Intervene by April 23, 2019.

8. On April 11, 2019, Mr. Sweigert filed another set of intervention documents, including a new Notice of Amended Motion to Intervene (ECF No. 92), the operative Second Amended Motion to Intervene (ECF No. 93),[3] and Memorandum of Law in support (ECF No. 94). On April 18, 2019, this Court then entered an Order (ECF No. 97) denying as moot the first amended intervention filings and directing the parties to respond to Mr. Sweigert's Second Amended Motion to Intervene (*i.e.*, ECF No. 93) by May 1, 2019.

---

[3] This filing, though titled a motion, appears to be Mr. Sweigert's proposed complaint. Accordingly, Ms. Negron makes no argument regarding the Second Amended Motion's failure to adhere to the page limitations set forth in Local Rule 7.

## III. ARGUMENT

The Court should deny the Second Amended Motion to Intervene because Mr. Sweigert fails to satisfy the requirements of Rule 24 of the Federal Rules of Civil Procedure.[4] Rule 24 sets forth the requirements for intervention in federal court, which can either be by right or through permission. Mr. Sweigert appears to move for intervention only as of right. See (Mem. in Supp. 2d. Mot. to Inter. 1, Apr. 11, 2019, ECF No. 94.) The Court should deny his Second Amended Motion because (a) Mr. Sweigert fails to establish that he can intervene as of right under Rule 24(a); and (b) even if Mr. Sweigert sought permissive intervention, his claims still fail to satisfy Rule 24(b).

### A. Mr. Sweigert fails to establish that he can intervene as of right under Rule 24(a).

Mr. Sweigert does not demonstrate a right to intervene in this case. Rule 24(a) governs intervention by right, and provides as follows:

> On timely motion, the court must permit anyone to intervene who. . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[4] As a preliminary matter, Ms. Negron further notes that while the Amended Complaint is predicated on allegations regarding conduct and statements directed at a Virginia citizen, Plaintiff Mr. Steele, and a Virginia corporation, Plaintiff EIN, along with other alleged links to the Commonwealth, see (Am. Compl. ¶¶ 1, 4, 11-12), Mr. Sweigert's allegations do not have even a tangential relationship to Virginia. In fact, the District Court of South Carolina transferred Mr. Sweigert's other action based on similar claims *sua sponte* to the Southern District of New York for having no connection to that state despite his Port of Charleston claims. See Sweigert v. Goodman, No. 2:18-1633-RMG-BM, 2018 U.S. Dist. LEXIS 159237, at *7 (D.S.C. Aug. 29, 2018); Sweigert v. Goodman, No. 2:18-1633-RMG, 2018 U.S. Dist. LEXIS 157720, at *5 (D.S.C. Sep. 17, 2018).

5

Fed. R. Civ. P. 24(a)(2). "[I]n addition to demonstrating timeliness of the motion,[5] an applicant must show: (1) interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented . . . ." RLI Ins. Co. v. Nexus Servs., No. 5:18-CV-00066, 2018 U.S. Dist. LEXIS 185833, at *5 (W.D. Va. Oct. 30, 2018) (footnote added) (citing Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991)).

> To demonstrate intervention by right, the Intervenors need to show "a significantly protectable interest," as "a general interest in the subject matter of pending litigation does not constitute a protectable interest within the meaning of Rule 24(a)(2)." Dairy Maid Dairy, Inc. v. United States, 147 F.R.D. 109, 111 (E.D. Va. 1993) (quoting in part Donaldson v. United States, 400 U.S. 517, 542, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)). An interest is protectable if an intervenor's claim or defense "bear[s] a close relationship to the dispute between the existing litigants and therefore must be direct, rather than remote or contingent." Id.

Id., 2018 U.S. Dist. LEXIS 185833, at *7.

Intervention is inappropriate where "the Intervenors' interests would not be impaired because they have the opportunity to litigate whether their . . . interests are violated in another action." Id., 2018 U.S. Dist. LEXIS 185833, at *9. Further, "'[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.'" Id., 2018 U.S. Dist. LEXIS 185833, at *11 (quoting Com. of Va. v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976)). Where a party fails to satisfy the elements necessary for mandatory intervention, they should not be permitted to

---

[5] For the purposes of this Response, Ms. Negron makes no argument regarding the timeliness of Mr. Sweigert's original Motion to Intervene, the Amended Motion to Intervene, or the Second Amended Motion to Intervene.

intervene. See Hengle v. Curry, No. 3:18-cv-100, 2018 U.S. Dist. LEXIS 100939, at *13 (E.D. Va. June 15, 2018).

Mr. Sweigert attempts to intervene as of right under Rule 24(a). Therefore, he must show "(1) interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented. . . ." RLI Ins. Co., 2018 U.S. Dist. LEXIS 185833, at *5. With respect to the first element, Mr. Sweigert must have "a significantly protectable interest" bearing "a close relationship to the dispute between the existing litigants and therefore must be direct, rather than remote or contingent." Id., 2018 U.S. Dist. LEXIS 185833, at *7. Mr. Sweigert's interests, however, do not involve the issues in this dispute, which are the economic and reputational interests of Plaintiffs. Rather, Mr. Sweigert's claims involve only his own interests based on facts unrelated to the Plaintiffs and the Amended Complaint.

In his Memorandum in Support of his Second Amended Motion to Intervene, Mr. Sweigert moves to intervene under Rule 24(a) as a plaintiff, arguing that he seeks "relief almost identical to the Plaintiff and has met his burden." (Mem. in Supp. 2d. Mot. to Inter. 1, 10, ECF No. 94.) However, all of his filings demonstrate that he cannot satisfy the first requirement under Rule 24(a), as he has no interest in the subject matter of this action. The entire Second Amended Motion to Intervene and its supporting memorandum contain almost no reference to the specific allegations and claims in the Amended Complaint, much less how they are related to Mr. Sweigert.

Instead, Mr. Sweigert spends the majority of his brief describing his claimed Article III standing and defending his proposed claims against Mr. Goodman and a third party he seeks to add to this suit. See (Mem. in Supp. 2d. Mot. to Inter. passim, ECF No. 94.) Mr. Sweigert begins his Memorandum in Support of his Second Amended Motion by asserting descriptions of Mr.

Goodman and his online media platforms, along with references to an alleged dirty bomb hoax at the Port of Charleston, South Carolina; and asserting claims against Mr. Goodman regarding allegations made that constitute defamation, attempts to incite violence against Mr. Sweigert, and several other related claims. (Id. 2-9.) Mr. Sweigert also provides that he seeks to add another defendant to this action, a David Charles Hawkins ("Mr. Hawkins"), asserting numerous claims about that individual's background and conduct in conjunction with Mr. Goodman, none of which has anything to do with this action. See (2d. Am. Mot. to Inter. 7-14, ECF No. 93.) Mr. Sweigert uses the remainder of his supporting brief to defend his claims against Mr. Goodman and Mr. Hawkins as set forth in his Second Amended Motion to Intervene. See (Mem. in Supp. 2d. Mot. to Inter. 9-25, ECF No. 94.) In his Second Amended Motion, Mr. Sweigert then provides that as a plaintiff to this action he would be seeking an order (1) removing all content from social media from Mr. Goodman and Mr. Hawkins; (2) requiring a show cause hearing on the civil contempt claim; (3) awarding him a claimed $3,000,000 in damages; and (4) holding the aforementioned individuals accountable for obstruction of justice and witness tampering. See (2d. Am. Mot. to Inter. 52-53, ECF No. 93.)

Without commenting on the viability of these claims, the entire Second Amended Motion to Intervene and its supporting brief contain no references at all to the specific allegations and claims in the Plaintiffs' Amended Complaint, much less how Mr. Sweigert's allegations above have anything to do with the Amended Complaint or how he has an interest in the resolution of the claims at bar. See (id. passim); (Mem. in Supp. 2d. Mot. to Inter. passim, ECF No. 94.) Importantly, Mr. Sweigert also does not appear to reference any conduct by Ms. Negron or Ms. Lutzke in any of his filings. See (2d. Am. Mot. to Inter. passim, ECF No. 93); (Mem. in Supp. 2d. Mot. to Inter. passim, ECF No. 94.) Mr. Sweigert's intervention documents simply do not shed

any light on how he has a "significant protectable interest" in the resolution of this particular proceeding. Indeed, the only substantive reference in all Mr. Sweigert's recent filings to the claims at issue in this suit appears in his memorandum as follows:

> 2. As the Court will learn, the Defendant (Def) and his confederation of CSTT side-kicks are fond of deceiving the public with fake bona fides . . . for the purposes of inciting hatred, disgrace, ill fame and public opprobrium against innocents (like the undersigned and the Plaintiff [Robert David Steele, aka **RDS**]).
>
> . . .
>
> 14. . . . The undersigned has requested relief almost identical to the Plaintiff and has met this [Article II standing] burden.
>
> . . .
>
> 47. The identical state-created (Commonwealth) legal rights conferred upon the Plaintiff (RDS) also protect [sic] the undersigned (defamation, trade libel, defamation by insinuation, slander, etc.).

(Mem. in Supp. 2d. Mot. to Inter. 6, 10, 18, ECF No. 94) (emphasis and brackets in original).

These brief statements do not come close to establishing the showing that Mr. Sweigert must under Rule 24(a). Rather, Mr. Sweigert's allegations only show that he believes he possesses similar types of claims against Mr. Goodman and a third party[6], but these claims are based on conduct and statements involving Mr. Goodman and Mr. Sweigert that are not present in the Amended Complaint as set forth above. Accordingly, all of the claims that Mr. Sweigert proposes

---

[6] Indeed, Mr. Sweigert's most recent filings, a Motion for Injunction (ECF No. 102) and another Memorandum in Support of his Amended Motion to Intervene (ECF No. 103), consist almost entirely of references to the alleged conduct of the third party Mr. Hawkins, further demonstrating that Mr. Sweigert's grievances having nothing to do with this action.

he should be allowed to assert in this action are based on entirely distinct allegations from those alleged by Plaintiffs. All of the alleged wrongful statements and conduct in the Amended Complaint are allegedly aimed at Plaintiffs and not Mr. Sweigert. The mere fact that the type of conduct serving as the basis for such claims is a similar type of alleged conduct does not satisfy the requirements of Rule 24 when the specific conduct at issue is entirely distinct. Indeed, Mr. Sweigert's "interests would not be impaired because [he has] the opportunity to litigate whether [his] . . . interests are violated in another action." Id., 2018 U.S. Dist. LEXIS 185833, at *9. And he is in fact currently litigating such claims in another action pending in the U.S. District Court for the Southern District of New York.

Further, Mr. Sweigert makes no reference to the final elements required to intervene and he fails to explain how his personal interests would be impaired as of right if this case proceeded without him. Simply put, whatever happens in this will have no bearing on Mr. Sweigert or his relationship to the other parties. Notwithstanding that the claims in this action have nothing to do with Mr. Sweigert, the relief sought by Plaintiffs would not affect Mr. Sweigert in any manner and would not prohibit him from taking or refraining to take any action.

If anything, Mr. Sweigert is seeking some of the same goals as the Plaintiffs in their attempt to prevent Mr. Goodman from making further statements on social media. Thus, to the extent even applicable, a presumption arises that Mr. Sweigert's "interests are adequately represented," and therefore he must "demonstrate adversity of interest, collusion, or nonfeasance" with respect Plaintiffs' prosecution of this action. Id., 2018 U.S. Dist. LEXIS 185833, at *11 (quotation omitted). He has not made any attempt to do so.

Mr. Sweigert fails to satisfy the elements necessary for mandatory intervention, and therefore he should not be permitted to intervene. See Hengle v. Curry, No. 3:18-cv-100, 2018 U.S. Dist. LEXIS 100939, at *13 (E.D. Va. June 15, 2018).

**B.    Even if Mr. Sweigert sought permissive intervention, his claims still fail to satisfy Rule 24(b).**

Mr. Sweigert has only moved to intervene as of right under Rule 24(a). Even if he had moved to intervene permissively under Rule 24(b), however, the Court should deny his motion to intervene. Rule 24(b) provides for permissive intervention of parties:

> Rule 24(b)(1)(B) states that on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court enjoys substantial discretion over allowing or rejecting motions to intervene under Rule 24(b). See Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003); Hill v. Western Elec. Co., 672 F.2d 381, 385-86 (4th Cir. 1982).

RLI Ins. Co., 2018 U.S. Dist. LEXIS 185833, at *5-6. Permissive intervention is a three-part inquiry requiring a showing by the prospective interveners "(1) that their motion is timely; (2) that their claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties." Id., 2018 U.S. Dist. LEXIS 185833, at *13 (citing Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005)).

Though Mr. Sweigert does not seek intervention permissively under Rule 24(b), had he done so his attempt would still fail as he must show that his "claims or defenses have a question of law or fact in common with [this action]," and "that intervention will not result in undue delay or prejudice to the existing parties." RLI Ins. Co., 2018 U.S. Dist. LEXIS 185833, at *13 (citing Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005)). For the same reasons as set forth above, Mr. Sweigert's claims involve conduct and statements directed at him,

11

which are different from the conduct and statements allegedly directed at the Plaintiffs as set forth in the Amended Complaint. See, e.g., May v. Patton, No. CIV-14-418-M, 2015 U.S. Dist. LEXIS 71055, at *3 (W.D. Okla. Apr. 28, 2015) ("However, given the broad claims and allegations described by Movants, and because the success of any such claim would depend upon proof of individual facts and circumstances for each particular Movant, the undersigned finds that Movants have not satisfied Rule 24(b)(1)(B) and recommends that the Court deny Movants' motions to intervene in this matter."). Mr. Sweigert also asserts some distinct legal claims against Mr. Goodman from those asserted by the Plaintiffs. See McCoy v. City of Columbia, Civil Action No. 3:10-132-JFA-JRM, 2010 U.S. Dist. LEXIS 142012, at *6 (D.S.C. Dec. 17, 2010) ("The facts involved in her claims differ from the facts alleged in Plaintiff's amended complaint. Although there may be some similar questions of law involved in Faltas' claims and Plaintiff's claims, Faltas has asserted additional questions of law.").

The Court should further deny this motion because Mr. Sweigert's intervention would cause undue delay based on effectively requiring the litigation of two separate lawsuits at once. This is especially prejudicial to Ms. Negron given that Mr. Sweigert appears to assert no adverse claims against her (he does not appear to reference her in any of his filings). And as stated above, Mr. Sweigert already has a pending lawsuit in the Southern District of New York against Mr. Goodman, Case No. 1:18-cv-08653-VEC, which will presumably resolve the grievances between those parties, either directly or through *res judicata*. Allowing Mr. Sweigert to intervene and file his same claims again in this action will only unnecessarily complicate the resolution of those claims and prejudice Mr. Goodman by being required to defend duplicative actions. See McCoy, 2010 U.S. Dist. LEXIS 142012, at *7 ("Allowing Faltas to intervene would require additional discovery thus delaying the adjudication of this action and prejudicing the parties. Further, Faltas

has a lawsuit pending in the Richland County Court of Common Pleas which involves the same, or substantially the same, issues and parties as set forth within her motions to intervene.."). Regardless, Mr. Sweigert has not moved for intervention under Rule 24(b), and thus any argument under that subsection is academic.

In closing, if Mr. Sweigert believes he has viable claims against Mr. Goodman and the non-party Mr. Hawkins, he can assert those claims in his currently pending action in the Southern District of New York. For the purposes of his Second Amended Motion to Intervene here, however, Mr. Sweigert has demonstrated in his many filings thus far that his claims are entirely different from the ones made by Plaintiffs. Accordingly, Ms. Negron respectfully requests that the Court deny the Amended Motion to Intervene.

## IV. CONCLUSION

For the reasons set forth above, Defendant, Patricia A. Negron, respectfully requests that the Court (1) deny Mr. Sweigert's Second Amended Motion to Intervene; (2) award her reasonable costs and fees; and (3) award such other relief as the Court deems appropriate.

Dated: April 30, 2019

Respectfully submitted,

**PATRICIA A. NEGRON**

By: /s/ Terry C. Frank
R. Johan Conrod, Jr. (VSB No. 46765)
E-mail: rjconrod@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (888) 360-9092

Terry C. Frank, Esq. (VSB No. 74890)
E-mail: tcfrank@kaufcan.com
Benjamin A. Wills, Esq. (VSB No. 88109)
E-mail: bawills@kaufcan.com
KAUFMAN & CANOLES, P.C.
1021 E. Cary Street, Suite 1400

Richmond, Virginia 23219
Phone: (804) 771-5700
Fax: (888) 360-9092
*Counsel for Defendant Patricia A. Negron*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2019, a true copy of the foregoing is being electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Steven S. Biss (VSB No. 32972)
E-mail: stevenbiss@earthlink.net
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Phone: (804) 501-8272
Fax: (202) 318-4098
*Counsel for Plaintiffs*

And sent via first-class mail, postage prepaid, to:

Jason Goodman, *Pro Se*
252 7th Avenue, Apt. 6S
New York, NY 10001

"Queen Tut"
a/k/a Susan A. Lutzke
1221 University Ave., Unit D202
Fort Collins, CO 80521

D. George Sweigert
c/o P.O. Box 152
Mesa, AZ 85211

/s/ Terry C. Frank
Terry C. Frank, Esq. (VSB No. 74890)
E-mail: tcfrank@kaufcan.com
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, Virginia 23219
Phone: (804) 771-5700
Fax: (888) 360-9092
*Counsel for Defendant Patricia A. Negron*

17376581v1