IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ROBERT DAVID STEELE | ) | |
| -and- | ) | |
| EARTH INTELLIGENCE NETWORK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 3:17-cv-601-MHL |
| | ) | |
| | ) | |
| JASON GOODMAN | ) | |
| PATRICIA A. NEGRON | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SUSAN A. LUTZKE a/k/a | ) | |
| "QUEEN TUT" | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO NON-PARTY D. GEORGE SWEIGERT'S SECOND AMENDED MOTION TO INTERVENE

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to the Court's Order entered on April 18, 2019 [*ECF No. 97*] and Local Civil Rule 7(F), respectfully submit this Memorandum in Opposition to the second amended motion to intervene [*ECF No. 93*] filed by non-party, D. George Sweigert ("Sweigert").

Plaintiffs oppose Sweigert's motion. The Court should deny the motion for the following reasons:

1.     Plaintiffs commenced this action on September 1, 2017. With leave of Court, Plaintiffs filed an amended complaint on April 13, 2018. [*ECF No. 39*]. In their amended complaint, Plaintiffs state claims against Defendants, Jason Goodman ("Goodman"), Patricia Negron ("Negron") and Susan Lutzke ("Lutzke"),[1] respectively, for defamation, insulting words, business conspiracy, common law conspiracy, tortious interference, intentional infliction of emotional distress, personal trespass and computer harassment, and unauthorized use of name and picture in violation of § 8.01-40 of the Virginia Code (1950), as amended (the "Code"). [*ECF No. 39 ("Amended Complaint")*]. Plaintiffs also seek an injunction to permanently enjoin and order the Defendants to cease and desist from any further use of Plaintiff, Robert David Steele's ("Steele"), name and/or picture and to remove or cause to be removed from the Internet and social media, including YouTube, Twitter, Patreon, and GooglePlus, all videos, tweets, retweets, blogs and posts that contain Steele's name and picture." [*Amended Complaint, ¶ 75*].

2.     Sweigert is mentioned only once in Plaintiffs' amended complaint.

3.     In paragraph 22(i), Plaintiffs allege that on November 27, 2017, Goodman published a video on YouTube entitled, "**Deep State Dunces Attack George Webb and CSTT – Bitcoin Challenge Response**". The video may be accessed by clicking the following link: https://www.youtube.com/watch?v=GNxCk6nqFJg&feature=youtu.be. The video opens with the following insulting picture and words:

---

[1] Lutzke failed to appear, plead or otherwise defend this action within the prescribed time as allowed by the Federal Rules of Civil Procedure. The Clerk has entered her default. [*ECF No. 66*].



Sweigert – also known as "Dave Acton" – is the person in the straight-jacket, wearing the photoshopped dunce cap. Sweigert is the brother of George Webb, an individual who appears with Goodman and Negron in several of the videos at issue in this action. [*Amended Complaint, ¶ 22(i), footnote 14*].

4. A picture of Sweigert appears one other time in the record of this case. As Plaintiffs pointed out to the Court in their memorandum in opposition to Goodman's "anti-slapp motion to dismiss" [*ECF No. 49*], despite the filing of the amended complaint, Goodman continued to publish defamatory statements about the Plaintiffs. Between March 25, 2018 and May 14, 2018, Goodman produced and uploaded to YouTube *__eighteen (18) more videos__*, in which he made, repeated and republished numerous defamatory and insulting statements about the Plaintiffs. One of those videos was "**The Webb of Lies and the Lying Liars Who Weave It....**". Dated May 9, 2018, the *Webb of Lies* video may be accessed by clicking the following hyperlink:

https://www.youtube.com/watch?v=Dc4blrDmrhA. The video begins with the following insulting image:



5. Sweigert first made an appearance in this case on May 22, 2018, when, for unknown reasons, he filed an unsolicited "Declaration" in this action. [*ECF No. 51*].[2]

6. Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure.

7. There is no intervention of right in this case. No federal statute gives Sweigert an unconditional right to intervene in this action. *Fed.R.Civ. P. 24(a)(1)*. And, although Sweigert claims that he too is the subject of an "unrelenting social media smear

---

[2] Plaintiffs have never met Sweigert; have never spoken with him; never sent him an email; and never communicated with him any other way. Plaintiffs received three "evidence preservation notices" from someone purporting to be Sweigert. Plaintiffs also received an email from Sweigert informing that Steele may be a witness for Sweigert in a case in South Carolina. Plaintiffs did not reply.

campaign" by Goodman [*ECF No. 93 ("Sweigert Motion"), ¶ 1*], Sweigert has no interest in the defamatory videos, tweets and posts at issue in this action, and he is **not** "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See Fed.R.Civ.P. 24(a)(2)*. A final judgment entered in this case will have no impact whatsoever on Sweigert's independent claims against Goodman. This action poses no barrier to and does not impair Sweigert's ability to sue Goodman for the torts alleged in Sweigert's motion.

7. Permissive intervention is also unavailable. Sweigert does not have "a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). Sweigert's claims all relate to a "smear franchise" involving Goodman and a David Charles Hawkins that occurred after January 23, 2019. As Sweigert admits in paragraph 8 of his motion:

> 8. The conduct of the Def complained of herein in this instant pleading has occurred AFTER the submission of the undersigned's final answer to the SHOW CAUSE ORDER in the S.D.N.Y. lawsuit, January 23, 2019. There has been no activity in the S.D.N.Y. lawsuit since then. This pleading should be considered a new and independent action, **post** S.D.N.Y. lawsuit.

Thus, Sweigert's claims have nothing to do with the defamation and insulting words practiced upon Plaintiffs by Goodman, Negron and Lutzke.

8. Finally, in "exercising its discretion, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." This is a very complex case as it is. Intervention will unduly complicate, confuse, delay, and prejudice adjudication of the parties' rights.

## **CONCLUSION AND REQUEST FOR RELIEF**

For the reasons stated above, Plaintiffs respectfully request the Court to deny Sweigert's second amended motion to intervene.

DATED: May 1, 2019

                    ROBERT DAVID STEELE
                    EARTH INTELLIGENCE NETWORK

                    By: */s/Steven S. Biss*
                          Steven S. Biss (VSB # 32972)
                          300 West Main Street, Suite 102
                          Charlottesville, Virginia 22903
                          Telephone: (804) 501-8272
                          Facsimile: (202) 318-4098
                          Email: **stevenbiss@earthlink.net**

                          *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke, and mailed to Sweigert.

By: _/s/Steven S. Biss_
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:  (804) 501-8272
Facsimile:  (202) 318-4098
Email:  **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*