IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT DAVID STEELE ) <br> -and- ) <br> EARTH INTELLIGENCE NETWORK ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JASON GOODMAN ) <br> PATRICIA A. NEGRON ) <br> ) <br> -and- ) <br> ) <br> SUSAN A. LUTZKE a/k/a ) <br>     "QUEEN TUT" ) <br> ) <br>     Defendants. ) <br> ) | Case 3:17-cv-601-MHL |

# **WRITTEN REPORT AND PROPOSED DISCOVERY PLAN**

On May 3, 2019, counsel for the Plaintiffs and counsel for Defendant, Patricia A. Negron, held a conference and discovery planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "Rules"), at which counsel discussed (a) the nature and basis of their claims and defenses, (b) the possibilities for promptly settling or resolving the case, (c) made or arranged for the disclosures required by Rule 26(a)(1), (d) discussed any issues about preserving discoverable information, and (e) developed a proposed discovery plan.[1]

---

[1] Counsel for the Plaintiffs understands that the Court does not require the filing of a written discovery plan. Because Defendants Goodman and Lutzke are unrepresented, however, counsel for the Plaintiffs believes that the filing of a written report and proposed discovery plan would help the parties avoid misunderstandings.

The parties submit this Written Report and Proposed Discovery Plan pursuant to Local Civil Rule 26(A)(1)(b).[2]

The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

The parties agree on the following discovery plan:

(A)   The parties agree to make their Rule 26(a)(1) disclosures on or before June 14, 2019. No other changes shall be made in the timing, form or requirement for disclosures under Rule 26(a). Documents required to be produced under Rule 26(a)(1) may be produced electronically in PDF.

---

[2]   On April 16, 2019, counsel for the Plaintiffs circulated an email to all parties requesting available dates to conduct the Rule 26(f) conference. On April 18, 2019, Defendant, Jason Goodman ("Goodman"), represented in an email that he was available "after May 1. Please suggest a mutually available date for the call." In the same email, Goodman confirmed all electronic documents he has created "for more than a decade are stored. I do not deliberately delete things." On April 19, 2019, after conferring with counsel for Defendant Negron, counsel for the Plaintiffs confirmed May 3, 2019 at 10:00 a.m. as the date and time of the Rule 26(f) discovery conference. On May 2, 2019, Goodman sent an email in which he claimed that he had received "no confirmation of this conference call … so I will consider the conference canceled for the time being". Goodman then asserted that he would be "traveling for work and family commitments over the next several weeks and will be generally unavailable". Goodman requested counsel for the Plaintiffs to "suggest some dates during the first week of June so that all concerned will have ample warning to arrive at a mutually agreeable time to confer." Counsel for the Plaintiffs responded to Goodman, and stated that the date and time of the Rule 26f conference had been properly confirmed via email. Counsel for the Plaintiffs stated that the discovery conference would go forward as scheduled. Goodman objected and accused counsel for the Plaintiffs of fraud and dishonesty. Counsel for the Plaintiffs notified Goodman of the provisions of Rule 26(f), and invited Goodman to email his views on each of the matters to be addressed at the Rule 26(f) conference. Goodman did not respond. On May 3, 2019 at 10:00 a.m., counsel for the Plaintiffs initiated a conference call in order to conduct the Rule 26(f) conference. Counsel for Defendant Negron participated in the discovery conference and takes no position regarding any dispute on the scheduling of the 26(f) conference. When called, Goodman answered the telephone and participated in the discovery conference for a few minutes. At some point, Goodman disconnected from the conference. On May 3, 2019, counsel for the Plaintiffs confirmed via email that he would prepare a draft of the written report and discovery plan and a proposed stipulated protective order. On Saturday, May 4, 2019, Goodman acknowledged receipt of counsel's email. Defendant, Susan A. Lutzke ("Lutzke"), failed to respond to emails and did not participate in the Rule 26(f) conference. On May 5, 2019, counsel for the Plaintiffs submitted a draft written report and proposed discovery plan. Counsel for Negron responded with comments, which are incorporated herein. Counsel for Negron agrees with the discovery plan as drafted. Goodman and Lutzke did not respond with any comments.

(B) Discovery may be needed on all subject matters relevant to the claims made by Plaintiffs in their amended complaint [*ECF No. 39*] and to the denials and defenses raised by the Defendants in their answers and affirmative defenses [*ECF Nos. 44 and 95*]. All fact discovery must be completed no later than fifty (50) calendar days before the Final Pretrial Conference. "Completed" means that all interrogatories, requests for production of documents, requests for admissions, depositions, subpoenas to third-parties, and all other discovery requests must be served at least thirty (30) days before the discovery cutoff. Discovery should not be conducted in phases or be limited to or focused on any particular issues.

(C) Pursuant to Rule 26(f)(2), the parties agree to produce any discoverable electronically stored information and retain any such information for the duration of the case and produce such information in the most cost effective manner given the type and volume of information. The parties agree to retain and preserve all discoverable information until the conclusion of the case. The parties agree that electronically stored information subject to discovery may be produced electronically in Adobe PDF format ("PDF").

(D) The parties have discussed procedures to minimize the risk of disclosure of documents and information that may be confidential and/or proprietary and/or that may be privileged. In the interest of preserving the confidentiality of information designated as "confidential" and facilitating the exchange of information and documents relevant to the claims and defenses in this action, the parties agree that any confidential information will be produced and will be held in trust and confidence and will not be filed with the Court until the parties (a) agree on the terms of a stipulated protective order, or (b) the Court determines which of the parties' proposed protective orders is appropriate and/or enters a Stipulated Protective Order. The parties further agree to the following: (i) that any inadvertent production or disclosure of materials subject to a claim of

privilege or work product shall not cause a waiver of such privilege or protection, and (ii) in the event that any party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly return the materials.  The parties further agree that they do not need to produce a privilege log for attorney-client privileged communications between counsel and clients.

(E)     The parties agree that no changes should be made in the limitations on discovery imposed under the Rules, by the Local Civil Rules, or by Order of the Court.  Any changes in the limitations on discovery or the timing of Rule 26(a)(2) and (a)(3) disclosures imposed under the Rules, the Local Civil Rules, or the Court's Scheduling Order will be made by motion.

Counsel for the parties agree that the deadline for amending the pleadings and/or adding any additional parties is fifteen (15) days after the Court enters its Scheduling Order in this action.

Counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                                    Respectfully Submitted

                                    ROBERT DAVID STEELE
                                    EARTH INTELLIGENCE NETWORK


                              By:   */s/Steven S. Biss*
                                    Steven S. Biss (VSB # 32972)
                                    300 West Main Street, Suite 102
                                    Charlottesville, Virginia 22903
                                    Telephone:   (804) 501-8272
                                    Facsimile:   (202) 318-4098
                                    Email:       stevenbiss@earthlink.net

                                    *Counsel for the Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.

By: <u>/s/Steven S. Biss</u>
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

*Counsel for the Plaintiffs*