IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ROBERT DAVID STEELE <u>et al</u> | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 3:17-cv-601-MHL |
| | ) | |
| | ) | |
| JASON GOODMAN <u>et al</u> | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, JASON GOODMAN**

Plaintiff, Robert David Steele ("Plaintiff"), by counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), hereby requests that defendant, Jason Goodman ("Goodman"), produce the following documents for inspection and copying at the law office of Steven S. Biss, Esquire, 300 West Main Street, Suite 102, Charlottesville, Virginia 22903, within the time prescribed by the Rules:

Continued On Next Page

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, iMessages, direct messages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

5. "Plaintiff" means Plaintiff, Robert David Steele, including any agent, representative or employee of Plaintiff.

6. "Goodman" means Defendant, Jason Goodman, including any agent, representative, or employee of Goodman.

7. "Negron" means Defendant, Patricia A. Negron, including any agent, representative, or employee of Negron.

8. "Lutzke" means Defendant, Susan A. Lutzke a/k/a Susan Holmes and/or the person known to you as "Queen Tut", including any agent, representative or employee of Lutzke.

9. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, *e.g.,* letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

10. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

11. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

12. The definitions used in the Plaintiffs' Amended Complaint filed in this action [*ECF No. 39*] are restated and incorporated herein by reference. To the extent of any inconsistency, the definitions in the Amended Complaint control.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Goodman to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION FOR THE TIME PERIOD BETWEEN <u>JUNE 1, 2017 AND THE PRESENT</u> (the "RELEVANT PERIOD")**

**IF GOODMAN HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1. For purposes of determining Goodman's ability to pay punitive damages:

   a. Goodman's most recent financial statement, income and expense statement, statement of assets and liabilities, balance sheet, and/or statement of net worth;

   b. Any financial statement provided by Goodman to any person, including any bank, private lender or credit card company, between January 1, 2014 and the present for the purpose of obtaining credit;[1]

   c. Goodman's 2016, 2017 and 2018 federal income tax returns, together with all accompanying schedules and statements;

   d. Paystubs, deposit slips, 1099s, K-1s, bank account statements, or similar documents to show Goodman's income in 2018 and 2019 (year-to-date).

2. All bank and brokerage account statements, PayPal statements, checks, wire or ACH confirmations, journals, spreadsheets, and other records that evidence, show or reflect any donations made by any person to Goodman (or to any account owned or maintained by Goodman) or to Crowd Source the Truth ("CSTT").

3. Documents sufficient to identify the members of the CSTT community.

4. All bank and brokerage account statements, PayPal statements, checks, wire or ACH confirmations, journals, spreadsheets, and other records that evidence, demonstrate or show Goodman's expenditure or disposition of donations received from members of the CSTT community.

---

[1] If Goodman no longer has possession of the documents, identify the lender or credit company to which he delivered the financial statement.

5. All documents that evidence, constitute, contain or reflect communications between Goodman and any member of the CSTT community relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

6. All documents that mention Plaintiff or that are of and concerning Plaintiff.

7. All documents that mention Cynthia McKinney ("McKinney") or that are of and concerning McKinney.

8. Complete copies of all videos made or produced by Goodman that mention Plaintiff or that are of and concerning Plaintiff or this action.

9. Electronic copies of all videos that mention Plaintiff or that are of and concerning Plaintiff or this action, and that were uploaded by Goodman to YouTube or to any other website or platform on the Internet.

10. Copies of all itineraries, calendars, tickets, receipts, credit card statements, emails and other documents that evidence, show, reflect or refer to travel by Goodman (alone or with any person) relating to the videos at issue in Plaintiff's Amended Complaint, including lodging, meals and entertainment during any such travel.

11. All documents that evidence, constitute, contain or reflect communications between Goodman and Negron, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

12. All documents that evidence, constitute, contain or reflect communications between Goodman and Lutzke, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

13. All communications between Goodman and George Webb ("Webb") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

14. All communications between Goodman and the State of New York (including any department of agency thereof) relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, notes, memoranda, letters, correspondence, notices, complaints, responses, orders, and any other records.

15. All communications between Goodman and "Frank Bacon" a/k/a Tyroan Simpson ("Bacon"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

16. All communications between Goodman and the person depicted or identified as "Squidward" in the video "**Squidward v. Sponge Bob**" [https://www.youtube.com/watch?v=Z0Jqux7GQlI&feature=youtu.be] and in the video uploaded to streamable.com [https://streamable.com/zf4vl], including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

17. All communications between Goodman and Ralph O. Davis ("Davis"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

18. All communications between Goodman and Scott Creighton ("Creighton"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

19. All communications between Goodman and the person depicted or identified as "What Big Eyes You Have" in the video "**Fyreside Chat With What Big Eyes You Have**" [https://www.youtube.com/watch?v=sV3bY-4pj4Y&feature=youtu.be], including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

20. All communications between Goodman and Jake Morphonios ("Morphonios") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

21. All communications between Goodman and Elizabeth Beck relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

22. All communications between Goodman and Jared Beck relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

23. All communications between Goodman and Quinn Michaels a/k/a Korey Atkin or Corey Atkin ("Michaels") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

24. All communications between Goodman and Kevin Shipp ("Shipp") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

25. All communications between Goodman and Ole Dammegard and/or Cody Snodgres relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

26. All communications between Goodman and Joe Napoli ("Napoli") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

27. All communications between Goodman and Field McConnell ("McConnell") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

28. All communications between Goodman and Douglas Gabriel ("Gabriel") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

29. All communications between Goodman and the person depicted or identified as the "Real Thomas Paine" in the video "The Real Thomas Paine of True Pundit Speak Out" [https://www.youtube.com/watch?v=CaVv7_ZFNcs] relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

30. All communications between Goodman and Tone Vays ("Vays") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

31. All communications between Goodman and Robyn Gritz ("Gritz") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

32. All communications between Goodman and Nathan Stolpman ("Stolpman") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

33. All communications between Goodman and Charles Ortel ("Ortel") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

34. All communications between Goodman and Harmon Wilfred ("Wilfred") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

35. All communications between Goodman and Roger Stone ("Stone") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

36. All communications between Goodman and Jerome Corsi ("Corsi") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

37. All communications between Goodman and David Hawkins ("Hawkins") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

38. All communications between Goodman and Scott Bennett ("Bennett") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

39. All communications between Goodman and Larry Klayman ("Klayman") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

40. All communications between Goodman and Angela Power-Disney ("Power-Disney") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

41. All communications between Goodman and Bill Binney ("Binney") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

42. All communications between Goodman and Max Egan ("Egan") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

43. All communications between Goodman and William F. Kernan ("Kernan") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

44. All communications between Goodman and David Icke ("Icke") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

45. All communications between Goodman and William McGill ("McGill") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

46. All documents that evidence, constitute, contain or reflect communications between Negron and any member of the CSTT community.

47. All documents that evidence, constitute, contain or reflect communications between Lutzke and any member of the CSTT community.

48. All notes, memoranda and other records of conversations between Goodman and Negron.

49. All notes, memoranda and other records of conversations between Goodman and Lutzke.

50. Records of all telephone calls made by Goodman to Negron from any cell phone, smart phone, iPad, media device, land line, or computer.

51. Records of all telephone calls received by Goodman from Negron on any cell phone, smart phone, iPad, media device, land line or computer.

52. Records of all text messages sent by Goodman to Negron from any cell phone, smart phone, iPad, Blackberry or other device.

53. Records of all text messages received by Goodman from Negron.

54. Records of all telephone calls made by Goodman to Lutzke from any cell phone, smart phone, iPad, media device, land line, or computer.

55. Records of all telephone calls received by Goodman from Lutzke on any cell phone, smart phone, iPad, media device, land line or computer.

56. Records of all text messages sent by Goodman to Lutzke from any cell phone, smart phone, iPad, Blackberry or other device.

57. Records of all text messages received by Goodman from Lutzke.

58. Complete copies of all audio-recordings of conversations between and among Goodman, Negron and Lutzke.

59. All documents relating to Lutzke's credibility or bias and the reasons that she would not do a public show with Goodman, including the "pictures" or "(d) pics" referenced by Lutzke in the following comment:



> **queentut** 11 minutes ago
>
> Charles:
>
> I have always admired your work. As you know, I was a part of many shows that were produced by JG. I was responsible for a lot of research and work that went into each show that I did. I also provided public Trello links where people could access the research that supported my information provided in the CSTT shows. I have been doing research and analysis as a career for a number of years.
>
> It came to my attention that Jason may have been nominated for an award that in my perception he really does not deserve.
>
> One of the reasons that I will not do a public show with Jason has to do with his proclivity to date 18 & 19 year old girls. Before I left the show…I was told that Jason targets very young girls & sends pictures of his anatomical features to these girls. I confronted him about this information and he confirmed that he dated girls this age and stated that (d) pics where part of 21st century flirting. He also stated he had no problem with this dating behavior because they girls were legal. This is a 45 year old man dating 18 & 19 year old 'girls.'
>
> There are other reasons I left CSTT. Because you have actively fought against the Clinton corruption…I felt that it was important for you to know about Jason's proclivity. I am aware that Jason has discredited me to some people. However…if you really want to know the truth about Jason…you can contact me and I am willing to provide more details.
>
> Queen Tut…

60. A copy of any resume or CV for Goodman.

61. A list of all Twitter, YouTube, Facebook, Patreon, Periscope, Google Plus, Bitchute and/or Tinder accounts created, maintained or used by Goodman.

62. A list of all websites owned and/or operated by Goodman.

63. Any documents that identify the subscribers to the following YouTube channels:

https://www.youtube.com/channel/UC8Cl9QaRtuW9CNjP7pP4BBQ;
("Jason Goodman")

https://www.youtube.com/channel/UC6e48gru_N9w-tyqMCrI9Qw
("Crowdsource The Truth 2"

https://www.youtube.com/user/21c3D
("21c3D")

"Crazy Dave's Insane-a-torium".

64. All communications between Goodman and any subscriber to the "Jason Goodman" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

65. All communications between Goodman and any subscriber to the "Crowdsource The Truth 2" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

66. All communications between Goodman and any subscriber to the "21c3D" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

67. Copies of all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content of any kind or nature posted by Goodman (or by any person acting at her direction) at any time on Twitter, Facebook, YouTube, or any other social media network or platform that mention Plaintiff or that are of and concerning Plaintiff.

68. Copies of all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content of any kind or nature posted by Goodman (or any person acting at her direction) at any time on Twitter, Facebook, YouTube, or any other social media network or platform that mention Negron or Lutzke or that are of and concerning Negron or Lutzke.

69. Any calendar or day-timer, written or electronic.

70. All documents received by Goodman from any third-party, whether in response to a subpoena *duces tecum* or otherwise, that relate to the allegations in Plaintiff's Amended Complaint and/or that support any answer or defense to the allegations in Plaintiff's Amended Complaint.

71. Any and all documents that evidence, demonstrate or show that Plaintiffs, or either of them, committed "felony charity fraud" or "tax fraud" or "fraud" of any other kind.

72. Any and all documents that evidence or prove the following statements in Goodman's answer [*ECF No. 44*] to Plaintiff's Amended Complaint:

> It is Goodman's belief Plaintiff has deliberately caused defects in the original complaint and conspired with Codefendants to bring about the amended complaint in Plaintiff's ongoing effort to burden Goodman with frivolous and punitive civil action.

73. Any and all documents that evidence or prove that Plaintiff has conspired with Lutzke and/or D. George Sweigert ("Sweigert") to harass or disrupt Goodman's business, personal life, reputation, and/or to chill Goodman's journalistic investigations.

74. All emails sent by Goodman from jason@21stcentury213d.com that mention Plaintiff or this action.

75. All documents that evidence, constitute, show or reflect any litigation hold imposed by Goodman or any effort by Goodman to preserve and protect documents and electronically-stored information, including, without limitation, documents that corroborate the representations in Goodman's April 18, 2019 email that "All electronic documents I have created for more than a decade are stored. I do not deliberately delete things."

**THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES.**

**PLAINTIFF HEREBY REQUESTS THAT GOODMAN SUPPLEMENT HIS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.**

DATED:     May 15, 2019

                ROBERT DAVID STEELE
                EARTH INTELLIGENCE NETWORK


                By:    */s/ Steven S. Biss*
                      Steven S. Biss (VSB # 32972)
                      300 West Main Street, Suite 102
                      Charlottesville, Virginia 22903
                      Telephone:     (804) 501-8272
                      Facsimile:      (202) 318-4098
                      Email:           **stevenbiss@earthlink.net**

                *Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019 a copy of the foregoing was served electronically in PDF via email on Defendant Goodman, and a copy was also emailed to counsel for Defendant, Patricia A. Negron, and Defendant Lutzke.

By: */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*