IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ROBERT DAVID STEELE et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 3:17-cv-601-MHL |
| | ) | |
| | ) | |
| JASON GOODMAN et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S MEMORANDUM IN OPPPOSITION TO DEFENDANT GOODMAN'S MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submit this Memorandum in Opposition to the motion for a protective order and to stay discovery [*ECF No. 109*] filed by Defendant, Jason Goodman ("Goodman").

## I. INTRODUCTION

Throughout this litigation, Goodman has engaged in childish, unprofessional theatrics. His chosen *modus operandi* is to hurl abusive insults at whoever the enemy *de jour* may be. Goodman's motion is more of the same attempt at juvenile bullying.

Plaintiffs and their counsel refuse to engage Goodman.

Local Civil Rule 83.1(J), in part, provides that "Counsel shall at all times conduct and demean themselves with dignity and propriety." As reflected in this Court's Code of Pretrial and Trial Conduct, the traditional aspirations of the legal profession are:

1

- Honor for values such as honesty, respect and courtesy toward litigants, opposing advocates and the court;

- A distaste for meanness, sharp practice, and unnecessarily aggressive behavior;

- Engagement in public service;

- A focus on the efficient, fair preparation and trial of cases; and

- A role as agent for counseling and for the resolution of disputes.

[http://www.vaed.uscourts.gov/notices/Code%20of%20Pretrial%20and%20Trial%20Conduct.pdf].

In spite of the disrespect, discourtesy, meanness, and unnecessarily aggressive behavior shown by Goodman to date – both in his pleadings and in his extra-judicial videos uploaded to YouTube – Plaintiffs and their counsel will continue to focus on the efficient, fair preparation of this case for trial.[1]

## II.  THE RULE 26(F) CONFERENCE

On April 16, 2019, counsel for the Plaintiffs circulated an email to all parties requesting available dates to conduct the Rule 26(f) conference.

On April 18, 2019, Goodman represented in an email that he was available "after May 1.  Please suggest a mutually available date for the call."  Goodman made no

---

[1] In his motion (*ECF No. 106, p. 5*], Goodman makes the following statement: "It has further come to Defendant's attention that Plaintiff has sought financial settlement with co-Defendant Negron, negotiating privately with counsel for co-Defendant.  This furthers Defendant Goodman's belief that this entire legal action is a 'for profit' venture, undertaken by Plaintiff with the specific intent to harass, intimidate and coerce Defendants into financial settlements or otherwise face the costly and mounting burden of retaining legal counsel."  These false allegations do not deserve a response.  In spite of Goodman's unsupportable and unjustified criticism of Plaintiffs' effort to settle with Defendant Negron, Plaintiffs will continue to pursue an amicable resolution of this matter with Defendant Negron.

mention of any travel plans. In the same email, Goodman confirmed that all electronic documents he has created "for more than a decade are stored. I do not deliberately delete things."

On April 19, 2019, after conferring with counsel for Defendant Negron, counsel for the Plaintiffs confirmed May 3, 2019 at 10:00 a.m. as the date and time of the Rule 26(f) discovery conference. The confirming email was sent to Goodman at [jasongoodman72@protonmail.com](jasongoodman72@protonmail.com), an email address that has been used for Goodman since November 2017. The confirming email was not returned with a mailer-daemon. Goodman never indicated that the ProtonMail email address was defunct or inactive. Indeed, Goodman himself copied the ProtonMail email address on virtually every email he has sent over the past year+.

On May 2, 2019 at 11:37 a.m., Plaintiffs notified Goodman that they intended to serve a motion for sanctions on Goodman in accordance with Rule 11(c) of the Federal Rules of Civil Procedure.

On May 2, 2019 at 12:48 p.m., Goodman sent an email in which he claimed that he had received "no confirmation of this [Rule 26(f)] conference call … so I will consider the conference canceled for the time being". Goodman then asserted that he would be "traveling for work and family commitments over the next several weeks and will be generally unavailable".[2] Goodman requested counsel for the Plaintiffs to "suggest some

---

[2] Goodman's representation that he would be "travelling for work and family commitments … and will be generally unavailable" is questionable at best. Goodman answered the phone on May 3, 2019. He was obviously available for the Rule 26(f) conference. The Court will also note that since May 3, 2019, Goodman has had the time to produce **fifteen** of his videos, many of which are over an hour long. [https://www.youtube.com/channel/UC8Cl9QaRtuW9CNjP7pP4BBQ/videos?disable_polymer=1].

dates during the first week of June so that all concerned will have ample warning to arrive at a mutually agreeable time to confer." Counsel for the Plaintiffs responded to Goodman, and stated that the date and time of the Rule 26f conference had been properly confirmed via email. Counsel for the Plaintiffs stated that the discovery conference would go forward as scheduled. Goodman objected and accused counsel for the Plaintiffs of fraud and dishonesty.

On May 2, 2019, counsel for the Plaintiffs notified Goodman of the provisions of Rule 26(f), and invited Goodman to email his views on each of the matters to be addressed at the Rule 26(f) conference the next day. Goodman did not respond.

On May 3, 2019 at 10:00 a.m., counsel for the Plaintiffs initiated a conference call in order to conduct the Rule 26(f) conference. Counsel for Defendant Negron participated in the discovery conference and takes no position regarding any dispute on the scheduling of the 26(f) conference. When called, Goodman answered the telephone and participated in the discovery conference for a few minutes. He demanded to speak, told counsel for the Plaintiffs to "shut up" and "be quiet". At some point, Goodman disconnected from the conference.

On May 3, 2019, counsel for the Plaintiffs confirmed via email that he would prepare a draft of the written report and discovery plan and a proposed stipulated protective order. On Saturday, May 4, 2019, Goodman acknowledged receipt of counsel's email.

Defendant, Susan A. Lutzke ("Lutzke"), failed to respond to emails and did not participate in the Rule 26(f) conference.

On May 5, 2019, counsel for the Plaintiffs submitted a draft written report and proposed discovery plan and a proposed stipulated protective order,[3] and requested comments. Counsel for Negron responded with comments, which were incorporated in a written report and proposed discovery plan that was filed with the Court. [*ECF No. 112*]. Goodman did not respond with any comments.

On May 7, 2019, Goodman filed the instant motion. Goodman's arguments may be summed up as follows:

- No discovery is necessary because "[a]mple public information" is available with regard to all of Plaintiffs' claims.
  [*ECF No. 106 ("Goodman Motion"), p. 3*]

- Counsel for the Plaintiffs waited more than six (6) months after the Clerk entered Defendant Lutzke's default to request a Rule 26(f) conference.
  [*Goodman Motion, p. 3*]

- Counsel for the Plaintiffs did not properly confirm the date of the Rule 26(f) conference;
  [*Goodman Motion, p. 4*]

- Plaintiff is a retired member of the "military and clandestine services" with a specialty in "deceptive psychological and information/disinformation operations", including coding "messages sent in public via steganographic techniques" in order to "deliberately avoid leaving a discoverable trail of evidence and sufficiently frustrate civil legal procedures".
  [*Goodman Motion, pp. 5-6*].

On May 15, 2019, Plaintiff, Robert David Steele, served discovery requests on both Goodman and Defendant Negron.

### III. THE SPIRIT AND LETTER OF THE RULES

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*.

---

[3] A copy of the proposed Stipulated Protective Order is attached hereto as *Exhibit "A"*.

Rule 26(d) governs the timing and sequence of discovery. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Rule 26(f) obligates the parties to confer "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due" – to discuss the case and develop a discovery plan.

The Federal Rules of Civil Procedure embody the strong Federal policy in favor of the resolution of disputes on their merits. Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly mandates that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 33 provides that an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)". Rule 34 states that a party "may serve on any other party a request within the scope of Rule 26(b)". Rule 36 allows a party to serve "on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)".

Appropriately referred to as the "Rocket Docket", the docket in the United States District Court for the Eastern District of Virginia is one of the fastest of all Federal Courts. The median time from filing to disposition is 5.3 months. Cases reach trial in the Eastern District of Virginia almost three (3) times faster than those in the Southern District of New York, for instance. [https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-1]. Consistent with its practice and reputation for moving cases along, this Court has adopted Local Civil Rules that directly and

expressly reject the notion that discovery should be stayed and cases delayed. *See, e.g., Local Rule 16(b)*.

### IV. <u>**GOODMAN'S MOTION SHOULD BE DENIED**</u>

Goodman fails to articulate any legal or logical basis for a protective order. That part of his motion should be denied without more. He had every opportunity to participate in the Rule 26(f) conference on May 3, 2019. He chose not to. He had every opportunity to respond to the draft written report and discovery plan before it was filed on May 14, 2019. He chose not to. Whether Goodman likes it or not, he is a defendant in a **#reallawsuit**. He has no right to evade and obstruct proper discovery.

It has never been the policy or practice of the Eastern District of Virginia to stay discovery. Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988)); *id. Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. 2016) (Although the Court "'has broad discretion to stay discovery pending resolution of a motion to dismiss,'" granting a stay on that basis is "'generally disfavored because delaying discovery may cause case management problems as the case progresses.'") (quoting *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 2013 WL 4045924, at *1 fn. 2 (E.D.N.C. 2013) (the fact that a defendant's Rule 12(b)(6) motion, if granted, could dispose of all claims against him is not reason enough to delay discovery)); *see Clinton v. Jones*, 520 U.S. 681, 693-696, 706-709 (1997) (finding that "a lengthy and

7

categorical stay takes no account whatever of the respondent's interest in bringing the case to trial").

Goodman fails to articulate a single reason to stay discovery, let alone good cause to do so.[4] The Court has denied Goodman's motion to dismiss. The fact that evidence may be available through open sources, such as the Internet, is no reason to stay discovery. *See Hoxie v. Livingston County*, 2010 WL 822401, at *1 (E.D. Mich. 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive."); *Standard Bank PLC v. Vero Ins., Ltd.*, 2009 WL 82494, at *2 (D. Colo. 2009) ("Parties always are burdened when they engage in litigation, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no *special burden* on the parties in this case.") (emphasis added).

For the reasons stated above, Plaintiffs respectfully requests the Court to deny Goodman's motion to stay discovery.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court to deny Goodman's motion for a protective order and motion to stay discovery.

DATED:   May 20, 2019

---

[4] *See* 8A Wright & Miller, Federal Practice & Procedure § 2037 (3rd ed. 2012) (noting that Rule 26(c)'s good cause standard applies to a request to stay discovery pending the resolution of a motion to dismiss). "Rule 26(c)'s good cause requirement 'creates a rather high hurdle' for the moving party." *Wilson v. First Class Patrol Officers*, 2016 WL 1253179, at *4 (D.S.C. 2016) (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

8

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK


By: */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*


### CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF. I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke


By: */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*