IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY |
| JASON GOODMAN, et al., | |
| Defendant | |

## DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY

Comes now Defendant Jason Goodman, Pro Se, with his response to Plaintiff's request for production of documents to move this court to stay discovery. The information Plaintiff requests would subject Defendant to undue annoyance, embarrassment, burden and expense without providing proportional value in resolving this matter. It is Defendant's belief that Plaintiff has endeavored to intentionally annoy, embarrass, harass and unduly burden Defendant while causing great expense of time, money and recourses not only for the Defendant, but also this honorable court. This request for document production is a furtherance of that effort.

The scope of Plaintiff's request is broad. If granted at all, it should be limited to matters of legitimate interest in resolving claims and requires a balancing of the probative value of the information sought with the burden placed upon the respondent. Defendant objects to Plaintiff's first request for discovery because it grossly violates this standard.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 1

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described. Video and telephone recording transcripts may contain typos due to voice to text transcription software. True and accurate copies of original video and audio recordings can be provided should it please the court.

Signed this ___28___ day of May 2019

Defendant, Pro Se Jason Goodman

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 2

# BACKGOUND INFORMATION

Defendant Goodman has alleged a conspiracy between Plaintiff, Intervenor Applicant, co-Defendant Lutzke/Holmes and numerous third parties. This conspiracy is intended to disrupt, defund, defame, embarrass and otherwise frustrate the Defendant in an effort to chill Defendant's journalistic efforts. The conspiracy has been publicly acknowledged by Intervenor Applicant in a multiparty call, broadcast on YouTube as indicated by Defendant in previous pleadings (ECF No 78 EXHIBIT A). Any information gleaned from this instant legal action would almost assuredly be used to continue this effort.

Despite the entry of a default judgement against co-Defendant Susan Lutzke/Holmes in September of 2018, Plaintiff did nothing to prosecute this matter for more than six months. Only after D. George Sweigert began entering declarations and then attempting to intervene, did Plaintiff move to begin the Discovery process. The sheer number of motions and filings coming from both Plaintiff and Intervenor Applicant could be interpreted as intended to overwhelm Defendant in a compounded, cooperative, seemingly coordinated manner.

This instant lawsuit is an attempt to overwhelm Defendant, not with facts or valid claims of injury seeking relief, but rather lengthy pleadings based on false claims and false statements with no basis in fact or law and no evidence. The demand for production of documents will serve no benefit in resolving Plaintiff's false claims it is merely an intelligence gathering attempt by Plaintiff, intended to further Plaintiff's efforts to harass and intimidate the Defendant.

Plaintiff has failed to make a claim for which relief can be granted. Plaintiff will fail to prove defamation because he cannot prove Defendant made known false statements. In fact, Defendant remains consistent in his belief that the statements are true and correct. Plaintiff is a limited purpose public figure, certainly to the same extent Defendant is, having participated in

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 3

many televised interviews and appearances around the world for several years prior to appearing on Defendant's broadcast.

Plaintiff has publicly lied, claiming the very discovery process in question had already provided him information that Defendant Goodman is paid $3000 per month by Israeli Mossad. This specific claim has been repeated by Intervenor Applicant and other co-conspirators as pointed out in previous pleadings (ECF No 78 EXHIBIT I).  This claim was made by Plaintiff in a video on YouTube that has since been removed but is paraphrased in a similar blog post by Plaintiff.  (https://ahtribune.com/culture-media/1992-deep-state-social-media.html).  In a blog post titled Live-Streamed Defamation, Plaintiff claims *"On 13 June I did a live-streamed interview with George Webb, whom I respect very much. He was being "handled" at the time by one Jason Goodman with Patricia Negron as his partner. In the course of that interview, [26] I raised the prospect of Goodman himself being handled – perhaps unwittingly – by the Mossad. I speculate now that legal discovery will reveal both monthly payments to Goodman on the order of $3,000 a month, and a pattern of email and cellular contacts suggestive that Goodman has been taking direction, first toward undermining George Webb (who was getting too close to the truth about the Awan brothers being patsies for a Mossad operation via Debbie Wasserman Schultz, spying on and blackmailing Members of Congress) and then #UNRIG, Earth Intelligence Network, and me. [27]"*

In the absence of true factual information, Plaintiff has fabricated a ludicrous story in one of many malicious attempts to damage Defendant's worldwide reputation with false and outrageous accusations.  There is little doubt that any information obtained through discovery would be used by Plaintiff to embarrass, harass, intimidate or otherwise harm Defendant further.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 4

Plaintiff has brazenly requested privileged email communications with parties unrelated to this legal matter who are journalistic sources. These sources identities and communications with Defendant are protected by New York Civil Rights Law - CVR § 79-h. *Special provisions relating to persons employed by, or connected with, news media.*

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Goodman objects to this request because Goodman does not have sufficient financial resources to pay the arbitrarily calculated absurdly high sum demanded by Plaintiff. Examination of Goodman's financial records would not only be unduly burdensome and oppressive it would not yield any useful evidence in resolving this matter.

2. There are no documents to produce in response to this request because Defendant has not received any DONATIONS. This request further illustrates Plaintiff's inability to distinguish between a charitable donation and a payment to a for profit business. Defendant's news service provides video programming for its customers using a totally different business model than traditional broadcasts. Since its inception, broadcast news has been generally delivered to the end consumer, the viewer, at no cost, in exchange for spending some amount of time viewing advertisements paid for by multimillion-dollar sponsors of the broadcast. Defendant's for-profit business has done away with corporate sponsors by selling micro sponsorships directly to viewers. This approach eliminates the possibility of a single sponsor gaining financial influence or sway over the news reporting and is part of Defendant's brand strategy. Defendant's customers receive in kind for their payments, viewership of the video broadcasts.

3. Goodman objects to this request because it violates his First Amendment Rights. Goodman is a pioneer on the cutting edge of crowdsource investigative journalism, a new technique that combines traditional investigative journalism with social media. Guests on Goodman's show are often whistleblowers exposing corruption, firsthand witnesses to crime and expert witnesses providing relevant testimony. In this new model of crowdsourced investigative journalism, the audience participates in the investigation and even provides a pool of witnesses and confidential sources. The Plaintiff's request to "identify members of the CSTT community" reveals their true goal. Plaintiff wants to expose the identities of individuals who provide leads, valuable evidence and first hand testimony so they too may be attacked, intimidated or harassed with lawsuits or other means. Intervenor Applicant has exhibited a pattern and practice of taking extra judicial measures to discourage guests from appearing on Goodman's show, most recently writing a letter to the Department of the Army after a retired Four-Star General appeared on the show to provide testimony contradicting Plaintiff's claims. **(EXHIBIT A)** This extra judicial action is both harassment of Defendant's associate and further circumstantial evidence of cooperation between Plaintiff and Intervenor Applicant in an effort to succeed jointly in this legal action. Plaintiff's request violates New York Civil Rights Law - CVR ¬ß 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities secret.

4. Defendant received no DONATIONS, therefore, there are no documents to produce in response to this request.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 6

5. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities and communications secret.

6. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities and communications secret.

7. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities and communications secret.

8. Goodman objects to this request because the Plaintiff has demonstrated that he already has copies of all the videos in question. This request reveals yet another attempt to unduly burden, oppress and cause expense for the Defendant without yielding any useful evidence in resolving this matter. The only conceivable purpose for making this request is to occupy Defendant with redundant busywork.

9. Goodman objects to this request because Plaintiff already has copies of the videos and this request is written in a manner that serves to confuse. It is not clear what the difference is between complete copies and electronic copies, given that these videos originate in an electronic medium and live on-line. The Plaintiff's pleadings including lengthy quotes, screen captured photo exhibits and statements attesting to as much, indicate that Plaintiff has downloaded all of the videos in question. This

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 7

means Plaintiff already has COMPLETE copies.  DIGITAL ELECTRONIC copies are exact duplicates of the original data.  This request reveals yet another attempt to unduly burden, oppress and cause expense for the Defendant without yielding any useful evidence in resolving this matter.

10. Goodman objects to this request because it would unduly burden, oppress and cause expense for the Defendant without yielding any useful evidence in resolving this matter.  Goodman also objects to this request because it violates his First Amendment Right to free speech and freedom of the press in its attempt to seek information about the identities of journalistic sources and their information.

11. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

12. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

13. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

14. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

15. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

16. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

17. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

18. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

19. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

20. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

21. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 9

22. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

23. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

24. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

25. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

26. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

27. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

28. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

29. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

30. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

31. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

32. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

33. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

34. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

35. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

36. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

37. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

38. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

39. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

40. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

41. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

42. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

43. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

44. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

45. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

46. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

47. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

48. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

49. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 13

50. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

51. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

52. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

53. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

54. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

55. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

56. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

57. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

58. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

59. Goodman objects to this request because it is based on false claims from an unidentified internet user and seeks irrelevant information that would serve no benefit in resolving Plaintiff's claims. This request for production stands out from all others. It is allegedly motivated by a public YouTube comment made by an unknown individual using an account named "queentut". This is an account name any person could select or obtain. YouTube presents no barriers in creating an account name or multiple account names, even if that name already exists and is used by another user. Any person could obtain the screen name "queentut" and could post any comment. The statements made in the unattributed comment are false and unsupported by evidence. The claims are insufficient to justify discovery of such irrelevant and personal information. Plaintiff is requesting discovery of alleged naked photographs of Defendant specifically displaying his penis. There is no conceivable explanation to describe how such information would help resolve Plaintiff's claims. More than any other single request, this speaks to Plaintiff's intention to obtain any information whatsoever that could be used to harass, intimidate, embarrass or damage Defendant's worldwide reputation.

60. See **(EXHIBIT B)**

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 15

61. Goodman objects to this request because it specifically seeks personal information about Goodman irrelevant to this matter intended to harass, intimidate, embarrass or damage Defendant's worldwide reputation and unduly burden Defendant and would not yield useful evidence in resolving this matter.

62. www.crowdsourcethetruth.org, www.crowdsourcethetruth.com

63. This is another request of particular interest. The now defunct YouTube channel titled "Crazy Dave's Insane-a-torium" was dedicated to archiving videos created by Intervenor Applicant D. George Sweigert. Sweigert regularly deletes his video posts, effectively spoliating evidence from the internet. When Crazy Dave's Insane-a-torium appeared, Intervenor Applicant moved swiftly to contact YouTube and remove this channel for allegedly violating his copyright. More likely these steps were taken to prevent the public from accessing evidence of Sweigert's ongoing harassment campaign against Defendant and in support of Plaintiff. There was no information about Plaintiff on Crazy Dave's Insane-a-torium making this a very curious request, particularly given ongoing allegations of a clandestine conspiracy between Plaintiff and Intervenor Applicant Sweigert. Goodman further objects to this request because it violates his First Amendment Right to free speech and freedom of the press. This violates New York Civil Rights Law - CVR ¬ß 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities and communications secret.

64. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

65. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

66. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

67. Goodman objects to this request as it is fundamentally unreasonable to presume anyone could fulfill this. It would be virtually impossible to locate all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content made by all the people using these services. This is an unfulfillable request.

68. Goodman objects to this request as it is fundamentally unreasonable to presume anyone could fulfill this. It would be virtually impossible to locate all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content made by all the people using these services. This is an unfulfillable request.

69. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

70. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

71. Goodman objects to this request because it appears to be a trick question intended to provoke a desired response to possibly be used against the defense. Goodman's belief that Plaintiff committed charity fraud was based on Goodman's understanding of the statues related to operation of a 501c3 non-profit charitable corporations in New York State as well as statements made and actions taken by Plaintiff in pursuit of charitable donations. At no time prior to initiating this legal action did Plaintiff take steps to clarify or provide expert testimony, letters demanding retraction or providing supportive evidence to clarify the understanding of New York State statutes related to the operation of a 501c3. Defendant's documents have already been submitted in this ongoing legal matter; therefore, this is another request for production of redundant material intended to waste Defendant's time and resources, or otherwise cause the Defendant to make statements Plaintiff might twist to Plaintiff's advantage.

72. Goodman objects to this request because it appears to be a trick question intended to provoke a desired response or statement. The statement made in ECF 44 was made on information and belief and the support for that belief is outlined in ECF 44. This request is further evidence of Plaintiff's desire to request irrelevant information that would not yield any useful evidence in resolving this matter

73. Goodman objects to this request because Goodman's specific allegation is that Plaintiff, Intervenor Applicant and co-conspirators communicate using clandestine

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 18

methods akin to those used by CIA and Military Intelligence, with the specific intent to hide evidence of such communication and defy civil legal procedures including discovery. Good evidence of this cooperation can be seen in the common goals of the individuals named and even in many of Plaintiff's requests for Production of information that would only be useful to Intervenor Applicant. It is Defendant's belief that Plaintiff's request is specifically intended to deceive or otherwise provoke a statement from Defendant that would be used to discredit the allegation of conspiracy.

74. Goodman objects to this request because it violates his First Amendment Rights and New York Civil Rights Law - CVR ¬ß 79-h. which protects Goodman's right to keep journalistic sources' identities and communications secret.

75. Goodman objects to this request because it does not make sense and appears to be impossible to fulfill.

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 19

# CONCLUSION

Plaintiff's litany of false statements has enabled this fundamentally fraudulent lawsuit. It is Defendant's belief that this lawsuit and the Discovery process in question are intended to harass, intimidate and unduly burden Defendant while destroying Defendant's worldwide reputation. The information requested for production is remarkably broad and consistently unrelated to claims made by Plaintiff in the Amended Complaint. Requests for discovery of communications with talk show guests, confidential sources and virtually anyone of significance who has appeared on Goodman's show, reveal Plaintiff's apparent motive, to learn everything about anyone Defendant has communicated with and possibly expose those communications, destroying Defendant's worldwide reputation as a journalist. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States, 370 U.S. 294, 306 (1962)*. This directive is echoed by the Federal Rules of Civil Procedure Rule 26(b)(2)(C), under which the court, "on its own, must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive,"

For this and the above stated reasons, Defendant respectfully requests the court stay discovery in this matter.  Respectfully submitted,

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY - 20

**(EXHIBIT A)**

D. George Sweigert, c/o
P.O. Box 152
Mesa, AZ 85211

May 16, 2019

Hon. Mark Esper
Secretary of the Army
Office of the Secretary of the Army
101 Army Pentagon
Washington, DC 20310-0101

REF:    Inappropriate access to sensitive unclassified information by retired General
William F. Kernan

Good Morning,

1.    As you are well aware, the referenced military member has been allegedly making
inappropriate contacts to a military organization on behalf of the individual that closed the Port
of Charleston, S.C. due to a dirty bomb hoax on June 14, 2017.  A video confession is referenced
below.

2.    This military member began corresponding with an individual known as "Queen Tut" aka
Susan Holmes of Fort Collins, Colorado.  Ms. Holmes is infamously known for holding a "KILL
ALL POLICE" sign at a protest at the Colorado State University (see below).  Her side-kick,
Jason D. Goodman (DOB April 7, 1970), has widely disseminated a telephone call with this
military member, in which he states he made inquires to SACLANT on behalf of "Queen Tut"
and Mr. Goodman.  Mr. Goodman is widely attributed as the individual that closed the Port of
Charleston.

Warm regards,

D. Sweigert

Copies provided:

| | | |
|---|---|---|
| **Commanding General**<br>**U.S. Army Criminal**<br>**Investigative Command**<br>**27130 Telegraph Road,**<br>**Quantico, VA 22134-2253** | **Sir Ian Forbes, ADM**<br>**Commander In Chief (CINC)**<br>**SACLANT**<br>**7857 Blandy Road,**<br>**Suite 100**<br>**Norfolk, Virginia 23551-2490** | **Chief of Police**<br>**Colorado State**<br>**University**<br>**Green Hall**<br>**Fort Collins, CO 80521** |
| **Susan Homes,**<br>**aka Susan A. Lutzke**<br>**2608 Leisure Drive**<br>**Apt. B**<br>**Fort Collins, CO 80525** | **Jason Goodman**<br>**252 7th Avenue**<br>**Suite 6-S**<br>**New York, NY 10001** | **Sector Commander,**<br>**Capt. Jason Tama,**<br>**USCG**<br>**USCG Sector New York**<br>**212 Coast Guard Drive**<br>**Staten Island, N.Y. 10305** |

Evidence

Internet URL:  https://money.cnn.com/2017/06/16/media/port-of-charleston-dirty-bomb-conspiracy-theory-shutdown/index.html



# How a conspiracy theory closed part of a major US seaport

by Donie O'Sullivan   @CNNMoney

June 16, 2017  5:46 PM ET







RELIABLE SOURCES

Brian Stelter's must-read media newsletter

Click to subscribe



[Photos] Ali Macgraw Is Almost 80, Try Not To Smile When You...

[Photos] 25 Faded

The past few years have shown how our propensity to speculate and to share online can quickly transform a fringe thought into conventional thinking. On Wednesday, we got new evidence of the

Webb posts daily on his own, separate YouTube channel, hosting a series he calls "Hillary's Leakers, Hackers and Henchmen." His videos rarely get more than 10,000 YouTube views.



An In
Until

After Webb mentioned the "Memphis Maersk," the audience quickly sprung into collective action through a "Crowdsource the Truth" Facebook group and the live comments section that accompanied the YouTube broadcast.

Trans
Montl

Using a free online tracking tool, viewers found that the ship was in or approaching the Port of Charleston in South Carolina.

The T
Card:

About an hour later, Webb's onscreen counterpart, Jason Goodman, who runs "Crowdsource the Truth," called a number he said was the Coast Guard while still live streaming.



Get $
new

Goodman identified himself to the person on the other end of the line as a "reporter with an independent news agency," and began telling them about the alleged threat before he was interrupted.



"Is this the 'dirty bomb?'" the person asked — someone had already called it in — perhaps someone watching the live stream.

Internet URL:  https://www.youtube.com/watch?v=aUeNLLWikiM&t=14s



Retired US Army Four Star General William F. Kernan Destroys
Robert David Steele's Ridiculous Claims

Jason Goodman

✓ Subscribed  🔔 61K

8,031 views



+ Add to    ↱ Share   ••• More        👍 345   👎 22

Streamed live on May 1, 2019
Robert David Steele has boasted of "writing 85%" of the NATO Open Source Intelligence Handbook. However, the retired Four Star U.S. Army
General who oversaw the project at SACLANT says Robert David Steele's claim is not only false, but ridiculous

Internet URL:  https://www.coloradoan.com/story/news/2018/12/22/mother-man-fatally-shot-fort-collins-csu-police-files-complaint-complete-body-cam-footage/2391338002/

# Mother of man killed by police files court complaint for unredacted body camera footage

Saja Hindi, Fort Collins Coloradoan   Published 12:44 p.m. MT Dec. 22, 2018 | Updated 12:56 p.m. MT Dec. 23, 2018



f  CONNECT   TWEET   in LINKEDIN   COMMENT   MORE



*(Photo: Cassa Niedringhaus/The Coloradoan, Cassa Niedringhaus/The Coloradoan)*

The mother of a man fatally shot by police last year filed a complaint in district court this month asking Colorado State University to release unredacted footage of her son's shooting.

An attorney filed the civil action for Susan Holmes. Her 19-year-old son, Jeremy, was shot by a Fort Collins police officer and a Colorado State University police officer during a confrontation on July 1, 2017.

Susan Holmes had called police dispatch to report that Jeremy, who she said was having a psychotic reaction to THC from marijuana, had left the house with a knife and had threatened to kill his brother. She couldn't reach her other son or his wife by phone and asked for police to be dispatched to where they lived about two miles away and tell them not to answer the door.

A CSU police officer, Katie Aron, responded to the apartment, since it was located on campus, but another CSU officer, Corporal Phil Morris, made contact with Jeremy Holmes nearby between Center Avenue and Whitcomb Street.

ADVERTISEMENT



MORE STORIES



**1 killed in plane crash near airport in Loveland**
May 16, 2019, 9:11 p.m.

General:
Thank you very much for your efforts in resolving this issue. I really appreciate it. Your information will save a lot people from supporting a fraud being perpetuated by Robert David Steele.
Sincerely,
QUEENTUT

..

21. Aug 2017 18:29 by GENERALKERNAN@XXXXXXXXXX.com

QUEENTUT:

I have checked several sources and Robert David Steele never worked for us at NATO or JFCOM when we published this handbook. This handbook was a product of SACLANT Strategy and Plans and championed by a Dutch Rear Admiral. This was definitely a staff effort.
I have no idea why this individual would list this as one of his publications when it is clearly a NATO publication.
Hope this is helpful.

Buck Kernan

In a message dated 8/17/2017 6:49:25 PM Eastern Standard Time, QUEENTUT@XXXXXXXX.com writes:

Hi General Kernan:

This is QUEENTUT here:

**(EXHIBIT B)**

**Jason Goodman**
Director, Cinematographer, Stereographer
252 7th Avenue New York, NY 10001 212–844–9830

**Education 1990–1994**

Graduated NYU Tisch School of the Arts BFA Film and Television Production

**Work Experience**

*Carolco Pictures 2014–2016 (Executive Board Member)*

Charter member of the Board of Directors of the newly restored multibillion dollar brand.

*AeroCine, INC 2013–2014 (CEO)*

Founding member of this UAS cinematography company.  First in the world to conduct 3D RED UAV flight.

*21st Century 3D 1999–present (Founder and CEO)*

Founded the first digital stereoscopic live action production company in New York City. Developed cutting edge stereoscopic camera systems. Expanded to offices in both New York and Los Angeles in 2009.

*Multimedia System Design 1993–1999 (Founder and CEO)*

IT support company catering to video editors, graphic artts and musicians. Deployed and maintained networks for many ad agencies and video production facilities.

*Crest Films 1991–1993 (IT Administrator)*

Worked directly with filmmaker / CEO Pierre DeLespinois deploying and managing computer systems and networks for the emerging digital production environment at this innovative, technology centric film production company.

**Production Credits**

*Director*

1.   Fantasma VR (2016) 3D 360° tour of NYC's Houdini Museum of Magic
2.   Daydreams of Dubai (2014) 3D Filmation (ride film for UAE) (Writer/Director/DoP)
3.   Vanceril VR (1997) Cutting edge virtual experience created for Wyeth Pharmaceuticals

*Cinematographer*

1.   Houston Rockets VR experience 3D (2017) (director of photography/stereographer)
2.   Marriott / Oculus VR experience 3D (2014) (director of photography/stereographer)
3.   Skyhigh Scrapers 3D (2013) Discovery UK (director of photography/stereographer)
4.   Sully Erna: Avalon Live (2012)  (director of photography/stereographer)
5.   Slightly Stoopid & Fishbone Live (2011) (director of photography/stereographer)
6.   Hillbilly Blood (2011) (TV series) 3net (director of photography/stereographer)
7.   Julia X (2010) (director of photography/stereographer)

*Camera and Electrical Department*

1.   X-Men: Days of Future Past (2014) (stereographer: VFX elements unit)
2.   Metallica Through the Never (2013) (stereographer: NY unit / Post Stereo Supervisor)
3.   The Amazing Spier-Man (2012) (stereographer: second unit)
4.   Air Racers IMAX 3D (2012) (stereographer)
4.   I (Almost) Got Away With It (2011) (stereographer – 1 episode)
5.   Kenny Chesney: Summer in 3D (2010) (second unit stereographer)
6.   Planet You 3D (2009) (stereographer)
7.   Call of the Wild (2009) (stereographer)

**Circuit Court for** Eastern Division Virginia          **Case No.** 3:17-cv-601-MHL

City or County

| Robert David Steele and Earth Intelligence Networ | | | | | | Jason Goodman | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Name** | | | | | | **Name** | | | | |
| 11005 LANGTON ARMS CT | | | **Apt. #** | | **VS.** | 252 7th avenue | | | **Apt. #** 6s | |
| **Street Address** | | | | | | **Street Address** | | | | |
| OAKTON, | VA | 22124 | ( 571 ) 320-8573 | | | New York | NY | 10001 | (323 ) 744-7594 | |
| **City** | **State** | **Zip Code** | **Area Code** **Telephone** | | | **City** | **State** | **Zip Code** | **Area Code** | **Telephone** |
| | ***Plaintiff*** | | | | | | ***Defendant*** | | | |

## CERTIFICATE OF SERVICE
### (DOMREL58)

I HEREBY CERTIFY that on this 28     day of ___May___ , 2019  , a copy

of the document(s) entitled   DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY

**Title of Document(s)**

was/were mailed, postage prepaid to:

D. George Sweigert
_____
**Opposing Party or His/Her Attorney**

PO Box 152
_____
**Address**

Mesa                AZ                85211
**City**              **State**            **Zip**

_____May 28, 2019_____          _____
**Date**                          **Signature**

DR58- Revised 13 February 2001

**Circuit Court for** Eastern Division Virginia _____   Case No. 3:17-cv-601-MHL
                                      City or County

Robert David Steele and Earth Intelligence Networ | Jason Goodman

| Name | | | | Name | | | |
| 11005 LANGTON ARMS CT | | | Apt.# | 252 7th avenue | | | 6s |
| Street Address | | | | Street Address | | | Apt.# |
| OAKTON, | VA | 22124 | ( 571) 320-8573 | New York | NY | 10001 | (323 ) 744-7594 |
| City | State | Zip Code | Area Telephone Code | City | State | Zip Code | Area Telephone Code |

VS.

*Plaintiff*                                    *Defendant*

# CERTIFICATE OF SERVICE
## (DOMREL58)

I HEREBY CERTIFY that on this 28___ day of _____May_____ , 2019___ , a copy

of the document(s) entitled ___ DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S,
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY
DISCOVERY
                                                    **Title of Document(s)**
                              was/were mailed, postage prepaid to:

Susan Lutzke Holmes
_____
**Opposing Party or His/Her Attorney**

2608 Leisure Dr Unit B
_____
**Address**

Fort Collins            CO        80525
City                    State      Zip

____May 28, 2019____        _____
Date                        Signature

Page 1 of 1

DR58- Revised 13 February 2001

**Circuit Court for** Eastern Division Virginia          **Case No.** 3:17-cv-601-MHL
                        City or County

Robert David Steele and Earth Intelligence Networ

| Name | | | | | Name | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11005 LANGTON ARMS CT | | | | | 252 7th avenue | | | | 6s |
| Street Address | | | Apt.# | | Street Address | | | | Apt.# |
| OAKTON, | VA | 22124 | ( 571 ) 320-8573 | | New York | NY | 10001 | (323 ) 744-7594 |
| City | State | Zip Code | Area Code | Telephone | City | State | Zip Code | Area Code | Telephone |

Jason Goodman

          **Plaintiff**                                    **Defendant**

VS.


# CERTIFICATE OF SERVICE
## (DOMREL58)


I HEREBY CERTIFY that on this 28 day of _____May_____ , 2019 , a copy

of the document(s) entitled  DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S,
                            FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY
                            DISCOVERY
                                                        **Title of Document(s)**
                            was/were mailed, postage prepaid to:

Terry Frank Kaufman & Canoles
_____
Opposing Party or His/Her Attorney

1021 E. Cary Street, 14th Floor
_____
Address

Richmond               VA          23219
_____
City                   State       Zip


    May 28, 2019               _____
    Date                       Signature

DR58- Revised 13 February 2001

**Circuit Court for** Eastern Division Virginia

City or County

**Case No.** 3:17-cv-601-MHL

Robert David Steele and Earth Intelligence Networ

| | | | | |
|---|---|---|---|---|
| **Name** | | | | |
| 11005 LANGTON ARMS CT | | | **Apt.#** | |
| **Street Address** | | | | |
| OAKTON, | VA | 22124 | ( 571) 320-8573 | |
| **City** | **State** | **Zip Code** | **Area Code** | **Telephone** |

**Plaintiff**

**VS.**

Jason Goodman

| | | | | |
|---|---|---|---|---|
| **Name** | | | | |
| 252 7th avenue | | | 6s | |
| **Street Address** | | | **Apt.#** | |
| New York | NY | 10001 | (323 ) 744-7594 | |
| **City** | **State** | **Zip Code** | **Area Code** | **Telephone** |

**Defendant**

# CERTIFICATE OF SERVICE
### (DOMREL58)

I HEREBY CERTIFY that on this 28 ___ day of ___ May ___, 2019 ___, a copy

of the document(s) entitled ___ DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY

**Title of Document(s)**

was/were mailed, postage prepaid to:

Steven S Biss
_____

**Opposing Party or His/Her Attorney**

300 West Main Street Suite 102
_____

**Address**

Charlottesville ___ VA ___ 22903 ___

**City** ___ **State** ___ **Zip**

May 28, 2019

**Date**

**Signature**

DR58- Revised 13 February 2001

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
**_____ DIVISION**



ROBERT DAVID STEELE, et al.,

_____
Plaintiff(s),

v.

Civil Action Number: 3:17-cv-00601-MHL
_____

JASON GOODMAN, et al.,

_____
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of

DEFENDANT'S RESPONSE TO PLAINTIFF, ROBERT DAVID STEELE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO STAY DISCOVERY

JASON GOODMAN
_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _May 28, 2019_____ (Date)

**OR**

The following attorney(s) prepared or assisted me in preparation of _____.

**(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)