## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

ROBERT DAVID STEELE et al

    Plaintiff,

v.                              Civil Action No. 3:17-cv-601

JASON GOODMAN et al

    Defendant.

## ORDER

This matter is before the Court on Plaintiffs' MOTION FOR SANCTIONS AGAINST DEFENDANT JASON GOODMAN [ECF No. 121]. Having reviewed the Plaintiffs' motion and the defendant's response thereto [ECF No. ___] and it appearing to the Court that Goodman has violated Rule 11(b)(1) and Rule 11(b)(3) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the Plaintiffs' motion is GRANTED.

Fed. R. Civ. P. Rule 11(b) provides that by presenting to the Court a pleading – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies that to the best of his knowledge, information and belief, formed after a reasonable inquiry under the circumstances:

> "(1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

1

…

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

The Court finds that Goodman has filed multiple pleadings that violate Rule 11(b).

On March 8, 2019, Goodman signed and filed an opposition to a motion to intervene by D. George Sweigert ("Sweigert") [ECF No. 78], in which Goodman made the following representations:

"Plaintiff Steele and Intervenor Applicant Sweigert have been conspiring together and with intermediaries for more than one year and in an ongoing fashion to create and monetize a harassment campaign (The Campaign) intended to disrupt the Defendant's business, personal life and worldwide reputation, and chill Defendant's journalistic endeavors which have revealed evidence of felony crimes by Plaintiff, Intervenor Applicant and third-party co-conspirators.
…

This legal action is a product of a conspiracy between Plaintiff, Intervenor Applicant and numerous third-party co-conspirators. Among these parties are Intervenor Applicant's brother George Webb Sweigert (Webb), Manuel Chavez III aka Defango (Chavez), Frank Bacon, believed to be Tyroan Simpson (Simpson), Nathan Stolpman (Stolpman), co-Defendant Susan Lutzke aka Susan Holmes aka Queen Tut (Lutzke), Steve Outtrim (Outtrim), Dean Fougere aka Titus Frost (Fougere), Kevin Allen Marsden (Marsden), Mari Rapp aka Sugar Shine (Rapp), Jacquelyn Weaver (Weaver) and other unknown parties operating under various online aliases.
…

> 'Jason Goodman is on the payroll of a man named Aman Milchan. Aman has Jason doing work partly out of blackmail. Jason was at parties with a producer named Brian Singer and there were underaged boys and girls. Jason was being paid $2,788 a week and its (sic) now up to $3500 a week.' This mirrors statements made by Plaintiff in video interviews that have since been deleted from YouTube.'"

[*ECF No. 78, pp. 1, 3*].

These representations violate Rule 11(b)(1) and (b)(3). They were presented for the improper purpose of harassing Plaintiffs and needlessly and vexatiously multiplying this proceeding. There is no evidentiary support for Goodman's statements about the Plaintiffs. In truth, as demonstrated by the Declaration of Robert David Steele, Plaintiff Steele has never met Sweigert; has never spoken with him; never sent him an email; and never communicated with him any other way. Mr. Steele received three "evidence preservation notices" from someone purporting to be Sweigert and an email from Sweigert informing that Steele may be a witness for Sweigert in a case in South Carolina. Mr. Steele did not reply. This lawsuit is not the product of any conspiracy between Plaintiff and Sweigert, Webb, Chavez, Simpson, Stolpman, Lutzke, Outtrim, Fougere, Marsden, Rapp, Weaver, or anyone else.

On May 1, 2019, Goodman signed and filed with the Court an opposition to Sweigert's second motion to intervene in which Goodman made the following misrepresentations that violate Rule 11:

> "Sweigert's alignment with Plaintiff in motive and actions is further evidenced by Plaintiffs recent association[1] with U.S. Congressman Devin Nunes in the widely publicized, ill-conceived law suit Plaintiff encouraged Nunes to initiate against Twitter. Despite the protection of CDA section 230, which shields Twitter and other social media networks from liability related to content posted by users of their network, Plaintiff has aggressively pursued Nunes and personally recommended Biss to bring a suit that legal experts across the political spectrum have derided as guaranteed to fail.
> …
>
> Sweigert has conspired together with other parties to this legal action, including co-Defendant Lutzke and Plaintiff Steele both directly and via third party intermediaries for more than one year and in an ongoing fashion.[2]

---

[1] Plaintiff Steele has no association of any kind with Congressman Nunes. Mr. Steele has never spoken with Congressman Nunes and did not know about the *Nunes* lawsuit against Twitter until after it was filed.

[2] Goodman repeated the baseless allegation that Plaintiff participated in a conspiracy with Sweigert and others elsewhere in his opposition, including on page 16 of ECF No. 106 ("Sweigert, Steele and their co-conspirators engage in a form of acting they call Live Action Role Playing (LARP).") and page 19 of ECF. No. 106 ("Plaintiff and his accomplices have engaged in a persistent campaign of harassment and defamation against Defendant that has consisted of knowingly and deliberately spreading false information throughout various social media platforms on the internet, intended to damage Defendant's reputation, business, financial health and psychological well-being and to chill Defendant's investigative journalism activities which have revealed evidence of crimes.").

4

> …
>
> Plaintiff Steele has knowingly and repeatedly published false and defamatory statements intended to damage Defendant".

[ECF No. 106, pp. 8, 10, 18].

The Court finds that each of the representations in ECF No. 106 violates Rule 11(b)(1) and (b)(3). They were presented for the improper purpose of harassing Plaintiffs and needlessly and vexatiously multiplying this proceeding. There is no evidentiary support for Goodman's statements.

In order to deter repetition of the conduct by Goodman or comparable conduct by others similarly situated, the Court ORDERS the following sanctions:

1. Payment to Plaintiffs of all of the reasonable attorney's fees and other expenses directly resulting from Goodman's violations of Rule 11.

2. A monetary penalty of $25,000 to be paid into Court within ten (10) days.

3. Defendant, Goodman, is hereby restrained and enjoined from using YouTube, Twitter or any other form of social media, or directing or enticing others to use YouTube, Twitter or any other form of social media during the pendency of this action to publish or republish statements about:

5

    (a) this action or the motives of any party in bringing this action or in defending this action;

    (b) the character, credibility, veracity, or reputation of Plaintiffs or any other Defendant and/or their respective counsel;

    (c) the identity of a witness or the expected testimony of Plaintiffs, Defendants, or any witness;

    (d) the identity or nature of evidence expected to be presented in support of any motion or at trial or the absence of such evidence;

    (e) the strengths or weaknesses of the case of any party; and/or

    (f) any other information Defendant Goodman knows or reasonably should know is likely to be inadmissible as evidence in this case and that would create a substantial risk of prejudice or confusion if disclosed.

    It is so ORDERED.

_____
M. Hannah Lauck
United States District Judge

Dated:
Richmond, Virginia