IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT DAVID STEELE et al      )
                                         )
        Plaintiffs,           )
                                         )
v.                             )          Case 3:17-cv-601-MHL
                                       )
                                       )
JASON GOODMAN et al        )
                                       )
        Defendants.       )
                                       )

# **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT, JASON GOODMAN**

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submit this Memorandum in Support of Motion for Sanctions against Defendant, Jason Goodman ("Goodman").[1]

## I.  **INTRODUCTION**

Throughout this proceeding, Defendant Goodman has made a fool of himself and others by publishing videos on YouTube and statements via social media that malign Plaintiffs and promote Goodman's proclamation that this action is a "#fakelawsuit" by a "real idiot". [*ECF No. 39 ("Amended Complaint, ¶ 22(f)*]. Plaintiffs commenced this action on September 1, 2017. At that time, the case involved _**fifteen (15)**_ videos produced and published by Goodman and a handful of other statements that contain false,

---

[1]     This Memorandum is verified by the Declaration of Robert David Steele attached hereto as _Exhibit "A"_.

defamatory and insulting words. [*ECF No. 1, ¶ 17*].  The filing of this action did nothing to deter Goodman's insalubrious, truculent and unlawful use of YouTube.   To the contrary, after being sued Goodman escalated his campaign of defamation and character assassination.  Between September 6, 2017 and March 25, 2018, Goodman produced and published ***fifteen (15) more*** YouTube videos in which he gratuitously made, repeated and republished defamatory statements and insulting words about the Plaintiffs and this action. [*Amended Complaint"), ¶¶ 21, 22, 28*].   Goodman's campaign of defamation continued, even after the Court granted Plaintiffs leave to file an amended complaint. [*ECF No. 38*].   Between March 25, 2018 and May 14, 2018,[2] Goodman uploaded ***eighteen (18) more*** videos to YouTube, in which he made, repeated and republished defamatory and insulting statements about the Plaintiffs and this case. [*See ECF No. 49*]. Between May 14, 2018 and March 31, 2019, Goodman published ***another fifteen (15)*** videos containing false, derogatory, disparaging, defamatory and insulting statements about Plaintiffs, including:

https://www.youtube.com/watch?v=JaA33LEcCrI (May 17, 2018);

https://www.youtube.com/watch?v=JbqmsY_7UDA (May 26, 2018);

https://www.youtube.com/watch?v=LhmeaTU8T5E (June 7, 2018);

https://www.youtube.com/watch?v=h1fFYuxcoCE (June 21, 2018);

https://www.youtube.com/watch?v=TtAG7eBbpI4 (June 21, 2018);

https://www.youtube.com/watch?v=HEx-AqtaXuU&frags=pl%2Cwn
(June 27, 2018)

---

[2]        On May 14, 2018, Plaintiffs filed their memorandum in opposition to Goodman's "Anti-Slapp Motion to Dismiss". [*ECF No. 49*].

https://www.youtube.com/watch?v=VUVT1hY_vas&frags=pl%2Cwn
(June 30, 2018)

https://www.youtube.com/watch?v=GeXeXPWui2g&frags=pl%2Cwn
(July 24, 2018)

https://www.youtube.com/watch?v=NYbMW2NZqU4&frags=pl%2Cwn
(August 6, 2018)

https://www.youtube.com/watch?v=agcQMe8gsmo&frags=pl%2Cwn
(August 7, 2018)

https://www.youtube.com/watch?v=N2uWG7moD7Q&frags=pl%2Cwn
(August 20, 2018)

https://www.youtube.com/watch?v=rThDixbtnCI&frags=pl%2Cwn
(August 21, 2018)

https://www.youtube.com/watch?v=XgTwwAX4_1o&frags=pl%2Cwn
(August 27, 2018)

https://www.youtube.com/watch?v=FFZKTGkoNE8 (December 1, 2018);

https://www.youtube.com/watch?v=7GWkMxKH0FU (March 22, 2019).

On March 31, 2019, the Court entered an Order denying Goodman's motion to dismiss.

[*ECF No. 85, 86*].  In spite of the Court's Order, Goodman continues to publish videos

attacking the Plaintiffs and deriding this case:

https://www.youtube.com/watch?v=iBteEdD66Jc (April 6, 2019);

https://www.youtube.com/watch?v=WwyRPFhW-HE (April 30, 2019);[3]

https://www.youtube.com/watch?v=aUeNLLWikiM (May 1, 2019).

---

[3]     This video interview with Defendant Lutzke, published by Goodman on
April 30, 2019, includes the following description: "Susan Lutzke aka Susan Holmes aka
Queen Tut is a horrible but frequent liar.  She recently called me, revealing a long
suspected conspiracy between her, D. George 'Acton' Sweigert and Robert David Steele
… The sinister plans of these malicious social engineers are being revealed before our
eyes as the fraudulent and vexatious lawsuit brought by Steele continues to crumble."

In addition to his out-of-court antics, Goodman has made serious misrepresentations to the Court in pleadings he signed and filed in this case.

Goodman's malicious falsehoods subject him to sanctions under Rule 11.

## II.  RULE 11 VIOLATIONS

Fed. R. Civ. P. Rule 11(b) provides that by presenting to the court a pleading – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies, *inter alia*, that to the best of his knowledge, information and belief, formed after a reasonable inquiry under the circumstances:

> "(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> …
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

### Goodman has filed multiple pleadings that violate Rule 11(b).

On March 8, 2019, Goodman signed and filed an opposition to a motion to intervene by D. George Sweigert ("Sweigert") [*ECF No. 78*], in which Goodman made the following representations:

> "Plaintiff Steele and Intervenor Applicant Sweigert have been conspiring together and with intermediaries for more than one year and in an ongoing fashion to create and monetize a harassment campaign (The Campaign) intended to disrupt the Defendant's business, personal life and worldwide reputation, and chill Defendant's journalistic endeavors which have revealed evidence of felony crimes by Plaintiff, Intervenor Applicant and third-party co-conspirators.
> …

> This legal action is a product of a conspiracy between Plaintiff, Intervenor Applicant and numerous third-party co-conspirators.  Among these parties are Intervenor Applicant's brother George Webb Sweigert (Webb), Manuel Chavez III aka Defango (Chavez), Frank Bacon, believed to be Tyroan Simpson (Simpson), Nathan Stolpman (Stolpman), co-Defendant Susan Lutzke aka Susan Holmes aka Queen Tut (Lutzke), Steve Outtrim (Outtrim), Dean Fougere aka Titus Frost (Fougere), Kevin Allen Marsden (Marsden), Mari Rapp aka Sugar Shine (Rapp), Jacquelyn Weaver (Weaver) and other unknown parties operating under various online aliases.
>
> …
>
> "'Jason Goodman is on the payroll of a man named Aman Milchan.  Aman has Jason doing work partly out of blackmail.  Jason was at parties with a producer named Brian Singer and there were underaged boys and girls.  Jason was being paid $2,788 a week and its (sic) now up to $3500 a week.'  This mirrors statements made by Plaintiff in video interviews that have since been deleted from YouTube.'"

[*ECF No. 78, pp. 1, 3*].

The false representations in ECF No. 78 violate Rule 11(b)(1) and Rule 11(b)(3). They are presented for the improper purpose of harassing Plaintiffs and needlessly and vexatiously multiplying this proceeding.  There is no evidentiary support for Goodman's statements.

In truth, Plaintiff Steele has never met Sweigert; has never spoken with him; never sent him an email; and never communicated with him any other way.  Mr. Steele received three "evidence preservation notices" from someone purporting to be Sweigert (from email address "spoliation-notice@mailbox.org") and an email from Sweigert informing that Steele may be a witness for Sweigert in a case pending in New York (transferred from South Carolina).[4]  Mr. Steele did not reply.  Counsel for Plaintiffs replied to the "evidence preservation notices", and expressly disclaimed any affiliation

---

[4]     True copies of one of the notices and the email from Sweigert are attached collectively as *Exhibit "B"*.

with the sender of the notices.[5]  This lawsuit is not the product of any conspiracy between Plaintiff and Sweigert, Webb, Chavez, Simpson, Stolpman, Lutzke, Outtrim, Fougere, Marsden, Rapp, Weaver, or anyone else.

In March 2019, Goodman began to go down a new road.  Goodman learned that Counsel for Plaintiffs in this action also represents Congressman Devin G. Nunes in an unrelated defamation case pending in State Court in Henrico County, Virginia.  Goodman immediately began to publish videos about the _Nunes_ case. [*See, e.g.,* https://www.youtube.com/watch?v=fhspoYtibV0 ("Is Nunes' Twitter Lawsuit a Disaster for Legitimate Claims Against Social Media? with Larry Klayman") (March 19, 2019); [https://www.youtube.com/watch?v=g_f-kU6Mzg8 ("Robert David Steele's Attorney Steven S. Biss Sues Devin Nunes' Cow – Legal Analysis with Jared Beck") (March 21, 2019)].  On May 1, 2019, Goodman signed and filed with this Court an opposition to Sweigert's second motion to intervene in which Goodman made the following misrepresentations that violate Rule 11:

> "Sweigert's alignment with Plaintiff in motive and actions is further evidenced by Plaintiffs recent association[6] with U.S. Congressman Devin Nunes in the widely publicized, ill-conceived law suit Plaintiff encouraged Nunes to initiate against Twitter.  Despite the protection of CDA section 230, which shields Twitter and other social media networks from liability related to content posted by users of their network, Plaintiff has aggressively pursued Nunes and personally recommended Biss to bring a suit that legal experts across the political spectrum have derided as guaranteed to fail."

[*ECF No. 106, p. 8*].

---

[5]      A true copy of Counsel's email to Tinder is attached as _Exhibit "C"_.

[6]      Plaintiff Steele has no association of any kind with Congressman Nunes.  Mr. Steele has never spoken with Congressman Nunes.  He did not encourage Congressman Nunes to file suit against Twitter.  Indeed, Mr. Steele did not know about the lawsuit against Twitter until after it was filed and reported on in the press.

> "Sweigert has conspired together with other parties to this legal action, including co-Defendant Lutzke and Plaintiff Steele both directly and via third party intermediaries for more than one year and in an ongoing fashion."

[*ECF No. 106, p. 10*].   Goodman repeated the baseless allegation that Plaintiff participated in a conspiracy with Sweigert and others elsewhere in his opposition, including on page 16 ("Sweigert, Steele and their co-conspirators engage in a form of acting they call Live Action Role Playing (LARP).") and page 19 ("Plaintiff and his accomplices have engaged in a persistent campaign of harassment and defamation against Defendant that has consisted of knowingly and deliberately spreading false information throughout various social media platforms on the internet, intended to damage Defendant's reputation, business, financial health and psychological well-being and to chill Defendant's investigative journalism activities which have revealed evidence of crimes.").  Finally, Goodman represented that:

> "Plaintiff Steele has knowingly and repeatedly published false and defamatory statements intended to damage Defendant".

[*ECF No. 106, p. 18*].

Goodman's statements are patently false.  They violate Rule 11(b)(1) because they are being interposed for an improper purpose:  to harass Plaintiffs and to needlessly increase the cost and expense of this litigation.  They violate Rule 11(b)(3) because there is no evidentiary support for any of these scandalous statements.

### Certification of Compliance With Rule 11(c)(2)

On May 2, 2019, in an effort to resolve the matter without having to file a motion, Plaintiffs' Counsel contacted Goodman via email, notified Goodman of his Rule 11 violations, and requested Goodman to correct and retract the offending statements. Goodman failed and/or refused to respond.

On May 14, 2019, Plaintiffs served the Motion for Sanctions on Goodman.  A copy of Plaintiffs' Counsel's email is attached hereto as *Exhibit "C"*.  Goodman failed and/or refused to withdraw or appropriately correct the challenged pleadings.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court to grant Plaintiffs' motion and to award monetary and non-monetary sanctions against Goodman.

DATED:        June 6, 2019

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK

By:    */s/Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:    (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:          **stevenbiss@earthlink.net**

      *Counsel for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.


By:    */s/Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:        **stevenbiss@earthlink.net**

        *Counsel for the Plaintiffs*