IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT DAVID STEELE )<br>-and- )<br>EARTH INTELLIGENCE NETWORK )<br>   )<br>   Plaintiffs, )<br>   )<br>v.   )<br>   )<br>   )<br>JASON GOODMAN )<br>PATRICIA A. NEGRON )<br>   )<br>-and- )<br>   )<br>SUSAN A. LUTZKE a/k/a )<br>   "QUEEN TUT" )<br>   )<br>   Defendants. )<br>_____) | Case 3:17-cv-601-MHL |

## [Proposed] PROTECTIVE ORDER

WHEREAS, certain books and records required to be produced by the parties in discovery contain sensitive personal, proprietary and/or financial information and material that is not generally known to the public and that is the subject of efforts by the parties, respectively, that are reasonable under the circumstances to maintain the confidentiality of such material;

WHEREAS, the parties, by and through their respective counsel and *pro se*, have stipulated that the books, records and other financial information to be produced as part of discovery in this action shall be treated as confidential pursuant to the terms of this Stipulated Protective Order ("Order");

WHEREAS, the Court finds and concludes that entry of this Order is reasonable and proper under the circumstances and necessary to expedite the flow of discovery and adequately protect information the parties desire to keep confidential, and that its benefits outweigh any burden on access to the judicial process, and that it represents the least onerous alternative for balancing the specific legitimate interests of the litigants, related third-parties, and other affected and interested persons;

Accordingly, for good cause, it is ORDERED as follows:

1) **Purpose**. The purpose of this Order is to protect the privacy of the parties and third-parties, the confidentiality of their legitimate business interests and other non-public, sensitive personal, proprietary and/or financial information, and to permit both compliance with discovery and trial preparation to proceed with a minimum of motions over matters of confidentiality.

2) **Designation of Materials as "CONFIDENTIAL"**. All documents produced in accordance with any Order entered in this case, all documents produced in the course of discovery, from both parties and non-parties (including former employees of any party), all answers to interrogatories, all responses to requests for admission, all responses to requests for production of documents and subpoenas *duces tecum*, all deposition testimony and deposition exhibits, all written testimony such as declarations and affidavits, and all copies, summaries, demonstrative exhibits and information derived therefrom, shall be subject to this Order concerning confidential information, as set forth below:

a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." A party who produces books, records, accountings and other documents and

material may designate it as confidential only when such party in good faith believes it contains sensitive business and/or individual personal information that the party has maintained as confidential (such as tax returns [including attached schedules, forms, and workpapers], financial statements, banking records, medical records, donor/client/customer lists, and billing records), trade secrets or other confidential research, technical, development, or commercial information, or information prohibited from disclosure to third-parties by statute, rule, regulation, or contract. The designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, printing or downloading, any documents containing confidential information will then be marked confidential after review by the producing party but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied, printed or downloaded and marked confidential pursuant to this procedure. In the event documents are produced for inspection electronically, such documents may be marked "CONFIDENTIAL" by (a) a computer generated watermark on the document, (b) being located in a file folder which is itself marked as "CONFIDENTIAL", or (c) being located on a CD or storage device which is itself marked as "CONFIDENTIAL."

      b)    Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

c) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever, other than preparing for and conducting this litigation in which the information or documents were disclosed (including any appeals).

d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees and agents of counsel for the parties. Any such employee or agent to whom counsel for the parties makes a disclosure shall be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to such employees and agents of a party (including parents, subsidiaries, and affiliates) who may provide assistance in the conduct of this litigation. Prior to any disclosure to such employees or agents, such employees or agents shall be provided a copy of this Order.

(iii) Disclosure may be made to the Court and its Clerks (subject to the terms of this Order), court reporters engaged for depositions and those persons or companies, if any, specifically engaged for the purpose of providing litigation support, including, without limitation, electronic discovery support, and making photocopies of documents.

(iv) Disclosure may be made to insurers (and agents and adjusters for such insurers) of a party and to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties in connection with this

lawsuit, and to deponents and potential witnesses. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any person identified in this subparagraph 2(d)(iv), unless and until such person is provided a copy of this Order and agrees in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by signing **Exhibit A.**

    e)    Except as provided in subparagraph (d) above, counsel for the parties shall take reasonable efforts to keep all documents designated as "CONFIDENTIAL" under this Order in a secure area.

    f)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

    g)    **Counsel's Eyes Only**.  The parties agree that certain information and documents are highly sensitive, and may be designated for "COUNSEL'S EYES ONLY". For purpose of this paragraph only, any *pro se* party shall be deemed to be "Counsel". Any document marked "Counsel's Eyes Only", including, but not limited to, personal financial statements and tax returns, shall only be disclosed to Counsel for the parties, and shall not be disclosed by Counsel to any person for any reason. Documents marked "Counsel's Eyes Only" may be used in this action in accordance with the terms and conditions of this Order.

    3)    **Subsequent Identification of Confidential Information**. Information or material inadvertently or mistakenly produced without the designation of "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" may be so designated subsequent to production or testimony if the

producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware that the producing party failed to make such designation at the time of production, during the testimony, or during the seven-day period after receipt of the transcript through inadvertence, mistake, or error. If information or materials are designated "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" subsequent to production or testimony, the receiving party promptly shall take reasonable efforts to collect any copies that have been provided to individuals not entitled to confidential materials under this Order.

4) **Confidential Information Filed with Court**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as "CONFIDENTIAL" in connection with a motion, memorandum or other submission to the Court shall file a motion to seal referencing this Order and the designating party's desire to maintain the confidentiality of such documents. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party designating the document(s) as "CONFIDENTIAL" will have the burden of demonstrating the propriety of filing under seal. Should this Court deny the motion to seal, the documents or materials marked as "CONFIDENTIAL" submitted with the motion, memorandum, or other submission, shall be unsealed and filed with the Court and treated as a public record. This Protective Order does not in any manner restrict any of the parties from presenting documents or information marked as "CONFIDENTIAL" in connection with any filing in the event that the Court denies the motion to seal.

5) **Party Seeking Greater Protection Must Obtain Further Order**. Except on grounds of attorney-client privilege and work-product not addressed by this Order, no information may be withheld from discovery on the ground that the material to be disclosed requires

confidentiality protection greater than that afforded by paragraph 2 of this Order, unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c).

6) **Challenging Designation of Confidentiality**.  A designation of confidentiality by any party may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  In the event a party objects to a designation of materials as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" that party shall give written notice of such objection to the other party prior to filing a motion with the Court.  The parties, by counsel, shall then confer by telephone in a good faith attempt to resolve the dispute.  If no resolution is reached within seven (7) days of written notice of the objection, either party may file a motion and request a ruling whether the material in question should be treated as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" under this Order.  Until the Court rules on a motion that challenges the confidentiality of a document, the parties shall continue to treat the materials as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY under the terms of this Order.  Nothing in this Order or any action or agreement of a party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

7) **Use of Confidential Documents or Information At Hearings or Trial**.  Nothing in this Order shall be construed to affect the use of any document, material or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present documents or information designated as "CONFIDENTIAL" at a hearing or trial shall bring that issue to the other parties' attention, whether by an exhibit list, other filing, email or correspondence.  The parties may thereafter seek any such orders from the Court that are deemed necessary to govern use of such "CONFIDENTIAL" documents or information at the trial or

hearing. Nothing in this Order shall restrict or limit the presentation of evidence to the Court at trial or any other hearing in this action.

8) **Other Litigation**. If a receiving party is served with a subpoena or an order entered in other litigation that would compel disclosure of any material or document designated in this action as "CONFIDENTIAL", the receiving party must notify the designating party, in writing, immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that all or part of the material covered by the subpoena or order is the subject of this Order. The designating party shall bear the burden and expense of seeking protection in the court from which the subpoena or order issued.

9) **Return of Confidential Material at Conclusion of Litigation**. At the conclusion of the litigation, all material designated as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" under this Order and not received in evidence shall be returned to the originating party or destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding the foregoing, counsel of record for the parties shall be entitled to retain in confidence a copy of all Confidential documents to the extent counsel deems necessary to justify professional judgments made in the case. However, counsel of record shall not disclose or permit the disclosure of any Confidential documents to any person after this litigation is concluded.

10) **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning

the subject matter. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order.

11) **Federal Rules of Civil Procedure and Local Civil Rules**. This Order is subject to the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Eastern District of Virginia on matters of procedure and calculation of time periods.

12) **Retention of Jurisdiction**. After final determination of this action, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction over the parties for enforcement of this Order.

13) **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: June ___, 2019

## **EXHIBIT A**

I agree to be bound by the Protective Order in the matter of *Robert David Steele et al. v. Jason Goodman et al.*, Case No. 3:17-cv-601 (MHL) in the United States District Court for the Eastern District of Virginia, Richmond Division, entered on _____, 2019. I have read the Stipulated Protective Order and I understand and agree to its terms and conditions.

Dated this ____ day of _____, 2019.

_____
Name:

Title: