IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT DAVID STEELE  )
    et al  )
        )
    Plaintiffs,  )
        )
v.  )           Case 3:17-cv-601-MHL
        )
        )
JASON GOODMAN  )
    et al  )
        )
    Defendants.  )
        )

# PLAINTIFFS' REPLY
# TO DEFENDANT GOODMAN'S RESPONSE
# TO PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submit this Reply to Defendant, Jason Goodman's ("Goodman"), response [*ECF No. 134 ("Goodman Resp.")*] to Plaintiffs' Motion for Sanctions.

Defendant Goodman's late response[1] to Plaintiffs' Motion for Sanctions is a compendium of personal attacks, gross insults, and one glaring falsehood.

---

[1]    Plaintiffs filed their motion for sanctions on June 6, 2019. [*ECF No. 121*]. Goodman's response was due on June 20, 2019. *Local Civil Rule 7(F)(1) ("*Unless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service")*. Goodman's response filed on June 27, 2019 is late and it should be rejected.

**A.**      ***Scandalous and Impertinent Statements***

Goodman's harangue contains multiple scandalous and impertinent statements that violate Rule 11, including:

- "Plaintiff's instant legal action is a fundamental fraud built on false, baseless and inaccurate claims that are unsupported by evidence, have no basis in law or fact and fail to state a claim for which relief can be granted."
  [*Goodman Resp., p. 1*]

- "[T]he only fools involved in this matter are the Plaintiff, his attorney, Intervenor Applicant [Sweigert] and their band of co-conspirators".
  [*Id.*]

- "Plaintiff and his demonstrably unscrupulous attorney have acted in a pattern and practice which relies on intimidation, threats and initiation of legal action as a method of attack and/or to achieve political goals rather than actually seeking relief for real damages".
  [*Id., ¶ 3, p. 2*]

- Plaintiffs' counsel in this action (Mr. Biss) "represents Congressman Devin Nunes in a series of lawsuits that have been universally derided as baseless attacks on journalism and the first amendment and almost certain to fail on their lack of merits".[2]
  [*Id., ¶ 3, p. 3*]

- "Counsel for Plaintiff is in a regular practice of attempting to overwhelm legal opponents with inappropriate legal action and huge unfounded financial demands for claimed damages.  It is Defendant's belief that this method is intended to intimidate opponents and frighten them into submission, very likely through arbitrated settlement or to otherwise break the financial back of an opponent by forcing them to retain counsel, also ultimately resulting in a settlement."
  [*Id., ¶ 4, p. 3*]

---

[2]      Plaintiffs' counsel's representation of Congressman Nunes has absolutely no relevance to this action.  It is being presented for an improper purpose: to harass, to vexatiously multiply this proceeding, and to needlessly increase cost and expense.

- "Biss was sanctioned by a three judge panel of the circuit court on November 20, 2008 … On October 18, 2010, the Virginia State Bar Disciplinary Board issued a public reprimand to Biss".[3] [*Id., ¶¶ 5, 6, 7, pp. 4-5; ¶ 28, p. 13*]

- "Plaintiff's counsel Steven S. Biss is in the regular practice of flouting the law and encouraging frivolous and vexatious punitive legal action against unfavorable journalists in direct conflict with the first amendment right to free speech.  This tactic was used against Jake Morphonios". [*Goodman Resp., ¶ 19, p. 11*]

- "Counsel for Plaintiff is in a regular practice of ignoring the law, lying to courts, clients, legal adversaries and the public." [*Id., ¶ 28, p. 13*].

These malicious statements should be stricken from the record of this case.

**B.**     *__Goodman's Glaring Falsehood__*

Quite apart from the unprovoked and wholly unprofessional attacks, Goodman has made a blatant misrepresentation to the Court about Plaintiff's counsel.  This misrepresentation is extremely serious.  It cannot be ignored.

In paragraph 8 of his response [*ECF No. 134, p. 5*], Goodman represents that:

"On July 24, 2017 in a matter brought by the New York State Department of Environmental Conservation, Steven Scott Biss and his corporation BissCo were found to have committed violations of Articles 17 and 27 of the Environmental Conservation Law of the State of New York and Title 6 of the Official Compilation of Codes, Rules and Regulations of the State of New York (6 NYCRR) Parts 360, 372, 374, 612, 613, and 614.  A civil penalty of one hundred twenty-two thousand two hundred fifty dollars ($122,250) was assessed against Biss and BissCo jointly and severally.  These actions speak collectively to the integrity, demeanor and general conduct of Steven Scott Biss, both as an unfit to practice attorney and an immoral person.  They illustrate an individual who is willing to do whatever he chooses and whatever is necessary to achieve his desired outcome, irrespective of the law, the public health, the truth, facts or ethics … It is Defendant's hope that this honorable court will keep these important facts in mind when considering the false and outrageous claims of Plaintiff and his totally out of control counsel."

---

[3]     These allegations clearly violate Rule 11(b)(1).  They serve no purpose other than to harass.

A simple Google search reveals that Goodman's statements are 100% false.  Although the State of New York Department of Environmental Conservation did enter a Decision and Order on July 24, 2017, the respondents in that proceeding were Bissco Holding, Inc. and "**Stephen** S. Biss [https://www.dec.ny.gov/hearings/110879.html].[4]

Goodman's incivility and misconduct has gone too far.

## II.  RULE 11 VIOLATIONS

### A.  *No Conspiracy With Sweigert Or Anyone Else*

In response to Plaintiffs' Motion for Sanctions, Goodman claims that the following facts provide evidentiary support for his contention in ECF No. 78 that "Plaintiff Steele and Intervenor Applicant Sweigert have been conspiring together and with intermediaries for more than one year":[5]

- Plaintiff Steele publicly declared in a video that has since been removed from the internet that Goodman was a paid agent of Mossad, and Sweigert told Manuel Chavez III that "Goodman was paid by Black Cube … a private intelligence firm in the UK comprised of former Mossad agents and operatives, according to their own public website".
  [*Goodman Resp., ¶¶ 11-12, p. 7*]

---

[4]     The administrative enforcement proceeding arose out of the operation of Scott's Auto Sales in Saratoga County, New York.  Respondent, **Stephen** S. Biss (no relation to Plaintiff's Counsel, **Steven** S. Biss), was Chief Executive Office of Bissco Holdings, Inc., a New York corporation.  The evidence showed that Stephen S. Biss "resides at 270 County Route 52, Greenwich, New York, and is approximately 65 years old".  Respondent Stephen S. Biss had worked at Scott's Auto Sales "beginning when he was seven years old, and managed the operations at the site from at least January 1, 2000." [https://www.dec.ny.gov/hearings/110879.html].  Plaintiff's Counsel has never been to Saratoga County, New York; was never an officer of Bissco Holdings, Inc.; and was born on May 29, 1965, making him 54 years old.  **The Court should enter an Order to Show Cause why Goodman should not be held in contempt for his false statements.**  This outrageous behavior needs to end immediately.

[5]     In spite of his allegations of a "conspiracy" to injure his reputation, Goodman has not filed a counterclaim or any cross-claims.

- In June 2019, Manuel Chavez ("Chavez") gave Goodman some "personal emails" that include communications with a "Thomas Schoenberger" or "Shoenberger" that provide "talking points for a plan to attack Goodman's reputation". [*Id., ¶ 13*]

- Goodman claims that Exhibit C to his response "provides substantial evidence of the conspiracy alleged by Defendant." [*Id., ¶ 14*]

- Goodman claims that in Exhibit D to his response Plaintiff Steele "admits he is in direct contact with alleged co-conspirator Tyroan Simpson".[6] [*Id., ¶ 15*]

Goodman's response demonstrates that there is no evidentiary support for his allegation that Plaintiff conspired with anyone, including Negron, Lutzke or Sweigert, and that this false accusation is interposed for the improper purpose of running up cost and expense and interjecting impertinent matters in the record to harass Plaintiffs.

**B.**     <u>***No Association With Congressman Nunes***</u>

In ECF No. 106, p. 8, Goodman made the following representations:

"Sweigert's alignment with Plaintiff in motive and actions is further evidenced by Plaintiffs recent association[7] with U.S. Congressman Devin Nunes in the widely publicized, ill-conceived law suit Plaintiff encouraged Nunes to initiate against Twitter. Despite the protection of CDA section 230, which shields Twitter and other social media networks from liability related to content posted by users of their network, Plaintiff has aggressively pursued Nunes and personally recommended Biss to bring a suit that legal experts across the political spectrum have derided as guaranteed to fail."

[*ECF No. 106, p. 8*].

---

[6]      Exhibits C and D provide no evidence of any conspiracy.

[7]      Goodman offers **no evidence** to show that Plaintiff Steele has ever had <u>***any***</u> association of any kind with Congressman Nunes or that Mr. Steele "aggressively pursued Nunes" and "personally recommended Biss to bring a suit".

These are serious misrepresentations of fact.[8]

In his response to Plaintiff's motion for sanctions, Goodman claims that "[a] journalistic source close to Nunes told Goodman directly that Biss was recommended to Nunes by Steele." [*Goodman Resp., ¶ 18, p. 9*].  **The Court should enter an Order to Show Cause why Goodman should not be held in contempt for making these false statements**.  There is no "journalistic source close to Nunes" that ever told Goodman that "Biss was recommended to Nunes by Steele".  Further, Congressman Nunes did not "repeat Plaintiff's talking points" in any interview, including the interview cited by Goodman.  And, the fact that Sweigert may have "publicly proclaimed that Devin Nunes will now be somehow compelled to act in response to this instant legal matter" is also not evidence that Plaintiff Steele has any "association" with Congressman Nunes or that Steele "aggressively pursued" the Congressman at any time for any reason.

In additional to his false statement about a "journalistic source", Goodman publishes the following nasty and impertinent remark:

> "it is Defendant's belief that Counsel for Plaintiff has an ulterior motive in representing Mr. Nunes, possibly as simple and [sic] bilking the a [sic] potentially gullible representative for money and / or publicity."

[*Goodman Resp., ¶ 18, p. 10*].  These statements and many like them violate Rule 11. They are unnecessary, underhanded, vexatious, and malicious.  They should be stricken from the record, and Goodman should be sanctioned.

---

[8]     Goodman's statements are also completely irrelevant to this case.  These statements illustrate the lengths to which Goodman will go to harass Plaintiffs and their Counsel.

**C.**     *No False and Defamatory Statements*

Finally, in ECF 106, p. 18, Goodman represented that:

"Plaintiff Steele has knowingly and repeatedly published false and defamatory statements intended to damage Defendant".

In their Memorandum in Support of Motion for Sanctions [*ECF No. 122, p. 7*], Plaintiffs argued that Goodman's statements are patently false.  They violate Rule 11(b)(1) because they are being interposed for an improper purpose:  to harass Plaintiffs and to needlessly increase the cost and expense of this litigation.  They violate Rule 11(b)(3) because there is no evidentiary support for these scandalous statements.

In his response, Goodman did not address and, therefore, concedes that his representations on page 18 of ECF No. 106 violate Rule 11.

## CONCLUSION

Goodman's response to Plaintiff's motion for sanctions is egregiously abusive.  It exceeds the pale of decency.  Plaintiffs respectfully submit that the Court should not tolerate this kind of abusive behavior from any litigant.

For the reasons stated above, Plaintiffs respectfully request the Court to grant Plaintiffs' motion and to award monetary and non-monetary sanctions against Goodman.


DATED:       July 1, 2019


Signature of Counsel on Next Page

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK


By: _/s/Steven S. Biss_____
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:    (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:      **stevenbiss@earthlink.net**

      *Counsel for the Plaintiffs*


## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF. I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.


By: _/s/Steven S. Biss_____
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:    (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:      **stevenbiss@earthlink.net**

      *Counsel for the Plaintiffs*