# STATEMENT REGARDING DISCOVERY DISPUTES[1]

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Defendant Goodman's failure to comply with Rule 26(a)(1)(A)(ii) | Defendant Goodman represents in his Rule 26(a)(1) disclosures [*ECF No. 125*] that he intends to use the following documents in support of his case:<br>● E-mails exchanged between Defendant Goodman and Plaintiff;<br>● E-mails exchanged between Defendant Goodman and Co-Defendant Negron;<br>● E-mails exchanged between Defendant Goodman and Co-Defendant Lutzke;<br>● E-mails and telephone calls between Defendant Goodman and Counsel for Plaintiff;<br>● E-mails and telephone calls between Defendant Goodman and William F. Kernan.<br><br>**Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | | |

---

[1] Attached as *Exhibit "A"* is a copy of Plaintiff Steele's first request for production of documents. On May 29, 2019, Defendant Goodman filed objections to Plaintiff's first request for production of documents. [*ECF No. 118*]. Goodman rested on his objections. He did not file responses, and has not provided a privilege log or any documents.

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 1 – <br><br> Goodman's Financial Statements and Tax Returns | Plaintiffs, who are seeking punitive damages in connection with multiple claims in this case, are entitled to discover information relating to Goodman's financial condition in advance of trial and without making a prima facie showing that they are entitled to recover such damages. *See, e.g., Turnage v. Clarity Services*, 2015 WL 5092695, at * 4 (E.D. Va. 2015); *id. Stamathis v. Flying J*, 389 F.3d 429, 442 (4th Cir. 2004) ("a defendant's financial position is a proper consideration in assessing punitive damages"); *Torkie-Tork v. Wyeth*, 2010 WL 11431846, at * 3 (E.D. Va. 2010) ("Evidence of net worth and profits may be probative on the question of punitive damages, and its probative value is <u>not</u> substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid."); *Bennett v. R&L Carriers Shared Services, LLC*, 744 F.Supp.2d 494, 537 (E.D. Va. 2010) (same).<br><br>**Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | "Goodman does not have sufficient financial resources to pay the arbitrarily calculated absurdly high sum demanded by Plaintiff. Examination of Goodman's financial records would not only be unduly burdensome and oppressive it would not yield any useful evidence in resolving this matter." | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production Nos. 3 and 5 – <br><br> Documents sufficient to identify the members of the Crowdsource the Truth (CSTT) community, and <br><br> Communications with CSTT members that mention Plaintiff Steele or that are of and concerning Plaintiff | The documents are relevant to Plaintiffs' claims of defamation and insulting words. Goodman published videos in which he stated (falsely) that Plaintiffs defrauded members of the CSTT "community". <br><br> **Virginia does not have a shield law**. The Virginia Constitution does not contain a "reporter's privilege", nor has such a privilege been read into any provision of the Virginia Constitution. Virginia Courts have recognized a "reporter's privilege" under the First Amendment to the United States Constitution, but, importantly, that privilege is *qualified*. Courts have adopted a three-part test to determine when the qualified privilege attaches. The test balances (1) whether the information is relevant, (2) whether the information can be obtained by alternative means, and (3) whether there is a compelling interest in the information. *LaRouche v. Nat'l Broad. Co.,* 780 F.2d 1134 (4th Cir. 1986); *Gilbertson v. Jones*, 2016 WL 6518659 (E.D. Va. 2016). | Goodman claims this request "violates his First Amendment Rights". <br><br> Goodman also claims that this request violates "New York Civil Rights Law – CVR § 79-h. Special provisions relating to persons employed by, or connected with, news media which protects Goodman's right to keep journalistic sources' identities secret" <br><br> \* Goodman raises these objections to virtually all of Plaintiff's document requests | |

3

| | Significantly, there is no First Amendment privilege, absolute or qualified, that protects a reporter from being compelled to testify about conduct that the reporter personally witnessed or participated in, absent a showing of bad faith, harassment, or other such non-legitimate motive. *United States v. Sterling*, 724 F.3d 482, 492 (4th Cir. 2013); *see id. Eramo v. Rolling Stone, LLC*, 2016 WL 5234688 (W.D. Va. 2016) (recognizing that in a defamation action in which the reporter is a party, the plaintiff is entitled to full discovery of all sources, reporter's pitch, notes, etc.).<br><br>**Here, there is no "reporter's privilege" because Goodman personally witnessed and participated in the defamation**. Indeed, his communications, published to third parties such as members of the CSTT community, are directly at issue.<br><br>Even if the "reporter" in this case (Goodman) was a *bona fide* news reporter from a newspaper – as opposed to "YouTuber" – the documents requested by Plaintiff would still be discoverable. *Gilbertson v. Jones*, *supra* (Document 36). | |

|  | In *Gilbertson v. Jones*, a defamation case, the Court ordered the production of notes, recordings and communications between the defendant and a third-party reporter. In conducting the *Larouche* balancing test, the Court found that the reporter's notes and communications were highly relevant. Moreover, "Jones cannot obtain the materials from any alternative source. Only the Reporter has access to her notes or recordings." Finally, the *Jones* Court found that there was a "compelling interest" in the information because it "could play an important role in the outcome" of the case. *Compare United States v. Sterling*, 724 F.3d 482 (4th Cir. 2013) (refusing to quash a subpoena to a reporter to testify about a confidential source of classified information received by the reporter in a criminal case against a former CIA officer); *In re Shain*, 978 F.2d 850 (4th Cir. 1992) (refusing to apply privilege to quash subpoenas to reporters who had interviewed a South Carolina state senator charged with bribery, where there was no issue of confidentiality or government harassment); *United States v. Steelhammer*, 561 F.2d 539 (4th Cir. 1977) (same). |  |  |

| | | | | |
|---|---|---|---|---|
| | **Goodman fails to articulate any reason why his communications with third-parties about Plaintiff Steele should be protected from disclosure**. *United States v. Lindh*, 210 F. Supp. 2d 780, 783 (E.D. Va. 2002) (holding that the privilege only applies "where the journalist produces some evidence of confidentiality or government harassment"); *United States v. King*, 194 F.R.D. 569, 584 (E.D. Va. 2000) (privilege applies only when "both confidentiality of the source material and vexation or harassment is demonstrated by the record").<br><br>Even if the New York Civil Rights Law applies, Goodman is not a "professional journalist" within the meaning of the New York statute and Plaintiff's discovery requests do not seek the disclosure of "news". Further, the documents requested are highly relevant, necessary to the maintenance of Plaintiff's claims, including actual malice, and are not obtainable from an alternative source.<br><br>**Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | | | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 6 – <br><br> Documents that mention Plaintiff Steele or that are of and concerning Plaintiff | These documents are relevant to all of Plaintiffs claims, and they may lead to the discovery, *inter alia*, of additional material witnesses, additional instances of defamation, actual malice, etc. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production No. 11 – <br><br> Documents that constitute or evidence communications between Goodman and Negron | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation, collaboration between Goodman and Negron, etc. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 12 – <br><br> Documents that constitute or evidence communications between Goodman and Lutzke | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation, collaboration between Goodman and Lutzke, etc. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production No. 14 – <br><br> Documents that constitute or evidence communications between Goodman and the State of New York (including any department of agency thereof) relating to Plaintiff Steele | These documents are relevant to Plaintiffs claims of defamation, and they may lead to the discovery, *inter alia*, of evidence concerning Goodman's knowledge of the falsity of his accusations of "tax fraud" and "charity fraud". <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production Nos. 15-45 – <br><br> Communications relating to Plaintiff Steele or this action between Goodman and the specific persons identified in Goodman's videos | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> *Williams Printing Co. v. Saunders*, 113 Va. 156, 73 S.E. 472, 474 (1912) ("Any other words written or spoken by the defendant of the plaintiff, either before or after those sued on, or even after the commencement of the action, are admissible to show the animus of the defendant, and for this purpose it makes no difference whether the words tendered in evidence are themselves actionable or not."). <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims these requests violate his First Amendment Rights and New York Civil Rights Law | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production Nos. 48-49 – <br><br> Notes, memoranda and records of conversations between Goodman and Negron and/or Lutzke | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims these requests violate his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production Nos. 50-57 – <br><br> Records of phone calls and text messages between Goodman and Negron and/or Lutzke | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims these requests violate his First Amendment Rights and New York Civil Rights Law | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 58 – <br><br> Audio-recordings of conversations between and among Goodman, Negron and Lutzke | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production No. 61 – <br><br> A list of all Twitter, YouTube, Facebook, Patreon, Periscope, Google Plus, Bitchute and/or Tinder accounts created, maintained or used by Goodman | These documents are relevant to all of Plaintiffs claims, including to show the breadth of Goodman's defamation, which is relevant to Plaintiffs' damages. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request seeks "personal information about Goodman irrelevant to this matter intended to harass, intimidate, embarrass or damage Defendant's worldwide reputation and unduly burden Defendant and would not yield useful evidence in resolving this matter." | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production Nos. 64-66 – <br><br> Communications relating to Plaintiff Steele between Goodman and subscribers to the YouTube channels at issue in this action | These documents are relevant to all of Plaintiffs claims, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents.  Plaintiffs move the Court to order immediate production.** | Goodman claims these requests violate his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production Nos. 67-68 – <br><br> Tweets, comments, posts, blogs, photographs, videos, messages or written content of any kind **posted by Goodman** (or by any person acting at her direction) on Twitter or Facebook that mention Plaintiff Steele or that are of and concerning Plaintiff <br><br> Or that mention Negron or Lutzke | These documents are relevant to all of Plaintiffs claims, including business and common law conspiracy, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled.  Plaintiff is only looking for tweets, posts, messages, etc. *by Goodman*. <br><br> **Goodman has failed to produce any documents.  Plaintiffs move the Court to order immediate production.** | Goodman claims it would be "virtually impossible" to produce all tweets, etc. "by all people using these services". | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 70 – <br><br> Documents received from third-parties | These documents are relevant to all of Plaintiffs claims, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |
| Plaintiff's Request for Production No. 71 – <br><br> Any and all documents that evidence, demonstrate or show that Plaintiffs, or either of them, committed "felony charity fraud" or "tax fraud" or "fraud" of any other kind | These documents are relevant to all of Plaintiffs claims, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims that this request "appears to be a trick question intended to provoke a desired response to possibly be used against the defense … [T]his is another request for production of redundant material intended to waste Defendant's time and resources, or otherwise cause the Defendant to make statements Plaintiff might twist to Plaintiffs advantage." | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 72 – <br><br> Documents that evidence or prove the allegation in Goodman's answer [*ECF No. 44*] that Plaintiffs conspired with Negron and/or Lutzke to bring about the amended complaint | These documents are relevant to Goodman's defense and his credibility and veracity. <br><br> Goodman's objection is meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims that this request "appears to be a trick question intended to provoke a desired response or statement". | |
| Plaintiff's Request for Production No. 73 – <br><br> Documents that evidence or prove that Plaintiff Steele has conspired with Lutzke and/or Sweigert to harass or disrupt Goodman's business, personal life, reputation, and/or to chill Goodman's journalistic investigations | These documents are relevant to Goodman's defense and his credibility and veracity. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims that this request "is specifically intended to deceive or otherwise provoke a statement from Defendant that would be used to discredit the allegation of conspiracy." | |

| Specific Dispute At Issue | Plaintiffs' Position | Defendant Goodman's Position | Court's Ruling |
|---|---|---|---|
| Plaintiff's Request for Production No. 74 – <br><br> All emails sent by Goodman from [jason@21stcentury213d.com](jason@21stcentury213d.com) that mention Plaintiff or this action | These documents are relevant to all of Plaintiffs claims, and they may lead to the discovery, *inter alia*, of additional instances of defamation and Goodman's actual malice. <br><br> Goodman's objections are meritless and should be overruled. <br><br> **Goodman has failed to produce any documents. Plaintiffs move the Court to order immediate production.** | Goodman claims this request violates his First Amendment Rights and New York Civil Rights Law | |

**Efforts Made To Resolve the Discovery Disputes**

On June 18, 2019, Plaintiffs, by counsel, contacted Goodman via email; notified Goodman that his Rule 26(a)(1)(A)(ii) disclosures and his responses to Plaintiff Steele's request for production of documents were overdue; and requested available dates for a telephone conference to confer about the outstanding discovery.

Goodman ignored Plaintiffs' attempt to confer.

On June 21, 2019, Plaintiffs filed their motion to compel mandatory disclosures and documents. [*ECF No. 126*].

On July 1, 2019, Plaintiffs' counsel emailed Goodman a draft of a Joint Statement detailing and itemizing the specific discovery disputes at issue. Plaintiffs' counsel requested Goodman to review the draft Joint Statement to see if there were any disputes that could be resolved without Court intervention.

Goodman provided no comments on that draft Statement regarding discovery disputes.

In an effort to resolve or at least narrow the number of discovery disputes, Plaintiffs' counsel requested Goodman to identify in writing[2] any objections Goodman was willing to withdraw.

Goodman did not indicate that he was willing to withdraw any of his objections.

Plaintiffs' Counsel also requested Goodman to provide a list of the documents to which objection was made (i.e., a privilege log), together with a brief description of the documents, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for protection.

Goodman failed or refused to provide a privilege log.

---

[2] Goodman telephoned Plaintiffs' counsel three (3) times on July 1, 2019. Due to the extremely serious (and escalating) nature of Goodman's hateful, hostile, vulgar and unprofessional accusations and misstatements, Plaintiffs' Counsel is no longer willing to speak with Goodman via telephone. Virtually every email from Goodman is punctuated with threats and falsehoods. For instance, in response to a follow-up email on July 2, 2019 regarding the Joint Statement, Goodman wrote, "[y]our behavior remains unprofessional, disingenuous and completely dishonest. I expect you will be permanently disbarred soon and will do my best to ensure that happens." Plaintiffs' Counsel wishes to avoid conflict with Goodman, and is concerned that Goodman will manufacture facts and/or livestream conversations to his fellow YouTubers and the "Crowdsource the Truth" community.

Respectfully Submitted

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK


By:   */s/Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:       **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*


\*     **Defendant Negron has fully performed her discovery obligations, and has cooperated in resolving all issues that have arisen regarding her discovery responses.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.

By:  */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:          stevenbiss@earthlink.net

*Counsel for the Plaintiffs*