IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT DAVID STEELE, *et al.*,

    Plaintiffs,

v.                                                                       Civil Action No. 3:17cv601

JASON GOODMAN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on four motions, all pertaining to discovery:

(1) *pro se*[1] Defendant Jason Goodman's "Motion for Protective Order and Motion to Stay Discovery," ("Goodman's Discovery Motion"), (ECF No. 109);

(2) Plaintiffs Robert David Steele and Earth Intelligence Network's ("EIN," and, collectively with Steele, "Plaintiffs") Motion for Sanctions, (ECF No. 121);

(3) Plaintiffs' Motion to Compel Discovery, (ECF No. 126), and the related Discovery Chart, (ECF No. 136); and,

(4) Plaintiffs' Motion for Protective Order, (ECF No. 127).

The motions border on unintelligibility, and a review of the parties' other filings complicate matters further. Critically, Goodman and Plaintiffs (collectively, "Parties") consistently fail to satisfy all Local Rules for the Eastern District of Virginia. As a result, the Court will not decide the merits of these motions in their current form.

---

[1] District courts have a duty to liberally construe *pro se* pleadings. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). But the Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

# I. Goodman's Protective Order and Motion to Stay Discovery

In what purports to be a Motion for Protective Order and for Stay of Discovery, Goodman seeks a relief from engaging in discovery for this case via improper procedure and based on upon several faulty positions. First, Goodman's Discovery Motion does not comply with Local Rule 7(F)(1), which states, in relevant part: "All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2),[2] shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Goodman's Discovery Motion consists of a single document in which Goodman moves the Court to stay discovery and enter a protective order in his favor and without making any substantial arguments in support of his motion.[3] Goodman failed to file his supporting brief separate from the motion itself, as required by the Local Rules.

As to compliance with the Federal Rules of Civil Procedure, Rule 26 governs the broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[2] "Unless the court directs otherwise, briefs need not accompany motions for: (a) a more definite statement; (b) an extension of time to respond to pleadings, unless the time has already expired; and (c) a default judgment." E.D. Va. Loc. Civ. R. 7(F)(2).

[3] For example, without offering any factual support for his conclusory position, Goodman argues that "discovery of personal information would not have proportional importance to the resolution of Plaintiff[s'] claims." (Goodman Disc. Mot. 3, ECF No. 109.) Goodman cannot refuse to engage in discovery because he believes it is not appropriate under the law. The Court makes those determinations. Goodman's alleged noncompliance with discovery and disclosures lacks legal justification.

2

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Of course, discovery matters fall within the Court's sound discretion, and Goodman parrots the Rules when noting that "the court may grant an order to deny, limit or restrict discovery to '[p]rotect a participant or other person from undue annoyance, burden, harassment or oppression.'" (Goodman Disc. Mot. 3 (quoting Fed. R. Civ. P. 26(c)(1) (emphasis omitted)).)

But in relying on Rule 26(c)(1), Goodman fails to satisfy an additional procedural prerequisite: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Goodman's Discovery Motion meanders along a series of communications with Counsel for Plaintiffs regarding the Rule 26(f) Conference, focusing almost exclusively on alleged failures by Plaintiffs' Counsel. This does not constitute the kind of certification, or good faith attempt, that the Federal or Local Rules require.

Even were the Court to overlook these procedural defects, Goodman's Discovery Motion fails to raise legally relevant arguments. Goodman generally makes two arguments in favor of entering a protective order, neither of which persuade the Court. First, Goodman essentially argues his case: "Plaintiff has failed to make a legitimate claim for which relief can be granted." (Goodman Disc. Mot. 2.) Goodman previously filed a Rule 12(b)(6) Motion to Dismiss, (ECF No. 45), which the Court denied, (ECF No. 86). Goodman's insistence that Plaintiffs cannot prevail at trial cannot form the basis to refuse engaging in discovery.

Second, Goodman argues that Plaintiffs and Negron are conspiring against him. According to Goodman, Plaintiffs and Negron "are cooperating to use this instant legal action as

a burdensome weapon of harassment against [Goodman] and to chill [Goodman's] journalistic investigations into alleged criminal activity." (Goodman Disc. Mot. 5.) Though Goodman attaches copies of what purport to be email chains, he cites to no factual evidence in support of this claim, except to state that parties have engaged in settlement discussions—activity which this Court encourages among parties. *See, e.g., In re A.H. Robins Co.*, No. 98-1825, 1999 WL 55394 (4th Cir. Feb. 8, 1999) ("The law strongly favors settlement of litigation.") Goodman's unsupported accusation cannot drive the scope of discovery in this matter.

Although the Court remains mindful that it must construe Goodman's pleadings liberally, Goodman must still comply with the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Virginia, and applicable law.[4] The Court will deny the Motion.

## II. Plaintiffs' Motion for Sanctions

By separate motion, Plaintiffs seek sanctions against Goodman for allegedly posting offensive social media material while this case pends, and for filing false and harassing papers in this Court which, according to Plaintiffs, amount to vexatious and defamatory representations that violate Fed. R. Civ. P. 11(b)(1) and 11(b)(3). (Mem. Supp. Mot. Sanctions 5, ECF No. 122.) Experienced counsel, not a *pro se* litigant, places this motion (and several similarly fervent filings regarding discovery) on the docket.

It is with chagrin that Court must begin to address this motion by observing that, despite assistance by counsel, Plaintiffs engage in *ad hominin* attacks against Goodman which the Court cannot tolerate. Whatever the legal merits of Plaintiffs' Motion for Sanctions, the Court will not

---

[4] The Court expresses dismay at Plaintiffs' response in opposition to the Discovery Motion. Whether Plaintiffs prevail or not, Counsel shall refrain from dubbing any litigant before the Court as "childish," or as engaging in "unprofessional theatrics" or "juvenile bullying." (Resp. Disc. Mot. 1, ECF No. 115.) A conclusory statement that "Plaintiffs and their counsel refuse to engage Goodman," (*id.*), falls well below the standard of practice this Court expects.

consider motions declaring that a litigant—especially a *pro se* litigant—has "made a fool of himself." (*Id.* 1; *see also, supra*, n.4.) The Court reminds Counsel for Plaintiffs that, as an officer of the Court, he may be sanctioned for engaging in conduct unbefitting of this Court. Local Rule 83.1(J), which pertains to "Courtroom Decorum," has equal force on the papers: "Counsel shall at all times conduct and demean themselves with dignity and propriety." E.D. Va. Loc. Civ. R. 83.1(J). The Court will deny without prejudice the Motion for Sanctions. (ECF No. 121.)

Although the Court denies the Motion for Sanctions, the Court chooses to address several procedural lapses in Goodman's filings in response to the Motion for Sanctions. In doing so, the Court recognizes Goodman's *pro se* status, but reiterates to him that—like any other litigant before the Court—he cannot exempt himself form the rules or the law. If he continues to do so, Goodman risks his filings being disregarded, monetary or other sanctions against him, or both.

For instance, in response to Plaintiffs' Motion for Sanctions, Goodman improperly filed a document entitled "Defendant's Sworn Statement," which, in deference to his *pro se* status, the Court allows and refers to as the "Response to the Motion for Sanctions."[5] (ECF No. 134.) After Plaintiffs filed their reply, Goodman filed another document related to the Motion for Sanctions entitled "Defendant's Amended Response to Plaintiff's Motion for Rule 11 Sanctions." (ECF No. 139.)

Goodman cites no authority that would permit him to amend his response to the Motion for Sanctions without leave of Court. The Local Rules of the Eastern District of Virginia expressly provide that a moving party may file a motion; the opposing party must file a response;

---

[5] The Local Rules require a party to file a "response" to a motion, and parties should title their documents in accordance with standard procedure. *See* E.D. Va. Loc. Civ. R. 7(F)(1).

and the moving party may file a reply. *See* E.D. Va. Loc. Civ. R. 7(F)(1). "No further briefs or written communications may be filed without first obtaining leave of Court." *Id.* Goodman did not seek leave of Court, and the Court declines to grant it *sua sponte* (on its own accord). The Court will not consider this document[6] or other improperly filed documents.

### III. Plaintiffs' Motion to Compel And the Discovery Chart

Separately, Plaintiffs filed a Motion to Compel,[7] seeking mandatory disclosures and documents from Goodman.[8] In the Motion to Compel, Plaintiffs claim that Goodman has failed to produce necessary documents. Plaintiffs seek attorney's fees related to the filing of the Motion to Compel. Plaintiffs state their intention to file a "Joint Statement detailing and itemizing the specific discovery disputes at issue" and a commitment to "obtain Goodman's cooperation in preparing the Joint Statement." (Mot. Compel 2, ECF No. 126.) Goodman did not respond directly to the Motion to Compel, although his other filings address discovery.

Having reviewed the Motion to Compel, the Court ADMONISHES Goodman that failure to comply with mandatory disclosures could result in the Court awarding Plaintiffs their

---

[6] Even liberally construing the document as a surreply, rather than an amended response, results in the same outcome: Goodman cites no authority to file a surreply without leave of Court, and the Court will not consider the document.

[7] Despite the assistance of Counsel, Plaintiffs, like Goodman in his Discovery Motion, failed to attach a separate brief in support of the Motion to Compel, in violation of Local Rule 7(F)(1). *See* E.D. Va. Loc. Civ. R. 7(F)(1) ("All motions, unless otherwise directed by the Court and except as noted herein below . . . shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."). No permitted exception applies.

[8] The Motion to Compel better represents appropriate courtroom decorum. Counsel for Plaintiffs clearly identifies the disagreement between the parties and, without resorting to colorful adjectives, seeks relief from the Court.

6

attorneys' fees incurred in filing motions and otherwise litigating over the necessary discovery. The Court will not tolerate an unreasonable refusal to engage in discovery.

Shortly after filing the Motion to Compel, in apparent accordance with their stated intention in the Motion to Compel, Plaintiffs filed a "Statement Regarding Discovery Disputes," (the "Discovery Chart"). (ECF No. 136.) The Court acknowledges Plaintiffs' effort to distill the discovery dispute into a format that this Court often employs. But, for two reasons, the Court cannot rely on the Discovery Chart to resolve the discovery dispute between Plaintiffs and Goodman or to rule on the Motion to Compel.

First, upon review of the Discovery Chart, the Court cannot conclude that Goodman assisted in its preparation, as this Court would require. Indeed, Plaintiffs identify and complain about this precise issue. In the Discovery Chart, Plaintiffs note that Goodman did not file responses to Plaintiffs' first request for production of documents, instead "rest[ing] on his objections." (Disc. Chart 1 n.1, ECF No. 136 (citing Goodman's Resp. Req. Docs., ECF No. 118).) Plaintiffs describe the efforts made to resolve the discovery dispute, stating that "Goodman ignored Plaintiffs' attempt to confer," (*id.* 15), and "failed or refused to provide a privilege log," upon request, (*id.* 16). But the parties must jointly prepare and submit a Discovery Chart. It is the wrong tool to use in this instance.

Second, although the Motion to Compel largely stays within bounds, the Discovery Chart that purports to synthesize the disagreement for the Court plainly crosses the line. In the Discovery Chart, Counsel for Plaintiffs expresses his frustration by again resorting to unacceptable language, a tactic all the more bewildering considering that—as Counsel for Plaintiffs well knows—the Discovery Chart should represent parties' best effort to jointly present their arguments about discovery to the Court. It is difficult to interpret this document as

Plaintiffs' best effort to "obtain Goodman's cooperation in preparing the [Discovery Chart]," (Mot. Compel 3), or a good faith effort to represent Goodman's position when it includes personal attacks against the *pro se* defendant.

Indeed, Counsel for Plaintiffs describes Goodman's accusations as "hateful, hostile, vulgar[,] and unprofessional," before stating that Counsel for Plaintiffs "is no longer willing to speak with Goodman via telephone." (Disc. Chart 16.) Especially given Goodman's *pro se* status, the Court ADMONISHES Plaintiffs that a blanket refusal to engage litigants in any kind of telephonic communication risks violating the rules of this Court. Given the vitriol evinced in Plaintiffs' filings, it is difficult to conclude that the fault for the communication breakdown lies at the feet of just one party.

The Court will not tolerate an unreasonable refusal to engage in discovery by any party. Failure to comply with discovery rules and procedures could result in the Court imposing sanctions on Plaintiffs or Goodman. Counsel for Plaintiffs shall be prepared, at the scheduled Pretrial Conference, to address how he envisions resolving these communication issues to move forward in this case. Given the apparent breakdown in communication to this point, the Court will deny without prejudice the Motion to Compel. (ECF No. 126.)

### IV. Motion for Protection Order

Lastly, the Court has reviewed the Motion for Protective Order submitted by Plaintiffs. Plaintiffs represent that Plaintiffs and Negron met and conferred, and that Negron does not oppose the Motion for Protective Order. According to Plaintiffs, "Goodman failed to respond to Plaintiffs' attempt to confer." (Mot. Protective Order 1, ECF No. 127.) Goodman did not respond to the Motion for Protective Order. The Protective Order seems uncontroversial.

Because the Protective Order will bind all parties in the case, the Court will address the Protective Order at the upcoming Initial Pretrial Conference.

## V. Conclusion

Having reviewed the motions, and accompanying filings, the Court reminds parties that it expects all parties—counseled or not—to follow the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Virginia, and all applicable law. Parties will act with the professionalism and dignity befitting of this Court and will prepare to discuss discovery, protective orders, and other pretrial matters at the scheduled July 31, 2019 Pretrial Conference. The Court ADMONISHES all parties that failure to comply with the Federal or Local Rules or this Court's directives may result in sanctions.

To be crystal clear, neither party serves its interest, or the interest of justice, by continuing to label the other side with nasty names. This is a defamation case. In such litigation, one party usually thinks she or he has said something true or permissible, and the other party feels so strongly otherwise that a lawsuit is initiated. Here, as in most defamation cases, each side vehemently disagrees with each other's characterization of events. But the proper characterization of facts is what this case will determine. The parties will not persuade each other. A jury, or judge, decides who is right, not the litigants. The parties shall cease engaging in a non-stop screed against the other, and perhaps pause to recognize that doing so might not just serve judicial efficiency, but also might demonstrate the rationality of their position relative to the other's.

For the reasons stated above, the Court will deny Goodman's Discovery Motion. (ECF No. 109.) The Court will deny without prejudice Plaintiffs' Motion for Sanctions, (ECF No.

9

121), and Plaintiffs' Motion to Compel, (ECF No. 126). The Court will take under advisement Plaintiffs' Motion for Protective Order. (ECF No. 127).

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/25/19
Richmond, Virginia