IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE, et al.**

      **Plaintiffs,**

v.                                                    **Civil Action No. 3:17cv601**

**JASON GOODMAN, et al.**

      **Defendants.**

## INITIAL PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court.

### Trial Date

1.      Trial is scheduled with a jury to commence on **March 18, 2020**, at 10:00 a.m. and continue through **March 20, 2020**. The parties shall appear at 9:00 a.m. to address any pretrial matters should they arise.

### General Instructions

**A.**      **Conflict with the Local Rules, Federal Rules of Civil Procedure, or Prior Pretrial Orders**

2.      This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Pretrial Orders that have been entered in this matter.

3.      Parties perceiving a conflict shall raise it by motion, brief it in the manner required by the Local Rules and demonstrate therein why the perceived conflicting provision of a Pretrial Order or Scheduling Order should not control.

**B.      Filing Deadlines and Calculating Dates**

4.      All filing deadlines expire at 5:00 p.m. on the applicable date, except as specifically ordered by the Court.

5.      If any deadline established herein shall fall on a Saturday, Sunday, or federal holiday, the deadline shall be presumed to have expired at 5:00 p.m. on the nearest preceding business day.

6.      Two courtesy copies, including exhibits, of each motion and memoranda or brief in support or opposition shall be delivered to Chambers not later than the next business day after the filing of the paper.

7.      For the purpose of calculating dates, the date of trial shall not be counted.

**C.      Settlement**

8.      Counsel shall notify the Court immediately of any settlement.  The Court will place the case on the docket for a status hearing within thirty (30) days of notification.

9.      If a fully executed order is received prior to the presentation date, the case will be removed from the docket and counsel need not appear.

10.      If such an order is not timely submitted, the action could be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

**Responsive Pleadings**

11.      Any party that has not filed an Answer shall do so within eleven (11) days from the date of this Initial Pretrial Order.  Filing an Answer shall not waive any previously filed

2

motions or properly presented objections to jurisdiction or service of process.  In extraordinary cases, the Court may modify this requirement on a motion of a party.

12.     Any motions for joinder of additional parties shall be filed within fifteen (15) days after entry of this Order.

13.     Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15.  Any such motions filed that do not comply with Rule 15 will be entertained only when justice so requires.

**Rule 26 Experts**

A.      **Rule 26 Expert Disclosures**

14.     On or before one hundred twenty (120) days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint and shall file the written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

15.     On or before ninety (90) days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint and shall file the written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

16.     On or before seventy-five (75) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 3(b) and shall file the written report complying with the requirement of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

17.     Only one expert per discipline is permitted, except by order of the Court.

**B.**     **Motions Challenging Expert Designation or Testimony**

18.     Motions challenging the designation of experts or expert testimony based upon

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, shall be

filed not later than sixty (60) days before trial.

19.     Any party desiring a hearing on a motion challenging the designation of experts

or expert testimony shall contact Chambers to schedule a hearing when the motion is filed.  Such

hearing shall take place not later than thirty (30) days before trial.

Discovery

**A.**     **Electronic Discovery**

20.     Counsel for the parties shall confer in advance of the Rule 16 Scheduling

Conference as prescribed by Rule 26(f), or as otherwise may be directed by the Court, for the

purpose of confirming compliance with the dictates of Rule 26(f) to include a determination of

what electronic discovery will be sought by any party regarding what issues; what electronic

retention and retrieval systems are in use by the responding party; whether agreement can be

reached as to the need for preservation of relevant electronic data with a proscribed disclosure

method and schedule; whether agreement can be reached addressing privileged issues, including

a non-waiver proviso; whether there is a need for the designation by each party of an individual

to act as a liaison for the party as to all electronic discovery; and the possible need for periodic

case management conferences to address any new issues and to insure compliance with whatever

has been agreed upon or ordered by the Court.  Counsel shall be prepared to address such issues

at the Rule 16 Scheduling Conference, or thereafter by formal submission if the Rule 26(f)

Conference has not taken place before the Scheduling Conference.

4

**B.      Completion of Discovery**

21.      All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than seventy (70) days prior to the trial, except by order of the Court.

**C.      Discovery Disputes**

22.      All parties are expected to resolve discovery disputes without filing pleadings or involving the Court.

23.      In the unusual event that, after a good faith effort, counsel and *pro se* litigants are unable to resolve a dispute and the resolution of the dispute requires Court intervention, the parties shall follow the following procedure:

a.      The aggrieved party—the party objecting to the discovery request—shall file a Motion stating the nature of the dispute and citing the rule(s) invoked.

b.      The Motion shall certify that the parties have made a good faith effort to resolve the discovery dispute.

c.      The Motion shall detail and itemize the specific discovery disputes at issue.  The Motion shall include the objecting party's position with regard to each issue, including the applicable facts, supporting law, the rule involved, and legal analysis.

d.      The requesting party—the party that made the initial discovery request— shall file a Response within seven (7) days.

e.      No other briefing will be permitted.

f.      If the discovery dispute concerns the objection to the production of documents on the grounds of attorney-client privilege, the work product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the

5

documents to which objection is made (i.e., a privilege log), together with a brief description of the documents, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection.  Unless otherwise ordered by the Court, the objecting party shall serve the privilege log and copies on the requesting party and provide a copy to the Court along with the Motion.

g.   The Motion shall include a specific section regarding the efforts made by the parties to resolve the dispute and the required certification pursuant to Local Rule 37(E), signed by either counsel for the objecting party or the objecting party if proceeding *pro se,* that the parties have met and conferred in good faith to resolve the dispute.

24.   Along with filing the Motion, the moving party—the party objecting to the discovery request—shall contact the Court to inform the Court whether a hearing is necessary. Any hearing will be scheduled on an expedited basis, consistent with the demands of the Court's docket.

25.   Any discovery-related issues not raised pursuant to the above procedures and within five days before the discovery cutoff are deemed waived.

**D.   Filing Discovery Materials with the Clerk**

26.   No discovery materials shall be filed with the clerk except by order of the Court.

## Motions

### A.     Dispositive Motions

27.     All dispositive motions shall be filed not later than sixty (60) days prior to trial. This deadline shall not change, except by order of the Court.  Counsel are reminded of the requirements of Local Rule 56(B) which is specifically incorporated herein regarding motions for summary judgment.

### B.     Non-Dispositive Motions Not Based on *Daubert*

28.     All non-dispositive motions, including all motions *in limine*, except those based on *Daubert* and/or challenging the designation of experts or expert testimony, shall be filed in sufficient time, taking into account the time allowed for responses and replies, to be heard no later than ten (10) days prior to trial.

### C.     Hearings on Motions

29.     Any party desiring a hearing on a dispositive motion shall contact Chambers to schedule a hearing when the motion is filed.  Such hearing shall take place not later than thirty (30) days prior to trial.

30.     Any party desiring a hearing on a motion *in limine* shall contact Chambers simultaneous to the filing of the motion to schedule a hearing.  Such hearing shall occur not later than ten (10) days prior to trial.  Absent extraordinary circumstances, hearings on motions *in limine* and other non-dispositive motions shall not occur the morning of trial, unless the information or circumstances upon which any motion would be based becomes known or develops at a later date.

## Trial Preparation

**A.      Proposed Witnesses**

31.      Each plaintiff shall file a list of proposed witnesses not less than forty (40) days

prior to trial and each defendant shall designate its witnesses no later than thirty (30) days prior

to trial.  Plaintiff shall file a list of any rebuttal witnesses not later than twenty-five (25) days

prior to trial.  Failure to comply with the provisions of this paragraph will, in the absence of

exceptional circumstances, result in preclusion of a witness's testimony at trial.

**B.      Proposed Exhibits**

32.      Each plaintiff shall file a list of proposed exhibits not less than forty (40) days

before trial and they shall provide a copy of all proposed exhibits to all parties on the date filed.

Each defendant shall file a list of proposed exhibits and provide a copy of same to every party

not less than thirty (30) days before trial.  The plaintiff shall file a list of any rebuttal exhibits not

less than twenty-five (25) days before trial.  Any objection to any exhibit shall be noted by

appropriate pleading not later than twenty (20) days before trial and any submission shall include

a copy of the subject exhibit(s).  Any exhibit to which no objection is made shall be admitted

without further action.  Any exhibit not listed and timely filed will not be admitted at trial unless

used solely for impeachment or rebuttal purposes.

33. Four (4) separate copies, properly identified, of all proposed exhibits shall be

submitted to the Court at least seven (7) business days prior to trial.  Exhibits shall be arranged in

a notebook, with each exhibit marked and individually tabbed.  Plaintiff's exhibits shall be

numbered and Defendant's exhibits shall be lettered.  Each exhibit notebook should contain an

index identifying each exhibit by number or letter and a short neutral description.

8

34.     The parties are admonished that no exhibit will be permitted to be published to a jury during the course of trial unless a separate copy of said exhibit is available for each juror or the subject exhibit is of such a size (or enlarged to such a size) as to permit simultaneous examination by the entire jury.  If counsel so desires, exhibit notebooks may also be provided for each juror.

35.     The courtroom is equipped with screens for the viewing of evidence.  Monitors are located on counsel tables, on the bench, and in the jury box.  The courtroom has a document viewer that displays documents on the monitors; the parties may use the document viewer. Please visit the following website for complete information on the Court's evidence presentation system and technology:  http://www.vaed.uscourts.gov/resources/Court%20Technology/ evidence_presentation_systems.htm.  The courtroom is equipped to allow the parties to use personal laptop computers to aid in displaying evidence at trial.  The Court does not provide computers for the use of parties.  Before bringing a computer into the courthouse, counsel should deliver to the Court a letter requesting permission to do so; if appropriate, the letter will be marked as approved by the Court, and counsel should present the letter to the court security officers at the courthouse entrance.  Counsel should confer with the deputy clerk to conduct a test of the courtroom technology before trial.

C.     **Discovery To Be Used in Evidence**

36.     Each plaintiff shall designate by appropriate pleading not less than forty (40) days prior to trial any discovery material which is intended to be offered into evidence and each defendant shall do likewise not less than thirty (30) days prior to trial.  The plaintiff shall designate any rebuttal discovery not later than twenty-five (25) days before trial.  Any objection to the introduction of any discovery material shall be noted by appropriate pleading which shall

9

be filed no later than twenty (20) days prior trial or the objection shall be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for use in cross examination and/or for impeachment purposes.

### D.     Written Stipulations

37.     No later than forty (40) days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Unless the parties agree otherwise, this conference shall be held at the counsel's office that is closest to the courthouse.

38.     Written stipulations shall be signed by each counsel and filed with the Clerk no later than thirty (30) days prior to trial.

### E.     Jury Instructions

39.     If this action is to be tried by a jury, each party shall file a complete set of proposed jury instructions with the Clerk on or before ten (10) days before trial. Objections to instructions shall be filed in writing seven (7) days before trial. Each party shall file a proposed jury verdict form with its instructions.

40.     Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions to the Court. Four (4) days before trial, counsel for the plaintiff shall file (a) a set of all instructions as to which the parties are in agreement; and (b) a separate set of instructions as to which there remains a dispute, and, with respect to each such instruction, shall briefly state the points on which the parties are still in dispute.

41.     Instructions shall be filed as a group with a cover page in pleading form and with a certificate of service at the end. Each instruction shall be set forth on a separate page with

subtitle (e.g., Breach of Contract) and the original shall bear at its foot a citation of authority supporting the instruction. Each instruction shall be identified by the party submitting it, with plaintiff using numbers and defendant using letters.

42.    In addition, each party shall deliver to Chambers a CD-ROM or USB flash drive containing jury instructions, one (1) set with citations and one (1) set without citations. The CD-ROM or USB flash drive will not be returned to counsel. Counsel may inquire about whether jury instructions can be submitted by email. The CD-ROM or USB flash drive shall be compatible with a current version of Microsoft Word, or other convertible format.

**F.    Voir Dire**

43.    Any proposed jury voir dire to be requested by any party shall be filed at least seven (7) days prior to trial. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during voir dire.

44.    Any objections to voir dire questions shall be filed three (3) days before trial.

**Bench Trial**

45.    If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law at least fourteen (14) days prior to trial. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also deliver to Chambers a CD-ROM or USB flash drive containing proposed findings of fact and conclusions of law. The CD-ROM or USB flash drive will not be returned to counsel. Counsel may inquire about whether proposed findings of fact and conclusions of law can be submitted by email. The CD-ROM or USB flash drive shall be compatible with a current version of Microsoft Word, or other convertible format.

11

### Final Pre-Trial Conference

46.     A Final Pretrial Conference will be held on **February 20, 2020** at 1:00 p.m.  If a Final Pretrial Conference is not set, but is later deemed necessary, Counsel must contact the Court immediately to schedule one.

47.     Trial counsel shall attend any Final Pretrial Conference.  The parties should also appear at any Final Pretrial Conference.

48.     Not later than seven (7) days before the Final Pretrial Conference, the parties shall jointly submit a proposed Final Pretrial Order, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.  The proposed Final Pretrial Order shall be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and, (6) Triable Issues as set forth by each party.

49.     No witness, exhibit, or discovery material not included in the Final Pretrial Order will be permitted to testify or be admitted at trial, except as to non-expert witnesses, exhibits or discovery material offered solely as rebuttal evidence or for impeachment.

50.     It shall be the responsibility of counsel for plaintiff(s) to assemble and distribute to all other counsel a draft of the Final Pretrial Order in sufficient time to allow completion before the Final Pretrial Conference.  Counsel shall resolve disagreements on the content of the Final Pretrial Order and shall present a clean final version thereof not later than seven (7) days before the Final Pretrial Conference.  Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

51.     If no Final Pretrial Conference is to be held, the Final Pretrial Order shall be

presented for entry by 5:00 p.m. seven (7) days before the commencement of trial.


                                              M. Hannah Lauck
                                       United States District Judge


Date: 8-1-19
Richmond, Virginia

13