IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF |
| JASON GOODMAN, et al., | |
| Defendant | |

## DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF

Defendant Jason Goodman Pro Se respectfully moves the court to disqualify Steven S. Biss as counsel for Plaintiff. In the course of discovery, new information has come to light that makes it necessary for Defendant to call Steven S. Biss and his wife and paralegal Tanya Cornwell as witnesses. Testimony from Biss and Cornwell is expected to be prejudicial and adverse to the Plaintiff. In accordance with the Virginia State Bar Rules of Professional Conduct Rule 3.7 (a) and (b) it is just and necessary to disqualify Steven S. Biss and his law firm from representing Plaintiff Robert David Steele in this action so Biss may be called as a witness and testify under oath with regard to the facts of these matters..

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 26th day of November 2019

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 2

1

IN THE UNITED STATES DISTRICT COURT

2

3

FOR THE EASTERN DISTRICT OF VIRGINIA

4

RICHMOND DIVISION

5

ROBERT DAVID STEELE, et al.,

6

Plaintiff,

7

vs.

8

JASON GOODMAN, et al.,

9

Defendant

10

| | |
|---|---|
| ROBERT DAVID STEELE, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN, et al.,<br><br>Defendant | Case No.: 3:17-cv-00601-MHL<br><br>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF |

11

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY**

12

**COUNSEL FOR PLAINTIFF**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT...................................................................................2

STATEMENT OF FACTS .......................................................................................3

LEGAL STANDARDS ...........................................................................................10

    A.     ATTORNEY DISQUALIFICATION ....................................................10
    B.     THE VIRGINIA RULES OF PROFESSIONAL CONDUCT.............................11

ARGUMENT........................................................................................................13

    I.     STEVEN S. BISS AND HIS LAW FIRM SHOULD BE DISQUALIFIED

           UNDER THE ADVOCATE – WITNESS RULE...................................13

    II.    STEVEN S. BISS SHOULD BE DISQUALIFIED FOR

           VIOLATING RULE 4.2...............................................................15

    III.   THIS COURT HAS BROAD AUTHORITY TO DISQUALIFY STEVEN S.

           BISS AS COUNSEL IN THIS MATTER AND SHOULD DO SO WHERE ANY

           DOUBT EXISTS AS TO AN ATTORNEYS' COMPLIANCE WITH ETHICAL

           DUTIES.

    IV.   STEVEN S. BISS MUST BE DISQUALIFIED BECAUSE OF THE

           ADVOCATE-WITNESS RULE BEING IMPUTED TO HIS FIRM IN ITS

           ENTIRETY

CONCLUSION.....................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*United States v. Clarkson, 567 F.2d 270, 273 n. 3 (4th Cir. 1977)*... ... ... ... ... ... ... ... ... ... ...*10*

*Gas-A-Tron of Arizona v. Union Oil Co. of California, 534 F.2d 1322, 1324-25*

*(9th Cir.1976)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*10*

*Wheat, U.S. at 161-64, 108 S. Ct. 1692)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*10*

*United States v. Urbana, 770 F. Supp. 1552, 1557 (S.D.Fla.1991)*... ... ... ... ... ... ... ... ... ... ...*11*

*United States v. Walton, 703 F. Supp. 75, 77 (S.D.Fla.1988)*... ... ... ... ... ... ... ... ... ... ... ...*11*

*Woods v. Covington Co. Bank, 537 F.2d 804, 813 (5th Cir.1976)*... ... ... ... ... ... ... ... ... ... ...*11*

*Meat Price Investigators Assoc'n v. Spencer Foods, Inc., 572 F.2d 163 (8th Cir.1978)*... ... ... ...*11*

*Faison v. Thornton, 863 F. Supp. 1204, 1216 (D.Nev.1993)*... ... ... ... ... ... ... ... ... ... ... ... ...*11*

*Shaffer v. Farm Fresh, Inc., 966 F.2d 142 (4th Cir.1992)*... ... ... ... ... ... ... ... ... ... ... ... ... ...*12*

*Aetna Cas. & Sur. Co. v. United States, 570 F.2d 1197, 1202 (4th Cir.1978)* ... ... ... ... ... ...*12*

*International Elecs. Corp. v. Flanzer, 527 F.2d 1288 (2d Cir.1975)* ... ... ... ... ... ... ... ... ...*12*

*International Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1272*

*(4th Cir.1980)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*14*

*Decker v. Nagel Rice LLC,* 716 F. Supp. 2d 228(S.D.N.Y. 2010).................................15, 16

*Evans v. ArtekSys. Corp.,* 715 F.2d 788 (2ND Cir. 1983) .................................................17

*Glacken v. Inc. Village of Freeport,* CIV No. 09-4832 (DRH)(AKT), 2010 WL 3943527
(E.D.N.Y. 2010)..................................................................................... 17

*Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746 (2ND Cir. 1981) ....................................17

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2ND Cir. 2005)...............17

*Murray v. Metropolitan Life Ins. Co.,* 583 F.3d 173 (2d Cir. 2009) .....................................15, 18

*Sheldon Solow v. W. R. Grace & Co.,* 83 N.Y.2d 303 (1994).......................................... 18

*World Food Sys., Inc. v. Bid Holdings,* Ltd., No. 98 CIV 8515 VM KNF, 2001 WL 246372
(S.D.N.Y. 2001) .................................................................................... 17

**Statutes**

Virginia Law Article 4 § 18.2-452..............................................................4

Virginia Rules of Professional Conduct, Rule 3.4(j)..............................................4

Virginia Rules of Professional Conduct, Rule 4.2................................................6,15

Federal Rules of Evidence, Rule 902 (13).....................................................................6

Federal Rules of Evidence, Rule 804(b)(3)(A) and (B)..............................................5, 7

Internal Revenue Code 26 U.S. Code § 501(c)(3)........................................................8

Virginia Rules of Professional Conduct, Rule 3.7 ................................................. passim

Virginia Rules of Professional Conduct, Rule 3.7(a)............ .................................................15

Virginia Rules of Professional Conduct, Rule 3.7(b) ............................................................ ...15

1

## PRELIMINARY STATEMENT

2

3   This Memorandum in Support of Defendant's Motion to Disqualify Counsel for Plaintiff

4   is respectfully submitted in support of the instant motion of Defendant, Jason Goodman Pro Se

5   (hereinafter "Goodman" or "Defendant") seeking the disqualification of Steven S. Biss

6   (hereinafter "Biss") from representing the Plaintiff in this action. The basis for disqualification is

7   related to unethical conduct by Biss and his paralegal and wife Tanya Cornwell (hereinafter

8   "Cornwell") which has invoked the advocate-witness rule, and mandates firm wide

9   disqualification.

10

11   Incorporated by reference herein, as if fully set forth herein, are the facts, arguments and

12   exhibits contained within the Declaration of Defendant Goodman.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 2

# STATEMENT OF FACTS

## Goodman's Declaration

In support of the instant Motion to disqualify, Defendant Goodman respectfully submits the following Declaration, along with corresponding exhibits, that detail the factual history relevant to this motion.

Robert David Steele, (hereinafter "Plaintiff" or "Steele") Counsel for Plaintiff, Steven S. Biss, (hereinafter "Biss") his paralegal and wife Tanya Cornwell (hereinafter "Cornwell"), denied intervenor applicant David George Sweigert (hereinafter "Sweigert"), his brother George Webb Sweigert (hereinafter "Webb") and an individual named Manuel Chavez III (hereinafter "Chavez") have conspired with one another as well as others to bring about this instant legal matter in conjunction with additional lawsuits in foreign jurisdictions in order to harass, defame and otherwise disrupt the business and day to day activities of the Defendant Goodman. Biss and his wife Cornwell engaged in unethical conduct by participating in the formulation and execution of a plan to bring multiple civil lawsuits against the Defendant in jurisdictions around the United States. Biss' wife is heavily involved in the conspiracy theorist online community and by Biss' own admission she donates money to "truthers" and "conspiracy theorist" channels she enjoys, all over the internet. Both Plaintiff and Cornwell paid money to Chavez while encouraging him to bring suit against Goodman for unsubstantiated and baseless claims in a scheme to extort $500,000 (five hundred thousand dollars) from Goodman. In support of this scheme Chavez was encouraged by Plaintiff to produce false evidence against Defendant and to supply this evidence to Biss for use in this instant legal matter in exchange for a percentage of anticipated monetary award from this lawsuit. This is not only a breach of the Virginia State Bar Association's rules

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 3

1   of professional conduct, it is a violation of Virginia law Article 4 § 18.2-452 Barratry unlawful, a

2   misdemeanor crime carrying a penalty up to $10,000 (ten thousand dollars).

3        In furtherance of the plan to overwhelm Goodman with fraudulent legal action, Cornwell,

4   Biss' wife and paralegal, paid Chavez at least $1500 (one thousand five hundred dollars) via the

5

6   online service Patreon.com using the screen name AMABISS (**EXHIBIT A**) while aggressively

7   recommending Chavez file suit against Goodman.  Cornwell goes as far as explicitly telling

8   Chavez she is writing lawsuits for her husband; she is acting on behalf of Biss, the two act as

9   one.  This is a clear violation of VA Rules of Professional Conduct Rule 3.4 (j) which states a

10  lawyer shall not "file a suit, initiate criminal charges, assert a position, conduct a defense, delay a

11

12  trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that

13  such action would serve merely to harass or maliciously injure another."

14        In an email dated December 2, 2017 Plaintiff offers Chavez $200 to become his

15  webmaster (**EXHIBIT B**).  In an even more shocking email dated October 22, 2017 (**EXHIBIT

16

17  C**) Plaintiff writes "email to biss by tomorrow 0900 eastern detailing what you have collected

18  that connects Goodman to Brock and Arnon Milchan.  feel free to tell him you want to support

19  my case in return for a percentage."

20        In this one email Plaintiff exposes the essence of the scheme.  Plaintiff openly accepts

21  false and fabricated evidence from Chavez claiming Goodman is somehow connected with two

22

23  individuals Goodman does not know, has never met and is not employed by.  Plaintiff entices

24  Chavez to participate in the scheme, instructing Chavez to contact Biss and provide false

25  evidence for the fraudulent lawsuit with the offer of a "percentage" ostensibly of the money

26  Plaintiff intends to extort from Defendant.

27

28  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
    - 4

1   At all material times, Cornwell was taking actions in furtherance of the conspiracy,

2   including financing the same. Cornwell committed overt acts in furtherance of the conspiracy,

3   including but not limited to following through on her promise to write a Complaint for Chavez

4   after completing payments to him of $1500 (one thousand five hundred dollars). **(EXHIBIT D)**

5

6   Cornwell's Complaint alleged Goodman had contacted Chavez' employer demanding Chavez be

7   fired, resulting in an alleged wrongful termination. This is a false claim that is unsupported by

8   facts or evidence. Knowing this, and perhaps fearing exposure to countersuit, Chavez chose to

9   let the statute of limitations run and against the wishes of Steele, Cornwell and Biss, failed to file

10

11  suit against Defendant.

12   On or around July 2019, Chavez had allegedly become disillusioned with the members of

13  this conspiracy. Chavez approached Defendant volunteering to provide emails between himself

14  and Biss, himself and the Plaintiff and himself and Cornwell among others. These emails

15  implicate each of them in the conspiracy. In an email provided by Chavez to Defendant, dated

16

17  July 2, 2017 **(EXHIBIT E)** Cornwell attempts to convince Chavez to sue Defendant based on

18  the false claim. Cornwell writes, *"I'm sitting here writing defamation cases for my husband for*

19  *policemen and thinking I can in three days get you a case against Jason. I'm guessing a half a*

20  *million bucks they will throw at you to just make it go away = catch it! Robert is the real deal he*

21

22  *can go to court for you."* When Cornwell refers to "Jason" she is referring to Defendant

23  Goodman. When Cornwell refers to "Robert" she is indicating Plaintiff Steele. This email

24  correspondence between Cornwell and Chavez should be exempt from the hearsay exclusion

25  under FRE Rule 804 (b)(3)(A) and (B) as they contain statements against the declarants' interests

26  and, corroborating circumstances have indicated the trustworthiness of the information they

27  convey. Cornwell must be called as a witness to testify in regard to the email correspondence.

28  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 5

1

2         In an email provided by Chavez to Defendant, dated December 11, 2017 (**EXHIBIT F**)

3    Biss contacts prominent YouTube conspiracy theorist Chavez during the time Chavez was

4
     receiving payments from Biss' own wife and Biss' own client, the Plaintiff Steele. Biss also
5
6    includes a person believed to be Thomas Schoenberger (hereinafter "Shoenberger") in the

7    correspondence. The subject of the message is *"Negron's New #"*. The message includes the

8    number *"617-287-8365"*. The public database www.beenverified.com confirms that this
9
     number is in fact associated with co-Defendant Negron. (**EXHIBIT G**)
10
11        The correspondence initiated by Biss shows intent to improperly contact and / or

12   influence co-Defendant Negron and is a direct violation of the Virginia Rules of Professional

13   Conduct RULE 4.2 regarding Communication With Persons Represented By Counsel.  If this is

14
     not a direct violation, it is certainly an underhanded attempt to circumvent the purpose of this
15
16   rule and yet another gross demonstration of unethical conduct by Biss.  This is also another overt

17   act on Biss' part in furtherance of the conspiracy.  This legal matter was well underway by

18   December 11, 2017 and Negron was represented by council at that time.

19        In response to Biss emailing Negron's phone number to the two YouTubers, Shoenberger

20   replies *"Trish the Flip comes soon"* a play on Negron's YouTube nickname "Trish the Dish"

21
     and a possible slang term referencing a preconceived plan to incite Negron to work against
22
23   Goodman, join their conspiracy and disrupt Goodman's legal defense.  This email

24   correspondence between Biss, Chavez and Shoenberger should be exempt from the hearsay

25   exclusion because it contains Biss' email signature block and according to FRE 902(13)

26   Business signature blocks in emails may count as self-authenticating trade inscriptions for

27
     purposes of federal evidence.  These email correspondences should also be excluded under FRE
28
     DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
     - 6

1   Rule 804 (b)(3)(A) and (B) as they contain statements against the declarants' interests and,

2   corroborating circumstances have indicated the trustworthiness of the information they convey.

3       Approximately one month after this email correspondence intended to recruit Negron, on

4
5   January 16, 2018 Negron interviewed an individual believed to be Timothy Charles Holmseth

6   (hereinafter "Holmseth") on a fringe internet radio broadcast she co-hosts called "Focus on the

7   Facts" https://focusonthefacts.podbean.com/e/focus-on-the-facts-011618.  In the broadcast,

8   Negron focuses not on facts, but on Holmseth's unsubstantiated and unproven theories

9
10  implicating United States Vice President Michael Pence and others in involvement with child

11  trafficking.  No evidence is presented to support Holmseth's claims.  Holmseth only makes

12  references to recordings of hearsay testimony; his own writings and law enforcement reports he

13  had filed himself.

14      Two weeks prior to his appearance as a guest on Negron's radio broadcast, Holmseth was

15  featured in an article on Plaintiff's website (https://phibetaiota.net/2018/01/timothy-charles-

16
17  holmseth-mike-pence-pam-bondi-in-willful-obvious-defiance-of-presidential-order-on-child-

18  trafficking/)  Plaintiff's article highlighted the same theories accusing Vice President Pence of

19  participating in crimes and presenting no factual evidence at all.  During a Skype video call

20  approximately six months prior on June 13, 2017 with Goodman, Negron, Webb and Plaintiff,

21
22  Steele made substantially the same claim, stating his belief that *"I expect four GOP senators two*

23  *GOP governors and possibly vice president Mike Pence to go down for pedophilia in the next*

24  *year."*  No evidence that could reasonably link the Vice President to any such activity has come

25  forward to the public in more than two years since that statement was made.  There is no

26  indication that this claim was anything other than pure fabrication on the Plaintiff's part, or

27  perhaps Holmseth's or perhaps a third-party mutual contact.

28  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
    - 7

1   The coincident timing and similar nature of the messages being broadcast by Steele,

2   Holmseth and Negron, when viewed in the context of Biss' email correspondence with well

3   know YouTube conspiracy theorists cause Defendant to believe that "Trish the Flip" as

4   Shoenberger suggested, occurred in January of 2018. Negron began conspiring with Holmseth,

5   creating additional broadcasts in furtherance of a smear campaign that appears sympathetic to the

6   interests of Plaintiff in spreading false allegations to damage the reputation of the Vice President

7   of the United States and others. Negron created multiple broadcasts with Holmseth on the

8   Russian social media platform, www.vk.com which notably is outside the jurisdiction of U.S.

9   District Courts' subpoena power.

10

11  Defendant asks the Court to take notice that during the course of fundraising for Plaintiff

12  Steele's 501(c)(3) Earth Intelligence Network, including during the June 13 broadcast with

13  Defendant at issue in this instant legal matter, Plaintiff Steele has repeated these disparaging,

14  unproven claims against the Vice President, while advocating for U.S. President Donald Trump

15  to replace Mike Pence with former Georgia Congressional Representative Cynthia McKinney as

16  his Vice-Presidential running mate in the 2020 election. The IRS has very clear and stringent

17  guidelines prohibiting 501(c)(3) tax exempt organizations from participating in politically

18  partisan activities such as advocating for or against any political candidate.

19  (https://www.irs.gov/charities-non-profits/charitable-organizations/the-restriction-of-political-

20  campaign-intervention-by-section-501c3-tax-exempt-organizations). Internal Revenue Code

21  clearly states "*all section 501(c)(3) organizations are absolutely prohibited from directly or*

22  *indirectly participating in, or intervening in, any political campaign on behalf of (or in*

23  *opposition to) any candidate for elective public office. Contributions to political campaign funds*

24  *or public statements of position (verbal or written) made on behalf of the organization in favor of*

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 8

*or in opposition to any candidate for public office clearly violate the prohibition against political campaign activity. Violating this prohibition may result in denial or revocation of tax-exempt status and the imposition of certain excise taxes."*

The most troubling aspect of the relationship the co-conspirators have with Holmseth, pertains to a lawsuit filed by Biss on behalf of Holmseth against Florida attorney Kim Picazio (hereinafter "Picazio") and an individual William Murtaugh (hereinafter "Murtaugh") on May 25, 2018 **(EXHIBIT H)**. Negron continued to do several additional broadcasts with Holmseth on her alt-right fringe radio show as well as on VK.com after January 16, 2018. Given the level of scrutiny Plaintiff and his "legal team" have demonstrated with regard to social media posts from Defendant and Co-Defendants throughout this matter, it is extremely difficult to imagine that Plaintiff or Biss would be unaware of the existing relationship between Holmseth and Negron. Likewise, it is difficult to imagine Negron being unaware that Holmseth was represented by Biss.

These unlikely coincidences indicate that there is a deeper relationship between the Plaintiff, Biss, Negron, Webb, Sweigert, Chavez, Shoenberger, Cornwell, Holmseth and others. It is Defendant's belief that these parties knew each other and were in communication having conspired "ab initio" to bring multiple suits against Goodman, with the specific intent to logistically and financially overwhelm him, extort huge sums of money from him and chill his journalistic efforts.

Biss and his law firm should be disqualified so he may be called as a witness and cross examined under oath with regard to these claims.

It is imperative that Biss be called as a witness in order to learn the true nature of the relationship between Plaintiff, co-defendants and other clients of Biss. Furthermore, his wife and

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 9

1  paralegal Cornwell, must be called as a witness to be crossed examined under oath and to learn

2  the true nature and extent of payments made and other enticements offered to conspiracy

3  theorists on YouTube.  Without the ability to conduct discovery on both Biss and his wife,

4
5  Defendant would be severely prejudiced and inadequately equipped to defend against allegations

6  in the complaint.  Biss and his wife have directedly inserted themselves into the root cause of this

7  instant legal matter.  The two have acted as one to conspire with others, deliberately stirring up

8  litigation and financing YouTube channels that cyberstalk and defame Defendant.  Individuals

9
10  including clients of Biss and Biss himself appear on YouTube broadcasts intended to defame

11  Defendant.

12                           **LEGAL STANDARDS**

13      **A.  Attorney Disqualification**

14          The decision to disqualify a Plaintiff's chosen counsel is a serious matter and must

15  be decided on a case-by-case basis. "In determining whether to disqualify counsel ... the trial

16
17  court is not to weigh the circumstances `with hair-splitting nicety' but, in the proper exercise of

18  its supervisory power over the members of the bar and with a view of preventing `the appearance

19  of impropriety,' it is to resolve all doubts in favor of disqualification." United States v. Clarkson,

20  567 F.2d 270, 273 n. 3 (4th Cir. 1977) (quoting Gas-A-Tron of Arizona v. Union Oil Co. of

21
22  California, 534 F.2d 1322, 1324-25 (9th Cir.1976)).  This Court is charged to exercise its sound

23  discretion and determine independently whether the continued representation by counsel impedes

24  the integrity of the proceedings and whether the attorney should thus be disqualified. Wheat,

25  U.S. at 161-64, 108 S. Ct. 1692; and see Williams, 81 F.3d at 1324 ("Wheat thus requires a

26  district court to exercise is own independent judgment as to whether the proceedings are likely to

27  have the requisite integrity if a particular lawyer is allowed to represent a party. And, it made

28  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
   - 10

plain that for this purpose the court must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal on right-to-counsel grounds if it disqualifies the Plaintiff's chosen lawyer, or on ineffective assistance grounds if it permits conflict-infected representation of the Pl.").

Several courts applied a two-prong test to determine whether disqualification is warranted when the actions by counsel implicate the integrity of the proceedings. See Collins, 920 F.2d at 628-29; United States v. Urbana, 770 F. Supp. 1552, 1557 (S.D.Fla.1991); United States v. Walton, 703 F. Supp. 75, 77 (S.D.Fla.1988). "First, although there need not be proof of actual wrongdoing, `there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur.'" Hobson, 672 F.2d at 828 (citing Woods v. Covington Co. Bank, 537 F.2d 804, 813 (5th Cir.1976). "Second, `a court must also find that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in the case.'" Id.

The Eighth Circuit, on the other hand, outlined three competing interests that must be balanced when deciding whether to disqualify an attorney. See Meat Price Investigators Assoc'n v. Spencer Foods, Inc., 572 F.2d 163 (8th Cir.1978). These factors are: "(1) the client's interest in being represented by counsel of its choice; (2) the opposing party's interest in a trial free from prejudice ...; and (3) the public's interest in the scrupulous administration of justice." Id. at 165. When examining both approaches, however, the District of Nevada in Faison v. Thornton, 863 F. Supp. 1204, 1216 (D.Nev.1993), pointed out that "[t]he two standards ... do not take into consideration the fact that attorneys are officers of the court and have a duty to maintain the integrity of the profession," and took into account the "extent and nature of an attorney's misconduct." Id. The Fourth Circuit has not established which of these factors inform the

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 11

decision of attorney disqualification. This Court, in an exercise of caution, will examine both approaches.

**B. The Virginia Rules of Professional Conduct**

The Virginia Rules of Professional Conduct guide this Court's analysis of whether the impropriety of counsel's actions warrant disqualification. Certain rules of the Virginia Rules of Professional Conduct are imperative and "failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process." Preamble, Virginia Rules of Professional Conduct. We have been cautioned, however, to "avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and [to] always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." Shaffer v. Farm Fresh, Inc., 966 F.2d 142 (4th Cir.1992); see also Aetna Cas. & Sur. Co. v. United States, 570 F.2d 1197, 1202 (4th Cir.1978) (quoting a brief by the Connecticut Bar Association in International Elecs. Corp. v. Flanzer, 527 F.2d 1288 (2d Cir.1975): "It behooves this court, therefore, while mindful of the existing Code, to examine afresh the problems sought to be met by the Code, to weigh for itself what those problems are, how real in the practical world they are in fact, and whether a mechanical and didactic application of the Code to all situations automatically might not be productive of more harm than good, by requiring the client and the judicial system to sacrifice more than the value of the presumed benefits.").

The Court will, therefore, examine the facts of this case in light of what the disciplinary rules require but its analysis will not end there. Upon finding whether there was a violation of the applicable disciplinary rules, this Court will balance the Plaintiff's right to

1   counsel with the interest of preserving the integrity of the judicial system while taking into

2   account whether practical considerations of and alternatives to disqualification weigh against

3   disqualification.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
     - 13

# ARGUMENT

**I.      Steven S. Biss and his Law Firm Should Be Disqualified Under the Advocate-Witness Rule**

1.      Rule 3.7 Lawyer as Witness

Rule 3.7 of the Virginia Rules of Professional Conduct provides that:

(a)      A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness [4] except where:

>      (1)      the testimony relates to an uncontested issue;

>      (2)      the testimony relates to the nature and value of legal services rendered in the case; or

>      (3)       disqualification of the lawyer would work substantial hardship on the client.

Va. Rules of Prof. Conduct, Rule 3.7 (2000). The Fourth Circuit holds that "[t]he roles of witness and advocate are fundamentally inconsistent and when ... a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy." International Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1272 (4th Cir.1980) (citing Ethical Consideration (EC) 5-9). "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Id. (quoting EC 5-10). An actual conflict of interest exists when the attorney had independent information about facts in controversy relating to his client and would, therefore, be faced with the possibility of testifying. See Urbana, 770 F. Supp. at 1559 (finding an actual conflict where defense counsel could "offer testimony severely undermining the credibility of the government's star witness" and "[i]nasmuch [the attorney] can offer testimony about material issues in the case, he is precluded

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 14

from appearing as trial counsel").  In general, a lawyer may not serve as a trial advocate and as a

witness in the same trial. Rule 3.7 of the VA Rules codifies this restriction. The restriction

protects against multiple harms. The Second Circuit explained in Murray v. Metropolitan Life

Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009):

Rule 3.7(a) seeks to mitigate the possibility that: (1) the lawyer might appear to vouch for his

own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position

when he has to cross-examine his lawyer- adversary and attempt to impeach his credibility; (3)

some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his

client; and (4) when an individual assumes the role of advocate and witness both, the line

between argument and evidence may be blurred, and the jury confused.

A lawyer's disqualification under Rule 3.7 is not necessarily imputed to the lawyer's firm.

However, under Rule 3.7(b), other lawyers of the lawyer-witness's firm are forbidden from

serving as advocates at trial if "it is apparent that the testimony may be prejudicial to the client."

The Second Circuit has identified the test as follows: "[A] law firm can be disqualified by

imputation only if the movant proves by clear and convincing evidence that [A] the witness will

provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer

as a result." Murray v. Metropolitan Life Ins. Co., supra, 583 F.3d at 178-79. Further, "'

[p]rejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions

or account of events offered on behalf of the client, such that the bar or the client might have an

interest in the lawyer's independence in discrediting that testimony.'" Id at 178 (citation omitted).

Disqualification motions under Rule 3.7 are often considered to be premature at the

outset of a lawsuit, because it is often hard to know before depositions are taken whether a

lawyer will be a necessary witness. But that is not always the case. See, e.g., Decker v. Nagel

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 15

Rice LLC, 716 F. Supp. 2d 228, 231-32 (S.D.N.Y. 2010) (denying pro hac vice motion based in part on Rule 3.7).

Biss and his wife and paralegal Cornwell, appear to be interested parties and fact witnesses to the fundamental claims brought by the Plaintiff in this case. Biss and Cornwell must be called to testify about these matters.

## II.    Steven S. Biss Should Be Disqualified for Violating Rule 4.2

Rule 4.2 of the Virginia Rules of Professional Conduct requires that: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Va. Rules of Prof. Conduct, Rule 4.2 (2000). Comment 5a enlightens the reasoning behind the prohibition, noting that "concerns regarding the need to protect uncounseled persons against the wiles of opposing counsel and preserving the attorney-client relationship may also be involved where a person is a target of a criminal investigation, knows this, and has retained counsel to receive advice with respect to the investigation. The same concerns may be involved where a `third party' witness furnishes testimony in an investigation or proceeding, and although not a formal party, has decided to retain counsel to receive advice with respect thereto." Id. at Rule 4.2, cmt. 5a. The email correspondence with Chavez and Shoenberger regarding co-Defendant Negron demonstrates malicious intent to interfere with the outcome of this case.

.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 16

**III.    THIS COURT HAS BROAD AUTHORITY TO DISQUALIFY STEVEN S. BISS AS COUNSEL IN THIS MATTER AND SHOULD DO SO WHERE ANY DOUBT EXISTS AS TO AN ATTORNEYS' COMPLIANCE WITH ETHICAL DUTIES.**

The "authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.' Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2ND Cir. 2005). Thus, a court "should not hesitate" to disqualify counsel "if there be any doubt regarding counsel's ability to fulfill counsel's ethical obligations." World Food Sys., Inc. v. Bid Holdings, Ltd., No. 98 CIV 8515 VM KNF, 2001 WL 246372 (S.D.N.Y. 2001); Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2ND Cir. 1983) ("we have not hesitated to disqualify counsel when the circumstances warranted it"); Glacken v. Inc. Village of Freeport, CIV No. 09-4832 (DRH)(AKT), 2010 WL 3943527 at *2 (E.D.N.Y. 2010) holding disqualification is appropriate "where allowing the representation to continue would pose a 'significant risk of trial taint.'" quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2ND Cir. 1981).

This Court is vested with the ability to disqualify counsel in this matter because of violations of the Virginia Rules of Professional Conduct.

**IV.    STEVEN S. BISS MUST BE DISQUALIFIED BECAUSE OF THE ADVOCATE-WITNESS RULE BEING IMPUTED TO HIS FIRM IN ITS ENTIRETY**

Defendant expects to call Biss (who signed and inferably drafted the Complaint in this action) and Cornwell, to impeach their own client's testimony, which is so prejudicial to the

Plaintiff that Biss must be disqualified. "A lawyer may not both appear for and oppose a client on substantially related matters when the client's interests are averse" Sheldon Solow v. WR. Grace & Co., 83 N.Y.2d 303 (1994). Here, as stated more fully in the Defendant's Declaration, Defendant intends to call, Biss and Cornwell as witnesses at trial in this matter. It is expected, that if testifying truthfully, these witnesses will offer testimony adverse and prejudicial to their own client, Steele. The very existence of this lawsuit implicates the need for disqualification of Biss. In such cases, "a law firm can be disqualified by imputation ... when the clear convincing evidence shows; "[A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." Murray v. Metro Life, 583 F.3d at 178-79

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 18

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Disqualify in its entirety and enter an Order disqualifying Steven S. Biss as counsel for the Plaintiff Robert David Steele, pursuant to, (a) Rules 3.7(b)[1] and [2] of the Virginia Rules of Professional Conduct pursuant to Rule 3.7(a) of the Virginia Rules of Professional Conduct; (b) pursuant to Rule 4.2 of the Virginia Rules of Professional conduct; (c) pursuant to the discretionary power of this Respected Court to order disqualification; and (d) for such other and further relief as to the Court may deem just and proper.


I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 26th day of November 2019


Respectfully submitted,


Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org


DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF
- 19

**Circuit Court for** Eastern Division Virginia _____     Case No. 3:17-cv-601-MHL
                                                  City or County

Robert David Steele and Earth Intelligence Networ

Name                                                          Jason Goodman

11005 LANGTON ARMS CT                                         Name

Street Address                         Apt.#    **VS.**       252 7th avenue                                    6s

OAKTON,          VA    22124    ( 571 ) 320-8573              Street Address                                     Apt.#

City            State  Zip Code  Area  Telephone             New York         NY    10001    ( 323 ) 744-7594
                                 Code

                                                             City            State  Zip Code  Area  Telephone
                                                                                              Code

                *Plaintiff*                                                   *Defendant*


# CERTIFICATE OF SERVICE
### (DOMREL58)


I HEREBY CERTIFY that on this 26_____ day of ___November___ , 2019 , a copy

of the document(s) entitled___ Motion to Disqualify Counsel for Plaintiff

                                                          **Title of Document(s)**
                                     was/were mailed, postage prepaid to:

Steven S Biss

**Opposing Party or His/Her Attorney**

300 West Main Street Suite 102

**Address**

Charlottesville        VA        22903

City                   State     Zip


        November 26, 2019          _____
        Date                       Signature


                         Page 1 of 1

**Circuit Court for** Eastern Divistion Virginia                    Case No. 3:17-cv-601-MHL
                                    City or County

Robert David Steele and Earth Intelligence Networ

| Name | | | | | Jason Goodman | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 11005 LANGTON ARMS CT | | | | **VS.** | Name | | | | |
| Street Address | | | Apt.# | | 252 7th avenue | | | 6s | |
| OAKTON, | VA | 22124 | ( 571 ) 320-8573 | | Street Address | | | Apt.# | |
| City | State | Zip Code | Area  Telephone | | New York | NY | 10001 | (323 ) 744-7594 | |
| | | | Code | | City | State  Zip Code | Area | Telephone | |
| | *Plaintiff* | | | | | | Code | | |
| | | | | | | *Defendant* | | | |

# CERTIFICATE OF SERVICE
## (DOMREL58)

I HEREBY CERTIFY that on this 26 ____ day of ___November_____ , 2019 , a copy

of the document(s) entitled ___Motion to Disqualify Counsel for Plaintiff_____

                                                                    **Title of Document(s)**
                                    was/were mailed, postage prepaid to:

Terry Frank Kaufman & Canoles _____

Opposing Party or His/Her Attorney

1021 E. Cary Street, 14th Floor _____

Address

Richmond          VA          23219

City              State        Zip

____November 26, 2019____          [signature]
Date                              Signature

DR58- Revised 13 February 2001

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
**_____ DIVISION**


ROBERT DAVID STEELE, et al.,
_____
                    Plaintiff(s),

        v.

JASON GOODMAN, et al.,                    Civil Action Number: 3:17-cv-00601-MHL
_____                                _____
                    Defendant(s).


# LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

                                        Motion to Disqualify Counsel for Plaintiff

**No attorney has prepared, or assisted in the preparation of___**


JASON GOODMAN
Name of *Pro Se* Party (Print or Type)
_____
Signature of *Pro Se* Party

Executed on: _November 26, 2019_____ (Date)

                                **OR**


**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                        **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)