IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT DAVID STEELE<br>et al<br><br>Plaintiffs,<br><br>v.<br><br>JASON GOODMAN<br>et al<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case 3:17-cv-601-MHL<br>)<br>)<br>)<br>)<br>)<br>) |

# **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GOODMAN'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFFS**

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submit this Memorandum in Opposition to the motion to disqualify counsel for plaintiffs [*ECF No. 165*] filed by defendant, Jason Goodman ("Goodman").

## I. INTRODUCTION

Plaintiffs commenced this action on September 1, 2017. The Court granted Plaintiffs leave to file an amended complaint. [*ECF No. 38*]. In their amended complaint, Plaintiffs assert nine (9) claims against Goodman, including defamation, insulting words, business conspiracy, common-law conspiracy, tortious interference with contract and business expectancies, intentional infliction of emotional distress, personal trespass by computer and computer harassment, and unauthorized use of name and picture.

1

Goodman filed a motion to dismiss the amended complaint, which was extensively briefed, and denied by Order entered on March 31, 2019. [*ECF Nos. 85 and 86*]. Discovery started long ago and is ongoing. In July 2019, at the Pretrial Conference, the case was set for trial to begin on March 18, 2020.

Goodman now moves to disqualify Plaintiffs' counsel.[1] He claims as the basis for disqualification "unethical conduct by Biss and his paralegal and wife … which has invoked the advocate-witness rule". [*ECF No. 165, p. 7*]. The "conduct" at issue involves a supposed "conspiracy" between Plaintiff Robert David Steele, Plaintiffs' counsel, Plaintiffs' counsel's wife, Sweigert and Chavez to "bring about this instant legal matter in conjunction with additional lawsuits in foreign jurisdictions in order to harass, defame and otherwise disrupt the business and day to day activities of the Defendant Goodman." [*Id., p. 8*]. Goodman claims that:

> "Without the ability to conduct discovery on both Biss and his wife, Defendant would be severely prejudiced and inadequately equipped to defend against allegations in the complaint. Biss and his wife have directedly [sic] inserted themselves into the root cause of this instant legal matter. The two have acted as one to conspire with others, deliberately stirring up litigation and financing YouTube channels that cyberstalk and defame Defendant. Individuals including clients of Biss and Biss himself[2] appear on YouTube broadcasts intended to defame Defendant."

[*Id., p. 15*].

Goodman's motion should be denied. The motion is without ***any*** evidentiary support. It speculates wildly about "conspiracies", including a "conspiracy" between

---

[1] Goodman's motion and memorandum in support contain numerous personal attacks and falsehoods. Plaintiffs and their counsel are mindful of the Court's admonition to the parties [*ECF No. 154*], and will refrain from engaging Goodman.

[2] There is no evidence to support Goodman's statements. No one is stirring up litigation. No one has financed any YouTube channels that stalk and defame Defendant. Plaintiffs' counsel has never appeared on a YouTube broadcast.

Defendant Patricia Negron and a third-party, Timothy Holmseth. None of the "conspiracies" are real or supported by admissible evidence or even remotely relevant to this defamation case. There is no scheme to "overwhelm" Goodman with legal action.[3] Goodman's motion represents an obvious effort to obtain a tactical advantage in this litigation.

## II. PRINCIPLES OF LAW AND ARGUMENT

Disqualification is a "drastic" remedy that can be used as a weapon in an adversarial contest intended to accomplish the litigation goals of the requesting party. "Only the naïve would discount the possibility of such motivations infecting modern litigation. For these reasons, courts should 'always remain mindful' of the 'possibility of misuse of disqualification motions for strategic reasons.'" *Gay v. Luihn Food Systems, Inc.*, 2001 WL 103883, * 3 (Isle of Wight Cir. 2001 (Kelsey, J.) (quoting *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992)). Given the potential for abuse, a litigant seeking to disqualify an opponent's lawyer must hurdle a "high standard of proof". *Id.* (citing *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F.Supp. 724, 729 (E.D. Va. 1990)). Disqualification cannot be based on mere speculation that "a chain of events whose occurrence theoretically could lead counsel to act counter to his client's interests might in fact occur." *Shaffer*, 966 F.3d at 145. Disqualification of a party's chosen counsel is a serious matter that should be undertaken only upon a showing by the moving party that an "actual or likely" conflict of interest exists, rather than a "mere possibility of a conflict." *Carter v. Virginia Department of Game and Inland Fisheries*, 2017 WL

---

[3] Although Goodman claims that Plaintiffs' counsel's wife "must be called as a witness" [*ECF No. 165, p. 15*], the Court will note that Goodman did not even identify Cornwell in his Rule 26(a)(1) disclosures. [*ECF No. 125*]. This speaks volumes and demonstrates that there is no good faith basis for Goodman's motion.

3

4413192, at * 7 (E.D. Va. 2017) (quoting *Richmond Hilton Assocs. v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982)).

Pursuant to the Local Civil Rules of the United States District Court for the Eastern District of Virginia, "[t]he ethical standards relating to the practice of law in civil cases ... shall be Section II of Part Six of the Rules of the Virginia Supreme Court as it may be amended or superseded from time to time." E.D. Va. Loc. Civ. R. 83.1(I). Goodman cites two ethical standards in his motion to disqualify Plaintiffs' counsel. Each will be considered.

**A.     Rule 3.7**

Rule 3.7 sets forth two scenarios in which the witness-advocate rule could prevent an attorney from representing his/her client. The first is where the advocate is "likely to be a necessary witness". *Rule 3.7(a)*. However, Rule 3.7(a) does not bar an advocate from also acting as a witness, where (1) the testimony "relates to an uncontested issue," or (2) if disqualification of the lawyer would work a substantial hardship on the client. *Id.*

The second scenario described in Rule 3.7 is where, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer may be called as a witness "*other than on behalf of the client*". *Rule 3.7(b) (emphasis added)*. In this circumstance, "the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client." *Id.*

**1.     Plaintiffs' Counsel is NOT A Necessary Witness**

Critical to the application of Rule 3.7(a) is "the requirement that the lawyer be a *necessary* witness." *Teleguz v. Commonwealth*, 273 Va. 458, 490-491, 643 S.E.2d 708 (2007) (emphasis in original) (citing *Sutherland v. Jagdmann*, No. 3: 05CV042–JRS,

4

2005 U.S. Dist. LEXIS 25878, at * 5 (E.D. Va. Oct. 31, 2005) ("[A] party seeking to invoke the witness-advocate rule for disqualification purposes must prove that the proposed witness-advocate's testimony is strictly necessary, not merely relevant and useful.") (internal citations omitted)).

Even if there was a "conspiracy" to embroil Goodman in litigation – which there is not – and even if this "conspiracy" was relevant to the issues in this case, Plaintiffs' counsel's testimony is not "strictly necessary" because any relevant evidence relating to the "conspiracy" can be obtained elsewhere. *U.S. v. Perry*, 30 F.Supp.3d 514, 539 (E.D. Va. 2014) ("Defense counsel thus asserts that counsel's testimony would be cumulative and add little to the other evidence that will be presented at trial, and although such testimony is potentially helpful, it is something substantially less than 'necessary.' *See In re Chantilly Constr. Corp.,* 39 B.R. 466, 473 (E.D.Va. 1984) (indicating that attorney witnesses were not necessary because their testimony would be 'cumulative and in some instances redundant' to testimony that could be offered through other individuals that were present at the relevant meetings); *Flamm*, [*Lawyer Disqualification: Disqualification of Attorneys and Law Firms*] at 251–55 [2d ed. 2014] (indicating that counsel's testimony is typically not deemed 'necessary' when "the testimony counsel could give would be cumulative – and therefore duplicative or corroborative – of what other witnesses could testify about" or when "counsel's testimony would be cumulative of the written record")); *Ohio Cas. Ins. Co. v. Fireman's Ins. Co. of Washington, D.C.*, 2008 WL 441840, * 2 (E.D.N.C. 2008) ("The premise behind Firemen's motion to disqualify counsel – namely, that Strauch is a necessary witness – is inaccurate. 'A necessary witness is one whose evidence is material to issues in litigation, and which

5

cannot be obtained elsewhere.' *Cunningham v. Sams,* 588 S.E.2d 484, 487 (N.C. Ct.App. 2003). An attorney may be disqualified as a 'necessary witness' if: (1) the attorney will give evidence material to the issues to be determined; (2) the evidence cannot be obtained elsewhere; and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. *Metro. P'ship, Ltd. v. Harris,* 2007 WL 2733707, at *2 (W.D.N.C. 2007) (discussing N.C. R. of Prof'l Conduct 3.7)"); *see also Wood v. Adamson*, 2002 WL 31989031, * 2 (Richmond Cir. 2002) ("At this juncture, the court is unsure of just what knowledge Adamson claims Blackburn has to make him a material witness. At the hearing, Blackburn related what he said and Adamson did not offer any evidence of what particular facts Blackburn came to know that would put him in a position of having to be a witness to advance his clients' cause. For these reasons, the court will deny the motion.").

In his memorandum in support, Goodman speculates that "Biss and his wife and paralegal Cornwell, **appear** to be interested parties and fact witnesses to the fundamental clams brought by Plaintiff[s] in this case." [*ECF No. 165, p. 21 (emphasis added)*]. Goodman makes no effort to explain this conclusory statement or why Plaintiffs' counsel is a necessary fact witness to any "fundamental claims" brought by the Plaintiffs. Based upon a review of the Plaintiffs' Amended Complaint, it is obvious that any relevant evidence relating to Plaintiffs' claims can be obtained elsewhere, *e.g.*, from Plaintiffs, Goodman, Negron, Lutzke, and third-parties who have witnessed the multi-year smear campaign undertaken by Goodman. *See Gross v. Weingarten*, 1997 WL 728256 at * 3 (E.D. Va. 1997) ("Shearson has not met his burden of showing that the testimony by Cantilo and his law firm are necessary for obtaining the information Shearson seeks …

6

Furthermore, the factual knowledge and testimony which Shearson claims can only be provided by Mr. Cantilo can, in fact, be obtained from other sources.").

### 2. Substantial Hardship On Plaintiffs

Even if Plaintiffs' counsel was a necessary witness – which he is not – Goodman's motion should be denied because disqualification would work a substantial hardship on the clients. This is an extremely complex and fact-intensive matter. Plaintiffs' counsel has been involved since the beginning. Given the contentious nature of this litigation, there is no guarantee that Plaintiffs could find an attorney willing to stomach the incessant personal attacks from Goodman[4] and undertake the representation.

### 3. Rule 3.7(b)

Plaintiffs do not intend to call their counsel as a witness at trial or at any hearing.

Under Rule 3.7(b), Mr. Biss may continue as Plaintiffs' counsel "until it is apparent that the testimony is or may be prejudicial to the client." Although Goodman states that he expects to call Plaintiffs' counsel as a witness at trial to "impeach" Plaintiffs' credibility, Goodman does not forecast what testimony he plans to elicit from Plaintiffs' counsel at trial. Goodman also fails to show how any testimony that Mr. Biss could possibly offer "is or may be prejudicial" to Plaintiffs. *Hirst v. Siegfried*, 1994 WL 1031425, at * 4 (Fairfax Cir. 1994) ("Plaintiffs have not demonstrated the potential of

---

[4] To this day, Goodman continues to produce and upload videos to his YouTube channel that defame, disparage and insult Plaintiffs and their counsel. *See, e.g.*, https://www.youtube.com/watch?v=03LqPRL3RXA (December 7, 2019) ("I'm ready to say on this broadcast right now that I do believe this lawyer, Steven S. Biss, has developed a method of using operational plants in lawsuits … I believe Steven S. Biss is in the business of bringing frivolous lawsuits against people, hoping that they will settle or default out … Last week, I filed a motion to disqualify Steven S. Biss from the lawsuit in Virginia for alleged unethical conduct … I really take umbrage to people accusing others of things they haven't done, and particularly without evidence") (At 10:54, 48:37, 1:02:28)].

prejudicial testimony to the extent necessary to meet the burden required for disqualification. As moving party, Plaintiffs do not show detriment in allowing the opposing counsel to remain.").

**B.     Rule 4.2**

Next, Goodman suggests that Plaintiffs' counsel has communicated with "a person the lawyer knows to be represented by another lawyer in the matter" in violation of RPC 4.2. In support of this contention, Goodman points the Court to "email correspondence with Chavez and Shoenberger regarding co-Defendant Negron". Goodman claims the email correspondence [*ECF No. 165-6*] "demonstrates malicious intent to interfere with the outcome of this case". [*ECF No. 165, p. 21*]. It does not.

Plaintiffs' counsel sent Defendant Negron three (3) emails in September 2017 *before* her counsel entered their appearance. There have been no direct communications between Plaintiffs' counsel and Ms. Negron since September 2017, and Goodman identifies none.

## CONCLUSION

Goodman's motion to disqualify is precisely the type of tactical ruse that is frowned upon by Courts – State and Federal. There is no basis in fact or law for this motion. The "conspiracy theories" are baseless and irrelevant. Goodman seeks to force Plaintiffs to find another lawyer, which will work a substantial hardship on Plaintiffs. In light of the video and social media record of Goodman's defamation, Goodman's current tactics are obvious, and should not be tolerated.

For the reasons stated above, Goodman's motion to disqualify Plaintiffs' counsel should be denied.

DATED: December 9, 2019

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK


By: */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel of record and all interested parties receiving notices via CM/ECF. I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.

By:   */s/Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:        stevenbiss@earthlink.net

*Counsel for the Plaintiffs*