IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., <br> Plaintiff, <br> vs. <br> JASON GOODMAN, et al., <br> Defendant | Case No.: 3:17-cv-00601-MHL <br><br> RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF |

**RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF**

Defendant Jason Goodman Pro Se respectfully submits this response to Plaintiff's reply to Defendant's Motion to Disqualify Counsel for Plaintiff.

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 20th day of December 2019

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 1

## INTRODUCTION

Plaintiff's reply goes to great lengths, even ignoring facts, in its attempt to frame the Motion to Disqualify as a strategic effort to remove Counsel for Plaintiff without cause or evidence. Nothing could be further from the truth. Plaintiff's own IRS 990 submission declares that Plaintiff is not paying legal fees and is represented in this matter on a contingency basis. In conducting research during the course of this legal matter, Defendant has learned it is highly unusual for lawsuits outside the personal injury category to be handled on contingency. Counsel for Plaintiff Steve S. Biss ("Biss") is in a regular practice of engaging in contingency fee-based litigation outside the realm of personal injury. Legal experts and journalists across the country have scrutinized the numerous lawsuits brought by Biss and have concluded he is most likely in a regular practice of engaging in contingency fee-based litigation, in possible defiance of FEC laws and outside the realm of personal injury (https://theweek.com/speedreads/884393/heres-how-legal-experts-suspect-devin-nunes-paying-many-lawsuits). Biss has a long history of serious ethical violations. Biss also has a financial motivation to win this case that supersedes that of an attorney on retainer. Biss is in a regular practice of bringing lawsuits for exorbitant sums, in which he makes claims and filings that are highly criticized by legal analyst's, journalist and his peers in the legal community. (https://www.washingtonpost.com/politics/2019/03/19/ridiculousness-devin-nunes-suing-devin-nunes-cow-what-it-really-signals/)

Plaintiff's response to the Motion to Disqualify Counsel for Plaintiff underscores the need to call both Steven S. Biss and his wife and paralegal Tanya Cornwell ("Cornwell") as witness to answer questions under oath with regard to email exchanges with third parties that have been in communication with Plaintiff. Because Biss and Cornwell by law cannot testify

RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 2

against one another, both of their sworn testimonies will be required to learn the true facts related to email exhibits previously presented with hearsay exemptions.

## REPLY TO ARGUMENT

For the reasons stated in the original motion to Disqualify [ECF No. 165], Steven S. Biss and his law firm should be disqualified. Plaintiff's response cites Defendant's failure to name Cornwell in Rule 26(a)(1) disclosures [ECF No. 125] filed with the court on June 17, 2019 as reason to deny disqualification under the advocate-witness rule and also as an indicator of Defendant's alleged improper motive. Defendant did not learn of Cornwell's involvement until July of 2019, well AFTER Defendant filed the Rule 26(a)(1) disclosures.

Defendant Goodman, Pro Se is not an attorney and is not easily able to formulate or execute legal strategies and defenses. After weeks of review, Defendant learned significant facts and details from the email evidence provided by Manual Chavez, III ("Chavez") in July 2019. Reviewing the evidence and understanding its content, learning about the advocate-witness rule and how it applies in this matter and drafting the Motion to Disqualify took considerable time and effort on Defendant's part despite being done as quickly as possible.

The existence of the email exchanges and the nature of the content and related parties, when viewed in the context of corroborating events that verify the truthfulness of the information in the emails show there is more than the "mere possibility of a conflict." Carter v. Virginia Department of Game and Inland Fisheries, 2017 WL4413192, at * 7 (E.D. Va. 2017) (quoting Richmond Hilton Assocs. v. City of Richmond, 690 F.2d 1086, 1089 (4th Cir. 1982)). Biss and his wife orchestrated a scheme to sue Goodman via third parties and benefit through contingency payments. Biss and Cornwell must be called as witnesses to answer questions under oath with regard to their email communications provided by Chavez.

RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 3

## A. RULE 3.7

### 1. Plaintiff's Counsel IS a Necessary Witness

Biss with the cooperation of his wife and paralegal were principal actors in a conspiracy to stir up litigation and bring multiple lawsuits against Goodman for profit. Email communications provided by Chavez and corroborating circumstances that prove their truthfulness make it necessary to call Biss and Cornwell to answer questions under oath about these email communications. Plaintiff argues that relevant evidence can be obtained elsewhere but this is not true. No other individual or source can provide evidence or testimony under oath as to the motivations and specific actions of Biss or Cornwell, other than Biss and Cornwell themselves. Plaintiff attempts to redirect attention to what Plaintiff has called a "smear campaign" claiming that unidentified witnesses of this alleged campaign would have evidentiary knowledge of Biss and Corwell's personal or business email communications. This hypothesis makes no sense and is not true or accurate.

### 2. SUBSTANTIAL HARDSHIP ON PLAINTIFF

Plaintiff's claims of undue hardship are insufficient. This is not a complex case requiring an attorney with any particular specialty such as patent law, intellectual property, securities fraud or medical malpractice. Discovery is ongoing and depositions have been taken as yet. No hearings beyond the pre-trial scheduling conference have taken place and any competent attorney could step in to represent Plaintiff. This is a defamation case and there is nothing particularly complex about it that would put it outside the scope of any Virginia attorney that Plaintiff could retain. Biss does not assert any particular specialty or carry any official certifications or degrees qualifying him beyond any other lawyer. Biss is a general business

lawyer and any other general business lawyer could pick up Plaintiff's case upon Biss' necessary disqualification.

### 3. RULE 3.7(b)

It is Defendant's opinion that Plaintiff is grasping at straws in a desperate attempt to avoid acknowledging the damning evidence of conspiracy contained in the emails provided by Chavez and subsequent events that corroborate the truthfulness of information contained in them. Defendant is convinced that truthful testimony provided by Biss and Cornwell will prove beyond a doubt the existence of the alleged conspiracy and multiple unethical actions undertaken by them as principal actors in that conspiracy. Testimony under oath with regard to these matters will decimate Plaintiff's credibility and case, and would therefore be considered prejudicial to Biss' client.

### 4. RULE 4.2

Plaintiff's response to this allegation is perhaps the clearest example of Plaintiff himself underscoring the need to disqualify Biss and call Biss as a witness. Plaintiff's statements about the Rule 4.2 allegation is in fact, an acknowledgement of Defendant's claim. Rule 4.2 provides no specificity that communication need be "direct" as Plaintiff states, it speaks only to communication and must be presumed to include intentional indirect attempts to inappropriately communicate. This response does not deny Defendant's allegation, rather it qualifies the communication and attempts to explain them away with deceptive language. Given the other two parties to this communication are non-parties to this case who have also engaged in deception, harassment and stalking of Defendant and each have taken efforts to hide their locations, true identities and other details about themselves, they are not suitable witnesses and cannot be reasonably expected to give true and accurate testimony to the facts in these matters.

Even if they were to be called as witnesses, they cannot be reasonably expected to testify as to what Biss' intent might have been in initiating this indirect, but clearly inappropriate communicating with co-Defendant Patricia Negron through intermediaries.

## CONCLUSION

Plaintiff's allegation that the motion to disqualify is a "tactical ruse" is so far from the truth and so unsupported by the facts and evidence of this matter, it can only be categorized as a desperate attempt to hide from the harsh reality now facing Plaintiff. The alleged conspiracy is real, and it involves those named by Defendant, including Counsel for Plaintiff Biss and his Paralegal and wife Cornwell. Goodman's goal in disqualifying Biss is not to "force Plaintiff to find another lawyer" but rather to learn the true nature of Biss and Cornwell's unethical manipulation of the parties and evidence directly related to this legal matter. The response to the motion to disqualify represents a weak and desperate attempt of a guilty party to sidestep justice. For the reasons stated above, Biss must be disqualified

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 20th day of December 2019

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF - 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
RICHMOND DIVISION

ROBERT DAVID STEELE, et al.,

                Plaintiff(s),

v.

JASON GOODMAN, et al.,

                Defendant(s).

Civil Action Number: 3:17-cv-00601-MHL

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** Response To Plaintiff's Reply to Defendant's Motion to Disqualify Counsel for Plaintiff

JASON GOODMAN
Name of *Pro Se* Party (Print or Type)

_[signature]_
Signature of *Pro Se* Party

Executed on: December 20, 2019 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                                                                       (Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

**Circuit Court for** Eastern Division Virginia  
City or County

**Case No.** 3:17-cv-601-MHL

Robert David Steele and Earth Intelligence Networ  
**Name**  
11005 LANGTON ARMS CT  
**Street Address**       **Apt.#**  
OAKTON,    VA    22124    ( 571 ) 320-8573  
**City    State   Zip Code   Area Code   Telephone**  
*Plaintiff*

VS.

Jason Goodman  
**Name**  
252 7th avenue                    6s  
**Street Address**       **Apt.#**  
New York    NY    10001    ( 323 ) 744-7594  
**City    State   Zip Code   Area Code   Telephone**  
*Defendant*

## CERTIFICATE OF SERVICE
### (DOMREL58)

I HEREBY CERTIFY that on this 20 day of December , 2019 , a copy of the document(s) entitled RESPONSETOPLAINTIFF'SREPLYTODEFENDANT'SMOTIONTODISQUALIFYCOUNSEL FORPLAINTIFF

**Title of Document(s)**

was/were mailed, postage prepaid to:

Steven S Biss  
**Opposing Party or His/Her Attorney**  
300 West Main Street Suite 102  
**Address**  
Charlottesville    VA    22903  
**City         State       Zip**

December 20, 2019  
**Date**                **Signature**

Page 1 of 1

DR58- Revised 13 February 2001

**Circuit Court for** Eastern Divistion Virginia      **Case No.** 3:17-cv-601-MHL
<br>City or County

| Plaintiff | | VS. | Defendant | |
|---|---|---|---|---|
| Robert David Steele and Earth Intelligence Networ | | | Jason Goodman | |
| Name | | | Name | |
| 11005 LANGTON ARMS CT | | | 252 7th avenue | 6s |
| Street Address | Apt # | | Street Address | Apt.# |
| OAKTON, VA 22124 | (571) 320-8573 | | New York NY 10001 | (323) 744-7594 |
| City State Zip Code | Area Code Telephone | | City State Zip Code | Area Code Telephone |

# CERTIFICATE OF SERVICE
## (DOMREL58)

I HEREBY CERTIFY that on this 20 day of Decembrer , 2019 , a copy of the document(s) entitled RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF

**Title of Document(s)**

was/were mailed, postage prepaid to:

Terry Frank Kaufman & Canoles
<br>Opposing Party or His/Her Attorney

1021 E. Cary Street, 14th Floor
<br>Address

Richmond     VA     23219
<br>City     State     Zip

December 20, 2019
<br>Date     Signature