**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Goodman to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION FOR THE TIME PERIOD BETWEEN <u>JUNE 1, 2017 AND THE PRESENT</u> (the "RELEVANT PERIOD")**

**IF GOODMAN HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1. For purposes of determining Goodman's ability to pay punitive damages:

   a. Goodman's most recent financial statement, income and expense statement, statement of assets and liabilities, balance sheet, and/or statement of net worth;

   b. Any financial statement provided by Goodman to any person, including any bank, private lender or credit card company, between January 1, 2014 and the present for the purpose of obtaining credit;[1]

   c. Goodman's 2016, 2017 and 2018 federal income tax returns, together with all accompanying schedules and statements;

   d. Paystubs, deposit slips, 1099s, K-1s, bank account statements, or similar documents to show Goodman's income in 2018 and 2019 (year-to-date).

2. All bank and brokerage account statements, PayPal statements, checks, wire or ACH confirmations, journals, spreadsheets, and other records that evidence, show or reflect any donations made by any person to Goodman (or to any account owned or maintained by Goodman) or to Crowd Source the Truth ("CSTT").

3. Documents sufficient to identify the members of the CSTT community.

4. All bank and brokerage account statements, PayPal statements, checks, wire or ACH confirmations, journals, spreadsheets, and other records that evidence, demonstrate or show Goodman's expenditure or disposition of donations received from members of the CSTT community.

---

[1] If Goodman no longer has possession of the documents, identify the lender or credit company to which he delivered the financial statement.

5. All documents that evidence, constitute, contain or reflect communications between Goodman and any member of the CSTT community relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

6. All documents that mention Plaintiff or that are of and concerning Plaintiff.

7. All documents that mention Cynthia McKinney ("McKinney") or that are of and concerning McKinney.

8. Complete copies of all videos made or produced by Goodman that mention Plaintiff or that are of and concerning Plaintiff or this action.

9. Electronic copies of all videos that mention Plaintiff or that are of and concerning Plaintiff or this action, and that were uploaded by Goodman to YouTube or to any other website or platform on the Internet.

10. Copies of all itineraries, calendars, tickets, receipts, credit card statements, emails and other documents that evidence, show, reflect or refer to travel by Goodman (alone or with any person) relating to the videos at issue in Plaintiff's Amended Complaint, including lodging, meals and entertainment during any such travel.

11. All documents that evidence, constitute, contain or reflect communications between Goodman and Negron, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

12. All documents that evidence, constitute, contain or reflect communications between Goodman and Lutzke, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

13. All communications between Goodman and George Webb ("Webb") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

14. All communications between Goodman and the State of New York (including any department of agency thereof) relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, notes, memoranda, letters, correspondence, notices, complaints, responses, orders, and any other records.

15. All communications between Goodman and "Frank Bacon" a/k/a Tyroan Simpson ("Bacon"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

16. All communications between Goodman and the person depicted or identified as "Squidward" in the video "**Squidward v. Sponge Bob**" [https://www.youtube.com/watch?v=Z0Jqux7GQlI&feature=youtu.be] and in the video uploaded to streamable.com [https://streamable.com/zf4vl], including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

17. All communications between Goodman and Ralph O. Davis ("Davis"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

18. All communications between Goodman and Scott Creighton ("Creighton"), including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

19. All communications between Goodman and the person depicted or identified as "What Big Eyes You Have" in the video "**Fyreside Chat With What Big Eyes You Have**" [https://www.youtube.com/watch?v=sV3bY-4pj4Y&feature=youtu.be], including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

20. All communications between Goodman and Jake Morphonios ("Morphonios") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

21. All communications between Goodman and Elizabeth Beck relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

22. All communications between Goodman and Jared Beck relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

23. All communications between Goodman and Quinn Michaels a/k/a Korey Atkin or Corey Atkin ("Michaels") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

24. All communications between Goodman and Kevin Shipp ("Shipp") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

25. All communications between Goodman and Ole Dammegard and/or Cody Snodgres relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

26. All communications between Goodman and Joe Napoli ("Napoli") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

27. All communications between Goodman and Field McConnell ("McConnell") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

28. All communications between Goodman and Douglas Gabriel ("Gabriel") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

29. All communications between Goodman and the person depicted or identified as the "Real Thomas Paine" in the video "The Real Thomas Paine of True Pundit Speak Out" [https://www.youtube.com/watch?v=CaVv7_ZFNcs] relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

30. All communications between Goodman and Tone Vays ("Vays") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

31. All communications between Goodman and Robyn Gritz ("Gritz") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

32. All communications between Goodman and Nathan Stolpman ("Stolpman") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

33. All communications between Goodman and Charles Ortel ("Ortel") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

34. All communications between Goodman and Harmon Wilfred ("Wilfred") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

35. All communications between Goodman and Roger Stone ("Stone") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

36. All communications between Goodman and Jerome Corsi ("Corsi") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

37. All communications between Goodman and David Hawkins ("Hawkins") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

38. All communications between Goodman and Scott Bennett ("Bennett") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

39. All communications between Goodman and Larry Klayman ("Klayman") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

40. All communications between Goodman and Angela Power-Disney ("Power-Disney") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

41. All communications between Goodman and Bill Binney ("Binney") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

42. All communications between Goodman and Max Egan ("Egan") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

43. All communications between Goodman and William F. Kernan ("Kernan") relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

44. All communications between Goodman and David Icke ("Icke") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

45. All communications between Goodman and William McGill ("McGill") relating to Plaintiff or this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

46. All documents that evidence, constitute, contain or reflect communications between Negron and any member of the CSTT community.

47. All documents that evidence, constitute, contain or reflect communications between Lutzke and any member of the CSTT community.

48. All notes, memoranda and other records of conversations between Goodman and Negron.

49. All notes, memoranda and other records of conversations between Goodman and Lutzke.

50. Records of all telephone calls made by Goodman to Negron from any cell phone, smart phone, iPad, media device, land line, or computer.

51. Records of all telephone calls received by Goodman from Negron on any cell phone, smart phone, iPad, media device, land line or computer.

52. Records of all text messages sent by Goodman to Negron from any cell phone, smart phone, iPad, Blackberry or other device.

53. Records of all text messages received by Goodman from Negron.

54. Records of all telephone calls made by Goodman to Lutzke from any cell phone, smart phone, iPad, media device, land line, or computer.

55. Records of all telephone calls received by Goodman from Lutzke on any cell phone, smart phone, iPad, media device, land line or computer.

56. Records of all text messages sent by Goodman to Lutzke from any cell phone, smart phone, iPad, Blackberry or other device.

57. Records of all text messages received by Goodman from Lutzke.

58. Complete copies of all audio-recordings of conversations between and among Goodman, Negron and Lutzke.

59. All documents relating to Lutzke's credibility or bias and the reasons that she would not do a public show with Goodman, including the "pictures" or "(d) pics" referenced by Lutzke in the following comment:



queentut 11 minutes ago
Charles:

I have always admired your work. As you know, I was a part of many shows that were produced by JG. I was responsible for a lot of research and work that went into each show that I did. I also provided public Trello links where people could access the research that supported my information provided in the CSTT shows. I have been doing research and analysis as a career for a number of years.

It came to my attention that Jason may have been nominated for an award that in my perception he really does not deserve.

One of the reasons that I will not do a public show with Jason has to do with his proclivity to date 18 & 19 year old girls. Before I left the show...I was told that Jason targets very young girls & sends pictures of his anatomical features to these girls. I confronted him about this information and he confirmed that he dated girls this age and stated that (d) pics where part of 21st century flirting. He also stated he had no problem with this dating behavior because they girls were legal. This is a 45 year old man dating 18 & 19 year old 'girls.'

There are other reasons I left CSTT. Because you have actively fought against the Clinton corruption...I felt that it was important for you to know about Jason's proclivity. I am aware that Jason has discredited me to some people. However...if you really want to know the truth about Jason...you can contact me and I am willing to provide more details.

Queen Tut...

60. A copy of any resume or CV for Goodman.

61. A list of all Twitter, YouTube, Facebook, Patreon, Periscope, Google Plus, Bitchute and/or Tinder accounts created, maintained or used by Goodman.

62. A list of all websites owned and/or operated by Goodman.

63. Any documents that identify the subscribers to the following YouTube channels:

14

https://www.youtube.com/channel/UC8Cl9QaRtuW9CNjP7pP4BBQ;
("Jason Goodman")

https://www.youtube.com/channel/UC6e48gru_N9w-tyqMCrI9Qw
("Crowdsource The Truth 2"

https://www.youtube.com/user/21c3D
("21c3D")

"Crazy Dave's Insane-a-torium".

64. All communications between Goodman and any subscriber to the "Jason Goodman" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

65. All communications between Goodman and any subscriber to the "Crowdsource The Truth 2" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

66. All communications between Goodman and any subscriber to the "21c3D" YouTube channel relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

67. Copies of all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content of any kind or nature posted by Goodman (or by any person acting at her direction) at any time on Twitter, Facebook, YouTube, or any other social media network or platform that mention Plaintiff or that are of and concerning Plaintiff.

68. Copies of all tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content of any kind or nature posted by Goodman (or any person acting at her direction) at any time on Twitter, Facebook, YouTube, or any other social media network or platform that mention Negron or Lutzke or that are of and concerning Negron or Lutzke.

69. Any calendar or day-timer, written or electronic.

70. All documents received by Goodman from any third-party, whether in response to a subpoena *duces tecum* or otherwise, that relate to the allegations in Plaintiff's Amended Complaint and/or that support any answer or defense to the allegations in Plaintiff's Amended Complaint.

71. Any and all documents that evidence, demonstrate or show that Plaintiffs, or either of them, committed "felony charity fraud" or "tax fraud" or "fraud" of any other kind.

72. Any and all documents that evidence or prove the following statements in Goodman's answer [*ECF No. 44*] to Plaintiff's Amended Complaint:

> It is Goodman's belief Plaintiff has deliberately caused defects in the original complaint and conspired with Codefendants to bring about the amended complaint in Plaintiff's ongoing effort to burden Goodman with frivolous and punitive civil action.

73. Any and all documents that evidence or prove that Plaintiff has conspired with Lutzke and/or D. George Sweigert ("Sweigert") to harass or disrupt Goodman's business, personal life, reputation, and/or to chill Goodman's journalistic investigations.

74. All emails sent by Goodman from jason@21stcentury213d.com that mention Plaintiff or this action.

16

75. All documents that evidence, constitute, show or reflect any litigation hold imposed by Goodman or any effort by Goodman to preserve and protect documents and electronically-stored information, including, without limitation, documents that corroborate the representations in Goodman's April 18, 2019 email that "All electronic documents I have created for more than a decade are stored. I do not deliberately delete things."

**THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES.**

**PLAINTIFF HEREBY REQUESTS THAT GOODMAN SUPPLEMENT HIS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.**

DATED:   May 15, 2019

                    ROBERT DAVID STEELE
                    EARTH INTELLIGENCE NETWORK

                    By:  */s/ Steven S. Biss*
                        Steven S. Biss (VSB # 32972)
                        300 West Main Street, Suite 102
                        Charlottesville, Virginia 22903
                        Telephone:   (804) 501-8272
                        Facsimile:   (202) 318-4098
                        Email:         **stevenbiss@earthlink.net**

                    *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019 a copy of the foregoing was served electronically in PDF via email on Defendant Goodman, and a copy was also emailed to counsel for Defendant, Patricia A. Negron, and Defendant Lutzke.

By:   */s/Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiffs*