IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., <br><br> Plaintiff, <br><br> vs. <br><br> JASON GOODMAN, et al., <br><br> Defendant | Case No.: 3:17-cv-00601-MHL <br><br><br> DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Defendant Jason Goodman Pro Se respectfully moves this court to deny Plaintiff's Motion in Limine. Plaintiff continues to act in bad faith, refusing to communicate by phone and taking every opportunity to hinder other forms of communication. It is Defendant's belief that Plaintiff's motion in Limine is nothing more than a brazen attempt to prevent relevant evidence from being heard, due to the damning nature of these true facts. This evidence would prove Defendant's innocence in this matter and further prove the veracity of Defendant's allegations of a conspiracy between Plaintiff, his counsel and other third parties.

Signed this 20th day of January 2020

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE - 1

# ARGUMENT

## I. PLAINTIFF'S MOTION SEEKS TO ELIMINATE CRUICIL EVIDENCE AND WITNESSES WITHOUT CAUSE

The motion in limine states that Goodman "never" amended his statement of disclosures. This is an inherently inaccurate reference to an infinite time frame that has not yet expired, and in fact Goodman was unaware that this needed to be done prior to a ruling on the Motion to Disqualify. Despite his best efforts, Goodman's pro se status greatly complicates his ability to locate appropriate local rules and appropriately act on them. An amended disclosure statement has been filed concurrent with this response.

Apart from this procedural deficiency, Plaintiff offers no substantial reason why Biss and Cornwell should be excluded as witnesses. Biss and Cornwell are critical witnesses in this matter as their participation in the conspiracy to attack Goodman's reputation while bringing multiple lawsuits against him is a fundamental aspect of this action.

When a "motion in limine lacks the necessary specificity with respect to the evidence to be excluded" the Court should "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996); see also Wechsler v. Hunt Health Sys., Ltd., No. 94 Civ. 8294(PKL), 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003); Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94 Civ. 5520(AJP), 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) (denying motions in limine to exclude "all 'evidence of Baxter's 2 Case 1:12-cv-02826-DLC Document 237 Filed 05/14/13 Page 4 of 9 financial condition'" and "evidence on its punitive damages claim" because they "lack[ed] 'the necessary specificity'" (citation omitted)). In National Union Fire Insurance, the court rejected a party's attempt pre-trial

to exclude "the testimony of various witnesses interpreting the purpose and/or meaning of certain policy provisions" because the party failed to specify "which evidence should be excluded or which parties intend to offer such evidence." 937 F. Supp. at 287. Similarly, in Viada v. Osaka Health Spa, Inc., motions in limine seeking to preclude plaintiffs from offering "writings and testimony" that defendants alleged were the product of material stolen from a defendant were denied as vague because the motions did "not specify the writings or potential testimony that the movants believe should be excluded from the trial." No. 04 Civ. 2744 VMKNF, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005). The Magistrate Judge in Viada noted that defendants' lack of specificity meant that "the Court is unable to determine . . . whether the writings and testimony sought to be excluded from the trial would be inadmissible under any of the provisions of the Federal Rules of Evidence." Id. As the court in Wechsler made clear, "[a] district court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity." 2003 WL 21998980, at *3 (quotation omitted). Here, the vague and overbroad nature of Plaintiff's motion in limine mandates its denial.

## II. THE EVIDENCE IN QUESTION IS LIKELY TO PROVE RELEVANT AND THUS IS NOT APPROPRIATE SUBJECT MATTER FOR A MOTION IN LIMINE

Even assuming Plaintiff's motion had precisely defined the contours of the evidence they seek to exclude, a motion in limine under these circumstances would nonetheless be inappropriate. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (citing Luce v. United States, 469 U.S. 38, 41 n.4

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE - 3

(1984)). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting Baxter Diagnostics, 1998 WL 665138, at *3). In considering a motion in limine, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co., 937 F. Supp. at 287 (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (stating that a motion in limine to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).

### III. PLAINTIFF HAS DELIBERATELY OBSTRUCTED DISCOVERY

In a further act of bad faith, Plaintiff's motion in limine represents that Defendant has "failed to produce copies of any of the documents identified in his Rule 26(a)(1)(A)(ii) disclosures." In fact, the documents were prepared on August 14, 2019 and Plaintiff was notified during an August 19 telephone conference. During that conference, Defendant requested to formalize parameters and efficiencies related to privilege logs due to the excessively overbroad discovery requests made by Plaintiff. This request was ignored. Further phone calls to Plaintiff went unanswered and a follow up email reiterating this request, sent on August 23 **(EXHIBIT A)** also received no response. The documents are ready, the request for a follow up conference to discuss privilege log parameters remains unanswered.

### IV. PLAINTIFF HAS FAILED TO PRODUCE THE DOCUMENTS IDENTIFIED IN HIS RULE 26(A)(1)(A)(II) DISCLOSURES

Defendant requests the court to take notice that at the time of this writing, Plaintiff's 26a disclosures have not been provided to Defendant. In an email dated October 13,

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE - 4

2019 regarding production, Biss stated "The documents are being produced in native and PDF format, and will be delivered separately via HighTail." No further information followed until January 9, 2020. "HighTail" is unknown to Defendant, and upon attempting to retrieve the documents, Defendant was required to apply for an account and provide personal information. Defendant immediately emailed Biss **(EXHIBIT B)** to alert him that this method of production was not acceptable. No response was received and in a response to a follow up email dated January 13, 2020 **(EXHIBIT C)** Biss claimed to have not received Goodman's previous message, stating that the documents would be mailed. As of this filing, one week from the date of Biss' email, no documents have arrived. It is Defendant's belief that Biss is deliberately confounding communications in an effort to increase these proceedings and create a pre-text for sanctions motions against Defendant.

### V. PLAINTIFF IS PROCEEDING IN BAD FAITH

Throughout these proceeding Plaintiff has sought to prosecute his case not based on facts and evidence and not as a legitimate effort to seek relief from an actual injury. Rather, Plaintiff and his counsel have repeatedly sought to increase the proceedings with frivolous filings and false statements in an attempt to entrap Defendant in procedural complications.

In the pre-trial hearing, Biss made clear his desire to avoid phone communications. Despite the request being denied, Biss has essentially attempted to self-enforce it. Biss has further complicated email communications by repeatedly including unauthorized parties on email communications sent to Goodman as seen in the January 13, 2020 message **(EXHIBIT C)**

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE - 5

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that Plaintiff's motion in limine be denied.

Dated January 20, 2020

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE - 6