IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT DAVID STEELE <u>et al</u> | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )      Case 3:17-cv-601-MHL ) ) |
| JASON GOODMAN <u>et al</u> | ) ) ) ) |
| Defendants. | ) ) |

# **JOINT [PROPOSED] FINAL PRETRIAL ORDER**

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, Defendant, Jason Goodman ("Goodman"), *pro se*, and Defendant, Patricia A. Negron ("Negron"), by counsel, pursuant to Paragraph 48 of the Initial Pretrial Order [*ECF No. 157 ("IPO")*], submit the following Joint Proposed Final Pretrial Order:[1]

---

[1] By Order entered January 29, 2020 [*ECF No. 175*], the Court reset the Final Pretrial Conference for March 19, 2020, making this Final Pretrial Order due on March 12, 2020, prior to exhibit lists being due. On March 7, 2020, counsel for Plaintiff circulated a draft of a Joint [Proposed] Final Pretrial Order. On March 11, 2020 at 5:14 p.m., counsel for Defendant Patricia Negron provided comments. In her email, counsel for Negron urged Defendant Goodman to respond: "Mr. Goodman- We need to file this tomorrow and need your input on stipulations and any exhibits you intend to use. Please send those with enough time for us to comment before filing tomorrow by 5:00." At 6:18 p.m., Defendant Goodman responded with the following statement, "Please indicate by what authority this document is to be filed tomorrow". Defendant Goodman supplied no information or further comment. On March 12, 2020 at 12:19 p.m., Plaintiff's counsel revised the Draft [Proposed] Final Pretrial Order to incorporate the comments and information supplied by counsel for Negron. At 3:41 p.m. on March 12, 2020, counsel for Negron advised that she felt there was a conflict between the deadlines in the Court's IPO and the requirements for inclusion in this Final Pretrial Order.

I.    **Stipulated Facts**

Plaintiffs and Negron stipulate and agree that the following facts are established and proven for purposes of this action:

1. Robert David Steele ("Steele") is 66 years-old.

2. Steele's education, experience, and publications, awards and recognitions are catalogued on his websites, http://robertdavidsteele.com/ and https://phibetaiota.net/.

3. Earth Intelligence Network ("EIN"), is a not-for-profit, 501(c)(3) Virginia corporation founded by Steele in 2006.

4. Goodman is the editor-in-chief of Crowdsource the Truth ("CSTT").

5. Goodman created a YouTube channel called "Jason Goodman".

6. Goodman created a YouTube channel called "Crowdsource The Truth 2".

7. Goodman created a YouTube channel called "21c3D".

8. Goodman created a page on Facebook called "Crowdsource The Truth".

9. Goodman created a Twitter account called "CrowdsourcetheTruth", **@csthetruth**.

10. Goodman created a Patreon account called "Crowdsource the Truth".

11. Goodman created a website called "Crowdsource the Truth".

12. In 2017 and 2018, Negron operated Twitter account: **@TrishaDishes**. Negron's handle was "**#TrishTheDish**".

II.    **Legal and Evidentiary Stipulations**

Plaintiffs and Negron stipulate as follows:

1. Plaintiffs are citizens of Virginia. Goodman is a citizen of New York. Negron is a citizen of Massachusetts.

2. The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia.

4. The parties have agreed to continue working together up to and during trial to see if the issues may be narrowed and the trial streamlined by way of further stipulation.

**III.    List of Proposed Witnesses by Each Party**

   a.    *Plaintiffs' Witnesses*

Plaintiffs, by counsel, intend to call the following persons to testify at trial:

1. Robert David Steele;

2. Cynthia McKinney;

3. William Binney;

4. Berto Jongman;

5. Greta Robert;

6. Christine Carmais;

7. L. Lawrence;

8. Angie Blake;

9. Margaret Douglas;

10. Elliot P. Park;

11. Goodman and Negron.

b.  *Defendants' Witnesses*

i.  *Goodman*

Goodman intends to call the following persons to testify at trial:

1. Goodman identified no witnesses.

ii.  *Negron*

Negron, by counsel, intends to call the following persons to testify at trial:

1. Patricia Negron;

2. Jason Goodman;

3. Robert David Steele.

The parties maintain and preserve all timely objections to any witnesses.

IV.  **Exhibits**

a.  *Plaintiffs' Exhibits*

Plaintiffs, by counsel, intend to introduce and use the following Exhibits at trial:

| Tab | DESCRIPTION OF EXHIBIT | BATES NUMBER | OBJECTION |
|---|---|---|---|
| 1 | Robert David Steele – Experience https://robertdavidsteele.com/about/history/ | 1, 4-70 | |
| 2 | Earth Intelligence Network https://phibetaiota.net/about/ https://earth-intelligence.org/ | 1, Complaint | |
| 3 | #UNRIG – https://unrig.net/150-2/ | 1, Complaint | |
| 4 | #UNRIG Budget Report – https://unrig.net/budget-report/ | 1, Complaint | |
| 5 | International Tribunal for Natural Justice – https://www.itnj.org/itnj/ | Complaint | |

| | | | |
|---|---|---|---|
| 6 | Cynthia's Story – https://www.allthingscynthiamckinney.com/ | Complaint | |
| 7 | OSS.Net Library | 1, 82 | |
| 8 | NATO Open Source Intelligence Handbook | 1, 82, Complaint | |
| 9 | NATO Past Performance Reference | 1, 82 | |
| 10 | Nomination for the Nobel Peace Prize | 1, 83, Complaint | |
| 11 | Earth Intelligence Network – Income 2017 | 80 | |
| 12 | Earth Intelligence Network – Income 2018 | 80 | |
| 13 | Earth Intelligence Network – Income 2019 | 80 | |
| 14 | Total Donations All Sources – 06/13/2017 | 80 | |
| 15 | Crowdsource The Truth (CSTT) – Screenshots of YouTube, Facebook, Twitter And Patreon Pages | 85-86, Complaint | |
| 16 | Summary of YouTube Videos – With Active Hyperlinks<br><br>*  Portions Of YouTube Videos Will Be Played To The Jury | 87, Complaint | |
| 17 | Summary of YouTube Videos – Identifying Lutzke As "Queen Tut"<br><br>*  Portions Of YouTube Videos Will Be Played To The Jury | 87, Complaint | |
| 18 | Screenshots Of YouTube Videos – Featuring Goodman, Negron and Lutzke Together On Camera | 87, Complaint | |

| 19 | Screenshots of YouTube Videos – Featuring Memes Employed, Such As Goodman/Bacon, Goodman/Squidward, What Big Eyes You Have, Burning RV | 87, Complaint | |
| --- | --- | --- | --- |
| 20 | Screenshots of YouTube Videos – Featuring CSTT Merchandise Using Plaintiff's Picture | 87, Complaint | |
| 21 | Tweets Published By Goodman | 88 | |
| 22 | Tweets Published By Negron | 88 | |
| 23 | Screenshots Of YouTube Videos – Featuring Goodman and Negron Together On Camera and Featuring Negron "Reporting" For CSTT | 87 | |
| 24 | Goodman Facebook Posts and Comments On Videos | 85, 87 | |
| 25 | Email from Goodman to CSTT Community – 06/27/2017 – Received by L. Lawrence | Supp. Docs | |
| 26 | Goodman Email to McKinney – 08/11/2017 | 3, Complaint | |
| 27 | Goodman Email to David Seaman – 01/24/2018 | 87 | |
| 28 | Third Party Emails – Cynthia McKinney, Christine Carmais, L. Lawrence, Angie Blake Margaret Douglas | 2, 4, 87, Complaint | |
| 29 | Queen Tut Comment – Featured In 12/27/2017 "Hoax Wars" Video https://www.bitchute.com/video/Rp7qjILuIHga/ | 87, Complaint | |
| 30 | #UNRIG Trademark Application | 79 | |
| 31 | #UNRIG Manifesto https://unrig.net/manifesto/ | 1, Complaint | |
| 32 | Goodman Founding Citizen Certificate | Complaint | |

| 33 | Earth Intelligence Network Launches #UNRIG Recruitment Drive – Advisory | 79 | |
| 34 | EIN 2017 Schedule O Photograph | 79 | |
| 35 | Screenshots of YouTube Videos – Featuring Plaintiff's Websites, Tax Returns And Other Information | 87, Complaint | |
| 36 | Goodman LinkedIn Profile | 85 | |
| 37 | Goodman Admissions | | |

Defendants intend to introduce and use the following Exhibits at trial:

**a.** *Goodman*

1. Goodman identified no exhibits.

**b.** *Negron*

1. Counsel for Negron indicated that she believes there is a conflict and that she is going to file a motion to extend the deadline for submission of the Joint Final Pretrial Order.

Under the Court's IPO, the exchange of exhibits and objections to exhibits are not yet due. The parties maintain and preserve all objections to exhibits that are filed timely in accordance with paragraph 32 of the IPO. The parties will amend and re-submit this Final Pretrial Order upon the filing of objections to proposed exhibits.

**V.   Factual Contentions**

The factual contentions of the parties (in addition to the matters to which the parties have stipulated pursuant to this Order) are as follows:

### a. *Plaintiffs' Factual Contentions*

Plaintiffs contend that Goodman and Negron, acting individually and in concert with Susan A. Lutzke ("Lutzke") a/k/a "Queen Tut", published false and defamatory statements of and concerning Plaintiffs with knowledge of the falsity of such statements or with reckless disregard for the truth that injured Plaintiffs in their reputation, business and profession.

Plaintiffs further contend that Goodman, acting individually and in concert with Lutzke, made statements about Plaintiffs that were insulting and that tend to cause violence and breach of the peace that caused Plaintiffs damage.

Plaintiff Steele further contends that Goodman knowingly used Steele's name and picture without having first obtained Steele's written consent for purposes of trade.

### b. *Goodman's Factual Contentions*

Goodman did not supply any factual contentions.

### c. *Negron's Factual Contentions*

Negron contends that other than a handful of appearances on Crowdsource the Truth in summer 2017 and "two re-tweets," she has not made any statements about the Plaintiffs, both of whom are public figures. She believed all of her statements to be true. She had no editorial or production control over her appearances; and received no compensation. She did not act in concert with co-Defendants with respect to the Plaintiffs in any regard. Nothing said by Negron could have damaged the Plaintiffs reputation, business or profession.

The parties agree that these factual contentions may be supplemented and that the absence of a factual contention on this list shall not constitute waiver and shall not preclude the admission of relevant evidence at trial.

## VI. Triable Issues

### a. *The Triable Issues As Contended By Plaintiffs*[2]

1. Are the statements published by Goodman, Negron and Lutzke in the YouTube videos and on Twitter false?

2. Did Goodman, Negron and Lutzke make the statements knowing them to be false, or, if they believed the statements to be true, did they lack a reasonable basis for such belief or act negligently in failing to ascertain the facts on which the statements were based? Alternatively, did Goodman, Negron and Lutzke publish the statements with actual malice?

3. Are Goodman's statements about Plaintiffs insulting and do they tend to violence and breach of the peace?

4. Did Goodman, Negron and Lutzke combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring Plaintiffs in their reputation, business or profession by the publication of false and defamatory statements?

5. Did Goodman, Negron and Lutzke agree amongst themselves to accomplish, by some concerted action, an unlawful purpose or a lawful purpose by unlawful means?

6. Did Goodman knowingly used Plaintiff Steele's name and picture without having first obtained Steele's written consent for purposes of trade?

---

[2] Plaintiffs intend to proceed to trial on Counts I, II, III, IV and VIII of the amended complaint only.

7. Were the Plaintiffs injured as a result of the Defendants' statements and actions?

### b. *The Triable Issues As Contended By Goodman*

Goodman did not supply any triable issues.

### c. *The Triable Issues As Contended By Negron*

1. Were any of the statements made by Negron opinion?

2. Of those statements that were not opinion, if any, did Negron believe her statements to be true at the time she made them?

3. Were any of her statements made concerning the Plaintiffs made with actual malice?

4. Did Goodman, Negron and Lutzke combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring Plaintiffs in their reputation, business or profession by the publication of false and defamatory statements?

5. Did Goodman, Negron and Lutzke agree amongst themselves to accomplish, by some concerted action, an unlawful purpose or a lawful purpose by unlawful means?

6. If the answer to questions 4 and/or 5 above is "yes", did the Plaintiffs suffer any damage?

7. Can the Plaintiff demonstrate the existence of a business expectancy with a probability of future economic benefit? If yes, what it is?

8. Did Negron have concrete knowledge of this expectancy?

9. Absent any conduct by Negron that amounts to defamation or conspiracy, what were the Plaintiffs' expectations with regard to future economic benefit?

10. How did the Plaintiffs business expectancy suffer, if at all, from Negron's conduct?

11. Were any of Negron's conduct made with the specific purpose of inflicting emotional distress on Steele, or should she intend to cause emotional harm or known that Steele's emotional distress was the result of her conduct?

12. Can any of Negron's actions be considered outrageous or intolerable such that it offends the standards of decency and morality, or is rather a case of bad manners and hurt feelings?

13. Can Steele show that he has suffered severe emotional distress, and if what evidence is there, if any, that Steele's purported emotional distress is a result of Negron's actions?

Respectfully Submitted

WE ASK FOR THIS:


*/s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:      (202) 318-4098
Email:            stevenbiss@earthlink.net

*Counsel for the Plaintiffs*



Jason Goodman
252 7th Avenue, Apt. 6s
New York, New York 10001
Telephone:     (323) 744-7594
Email:            truth@crowdsourcethetruth.org

*Pro Se* Defendant



Terry C. Frank, Esq. (VSB No. 74890)
E-mail:  tcfrank@kaufcan.com
Benjamin A. Wills, Esq. (VSB No. 88109)
Kaufman and Canoles, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
Phone: (804) 771-5700
Fax:     (888) 360-9092)

*Counsel for Patricia A. Negron*