IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER |
| JASON GOODMAN, et al., | |
| Defendant | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER**

Defendant Jason Goodman Pro Se respectfully seeks to move this court to compel Plaintiff and his Counsel to comply with all court orders as written and to issue sanctions against Plaintiff and his Counsel for failing to comply with the Initial Pretrial Order (ECF No. 157) and failing to adhere to subsequent changes to scheduled proceedings as described in the Sua Sponte Order (ECF No. 175).

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER - 1

## STATEMENT OF FACTS

On August 1, 2019, the honorable M. Hannah Lauck issued an Initial Pre-Trail Order (IPO) laying out the parameters by which all parties are compelled to proceed at the risk of sanctions in accordance with the Fed. R. Civ. P. 16(f) as stated in paragraph 50 of the IPO (ECF No. 157).

In paragraph 48, the IPO orders the parties to submit a jointly proposed Final Pretrial Order (FPO) not later than (7) days prior to the Final Pretrial Conference. The IPO further orders in paragraph 50 that *"It shall be the responsibility of counsel for plaintiff(s) to assemble and distribute to all other counsel a draft of the Final Pretrial Order in **sufficient time** [emphasis added] to allow completion before the Final Pretrial Conference."* At the time of this filing, Counsel for Plaintiff has failed to meet this requirement.

In Paragraph 51, the order additionally states *"If no Final Pretrial Conference is to be held, the Final Pretrial Order shall be presented for entry by 5:00 p.m. seven (7) days before the commencement of trial."*

Prior to of any of the dates stipulated in the IPO, Judge Lauck issued the sua sponte order (SSO) superseding the IPO, canceling the previously scheduled Final Pretrial hearing as well as the trial, and calling for the Settlement Hearing on March 16, 2020 which has yet to occur. Additionally, the order scheduled a new trial date of May 5 – 7, 2020 should the parties fail, through good faith negotiations, to settle. This order leaves the determination as to whether a new Final Pretrial Hearing will occur or not up to the outcome of the Settlement Hearing. This outcome could cause the Final Pretrial hearing not to occur which would in turn move the filing date for the FPO to April 2020 if a new trial should take place at all.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER - 2

On March 8, 2020 counsel for Plaintiff Biss sent an email message containing a version of the FPO as a read only PDF document with no editable MS Word version included. Counsel for Co-Defendant Negron, Terry Frank promptly requested a Word Document to facilitate markup editing. Biss replied stating the MS Word Document was too large to email, offering no explanation as to how such a large document could create a PDF which was readily emailed. Rather, Biss insisted on using "High Tail" to send the excessively large editable document. High Tail is a messaging service Biss had previously agreed not to use for electronic file delivery to Defendant Goodman. Goodman reminded Biss of this and insisted on an email version or some alternate form of delivery that would not involve High Tail. At the time of this writing Biss has not complied with the standing agreement between parties or the court's order. At the time of this filing, Biss has failed to provide Defendant with an editable MS Word version of his draft FPO in sufficient time to complete as ordered in paragraph 50 of the IPO.

The parties have yet to meet for the March 16 Settlement Hearing at which all are compelled to act in good faith toward settlement. At this time, it is impossible to know if there will or will not be a Final Pretrial Conference without knowing the outcome of the Settlement Hearing. Therefore, filing of the FPO as insisted upon by counsel for Plaintiff is inappropriate at this time.

The court should note that Plaintiff has additionally provided Goodman with a settlement offer that appears identical to Plaintiff's previous offer which was rejected by Defendant in July. Additionally, Plaintiff notified Defendant Goodman that Goodman's substantially more favorable (to Plaintiff) counteroffer was rejected in what appeared to be less time than would be required to read the offer, let alone to provide thoughtful consideration to the content.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER - 3

These actions in combination with Counsel for Plaintiff's high-pressure approach in an attempt to force the filing of the FPO at this time cause Defendant to believe that Plaintiff and his counsel have no intention to enter into the Settlement Hearing in good faith as ordered.

Even if the court disagrees with Defendant's conclusion regarding the adjustment to the filing deadline of the FPO pending determination of the outcome of the Settlement Hearing, Counsel for Plaintiff's failure to adhere to document preparation and delivery instructions as ordered in paragraph 50 of the IPO, specifically Plaintiff's failure to provide an editable draft in sufficient time to allow completion by March 12, 2020, would still constitute a failure to follow the Court's order. This should result in Plaintiff being sanctioned in accordance with Fed. R. Civ. P 16(f) as described in paragraph 50 of the IPO.

Counsel for Plaintiff has been highly uncooperative and even contentious throughout this proceeding. The motion to disqualify Counsel for Plaintiff alleges Biss held a key role in a conspiracy that involved Plaintiff and other individuals and was intended to earn money by bringing suit against Defendant Goodman for an improper purpose. Counsel for Plaintiff continues to be excessively uncooperative during each interchange with Defendant. Plaintiff has repeatedly, seemingly deliberately, refused to adhere to the agreement made in Judge Lauck's courtroom during the July Pretrial Conference. Biss continues to include unapproved parties, not agreed upon by counsel, on emails between counsel.

Counsel for Plaintiff has also refused to adhere to agreed upon methods of electronic file delivery. At the time of this filing, Biss has failed to provide an editable copy of the draft FPO. Defendant believes these actions to be a failure to act in good faith as ordered.

Counsel for Plaintiff has repeatedly attempted to coerce Defendant Goodman into providing his input into this critical document on an artificially compressed timeline, under

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER - 4

pressure of a wrongfully imposed deadline and at an inappropriate time. Biss has sent numerous emails emphasizing the importance of filing this document with the Court today on March 12, 2020 in conflict with paragraph 51 of the IPO and other court orders.

Biss has employed aggressive, 'bully tactics' and sent these emails in what Defendant believes was a contrived effort to tilt this proceeding in favor of his client irrespective of the outcome of the Settlement Hearing or the outcome of a proposed oral arguments hearing on the motion to disqualify. This was done in coordination with an apparently deliberate effort to waste time by failing to provide the document in an appropriate editable format as ordered and by an agreed upon method.

For the reasons stated above, Defendant respectfully request that the court issue a new order clarifying for all parties the definitive time and manner in which the FPO should be submitted, compelling Plaintiff to adhere to all Court orders and to sanction Plaintiff and Counsel for Plaintiff for repeated and deliberate failures to comply with Judge Lauck's orders in the original IPO and the subsequent SSO.

For these reasons in addition to any other reasons the court sees fit, Defendant respectfully requests the Court to compel Plaintiff's compliance with orders as written and apply appropriate sanctions if and where the court deems necessary.

Respectfully submitted March 12, 2020,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER - 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
|---|---|
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| JASON GOODMAN, et al., | |
| Defendant | |

**CERTIFICATE OF SERVICE**

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service with First Class mail postage affixed and addressed to the following parties:

Clerk of the Court

U.S. District Court 701 E. Broad St.

Richmond, VA 23219


Steven S. Biss

300 West Main Street, Suite 102

Charlottesville VA 22903


Terry C Frank

1021 E. Cary Street, 14th Floor

Richmond VA 23219

CERTIFICATE OF SERVICE - 1

I hereby attest that the foregoing is true and accurate under the penalties of perjury.

.

Signed this __12__ day of March 2020

                                              Defendant, Pro Se Jason Goodman
                                                                          252 7th Avenue Apt 6s
                                                                                 New York, NY 10001
                                                                                         (323) 744-7594
                                                                    truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 2