IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ROBERT DAVID STEELE<br>et al | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case 3:17-cv-601-MHL |
| JASON GOODMAN<br>et al | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GOODMAN'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PRETRIAL ORDER AND SUA SPONTE ORDER

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to General Order 2020-3 and Local Civil Rule 7(F), respectfully submit this Memorandum in Opposition to defendant Jason Goodman's ("Goodman") motion to compel plaintiff to comply with pretrial order and sua sponte order. [*ECF No. 185*].

### I.  INTRODUCTION

1.      On August 1, 2019, the Court entered its Initial Pretrial Order ("IPO") in this action. [*ECF No. 157 ("IPO")*].

2.      The Final Pretrial Conference was set for February 20, 2020. [*IPO, ¶ 46*].

3.      Paragraphs 48 and 50 of the IPO provide as follows:

> 48.     Not later than seven (7) days before the Final Pretrial Conference, the parties shall jointly submit a proposed Final Pretrial Order, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.  The proposed Final Pretrial Order shall be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and, (6) Triable Issues as set forth by each party.

> 50.     It shall be the responsibility of counsel for plaintiff(s) to assemble and distribute to all other counsel a draft of the Final Pretrial Order in sufficient time to allow completion before the Final Pretrial Conference.  Counsel shall resolve disagreements on the content of the Final Pretrial Order and shall present a clean final version thereof not later than seven (7) days before the Final Pretrial Conference.  Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

4.      On January 29, 2020, the Court *sua sponte* entered an Order that provided as follows:

> The Court CANCELS the Final Pretrial Conference currently scheduled for February 20, 2020, at 1:00 p.m.  If necessary after the Settlement Conference, the Parties SHALL appear for a Final Pretrial Conference, Hearing on the Motion to Disqualify, (ECF No. 165), and Hearing on the Motion in Limine, (ECF No. 171), on Thursday March 19, 2020 at 1:00 p.m.

[*ECF No. 175 ("Sua Sponte Order")*].

5.      The Sua Sponte Order amended and/or modified the deadline in the IPO for, *inter alia*, submission of the proposed Final Pretrial Order.

6.      No party expressed any question, concern or perceived conflict relating to the dates and deadlines imposed by Sua Sponte Order and/or the IPO.

## II.  DISCUSSION

7.      On March 7, 2020, Plaintiff's counsel emailed a draft of the Final Pretrial Order to Goodman and counsel for Defendant Negron.  A copy of the email is attached as *Exhibit "A"*.

8.      Goodman received the draft on March 7, 2020.

9.      Counsel for Negron requested a copy of the draft Final Pretrial Order in Word format.  The Word version of the draft Final Pretrial Order was 27 MB – too large to email.  Accordingly, Plaintiff's counsel delivered a Word version of the draft Final Pretrial Order to both counsel for Negron and Goodman via HighTail – a document management and file-sharing service.

10.     Both counsel for Negron and Goodman received the Word version of the draft Final Pretrial Order via HighTail.

11.     HighTail delivered the Word version of the draft Final Pretrial Order in an email.  A copy of the HighTail email is attached as *Exhibit "B"*.

12.     Counsel for Negron had no trouble whatsoever clicking the link and downloading the Word attachment.  A copy of the download receipt received from HighTail is attached as *Exhibit "C"*.

13.     Goodman, however, demanded that the document be delivered by email. At 10:54 a.m., Goodman tersely stated, "Email it Biss".  After Plaintiff's counsel explained that the document was too large to email, Goodman then told counsel to "[f]ind another method Biss, I refuse High tail".  Goodman then questioned Plaintiff's counsel and, for no reason, insulted his integrity: "How can a Microsoft word file be too big to

email Biss?  I find that implausible and dishonest.[1]  What is the file size?"  After

Plaintiff's counsel requested Goodman to "stop the personal attacks immediately" and

notified Goodman that the parties "have a lot of work to get done together before trial",

Goodman delivered the following email:

> "In direct conflict with court orders, you are not being cooperative Mr. Biss.
> There is no way the MS Word file use to create the PDF you emailed is 'too big to
> email' unless you have deliberately [sic] embedded unnecessarily large files for
> the express purpose of being uncooperative and malicious, which is how you have
> behaving [sic] every day of this protracted and frivolous proceeding.  Tell the
> judge whatever you want, but spare me your disingenuous lectures on legal ethics
> and figure out how to email the MS word file.  You have already been instructed
> that High Tail is an unacceptable format.  You continue to fail to make GOOD
> FAITH efforts in the course of this settlement procedure and it is my belief the
> court will be more interested in that, than in my repeated instructions that you DO
> NOT continue to behave in ways you have been instructed not to.  STOP
> INCLUDING YOUR CLIENT ON EMAILS TO COUNSEL."

A copy of the email chain is attached as _Exhibit "E"_.

13.     On March 11, 2020 at 5:14 p.m., counsel for Negron emailed comments to

the stipulations, facts presented and triable issues.   Counsel for Negron reminded

Goodman that:

> "We need to file this tomorrow and need your input on stipulations and any
> exhibits you intend to use. Please send those with enough time for us to
> comment before filing tomorrow by 5:00".

A copy of counsel's email is attached as _Exhibit "F"_.

---

[1]     These kinds of personal attacks have been non-stop.  For instance, on
December 9, 2019, after Plaintiff filed his response to Goodman's motion to disqualify,
Goodman sent Plaintiff's counsel the following email:

> Pretty weak response, I hope you're ready to be disqualified.  You are pathalogically unethical and unfit
> to practice law.  Where is the high tail email that never followed your message from weeks ago?

A copy of the email chain is attached as _Exhibit "D"_.

14.     At 6:18 p.m. on March 11, 2020, Goodman emailed the following statement: "Please indicate by what authority this document is to be filed tomorrow [sic]."  Counsel for Negron explained to Goodman that "The final pretrial conference is March 19, and per the initial pretrial order, the joint stipulations, etc. are due 7 days before.  I'd be amenable to a joint motion for extension of time closer to trial date or even a day or two before the final pretrial"  Plaintiff's counsel replied, "Plaintiff would agree to extend the deadline for filing the Final Pretrial Order to March 17, provided I have Mr. Goodman's parts tomorrow.  I am not inclined to extend the deadline further."  A copy of the email chain is attached as _Exhibit "G"_.

15.     On March 12, 2020 at 12:10 p.m., Plaintiff's counsel revised the draft Final Pretrial Order to incorporate the comments received from counsel for Negron.  A copy of counsel's email is attached as _Exhibit "H"_.

16.     Goodman never supplied any comments on the draft Final Pretrial Order or any parts to be included.

## CONCLUSION AND REQUEST FOR RELIEF

Goodman's motion indicates that he "submitted" the motion on March 12, 2020.  Plaintiff's counsel did not receive a copy of the motion on March 12, 2020, and was not notified of the motion until counsel received notice of electronic filing on March 16, 2020.  The motion should be denied.  It is meritless.  Plaintiffs respectfully request the Court to note the following:

- Plaintiffs and their counsel have fully complied with all Court Orders.

- Counsel for Plaintiffs has not acted "in defiance of court orders".

● Plaintiffs and their counsel have acted at all times in good faith. Counsel for the Plaintiffs assembled and submitted a draft of the Final Pretrial Order to all parties on March 7, 2020 – *five (5) days before the deadline for filing*. This afforded more than sufficient time for comments, additions, etc. Indeed, counsel for Negron timely supplied comments and parts that were included in the draft Final Pretrial Order that was filed by Plaintiff's counsel on March 12, 2020. [*ECF No. 182*].

● The Court's Sua Sponte Order scheduled the Final Pretrial Conference for March 19, 2020. The only caveat or condition that would have obviated the need for the Final Pretrial Conference was "if" the parties settled the matter at the Settlement Conference on March 16, 2020. In his memorandum in support of motion [*ECF No. 186, p. 2*], Goodman represents to the Court that:

> "This order [the Sua Sponte Order] leaves the determination as to whether a new Final Pretrial Hearing will occur or not up to the outcome of the Settlement Hearing. This outcome could cause the Final Pretrial hearing not to occur which would in turn move the filing date for the FPO to April 2020 if a new trial should take place at all".

**Contrary to Mr. Goodman's suggestion, the parties' duty to prepare and submit the Final Pretrial Order on <u>March 12, 2020</u> – per the terms of the IPO – was not contingent on the outcome of the Settlement Conference scheduled for March 16. There was never any misunderstanding that the Final Pretrial Order was due on March 12. Indeed, it would have been a monumental error for the parties to have disregarded the IPO and waited until March 16 to file the Final Pretrial Order.**

● Counsel for Plaintiff has been nothing but cooperative with Goodman throughout this proceeding. Goodman has not identified a single "interchange" in which Plaintiff's counsel was "excessively uncooperative" or "contentious".

- Finally, Goodman's memorandum in support [*ECF No. 186, pp. 4-5*] makes a series of conclusory statements about Plaintiff and their counsel that are simply not true.  Goodman claims (without a scintilla of support) that:

> "Plaintiff has repeatedly, seemingly deliberately, refused to adhere to the agreement made in Judge Lauck's courtroom during the July Pretrial Conference.  Biss continues to include unapproved parties, not agreed upon by counsel, on emails between counsel."[2]

> "Counsel for Plaintiff has also refused to adhere to agreed upon methods of electronic file delivery.  At the time of this filing, Biss has failed to provide an editable copy of the draft FPO."[3]

> "Counsel for Plaintiff has repeatedly attempted to coerce Defendant Goodman into providing his input into this critical document on an artificially compressed timeline, under pressure of a wrongfully imposed deadline and at an inappropriate time.  Biss has sent numerous emails emphasizing the importance of filing this document with the Court today on March 12, 2020 in conflict with paragraph 51 of the IPO and other court orders."[4]

> "Biss has employed aggressive, 'bully tactics' and sent these emails in what Defendant believes was a contrived effort to tilt this proceeding in favor of his client irrespective of the outcome of the Settlement Hearing or the outcome of a proposed oral arguments hearing on the motion to disqualify.  This was done in coordination with an apparently deliberate effort to waste time by failing to provide the document in an appropriate editable format as ordered and by an agreed upon method."[5]

---

[2]     Plaintiff's counsel copies his client on emails.

[3]     The PDF version of the Final Pretrial Order delivered on March 7, 2020 was editable.  The Word version delivered on March 8, 2020 was editable.  Goodman was also free to email his comments and parts of the Final Pretrial Order.

[4]     Plaintiff's counsel did emphasize the need to comply with this Court's Orders.  There was no conflict, however, between the IPO and/or the Sua Sponte Order.

[5]     Plaintiffs and their counsel are painfully aware that this motion requires substantial judicial resources, energy and attention to resolve.  In order to properly respond to Goodman's allegations and to address Plaintiffs' good faith compliance with the Court's Orders, Plaintiff's counsel is compelled to attach to this response multiple exhibits and to provide a full explanation.

Plaintiff's counsel has asked Goodman repeatedly to cease and desist with personal attacks, to no avail.  For the reasons stated above, Plaintiffs respectfully request the Court to deny Goodman's motion and to award Plaintiffs their attorney's fees incurred in responding to this motion in the sum of **$1,900.00** ($475/4 hours) to be paid immediately.


DATED:          March 21, 2020


                     ROBERT DAVID STEELE
                     EARTH INTELLIGENCE NETWORK


                     By:    */s/ Steven S. Biss*
                     _____
                          Steven S. Biss (VSB # 32972)
                          300 West Main Street, Suite 102
                          Charlottesville, Virginia 22903
                          Telephone:     (804) 501-8272
                          Facsimile:     (202) 318-4098
                          Email:         **stevenbiss@earthlink.net**

                          *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.

By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:     (804) 501-8272
      Facsimile:     (202) 318-4098
      Email:          **stevenbiss@earthlink.net**

      *Counsel for the Plaintiffs*