

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER |
| JASON GOODMAN, et al., | |
| Defendant | |

# DEFENDANT'S MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER

Defendant Jason Goodman Pro Se respectfully submits this motion for leave to seek relief from the court's July 2, 2020 order which denied the Motion to Disqualify in accordance with Fed. R. Civ. P. 60(b)(3) and (6). Defendant seeks relief with good cause and based on information discovered after July 2, 2020. This new information causes Defendant to believe that evidence already in the record indicates fraud on the court by the opposing party coordinated and overseen by Counsel for Plaintiff Steven Scott Biss. This new information causes Defendant to believe Mr. Biss would be a necessary witness whose testimony would touch all relevant matters in this action and which no other party or non-party could provide.

Respectfully submitted July 6, 2020

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER |
| JASON GOODMAN, et al., | |
| Defendant | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER**

**I.   Introduction**

Defendant Jason Goodman pro se respectfully submits this memorandum in support of the motion filed pursuant to Fed. R. Civ. P. 60(b)(3) and (6) which states "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding, [for] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or for any] reason that justifies relief."

Defendant seeks to enter new information learned after July 2 that he believes is relevant and justifies relief from the order. Defendant believes this lawsuit was a preconceived plan to use military intelligence and asymmetric warfare tactics in the legal system, social media and real-world scenarios to extort money from Defendant. Defendant believes Plaintiff enlisted Steve Scott Biss (Mr. Biss) to orchestrate this conspiracy and that Mr. Biss will be a necessary witness whose testimony will touch every relevant matter in the Amended Complaint.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 1

## II. Statement of Facts

### A. Plaintiff and Counsel for Plaintiffs Have Military Intelligence Backgrounds

1. Plaintiff Robert David Steele (Steele) claims to be a U.S. Marine Corps (USMC) Veteran and a retired Central Intelligence Agency (CIA) officer. Steele claims to be co-founder of the United States Marine Corps Intelligence Activity (MCIA). Steele has made numerous public statements about his experience in clandestine operations, tactics and procedures utilized by the USMC and CIA.

2. According to his Linkedin.com profile, *(https://www.linkedin.com/in/steven-s-biss-6517037/)* Mr. Biss attended Princeton University from 1984 – 1987 where he received a BA in American History and Military Intelligence.

3. The United States Marine Corps Association and Foundation maintains a website at https://mca-marines.org/. This website describes one of the USMC's core tactics and best-known principles, Maneuver Warfare. (https://mca-marines.org/gazette/maneuver-warfare-in-the-21st-century/). Maneuver Warfare is described as "A warfighting philosophy that seeks to shatter the enemy's cohesion through a variety of rapid, focused, and unexpected actions which create a turbulent and rapidly deteriorating situation with which the enemy cannot cope." The USMC website goes on to describe author Bill Lind's Maneuver Warfare Handbook, published in 1985, which, according to the website, served as a "catalyst in catapulting the tenets of Maneuver Warfare to the warfighters of the day." This would include Steele based on the claim he co-founded the MCIA in 1987. (https://en.wikipedia.org/wiki/Marine_Corps_Intelligence#Marine_Corps_Intelligence_Activity)

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 2

4. Defendant believes the Maneuver Warfare doctrine has been adapted by Steele and Biss and applied to a civilian attack strategy utilizing cyber harassment, real-world harassment and abusive lawsuits. Defendant has termed this adapted method "Maneuver Lawfare". Each of the non-parties who have presented themselves in this case have participated in the "variety of rapid, focused, and unexpected actions" which have made it extremely difficult for the Defendant to cope. Defendant believes any Maneuver Lawfare campaign would inherently have to be coordinated by the Counsel for Plaintiff because any other party or non-party would be subject to being called as a witness.

5. One of the most widely known tactics in military intelligence and clandestine operations is the use of operational plants, commonly known as double agents. Legendary World War II hero, Deputy Chief of the British intelligence agency Mi5 Sir John C Masterman described the technique in his famous book *The Double-Cross System: The Incredible Story of How Nazi Spies Were Turned into Double Agents*. Masterman's 224-page tome asserts, "There must be a powerful centralised [sic] control of strategic deception with a carefully planned policy, and the Controlling Officer of Deception must be someone fully apprised of all operational plans." Defendant believes Mr. Biss is the Controlling Officer of Deception (COD) in this lawsuit and he has coordinated double agents including Holmes, Negron, Chavez and others.

6. Another widely recognized tactic of military intelligence operations is a technique known as compartmentalization. Wikipedia.com defines Compartmentalization as "limit[ing] access to information to persons who directly need to know certain such information in order to perform certain tasks." This technique is employed to protect operations and their operatives from capture or interrogation of any individual. In Maneuver Lawfare

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 3

this would have the same function, rendering most witnesses useless at trial. No individual operative would be allowed to possess information sufficient to expose details of the larger conspiracy. Ideally, each carries out only a small seemingly innocuous role for which there is plausible deniability of a legitimate purpose. A highly protected operation would be so compartmentalized, any induvial would not know of the existence of the operation or others participating it in. Such compartmentalization could explain how Negron might be manipulated and utilized as an operational plant, without ever having direct knowledge of her own involvement. Mr. Biss, as the COD, would be the only individual aware of all elements, participants and objectives. Compartmentalization is a key tenet of operational security and its importance cannot be overstated.

7. Defendant believes Steele's declaration (ECF No. 166-1) cited by the court in the opinion issued July 2, 2020 (ECF No. 196) provides evidence of compartmentalization. Steele claims he did not exchange anything with Manuel Chavez III. However, Steele is careful not to discuss what Biss may have received from Chavez or what may have been offered in return. Defendant believes this email communication represents one method that would be used to prevent one co-conspirator from learning details that could reveal another. This is consistent with a compartmentalized Maneuver Lawfare approach. Only Mr. Biss as the COD would be aware of the full scope of the interaction.

8. On February 4, 2020, co-Defendant Susan Holmes aka Susan Lutzke aka Queen Tut (Holmes) was arrested by Fort Collins police for perjury and attempting to influence a public servant. At the time of her arrest, Holmes was Larimer County Sheriff's Office (LCSO) "Most Wanted" (https: denver.cbslocal.com 2020 02 05 susan-holmes-arrest-

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 4

lying-officers-guns-taken-away-red-flag-law/). Holmes was arrested at 2608 Leisure Drive, the same address at which she was served in this legal action but failed to respond.

9. On February 21, 2018, Holmes submitted a letter (ECF No. 31) claiming to be Mercia Francis the alleged daughter of a woman using the identity Queen Tut. Defendant believes this was a false statement and a brazen fraud on the court. In a phone call between Mr. Biss and Goodman on July 3, 2020, Mr. Biss refused to answer the direct question inquiring why no effort has been made to enforce the default judgement against Holmes. Mr. Biss told Goodman "it's none of your business". This statement caused Defendant to believe that Plaintiff has never intended to enforce any judgement against the co-Defendants, but only to pursue Goodman, and now seeks to hide this. During that same phone call, Mr. Biss also refused to include the settlement agreement with Negron (ECF No. 192) in discovery disclosures. In her own pleadings, Negron has claimed to be financially destitute. Defendant does not believe that Plaintiff negotiated a settlement with Negron remotely close to the $500,000 demanded in negotiation with Goodman.

10. It is Defendant's belief that each of the non-parties who submitted filings are also operational plants in the scheme. Each of these individuals have taken actions online or in the real world to frustrate Goodman and complicate his ability to defend this lawsuit. Each carried out a minor role in the organized harassment and defamation of Goodman, which cumulatively have had a substantial deleterious effect. Perhaps the most notable is intervenor applicant D. George Sweigert (Sweigert), the brother of Steele's associate George Webb (Webb). Defendant reminds the court that Webb is the individual who introduced Defendant to Plaintiff in 2017 and the following day provided a report about the Port of Charleston which allegedly prompted Plaintiff to cancel an interview,

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 5

initiating this matter. Defendant has observed Steele and Webb continue to collaborate. On July 2, 2020 Steele published an interview between Webb and proposed witness Dr. Cynthia McKinney on Steele's YouTube Channel (https://youtu.be/CT0VAdAW03A). Webb's brother Sweigert has gone to excruciating lengths to antagonize and frustrate Goodman both online and in the SDNY with another similarly vexatious lawsuit. Defendant believes that Sweigert's efforts to intervene were not in fact intended to cure an injury, but rather another component of the Maneuver Lawfare conspiracy.

### III. Conclusion

WHEREFORE, for the foregoing reasons, Defendant Goodman respectfully request that the Court grant the motion for leave and provide relief from the July 2, 2020 order. Defendant prays the court will disqualify Mr. Biss and take any other action the court deems necessary so Mr. Biss may be called as a witness to give testimony Defendant believes will be relevant at trial, will touch all matters of relevance and would be strictly necessary for Goodman's defense as no other party or non-party could provide sufficient testimony.

Respectfully submitted July 6, 2020

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SEEK RELIEF FROM JUDGEMENT OR ORDER - 6

<mark>/</mark>

Case 3:17-cv-00601-MHL   Document 198   Filed 07/07/20   Page 8 of 8 PageID# 3130<mark>/</mark>

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| JASON GOODMAN, et al., | |
| Defendant | |

**CERTIFICATE OF SERVICE**

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service with First Class mail postage affixed and addressed to the following parties:

Steven S. Biss

300 West Main Street, Suite 102

Charlottesville VA 22903

that the foregoing is true and accurate under the penalties of perjury.

Signed this 6th day of July 2020

_____

Defendant, Pro Se Jason Goodman
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 1