IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION



| | |
|---|---|
| ROBERT DAVID STEELE, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN, et al.,<br><br>Defendant | Case No.: 3:17-cv-00601-MHL<br><br>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING**

## INTRODUCTION

Defendant Jason Goodman pro se respectfully submits this memorandum in support of the motion for leave seeking to transfer for forum non conveniens in accordance with 28 U.S. Code § 1404(a) which states "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" or to amend pleading pursuant to Fed. R. Civ. P 15.

Plaintiff could have brought suit in the Southern District of New York and for reasons set forth herein, should have done so. The central controversy at hand is directly linked to New York State law as it pertains to Plaintiff's alleged illegal use of a 501(c)(3) Earth Intelligence Network (EIN) and charity fund raising in the State of New York via the internet. Southern District of New York is the most appropriate forum for this matter.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 1

# BACKGROUND

Recent measures taken in response to the Covid-19 crisis have dramatically complicated interstate travel in a number of ways. Defendant Goodman is a New York City resident and does not own a car. Defendant relies on public transportation to access the EDVA. The recent unprecedented changes to daily life impacting public transportation and travel in general has made access to the EDVA considerably more inconvenient for the Defendant as compared to 2017, and even 2019. Defendant previously endured considerable travel, hotel and opportunity costs to appear at the pre-trial hearing. Due to substantial schedule reductions by all airlines and Amtrak between New York and Richmond, Defendant would be required to arrive on July 14 and depart on July 16 in order to attend the show cause hearing as scheduled.

On July 7, 2020 New York State Governor Andrew Cuomo issued an executive order mandating 14-day quarantine for people entering New York from a long list of U.S. states. (https://www.governor.ny.gov/news/governor-cuomo-announces-individuals-traveling-new-york-three-additional-states-will-be) Although Virginia was not among them, Delaware was, further restricting Defendant's travel options. Furthermore, the rapidly evolving dynamic nature of Covid-19 and Governor Cuomo's response means Virginia could be added to the New York quarantine list at any time without notice. These factors have substantially increased the burden on Defendant to access the U.S. District court in Richmond, VA. Defendant respectfully seeks to transfer this matter to the Southern District of New York for trial. SDNY has jurisdiction over the diverse parties as well as the subject matter and can provide Plaintiff with relief should this be decided in his favor. Under the "new normal" of Covid-19, witnesses for Plaintiff could be allowed to appear by video rending inconvenience to witnesses moot should the court grant the motion to transfer.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 2

In September 2017, Plaintiff filed this action against Defendant Goodman, Patricia Negron and Queen Tut aka Susan Lutzke, aka Susan Holmes (Holmes). Plaintiff initially identified Holmes as one Carla Howell an individual unknown to Defendant and otherwise unrelated to this matter as far as Defendant is aware. Even after Defendant presented evidence of Holmes' identity, Plaintiff continued to refer to Holmes as Lutzke in pleadings. Defendant believes this was done in an effort to prevent the court from learning Holmes true identity. On April 13, 2018 Plaintiff filed an Amended Complaint (ECF No. 39) consisting of numerous new allegations. The new claims largely pertained to statements and actions by either Holmes or Negron or the two working in concert, with comparatively few if any new allegations prompted by additional actions taken or caused by Goodman. The Amended Complaint features images of particularly inflammatory social media posts created by Holmes long after Goodman terminated contact with her. In September 2018, a default judgement was issued by the court against Holmes. In May 2020, Plaintiff entered into a joint stipulation of dismissal of claims agreement with Negron only. Plaintiff has made no effort to enforce the default judgement or to otherwise seek remedy from Holmes. In a phone conversation of July 3, 2020 when directly asked by Goodman why no effort had been made to enforce the Default judgment, counsel for Plaintiff told Defendant it was "none of your business." Negron has made statements in pleadings and throughout these proceedings that cause Defendant to believe she would be unable to pay a settlement even approximately equal to the $500,000 Plaintiff has demanded repeatedly of Defendant Goodman. In the same July 3, 2020 phone conversation, Plaintiff refused to include any part of the Negron settlement agreement in discovery disclosures. Based on these and other circumstances, Defendant believes Plaintiff had no intention to enforce any potential judgement against any co-defendant except for Goodman.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 3

Defendant's previous filing (ECF No. 198) provided background and details of what he believes was an elaborate plan to entrap him and extort money from him via this lawsuit. Defendant believes another component of that conspiracy involved Holmes making deliberate inflammatory and even possibly defamatory statements about Plaintiff that could be added to the amended complaint, and via false claims of conspiracy, attributed to Defendant Goodman.

The core controversy in this matter pertains to statements and actions by Defendant made in New York State and other locations outside of Virginia. Defendant's statements alleging charity fraud on the part of Plaintiff pertain specifically to New York State laws and IRS tax codes. Defendant does not live in Virginia, has no business or property in Virginia and his statements do not expressly pertain to Virginia. This case has no direct link to Virginia aside from Plaintiff residing in Virginia and Counsel for Plaintiff being licensed to practice law in Virginia.

Plaintiff Earth Intelligence Network (EIN) is a 501(c)(3) nonprofit corporation and a public charity. Plaintiff's 990 filings with the IRS are available for the public to view online. On schedule O of Form 990 EZ for 2017, (https://projects.propublica.org/nonprofits/display_990/208286516/07_2018_prefixes_20-22%2F208286516_201712_990EZ_2018073115553215) Plaintiff discloses "Legal counsel retained on contingency basis. No legal fees paid." This declaration and other facts cause Defendant to believe Plaintiff and Counsel for Plaintiff have agreed to engage in a mutually beneficial business arrangement to entrap and sue Defendant Goodman as outlined in Defendant's Motion for Relief from Judgement or Order (ECF No. 198).

It is Defendant's belief that selection of EDVA as the venue for this matter is nothing more than forum shopping in an effort to enable the mutually beneficial, illicit scheme in the

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 4

forum where Counsel for Plaintiff is licensed to practice law. In the interest of justice, the court must transfer this matter to SDNY. Such a scheme would not be possible if the proper venue most relevant to facts of this matter were selected at the outset and the controversy related to New York State law and other matters were adjudicated in the Southern District of New York.

## ARGUMENT

Due to the unexpected and formidable inconvenience imposed by the Covid-19 crisis and related factors, the Plaintiff's chosen court has become excessively burdensome to the Defendant. Since so much of the evidence in this matter is internet based, the ease of access to it would be unaffected by a change of venue. As for the interests of the parties, it is Defendant's belief that Plaintiff chose this venue for an improper purpose, to abuse the law and this court and to extort money from Defendant. Defendant asks the court to take notice, in September 2017, via multiple telephone calls Holmes adamantly insisted on "helping" Defendant write the answer to Plaintiff's complaint. At the time Defendant considered Holmes a trusted colleague and was led to believe by Holmes it was in their mutual interest to answer the complaint and not to retain counsel. This was an easy persuasion given Defendant's lack of funds and inability to hire counsel even if inclined to do so. Defendant Goodman was not aware of his right to challenge the venue or that such a challenge was a legal option at all. In retrospect and in reviewing facts now known which previously were unknown, Defendant believes this was a substantial aspect of Holmes intended purpose in the scheme. Defendant believes Holmes was tasked with ensuring Goodman answered the complaint in the EDVA in order to lock in Plaintiff's desired forum and enable the entire scheme.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 5

One of the most substantial controversies in this case pertains to statements by Defendant alleging fraudulent use of a 501(c)(3) tax exempt corporation by Plaintiff. Defendant believes that Plaintiff failed to fulfill his legal obligations to the public as the principal of a 501(c)(3) by soliciting donations in the state of New York over the internet without first registering with the State Attorney General. As a public charity, benefiting from tax exemption, Defendant considered this a matter of public interest. Defendant made this the subject of several news broadcasts in an effort to inform the public, particularly members of Goodman's viewing audience who themselves could be exposed to legal liability should they attempt to obtain tax deductions for any contributions made to Plaintiff.

On July 6, 2020 New York State Attorney General Letitia James issued a notice to the Black Lives Matter Foundation with regard to the legal obligations of charities soliciting donations in New York State. (https://ag.ny.gov/sites/default/files/image2020-07-06-121514.pdf). In the notice, AG James states "Black Lives Matter Foundation has not registered with the Charities Bureau. Solicitation of contributions in New York is an activity in which unregistered organizations are prohibited to engage." This has been Defendant's understanding since 2017 and the Attorney General has reaffirmed that understanding. AG James does not equivocate or make any qualifying statements pertaining to the amount of money received by an alleged charitable organization. The Attorney General clearly states that the mere act of soliciting any amount for a charitable organization requires that organization to first register. Plaintiff failed to do this in 2017 and remains out of compliance to this day. It would be reasonable to assume, given the nature of internet and YouTube video broadcasts, and the location of Goodman's operation, that viewers in New York could see the broadcasts and be enticed to make a charitable contribution. Plaintiff should have registered with the New York

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 6

State Bureau of Charities as well as complied with every other states' legal requirements prior to doing any solicitation to avoid the possibility of illegal fund raising. Plaintiff will fail to prove that Defendant willfully ignored the truth in making his statements that Plaintiff regularly and repeatedly engages in charity fraud because the facts are in favor of the Defendant. The statements were and are believed to be true. Because this controversy is so closely associated with New York charity law and has nothing to do in particular with Virginia, SDNY is the more suitable forum and Plaintiff could have, moreover should have, brought the action in SDNY at the outset. It is Defendant's belief that Plaintiff selected Virginia as the venue for an improper purpose to enable extortion via contingency in the illicit arrangement with Counsel for Plaintiff. The cost of traveling to Virginia in 2019 for the pretrial hearing was itself a financial burden on Defendant. The added complications caused by Covid-19 restrictions have rendered the EDVA Forum Non Conveniens for Defendant. In the interest of justice, Defendant prays the court will transfer this case to the Southern District of New York for trial.

## CONCLUSION

For the foregoing reasons, Defendant Goodman respectfully requests that this Court grant Defendant's Motion for leave to Transfer for Forum Non Conveniens and or to amend pleadings under Rule 15 or grant such further relief as this Court deems proper.

Respectfully submitted July 9, 2020

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TRANSFER FOR FORUM NON CONVENIENS OR TO AMMEND PLEADING - 7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., <br><br> Plaintiff, <br><br> vs. <br><br> JASON GOODMAN, et al., <br><br> Defendant | Case No.: 3:17-cv-00601-MHL <br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service with First Class mail postage affixed and addressed to the following parties:

Steven S. Biss

300 West Main Street, Suite 102

Charlottesville VA 22903

that the foregoing is true and accurate under the penalties of perjury.

Signed this 9th day of July 2020

Defendant, Pro Se Jason Goodman
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 1