IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| ROBERT DAVID STEELE, et al., | Case No.: 3:17-cv-00601-MHL |
| Plaintiff, | |
| vs. | DEFENDANT'S CERTIFICATION |
| JASON GOODMAN, et al., | |
| Defendant | |



## DEFENDANT'S CERTIFICATION

Defendant Jason Goodman Pro Se respectfully submits this certification confirming that Defendant has provided to Plaintiff all documents that were submitted to the Court including supplemental material provided to the court in mailings as well as with this certification.

1. Defendant has provided to Plaintiff a true and exact copy of all documents submitted to the Court at the July 15, 2020 Show Cause Hearing as well as documents submitted in separate mailings on July 17, 2020, July 19, 2020, July 21, 2020 and additional supplemental documents provided to the court along with this certification.

2. On July 16, 2020, Defendant emailed Plaintiff a file, titled "Steele v Goodman Discovery.zip", containing documents provided to the Court at the July 15, 2020 hearing along with an index, titled "Discovery 26a", which was filed with the Clerk.

3. On July 19, 2020, in an ongoing good faith effort to provide a more manageable and useful document from which Plaintiff could more easily access information, Defendant provided an updated file titled "Steele v Goodman Defendant 26a with

DEFENDANT'S CERTIFICATION - 1

Index.pdf". This PDF included linked bookmarks to each subdocument to facilitate navigation of Plaintiff's preferred electronic delivery format as well as additional emails from Manuel Chavez III. The supplemented document consisted of 1,256 pages. True and exact printed copies of the supplemental Chavez emails were provided to the court via FedEx tracking #771040527120 and arrived July 21, 2020.

4. Concurrent with delivery of the supplemented document and in deference to the court's stated displeasure with the ongoing disputes between parties, Defendant requested a phone conversation to resolve outstanding Discovery disputes. Defendant made this request specifically to address all outstanding unresolved disputes and to be certain both parties were well prepared with all required materials prior to the scheduled hearing. Plaintiff strenuously resisted this request, first by refusing to respond to Defendant's July 16 email request for more than twelve hours, even while Plaintiff sent unrelated emails to Defendant during this time period. Only after a second email pointing out Plaintiff's refusal to respond did Defendant receive a reply to the request for a call. Plaintiff continued to resist the request going as far as stating "I agree, but the Judge directed me to obtain a court reporter when I call you. Let's try to reach some agreements first without adding the cost and expense of a court reporter. For instance, I think we can agree both parties have complied with Rule 26a1." Defendant's understanding of Rule 26(a)(1) and its specific reference to the "name and, if known, the address and telephone number of each individual likely to have discoverable information" was in part, a reason Defendant sought telephone communication on this matter. Plaintiff's growing resistance caused Defendant to believe this was yet another attempt to coerce Defendant into signing a Stipulation of

DEFENDANT'S CERTIFICATION - 2

Undisputed Facts that would dispose of the controversy surrounding the identity of Queen Tut and also put Defendant at disadvantage with regard to other matters. This persistent attempt by Plaintiff to pressure Defendant to agree to the suggested stipulations furthered Defendant's belief that among other things, Holmes played a key role in laying the groundwork required to bring about this legal matter, as well as her subsequent efforts to convince Defendant Goodman to answer the Complaint rather than challenge the venue or other aspects. Eliminating Holmes as a party to this case and avoiding bringing her as a witness would clearly benefit Plaintiff and multiple points of evidence indicate Plaintiff has repeatedly attempted to do both of these things. It remains Defendant's belief that Plaintiff has made numerous attempts in opposition of good faith, to take advantage of Defendant's pro se status and deceive him into agreeing upon stipulations in favor of Plaintiff. While the July 20, 2020 call was cordial, and the true identity of Queen Tut was discussed, no formal resolution has been reached by the parties with regard to Holmes' identity at the time of this writing. In email communications related to the call transcript which Plaintiff has refused to provide, it was brought to Defendant's attention that Plaintiff had not received an email of August 19, 2019 which included Defendant's response to requests for admissions. Plaintiff has failed to answer subsequent inquiries as to why this issue was not raised during the July 20, 2020 phone call. The email and the responses have been included in the supplemental materials. Defendant's frustration with attempts at communicating in good faith are amplified by Plaintiff's refusal to provide a transcript of the July 20, 2020 call. In an email dated July 22, 2020 Counsel for Plaintiff Biss stated "the Judge directed me to arrange a court reporter for

DEFENDANT'S CERTIFICATION - 3

all calls with you. I did that. The Court did not direct me to order a transcript of the calls. I don't think it is necessary to order a transcript of our 7/20 call, but if you think there is some issue that you want to present to the Court on 7/27, and the transcript is necessary, you should contact the court reporter and order the transcript. I have given you here [sic] email address. She is with LegalMediaExperts, https://www.legalmediaexperts.com/." In searching through previous emails, Defendant did locate an unidentified email address in the CC field of a message from Mr. Biss. This was presumed to be that of the court reporter but was not specifically identified as such by Mr. Biss. Defendant has no recollection and no emails that confirm a specific delivery of the court reporter's name and contact information. Defendant remains challenged by Plaintiff's ongoing efforts to frustrate good faith efforts at communication. At the time of this writing, the transcript is not ready for inclusion in Defendant's submissions. Defendant is even more concerned by Plaintiff's repeated attempts to introduce evidence into the record that is not entirely representative or at worst, even misrepresents the true nature of ongoing communications. Defendant reminds the court that Plaintiff has repeatedly ignored orders to make good faith efforts in reaching a settlement. During settlement conferences with Magistrate Judge Young, Plaintiff merely repeated their offer which had been rejected previously and in fact failed to make any good faith effort to explore settlement. During the July 20, 2020 phone call counsel for Plaintiff yet again dismissed Defendant's earnest plea requesting counsel confer with Plaintiff and reconsider his position on settlement, given the court's assertion that this matter should not even be in federal court. As of July 23, 2020, Mr. Biss has made no

DEFENDANT'S CERTIFICATION - 4

indication that Defendant's request for such reconsideration has been considered by or even offered to Plaintiff. These and other actions cause Defendant to believe that Mr. Biss has deliberately and continually obstructed good faith efforts and instead continued this abusive and unjust application of the civil legal process.

5. During the July 20, 2020 phone call various questions about emails, senders, recipients and attachments came up. Several documents were requested by Mr. Biss. Those documents were provided to Mr. Biss during or directly following the phone call via electronic delivery and he has confirmed receipt of them. Mr. Biss specifically requested a recording of a phone call and the transcript of that phone call referenced in an email with General William F. Kernan. Due to the nature of the method used to transmit those documents to General Kernan in the original message and the passage of time since that message was sent, the attachments themselves were no longer available however identical copies of those documents are available on YouTube, both the audio recording of the call and the embedded closed captioned transcript (https://youtu.be/aUeNLLWikiM). This link was provided to Mr. Biss along with a copy of the transcript which was the source for the closed caption document associated with the video. These supplemental documents are submitted to the court along with this certification.

Respectfully submitted July 22, 2020

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S CERTIFICATION - 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
RICHMOND DIVISION

ROBERT DAVID STEELE, et al.,

Plaintiff(s),

v.

JASON GOODMAN, et al.,

Defendant(s).

Civil Action Number: 3:17-cv-00601-MHL

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**     Defendant's Certification

**No attorney has prepared, or assisted in the preparation of**_____.
                                                                 **(Title of Document)**

JASON GOODMAN
_____
Name of *Pro Se* Party (Print or Type)

_[signature]_
_____
Signature of *Pro Se* Party

Executed on: _ July 23, 2020 ___ (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of**_____.
                                                                       **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

**Circuit Court for** Eastern Division Virginia     Case No. 3:17-cv-601-MHL
                    City or County

| Robert David Steele and Earth Intelligence Networ | | | | | | Jason Goodman | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Name** | | | | | | **Name** | | | | |
| 11005 LANGTON ARMS CT | | | | | **VS.** | 252 7th avenue | | | | 6s |
| Street Address | | | Apt # | | | Street Address | | | | Apt # |
| OAKTON, | VA | 22124 | (571) | 320-8573 | | New York | NY | 10001 | (323) | 744-7594 |
| City | State | ZipCode | Area Code | Telephone | | City | State | ZipCode | Area Code | Telephone |
| | | *Plaintiff* | | | | | | *Defendant* | | |

# CERTIFICATE OF SERVICE
### (DOMREL58)

I HEREBY CERTIFY that on this  23   day of  July 2020   a copy of the document(s) entitled   Defendant's Certification  

**Title of Document(s)**
was/were mailed, postage prepaid to:

Steven S Biss
300 West Main Street, Suite 102
Charlottesville Virginia 22903

July 23, 2020
**Date**           **Signature**

Page 1 of 1

DR58- Revised 13 February 2001

# FedEx® Express

D:TSSA      (212) 244-8585
GOODMAN (NYC)
NTURY 3D
AVENUE

RK, NY 10001
STATES US

SHIP DATE: 23JUL20
ACTWGT: 1.00 LB
CAD: 3250694/INET4280

BILL SENDER

RNANDO GALINDO
. DISTRICT COURT EDVA
BROAD STREET

HMOND VA 23219
-2220          REF

DEPT



FRI - 24 JUL 3:00P
STANDARD OVERNIGHT

7710 7242 9115

GVEA          23219
      VA-US   RIC

Extremely Urgent

