IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ROBERT DAVID STEELE <u>et al</u> | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case 3:17-cv-601-MHL |
| JASON GOODMAN <u>et al</u> | ) ) ) ) | |
| Defendants. | ) ) ) | |

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GOODMAN'S MOTION FOR LEAVE TO SEEK TRANSFER FOR FORUM NON CONVENIENS OR TO AMEND PLEADING

Plaintiffs, Robert David Steele and Earth Intelligence Network ("Plaintiffs"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submit this Memorandum in Opposition to defendant Jason Goodman's ("Goodman") motion for leave to seek transfer for forum non conveniens or to amend pleading. [*ECF No. 199*].

Goodman's motion should be denied.

## I.  BACKGROUND

1.      Plaintiffs commenced this action on September 1, 2017. [*ECF No. 1*].

2.      Goodman filed an answer on October 6, 2017. [*ECF No. 14*].

3.      On April 13, 2018, with leave of Court, Plaintiffs filed an amended complaint. [*ECF No. 39*].

4.      On April 30, 2018, Goodman filed an answer to Plaintiffs' amended complaint [*ECF No. 44*] and a special motion to dismiss under the Virginia anti-SLAPP statute. [*ECF No. 45*].

5.      Goodman did not assert the defense of improper venue in his responsive pleadings, and, therefore, waived the defense. *Fed.R.Civ.P. 12(h)*.[1]

6.      By Order entered on March 31, 2019, the Court denied Goodman's motion to dismiss. [*ECF No. 86*].

7.      On July 31, 2019, the parties appeared in Court for the initial pretrial conference.  The Court scheduled a trial date.

8.      Goodman never once suggested that it was inconvenient to try the case in this Court.

9.      Between March 31, 2019 and July 9, 2020, Goodman filed numerous motions and other pleadings, engaged in discovery, and otherwise actively participated in this litigation – all without ***any*** mention of a transfer to New York.

10.     On January 29, 2020, the Court canceled the jury trial dates (March 18-20) and ordered that, if necessary after the settlement conference, the jury trial in this matter would occur on May 5-7, 2020. [*ECF No. 175*].

11.     On March 16, 2020, Goodman participated in a settlement conference with Magistrate Judge Young.

12.     On March 30, 2020, Plaintiffs filed their witness and exhibit lists pursuant to General Order No. 2020-7 and paragraphs 31 and 32 of the Court's Initial Pretrial Order. [*ECF Nos. 189 and 190*].

---

[1]      Defendant Negron filed a motion to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6). [*ECF No. 47*].  Negron never objected to venue in this Court.

13.    Goodman filed no witness list or exhibit list, and did not object to any of Plaintiffs' witnesses or exhibits.

14.    On April 16, 2020, the Court canceled the May 5-7 trial dates and rescheduled the jury trial for August 11-13, 2020. [*ECF No. 191*].  The Court ordered that the Final Pretrial Conference would be held on August 4, 2020.[2]

15.    On July 10, 2020, Goodman filed the instant motion.  His motion states as follows: "Due to the unprecedented circumstance of the Covid-19 pandemic, access to the EDVA has become extremely inconvenient for the Defendant and could require a 14-day quarantine upon return to New York.  Defendant respectfully seeks to transfer this matter to the Southern District of New York."  In his memorandum in support of motion [*ECF No. 200*], Goodman indicates that he seeks leave to transfer the case pursuant to 28 U.S.C. § 1404(a) and to amend pursuant to Rule 15.[3]  Goodman argues that this case could have been brought in the Southern District of New York.  He further argues that "recent unprecedented changes to daily life impacting public transportation and travel in general has made access to the EDVA considerably more inconvenient for the Defendant as compared to 2017, and even 2019".  He adds that on July 7, 2020 New York State Governor Andrew Cuomo "issued an executive order mandating 14-day quarantine for people entering New York from a long list of U.S. states … Although Virginia was not among them, Delaware was, further restricting Defendant's travel options.  Furthermore, the rapidly evolving dynamic nature of Covid-19 and Governor Cuomo's response means Virginia could be added to the New York quarantine list at any time without notice.

---

[2]    At the hearing on July 15, 2020, the Court stated that the August 11-13 trial dates will be continued.

[3]    It is unclear what Goodman seeks to amend.

These factors have substantially increased the burden on Defendant to access the U.S. District court in Richmond, VA". [*ECF No. 200, p. 2*].

> 16.    Goodman also represents that
>
> "it is Defendant's belief that Plaintiff chose this venue for an improper purpose, to abuse the law and this court and to extort money from Defendant. Defendant asks the court to take notice, in September 2017, via multiple telephone calls Holmes adamantly insisted on "helping" Defendant write the answer to Plaintiffs complaint.  At the time Defendant considered Holmes a trusted colleague and was led to believe by Holmes it was in their mutual interest to answer the complaint and not to retain counsel.  This was an easy persuasion given Defendant's lack of funds and inability to hire counsel even if inclined to do so.  Defendant Goodman was not aware of his right to challenge the venue or that such a challenge was a legal option at all.  In retrospect and in reviewing facts now known which previously were unknown.  Defendant believes this was a substantial aspect of Holmes intended purpose in the scheme.  Defendant believes Holmes was tasked with ensuring Goodman answered the complaint in the EDVA in order to lock in Plaintiffs desired forum and enable the entire scheme."

[*ECF No. 200, p. 5*].[4]  These representations are a far cry from what Goodman told the Court in February 2019.  In a motion for leave to substitute corrected ghost writing form, Goodman merely stated as follows:

> "Defendant had communications via telephone and email with Susan Lutzke, aka Susan Holmes, aka Queen Tut (Lutzke).  Lutzke worked with Defendant Goodman to formulate and write the Answer (ECF No. 14)."[5]

---

[4]    Goodman's "beliefs" about Plaintiffs' motives for filing this suit in Virginia are pure speculation and without any evidentiary support.  They are incorrect. His conversations with Holmes/Lutzke constitute inadmissible hearsay.  His "belief" in Holmes/Lutzke's motives – which he has harbored since at least April 2018 [*see ECF No. 44*] – are also wildly speculative.  What is true is that there is no evidence in the record that there was any "scheme" or that Holmes/Lutzke was "tasked with ensuring Goodman answered the complaint in the EDVA in order to lock in Plaintiffs desired forum and enable the entire scheme".

[5]    In his motion for leave to substitute corrected ghost writing form [*ECF No. 71, pp. 2-3*], Goodman also advised the Court that "Defendant may provide all communications via email between Defendant and Lutzke, Defendant and McGill as well as group emails between Defendant, Lutzke and McGill."  **No such emails were produced by Goodman in discovery or as part of the evidence submitted to the Court on July 15, 2020.**

Goodman also disclosed that he talked to an attorney, William McGill, with regard to writing his Answer:

> "In addition to Lutzke, an individual known to Defendant as William McGill (McGill) also communicated by email and telephone with regard to writing the Answer".

[*ECF No. 71, p. 2*].

## II. <u>DISCUSSION</u>

17.     Title 28 U.S.C. § 1404(a) provides that for the "convenience of the parties and witnesses" and "in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought."[6]  Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In analyzing a motion seeking transfer under § 1404, it is necessary to decide two issues: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l*, 250 F.Supp.2d 627, 630 (E.D. Va. 2003); *see id. Fitzgibbon v. Radack*, 597 B.R. 836, 641 (E.D. Va. 2019).  The first part of the test requires the movant to "establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." *Koh*, 250 F.Supp.2d at 630; *Hoffman v. Blaski*, 363 U.S. 335, 3420343 (1960) (the movant must show at the threshold

---

[6]     Plaintiffs do not concede that this action could have been brought in the United States District Court for the Southern District of New York.  Although Goodman is subject to personal jurisdiction in the Southern District of New York, there is no evidence to show that Defendants Negron and/or Lutzke are subject to personal jurisdiction in New York.

that personal jurisdiction and venue would have been proper in the transferee forum). The second part of the test requires the consideration of several factors, including: (1) the plaintiff's choice of forum, (2) witness convenience and ease of access to the sources of proof; (3) the convenience of the parties, and (4) the interests of justice. *Fitzgibbon*, 597 B.R. at 842 (E.D. Va. 2019) (quoting *Trs. Of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)).

18.     A party seeking transfer bears the "heavy burden of showing that the balance of interests weighs strongly in [its] favor in a motion to transfer." *Arabian v. Bowen*, 966 F.2d 1441, at * 1 (4th Cir. 1992) (unpublished opinion) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *Fitzgibbon*, 597 B.R. at 841 ("In fact, Radack must show that the balance of convenience among the parties and witnesses 'is beyond dead center, and strongly favors the transfer sought'") (quoting *Medicenters of America, Inc. v. T&V realty & Equip, Corp.*, 371 F.Supp. 1180, 1184 (E.D. Va. 1974)).  When reviewing a motion to transfer under § 1404(a), the court must view all facts in the light most favorable to the party opposing transfer. *See, e.g., Innovative Communications Technologies, Inc. v. Vivox, Inc.*, 2012 WL 4738979, at * 4 (E.D. Va. 2012) ("[f]or the purposes of these motions [to transfer venue], the Court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

### ***Goodman's Motion Is Untimely***

19.     While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, it is well-established that "if the passage of time or delay would unduly prejudice

the opposing party or parties, or the filing of the motion for transfer is a dilatory tactic, a district court may deny the motion for transfer." *American Standard, Inc. v. Bendix*, 487 F.Supp. 254, 261 (W.D. Mo. 1980) ("On May 1, 1974, before either party had conducted any substantial discovery, the defendant moved for an order under § 1404(a)") (citing *McGraw-Edison Company v. Van Pelt*, 350 F.2d 351, 363 (8th Cir. 1965)); *Monsanto Company v. Gastel*, 2009 WL 10672446, at * 2 (W.D. Mo. 2009) ("The delay in this case would be prejudicial and contrary to the interests of justice.  The deadline for dispositive motions is almost a month away.  The trial is less than five months away.  Under the unique circumstances presented in this case, the delay that transfer would cause is prejudicial and unjust.  The injustice of such a delay is exacerbated by the fact that Monsanto had the information within its possession to move for transfer much earlier"); *Los Angeles Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981) ("Delays of five months have induced courts to refuse transfers that might otherwise have been granted" – citing many cases, and denying motion to change venue filed two years after the filing of the original complaint and six months after the plaintiff demanded a jury trial); *compare Prokop v. Stonemor Partners LP*, 2009 WL 3764103, at 2 (N.D. Ill. 2009) ("StoneMor filed the instant motion 64 days after the commencement of this lawsuit.  This is a reasonable amount of time in which to bring a motion to transfer.") (citing *Black & Decker (U.S.), Inc. v. Sunbeam Corp.*, 1994 WL 865396, at * 2 (N.D. Ill. 1994) (holding that 60 days after the commencement of a lawsuit was a reasonable amount of time in which to bring a motion to transfer)).  In *McGraw-Edison Company*, the Eighth Circuit ruled that the District Court had not abused its discretion in denying transfer:

"One of the reasons on which the district court based its denial of transfer in both of the cases involved was that the motions were untimely, in that they had not been made until approximately five months after the suits were filed, during which time there had occurred extensive preparation and expense on the part of plaintiffs' Nebraska counsel in getting the cases ready for local trial.  Petitioner had itself throughout this period invoked the court's time and consideration on motions and other incidents as aspects of a purported moving toward trial there. Thus, it had filed and submitted motions for extension of time to plead; motions to calendar the cases for trial at Omaha instead of Lincoln; motions to dismiss the actions; motions to sever the claims; and objections to the taking of depositions by the plaintiffs. It further had submitted three sets of interrogatories for discovery purposes."

20.     Here, Goodman waited almost three (3) years to file the instant motion.  In the interim, he filed an answer, multiple motions, and actively participated in all aspects of this litigation, even the Pretrial Conference, where the trial date was set, and the Settlement Conference with Magistrate Judge Young.  *McGraw-Edison* is on point. Goodman's motion should be denied.

### *The Factors Weigh Against Transfer*

21.     In the event the Court determines that this civil action might have been brought in the Southern District of New York and that Goodman's motion is timely, the pertinent factors under § 1404(a) militate strongly ***against*** transfer.

### *Plaintiffs' Choice of Forum*

22.     The first factor in the transfer analysis is the Plaintiffs' choice of venue. "That choice is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." *Koh*, 250 F.Supp.2d at 633; *Safety Equipment Institute v. Signature Lacrosse, LLC*, 438 F.Supp.3d 685, 689 (E.D. Va. 2020) ("it is undisputed that plaintiff's home forum is the Eastern District of Virginia, and thus plaintiff's forum choice is entitled to substantial

8

weight.") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum")).

23.     The first factor – Plaintiff's choice of forum – weighs heavily against transferring the case to the Southern District of New York.

### Convenience of the Parties

24.     The second factor in the analysis is the convenience of the parties.[7]   The first point to consider in assessing party convenience is generally the parties' respective residences.   When a plaintiff files suit in his home forum, "convenience to parties rarely, if ever, operates to justify transfer.'" *JTH Tax*, 482 F.Supp.2d 731, 738 (E.D. Va. 2007); *id. George Mason University Foundation, Inc. v. Morris*, 2012 WL 1222589, at * 9 (E.D. Va. 2012) (where plaintiff files suit in its home forum, "convenience of the parties rarely, if ever, justifies transfer, as the transfer would 'merely shift the balance of inconvenience' from the defendant to the plaintiff."); *Eastern Scientific Marketing v. Tekna-Seal Corp.*, 696 F.Supp. 173, 180 (E.D. Va. 1988) (convenience to parties alone will rarely justify transfer, particularly where transfer would merely "shift the balance of inconvenience" from one side to the other).

25.     As noted above, Plaintiffs filed suit in their home state.   To transfer the case would accomplish nothing more than to shift the balance of inconvenience to the Plaintiffs. *Safety Equipment Institute*, 438 F.Supp.3d at 689 ("Where, as here, plaintiff's choice to sue in its home forum must be given substantial weight, a motion to transfer must be denied when the transfer's primary effect would be to shift the balance of

---

[7]     Goodman argues that "Virginia could be added to the New York quarantine list".  This is pure speculation.  It is uncertain whether travel to Virginia will ever be burdensome on Goodman.

inconvenience between the parties"); *VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291, at * 7 (E.D. Va. 2011) (transfer is inappropriate where it robs a plaintiff of his chosen forum and merely shifts the balance of inconvenience from defendant to plaintiff). Moreover, Goodman has not shown that that it will be difficult in any way to transport, transmit electronically, or produce any necessary documentary evidence in Virginia. *See, e.g., Titan Atlas Mfg., Inc. v. Sisk*, 2011 WL 3365122, at * 17 (W.D. Va. 2011) (noting that "in modem litigation, documentary evidence is readily reproduced and transported from one district to another" and finding defendants failed to demonstrate that their documentary evidence would be so voluminous as to create a great burden on them).

26.     The second factor – convenience of the parties – militates in favor of keeping the case in Virginia.

### Witness Convenience

27.     The third factor is witness convenience and access.   Courts have recognized that this factor is "of considerable importance" in the transfer analysis. *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 718 (E.D. Va. 2005).  As a general matter, however, "a distinction is drawn between party and non-party witnesses." *Id.*  "[C]ourts have repeatedly emphasized that in considering whether to transfer a case under 28 U.S.C. § 1404(a), the inconvenience to a party witness is not afforded the same weight as the inconvenience to non-party witnesses." *USA Labs, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 2009 WL 1227867, at * 4 (E.D. Va. 2009).  While party witnesses are presumed to be more willing to testify in a different forum, there is no such presumption for non-party witnesses. *Samsung*, 386 F.Supp.2d at 718.

28.     It is well-established that the party asserting witness inconvenience must offer "sufficient details respecting the witnesses and their potential testimony, by affidavit or otherwise, to enable the Court to assess the materiality of evidence and the degree of inconvenience." *Samsung*, 386 F.Supp.2d at 718 (quoting *Koh*, 250 F.Supp.2d at 636)); *id. Williams v. Big Picture Loans, LLC*, 2020 WL 1879675, at * 4 (E.D. Va. 2020) ("It is settled law in this district, indeed everywhere, that the party seeking transfer must support its motion with ***strong evidence*** of convenience and inconvenience.  As a general proposition this Court has long required, detailed evidence which would help analyze the issue of the difficulties that the parties face has to be provided.") (emphasis added).  To satisfy its burden to prove that a forum is inconvenient for witnesses, a movant must provide particularized information of a witness's potential testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district. *Fitzgibbon*, 597 B.R. at 843 (citing *Koh*, 250 F.Supp.2d at 636-637)).  Additionally, the moving party must demonstrate "whether that witness is willing to travel to a foreign jurisdiction". *Samsung*, 386 F.Supp.2d at 719 (quoting *Thayer/Patricof Education Funding, LLC v. Pryor Resources, Inc.*, 196 F.Supp.2d 21, 33 (D. D.C. 2002)).

29.     The burden of showing that the forum is inconvenient for witnesses is upon Goodman.  Like the defendant in *Samsung*, Goodman has failed to carry his heavy burden. *See Samsung*, 386 F.Sup.2d at 719 ("Rambus points to the fact that many of its key party witnesses reside within the Northern District of California, and Rambus contends that their convenience would be served by a transfer to the Northern District of California.  While this is no doubt true, Rambus has not shown that these witnesses, in

fact, would not travel to this district to testify, if Rambus requested them to do so and paid their expenses").

30.    Goodman offers no evidence that **_any_** witness (except himself) will be burdened by having to travel to Richmond, Virginia, for trial.  Transferring the case to the Southern District of New York will essentially benefit Goodman at the expense of Plaintiffs.  Transfer under these circumstances is improper. *Fitzgibbon*, 597 B.R. at 844; *Board of Trustees v. Baylor Heating and Air Conditioning, Inc.*, 702 F.Supp. 1253, 1258 (E.D. Va. 1988) ("Where "the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum ... transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience."); *see id. Vape Guys, Inc. v. Vape Guys Distribution, Inc.*, 2020 WL 1016443, at * 20 (E.D. Va. 2020) ("Similar to the second factor, the Court will not transfer the balance of inconvenience from Defendant to Plaintiff.").

31.    The third factor weighs against transfer.

### Interests of Justice

32.    The final factor in the transfer analysis is the interest of justice, which "encompasses public interest factors aimed at systematic integrity and fairness." *Byerson v. Equifax Info. Servs., LLC*, 467 F.Supp.2d 627, 635 (E.D. Va. 2006) (internal citation and quotation marks omitted).  Relevant considerations include: the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, the possibility of harassment, the pendency of a related action, and the interest in having local

controversies decided at home. *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F.Supp.2d 991, 996 (E.D. Va. 2011); *Baylor*, 702 F.Supp,2d at 1260.

33.     The interest of justice would be served by litigating this case in Virginia. First, the local interest of the Southern District of New York in vindicating the rights of Virginians is low. *Compare Heinz Kettler*, 750 F.Supp. at 670 (emphasizing that "Virginia has an interest in providing a forum for its residents to litigate their disputes"). Second, although there may be an issue of New York law, the Eastern District of Virginia is no stranger to applying the law of other states. *See, e.g., Hilton Worldwide, Inc. Global Benefits Administrative Committee v. Caesars Entertainment Corp.*, 532 B.R. 259, 275-276 (E.D. Va. 2015) (applying New York law); *see T. and B. Equipment Co., Inc. v. RI, Inc.*, 2015 WL 5013875, at * 5 (E.D. Va. 2015) (denying motion to transfer, where defendant asserted that transfer was appropriate because it was domiciled in New York and had its principal place of business in New York, and the contract at issue was governed by New York law).  Finally, this Court can afford complete relief to the parties before it without the cost, expense and potential delay attenuated by a transfer.

34.     Because none of the § 1404(a) factors outweigh Plaintiffs' choice to litigate in their home forum, Goodman's motion to transfer must be denied.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Goodman's motion should be denied.


DATED:      July 26, 2020

ROBERT DAVID STEELE
EARTH INTELLIGENCE NETWORK


By:    */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:        **stevenbiss@earthlink.net**

        *Counsel for the Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant, Patricia A. Negron, and all interested parties receiving notices via CM/ECF.  I also certify that a copy of this pleading was emailed in PDF to Defendants, Goodman and Lutzke.


By:    */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:        **stevenbiss@earthlink.net**

        *Counsel for the Plaintiffs*