IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE**, *et al.*,

    **Plaintiffs**,

v.                                                                                  Civil Action No. 3:17cv601

**JASON GOODMAN**, *et al.*,

    **Defendants.**

## ORDER

This matter comes before the Court on Robert David Steele and Earth Intelligence Network's (collectively, the "Plaintiffs") Second Amended Complaint filed on September 24, 2020. (ECF No. 216.)

At the Show Cause Hearings, which began on July 15, 2020, and continued on July 27, 2020, the Court explained the many deficiencies that have occurred in this litigation and warned the Parties that the Court could elect to impose sanctions and dismiss the Amended Complaint. (July 27, 2020 Tr. 25–104, ECF No. 215.) The Court decided that, given "the nature of the litigation here, the 170 requests for admission, the consequent 170 interrogatories, [and] the motion *in limine* that was filed after any discovery dispute could be raised," (*id.* 98), among other issues, that it would stay the case and then "issue a dismissal without prejudice." (*Id.* 97.) The Court instructed the parties that imposing a stay would "require the parties to contemplate their actions, future and past, with regard to this case" before proceeding. (*Id.*)

The Court stayed the case and issued a written order the following day that informed the Parties "for the reasons stated from the Bench, and upon due consideration, the Court STAYS this matter for sixty-days (60) days until September 26, 2020. At that time, the Court SHALL issue an appropriate order." (July 28, 2020 Order, ECF No. 213.)

On September 24, 2020, Plaintiffs Robert David Steele and Earth Intelligence Network filed a Second Amended Complaint. (Second Am. Compl., ECF No. 216.) The Second Amended Complaint arrives before the Court lifted its written stay or issuing an order dismissing this case without prejudice, as explained during the Show Cause Hearings. (*See* July 27, 2020 Tr. 110 (stating the Court would "issue an appropriate order").) The Second Amended Complaint spans an unnecessary fifty-seven pages. The Court observes that while the Second Amended Complaint is forty pages shorter than the ninety-seven page Amended Complaint, (*see* ECF No. 39), it remains twenty pages longer than the thirty-seven page initial Complaint. (*See* ECF No. 1.) The Court previously reminded Counsel for Plaintiffs that Federal Rule of Civil Procedure 8 "requires a short and plain statement of the claim," (*id.* 99), and that there must be "strict . . . adherence to the federal rules and court orders with severe sanctions following any transgression." (*Id.* 103.) A fifty-seven page Second Amended Complaint does not indicate that Plaintiffs have filed "short and plain statement[s]" to support their claims, Fed. R. Civ. P. 8(a), or that they have presented "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1).

After due consideration and for the reasons stated from the Bench at the July 27, 2020 Show Cause Hearing, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' Amended Complaint, (ECF No. 39), and Second Amended Complaint, (ECF No. 216).[1]

The Court DIRECTS the Clerk to close this case. Let the Clerk send a copy of this Order to Counsel of record and to Goodman at his address of record. It is SO ORDERED.

/s/ M. Hannah Lauck
United States District Judge

Date: September 25, 2020
Richmond, Virginia

---

[1] Should Plaintiffs decide to file a separate case absent prolix language and in compliance with the Federal Rules of Civil Procedure, Plaintiffs may seek leave from the Court to waive the filing fee.